Ambrosio E. Rodriguez, State Bar No. 200880
The Rodriguez Law Group
626 Wilshire Blvd., Ste 460
Los Angeles, CA 90017
(213) 995-6767
(213) 995-6368
aer@aerlawgroup.com

*Counsel for Alleged Fugitive*
*Michael Alejandro Castillo Murga*

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN THE MATTER OF THE EXTRADITION OF<br><br>MICHAEL ALEJANDRO CASTILLO MURGA<br><br>A Fugitive from the Government of El Salvador.<br>_____ / | Case No.: 2:24-mj-06387<br><br>**CASTILLO MURGA'S NOTICE AND MOTION FOR BAIL; SUPPORTING POINTS AND AUTHORITIES**<br><br>Extradition Hearing: December 13, 2024, 11:00AM<br>In the Courtroom of the Honorable Sheri Pym<br>United States Magistrate Judge |

**TO THE CLERK OF COURT, PARTIES AND COUNSEL:**

**THIS IS NOTICE** that on a date to be determined by the Court, as soon as reasonable to the court and parties, alleged fugitive Michael Alejandro Castillo Murga will move for bail pending these extradition proceedings. This motion is based on the fact that the extradition is not mandatory because Mr. Castillo Murga is an American citizen, the right to wait for the process free and the fact of that the accusation don't meet the probable cause standard.

The bail motion will be based on the points and authorities below, the Declaration of Mr. Castillo Murga and other evidence, information and authority the Court accepts.

Respectfully submitted,

Dated: December 9, 2024

/s/ Ambrosio E. Rodriguez
Ambrosio E. Rodriguez
*Counsel for Alleged Fugitive*
*Michael Alejandro Castillo Murga*

## POINTS AND AUTHORITIES IN SUPPORT OF
## MICHAEL ALEJANDRO CASTILLO MURGA'S MOTION FOR BAIL

### I. INTRODUCTION

Under the law recognized in the Ninth Circuit, extraditees are entitled to bail if a factor or combination of factors amount to a "special circumstance" warranting bail. In addition to this requirement, like others seeking bail, the extraditee must show that he is neither a flight risk nor a danger to society. See *Salerno v. United States*, 878 F.2d 317 (9th Cir. 1989). All these conditions are present in the case of Mr. Castillo Murga, who, in addition to being unjustly accused without evidence, could be subject to political persecution and does not present a flight risk or danger to society. He has demonstrated that he has been living in the United States for several years, is a vital part of his community, and has never been involved in any legal issues.

The issue at hand is that Mr. Castillo Murga's detention prevents him from adequately preparing his defense and gathering necessary evidence. Furthermore, it affects his mental health and personal development, especially knowing he is innocent and that, as an American citizen, he is not being guaranteed proper protection. Granting bail would not only allow him to continue his family, social, and work life but also focus on building a strong defense in both his extradition and criminal case, demonstrating his innocence. It is worth noting that the four individuals charged alongside him in the case have been acquitted in El Salvador due to a lack of evidence. The defense contends that this need to assist in his defense constitutes a special circumstance supporting bail.

Mr. Castillo Murga is clearly not a flight risk or a danger to society. He has never evaded justice or public institutions. He has entered and exited El Salvador and the United States through transparent borders, always providing his passport. Additionally, when obtaining his driver's license or registering his vehicle, he

consistently provided truthful and verifiable information. He has lived in the United States for years with his mother and siblings, demonstrating constant and sustained ties to the country. In this case, there are several factors that collectively constitute the special circumstances required for granting bail. Regarding any danger to society, Mr. Castillo Murga has shown that he has never had any legal problems in the U.S. and has multiple individuals willing to attest to his character and moral integrity.

Nonetheless, Mr. Castillo Murga is entitled to bail because special circumstances do exist, and he is neither a flight risk nor a danger to the community.

## II.  FACTS IN SUPPORT OF BAIL

### A. Background Facts

Mr. Castillo Murga is a dual citizen of the United States and El Salvador. He holds a U.S. passport and has spent most of his life residing in the U.S., where he has strong community ties. His immediate family, including his mother and siblings, also reside in the U.S. He has studied and worked in the country, possessing a valid California driver's license and owning a vehicle. Before coming to the United States, he was involved in political activism in El Salvador, making him a target for false accusations. Over the past two decades, El Salvador has been affected by significant instability due to armed groups financed by drug trafficking. In this context, Mr. Castillo Murga's political profile has rendered him susceptible to politically motivated accusations that have not been thoroughly investigated over the past five years.

The social and political situation in El Salvador is so dire that Mr. Castillo Murga had to emigrate to the United States with his family to ensure his personal safety. His political involvement has led to multiple threats from guerrilla groups and government-affiliated entities, preventing his return to El Salvador. In this regard, the crime for which he is accused must be understood in a political context.

Mr. Castillo Murga is currently the subject of an extradition request by the Government of El Salvador for charges related to one count of Aggravated Feminicide and one count of Imperfect Homicide, alleged under Articles 45(a), 46(c) & (e) of the Special Comprehensive Law for a Life Free of Violence for Women, and Articles 24 and 128 of the Penal Code of El Salvador. The events underlying these charges purportedly took place on or about January 31, 2019.

On October 21, 2024, the United States Magistrate Judge issued a warrant for Mr. Castillo Murga's arrest, executed on October 23, 2024. The government argues that he presents a flight risk and poses a danger to the community, advocating for detention without bond (Gov't's Request for Detention, pp. 3-8).

### III.   LEGAL STANDARD FOR BAIL IN EXTRADITION CASES

In international extradition proceedings, while there is a general presumption against the granting of bail, courts possess the discretion to grant bail under "special circumstances" provided the defendant is neither a flight risk nor a danger to the community. See Wright v. Henkel, 190 U.S. 40, 63 (1903); In re Extradition of Smyth, 976 F.2d 1535, 1535-36 (9th Cir. 1992). The burden rests with the defendant to demonstrate the existence of such exceptional conditions warranting release.

In the seminal case of Wright v. Henkel, the Supreme Court acknowledged that although there is no explicit statutory authority for releasing extradition detainees on bail, courts are not entirely without power in this regard. The Court stated:

> "*We are unwilling to hold that the circuit courts possess no power in respect of admitting to bail other than as specifically vested by statute, or that, while bail should not ordinarily be granted in cases of foreign extradition, those courts may not in any case, and whatever the special circumstances, extend that relief*". Id. at 63.

The Ninth Circuit has reaffirmed this principle, noting that "there is a presumption against bail in an extradition case and only 'special circumstances' will justify bail." *Salerno v. United States*, 878 F.2d 317, 317 (9th Cir. 1989). The determination of what constitutes "special circumstances" is entrusted to the sound discretion of the court and is evaluated on a case-by-case basis. *In re Mainero*, 950 F. Supp. 290, 294 (S.D. Cal. 1996); *In re Extradition of Gonzales*, 52 F. Supp. 2d 725, 736 (W.D. La. 1999). Importantly, courts have recognized that the cumulative effect of multiple factors may establish "special circumstances" justifying release on bail. As observed in *In re Extradition of Morales*, 906 F. Supp. 1368, 1373 (S.D. Cal. 1995):

> *"There need not be one overriding circumstance justifying an extraditee's release on bail. Rather, the cumulation of several factors can constitute special circumstances that justify bail in extradition proceedings."*

It is recognized that "the list of potential 'special circumstances,' is left to the sound discretion of the trial judge." *In re Extradition of Gonzales,* 52 F. Supp.2d 725, 736 (W.D. La. 1999). Moreover, the determination of what constitutes special circumstances is decided on a "case by case basis." *In re Mainero,* 950 F.Supp. 290, 294 (S.D. Cal. 1996).

Additionally, "there need not be one overriding circumstance justifying an extraditee's release on bail. Rather, the cumulation of several factors can constitute special circumstances that justify bail in extradition proceedings." *In re Extradition of Morales,* 906 F. Supp. 1368, 1373 (S.D. Cal. 1995).

Courts have identified several factors that may individually or collectively constitute special circumstances justifying bail in extradition cases. These factors include the likelihood of success against extradition, potential political persecution, necessity for active defense preparation, strong community and family ties, absence of criminal history, humanitarian concerns, and anticipated delays in

proceedings. A significant likelihood of success against extradition can be a special circumstance. If the defendant can demonstrate that the charges are unsupported by sufficient evidence or are politically motivated, as in the case of **Mr.** Castillo Murga, this weighs in favor of granting bail. The fact that co-defendants have been acquitted due to lack of evidence suggests a strong probability that he may succeed in contesting the extradition.

Potential political persecution is another recognized special circumstance. When an individual faces a substantial risk of persecution due to political beliefs or activities upon return to the requesting country, courts may consider this in their bail determination. Mr. Castillo Murga's history of political activism in El Salvador and the current volatile political climate there raise legitimate concerns about his safety and the fairness of any legal proceedings against him.

The necessity for active defense preparation is also a critical factor. Detention can significantly hinder a defendant's ability to prepare a robust defense, especially in complex extradition cases involving international evidence and witnesses. Releasing Mr. Castillo Murga on bail would enable him to effectively coordinate with legal counsel, gather evidence, and secure testimony crucial to his defense. Strong community and family ties reduce the risk of flight and support a finding that the defendant will abide by the court's conditions. Mr. Castillo Murga has deep-rooted connections in the United States, including immediate family members residing here, stable employment, and active participation in community activities. An absence of criminal history indicates that the defendant poses no danger to the community and is likely to comply with court orders. Mr. Castillo Murga has no prior criminal record in the United States or elsewhere, and his conduct has been exemplary.

Humanitarian factors, such as adverse effects on the defendant's mental health due to detention, family hardships, or serious health concerns, may also constitute special circumstances. Prolonged detention has negatively impacted Mr.

Castillo Murga, and granting bail would alleviate these concerns. Anticipated delays in the extradition proceedings, especially when they are not caused by the defendant, can be a special circumstance. Given the complexities of Mr. Castillo Murga's case, including issues of political persecution and dual citizenship, the proceedings may be protracted, making prolonged detention unjust.

Therefore, under the legal standards established by the Supreme Court and interpreted by the Ninth Circuit, this Court has the discretion to grant bail to Mr. José Castillo Murga based on the cumulative effect of these special circumstances, provided he is neither a flight risk nor a danger to the community.

## IV. ARGUMENT

### A. Mr. Castillo Murga Is Not a Flight Risk or a Danger to the Community

An extraditee must demonstrate that he is neither a flight risk nor a danger to society. See *In re Extradition of Nacif-Borge*, 829 F. Supp. 1210, 1215 (D. Nev. 1993). In the case of Mr. Castillo Murga, his substantial family ties, stable employment history, and lack of any prior criminal record in the United States unequivocally indicate that he does not present a risk of flight. Mr. Castillo Murga has been residing openly in California, where he obtained a driver's license and secured employment with the Yaamava' Resort & Casino, illustrating his stability within the community. He has deep-rooted connections in California, with friends and relatives who can attest to his character and moral integrity. His active social life and participation in community activities further demonstrate his commitment to remaining within the jurisdiction and contributing positively to society.

Mr. Castillo Murga has consistently provided truthful and verifiable information to public institutions, always using his full name and home address. This transparency reflects his integrity and lack of intent to evade authorities. Even with the knowledge of potential legal proceedings against him in El Salvador, he

never attempted to hide or flee. Had he been properly notified of any charges, it is reasonable to believe that he would have willingly appeared to present exculpatory evidence, underscoring his respect for the legal process.

Moreover, while the charges he faces in El Salvador are serious, they pertain solely to alleged events abroad and are, as previously discussed, likely politically motivated. In the United States, his conduct has been exemplary. He has no criminal record and has never had any legal issues. His history as a law-abiding citizen who fulfills his civic duties, including meeting all tax obligations, reinforces that he poses no danger to the community.

To further alleviate any concerns, appropriate conditions can ensure his continued presence and compliance with the Court's directives. Measures such as electronic monitoring, travel restrictions within specified areas, and the imposition of a substantial bail amount can effectively mitigate any perceived risk. His willingness to adhere to such conditions demonstrates his commitment to facing the proceedings responsibly.

In light of these factors, it is evident that Mr. Castillo Murga is neither a flight risk nor a danger to society. His strong familial and social ties, unblemished legal history, and transparent behavior establish a solid foundation for granting bail. Therefore, the defense respectfully requests that the Court recognize these considerations and permit his release under appropriate conditions, allowing him to actively participate in his defense while upholding the integrity of the judicial process.

### B. Special circumstances exist that justify a grant of bail

The determination of what constitutes a "special circumstance" justifying bail in extradition proceedings is vested with the trial court's broad discretion. As noted in *In re Extradition of Gonzales*, 52 F. Supp. 2d 725, 736 (W.D. La. 1999), "the list of potential 'special circumstances' is left to the sound discretion of the trial judge." Similarly, *In re Mainero*, 950 F. Supp. 290, 294 (S.D. Cal. 1996),

emphasizes that the special circumstance determination is made on a "case by case basis."

The Supreme Court's decision in *Wright v. Henkel*, 190 U.S. 40 (1903), does not explicitly state that "special" or "exceptional" circumstances are required before an extraditee may be granted bail. The Court merely rejected the lower court's ruling that bail was never available in extradition cases, regardless of any special circumstances. *Id.* at 63. The term "special circumstances" in *Wright* can be interpreted to refer to the particular or totality of circumstances present in that case, rather than imposing a stringent requirement. The Court's lack of specificity in denying bail should not be read as a mandate that special circumstances must be shown, but rather that, in that instance, the record did not support such a finding.

While the defense acknowledges the binding nature of circuit court interpretations, it is argued that *Wright v. Henkel* has been misinterpreted to impose an unwarranted burden on extraditees. Therefore, if this Court does not find a "special circumstance" in the present case, the defense respectfully urges the Court to exercise its discretion to grant bail even without that finding, consistent with the principles of justice and fairness inherent in our legal system. Nevertheless, several compelling factors in this case collectively constitute special circumstances justifying bail for Mr. Castillo Murga. These factors include the high likelihood of success against extradition, potential political persecution upon return to El Salvador, the necessity for active defense preparation, strong community and family ties in the United States, absence of any criminal history, humanitarian concerns, and anticipated delays in the extradition proceedings.

Firstly, there is a significant likelihood of success against extradition. The charges against Mr. Castillo Murga appear to be politically motivated due to his prior activism in El Salvador. The four individuals charged alongside him have already been acquitted due to lack of evidence, indicating the weakness of the case against him. Additionally, the prolonged period without a thorough investigation

over the past five years undermines the credibility of the charges. Courts have recognized that a high probability of success against extradition can constitute a special circumstance justifying bail.

Secondly, the risk of potential political persecution upon extradition is substantial. The social and political situation in El Salvador is dire, with known instances of persecution against political activists. Detention conditions are notoriously harsh, and the prison system endangers the lives of those who are politically persecuted, especially individuals wrongly accused of serious crimes like those alleged against Mr. Castillo Murga. Extraditing an American citizen to such conditions would place him in grave danger, violating fundamental human rights and humanitarian considerations.

Thirdly, the necessity for active defense preparation is critical. Since his unexpected arrest, Mr. Castillo Murga has been unable to adequately prepare a robust defense for both his extradition proceedings and the underlying criminal charges in El Salvador. His detention hampers his ability to gather evidence and secure testimony that could demonstrate his innocence and contest the extradition. If released on bail, Mr. Michael Alejandro Castillo Murga would be able to communicate with various individuals who can attest that the case against him lacks the minimum standards required to establish probable cause. It is important to highlight that, during most of his time in El Salvador, Mr. Castillo Murga was represented by a court-appointed attorney. While he had brief contact with a private lawyer, he has been unable to further develop his defense due to his circumstances. Recently, his family retained Dr. William Roberto Pacheco Cabrera to assist with his case. However, due to his current detention, Mr. Castillo Murga has not had the opportunity to communicate with Dr. Pacheco Cabrera or adequately plan his defense strategy. Remaining deprived of his liberty will only deepen his state of defenselessness. The constitutional violations in the proceedings against Mr. Castillo Murga in El Salvador—including the retroactive

application of procedural laws, denial of the right to be present at trial, inadequate legal representation, and loss of critical exculpatory evidence—constitute special circumstances that justify granting bail. These factors not only undermine the legitimacy of the extradition request but also raise serious concerns about the potential denial of justice and due process if he were to be extradited. Granting bail would allow Mr. Castillo Murga to actively participate in his defense, both in the extradition proceedings and in addressing the underlying charges. It would enable him to gather necessary evidence, secure testimonies from remaining witnesses, and work closely with legal counsel to ensure his rights are protected. By being released, he can effectively challenge the procedural irregularities and constitutional breaches that have occurred in his case. The loss of critical witnesses, such as his grandmother who could have provided testimony regarding the political nature of his persecution, highlights the urgent need for his active involvement in his defense. Remaining in custody only increases the risk of further injustices and the erosion of his fundamental rights.

      Moreover, his strong community and family ties in the United States further support the granting of bail. He has resided openly in California, where he obtained a driver's license and secured employment with the Yaamava' Resort & Casino. His immediate family, including his mother and siblings, reside in the United States. He has deep-rooted connections in California, with friends and relatives who can attest to his character and moral integrity. His active social life and participation in community activities demonstrate his commitment to remaining within the jurisdiction and contributing positively to society.

      Additionally, the absence of any criminal history underscores that he poses no danger to the community. His conduct in the United States has been exemplary; he has never had any legal issues or incidents with law enforcement. His history as a law-abiding citizen who fulfills his civic duties, including meeting all tax obligations, reinforces that he poses no threat to society.

Humanitarian factors also weigh heavily in favor of granting bail. The detention has adversely affected his mental health and personal development, especially given his knowledge of his innocence. Being separated from his family imposes significant emotional and financial hardship on both him and his loved ones. Courts have recognized that humanitarian considerations can constitute special circumstances justifying bail. Finally, anticipated delays in the extradition proceedings contribute to the special circumstances. Given the complexities involving potential political persecution and dual citizenship, the extradition process may be prolonged. Extended detention without resolution would be unjust, particularly for an individual with no prior criminal record and strong ties to the community.

Furthermore, the combination of these factors aligns with the precedent that multiple considerations can collectively amount to a special circumstance. In *In re Extradition of Morales*, 906 F. Supp. 1368, 1373 (S.D. Cal. 1995), the court recognized that "...*even if no single factor alone constitutes a special circumstance, the combination of several factors may warrant granting bail.*" The cumulative weight of the high likelihood of success against extradition, potential political persecution, the necessity for active defense preparation, strong community and family ties, absence of criminal history, humanitarian concerns, and anticipated delays meets the threshold for special circumstances.

To mitigate any perceived risks associated with his release, Mr. Castillo Murga proposes specific restrictions and conditions, detailed in the Proposed Bail Plan attached to this motion. These conditions may include electronic monitoring, surrendering his passports, travel restrictions within the jurisdiction, regular reporting to authorities, and the posting of a substantial bond. His willingness to adhere to these stringent conditions demonstrates his commitment to comply with the Court's orders and to address the charges against him responsibly.

CASTILLO MURGA'S NOTICE AND MOTION FOR BAIL - 13

In conclusion, the unique and compelling circumstances surrounding Mr. Michael Alejandro Castillo Murga's case justify the granting of bail. The Court has the discretion to recognize that the combination of factors present constitutes special circumstances. Granting bail under these conditions would not only align with legal precedents but also uphold the principles of justice, protect his fundamental rights, and allow him to effectively prepare his defense.

Therefore, the defense respectfully requests that the Court grant bail to Mr. Castillo Murga, acknowledging the special circumstances and imposing any conditions it deems appropriate to ensure his appearance and the integrity of the judicial process.

## V. CONCLUSION

Considering the totality of the special circumstances—including the likelihood of success against extradition, potential political persecution, the necessity for active defense preparation, strong community and family ties, absence of criminal history, humanitarian factors, and anticipated delays in proceedings—along with his clear lack of flight risk or danger to the community, it is within the Court's discretion to grant bail to Mr. Michael Alejandro Castillo Murga. Granting bail not only aligns with legal precedents but also upholds the principles of justice, fairness, and respect for human rights. It ensures that Mr. Castillo Murga can effectively participate in his defense without compromising the integrity of the judicial process.

Therefore, the defense respectfully requests that the Court grant Mr. Castillo Murga's release on bail under the proposed conditions, pending the outcome of the extradition proceedings.

Respectfully submitted,

Dated: December 9, 2024

/s/ Ambrosio E. Rodriguez
Ambrosio E. Rodriguez
*Counsel for Alleged Fugitive*
*Michael Alejandro Castillo Murga*