Ambrosio E. Rodriguez, State Bar No. 200880
The Rodriguez Law Group
626 Wilshire Blvd., Ste 460
Los Angeles, CA  90017
(213) 995-6767
(213) 995-6368
aer@aerlawgroup.com

*Counsel for Alleged Fugitive*
*Michael Alejandro Castillo Murga*

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN THE MATTER OF THE EXTRADITION OF<br><br>MICHAEL ALEJANDRO CASTILLO MURGA<br><br>A Fugitive from the Government of El Salvador.<br>_____ / | Case No.: 2:24-mj-06387<br><br>**CASTILLO MURGA'S OPPOSITION TO EXTRADITION**<br><br>Extradition Hearing: December 13, 2024, 11:00AM<br>In the Courtroom of the Honorable Sheri Pym<br>United States Magistrate Judge |

**TO THE CLERK OF COURT, PARTIES AND COUNSEL:**

Alleged fugitive Michael Alejandro Castillo Murga hereby files his opposition to extradition.

                              Respectfully submitted,

---

I

Dated: December 9, 2024

/s/ Ambrosio E. Rodriguez
Ambrosio E. Rodriguez
*Counsel for Alleged Fugitive*
*Michael Alejandro Castillo Murga*

# CASTILLO MURGA'S OPPOSITION TO EXTRADITION

## I. INTRODUCTION

Michael Alejandro Castillo Murga opposes his extradition to El Salvador. This motion is based on the fact that Mr. Castillo Murga is an American citizen, humanitarian reasons due to the deplorable prison conditions and the biased judiciary system, his past political activism in El Salvador, and the lack of substantial evidence to support the accusations. Principally, the United States is not obligated to extradite an American citizen under the Treaty between the two countries. Additionally, El Salvador's current prison conditions are among the worst globally, posing a significant risk to his life. The complex political atmosphere further endangers Mr. Castillo Murga, given his prior active political involvement in the country before permanently settling in the United States. Lastly, the accusations lack solid evidence, and the existing proof in the case file does not meet the threshold of probable cause. Mr. Castillo Murga has never evaded justice and is committed to demonstrating his innocence; however, he seeks to do so with the proper procedural safeguards afforded in the United States.

## II. FACTS RELEVANT TO THIS OPPOSITION

### A. Background Facts

Mr. Castillo Murga is a dual citizen of the United States and El Salvador. He has a U.S. passport and has spent most of his life living in the U.S. He has strong community ties in the United States, where most of his family, including his mother and siblings, reside. He has studied and worked in the U.S. throughout his life, holding a California driver's license and owning a vehicle. Before coming to the United States, Mr. Castillo Murga was involved in political activism, making him a target for false accusations. El Salvador has suffered significant instability over the past two decades, plagued by armed groups financed by drug trafficking. In this context, Mr. Castillo Murga's political profile

3

CASTILLO MURGA'S OPPOSITION TO EXTRADITION

makes him a target of politically motivated accusations that have not been properly investigated over the past five years.

### B. Charges

Mr. Castillo Murga is charged in El Salvador with one count of Aggravated Feminicide, in violation of Article 45(a) and Article 46(c) & (e) of the Special Comprehensive Law for a Life Free of Violence for Women, and one count of Imperfect Homicide, in violation of Articles 24 and 128 of the Penal Code of El Salvador. El Salvador alleges that on or about January 31, 2019, Mr. Castillo Murga stabbed Melvi Fernanda Najera Quezada, the mother of his child, in a remote location and abandoned his one-year, seven-month-old child, who was found two days later. However, the existing evidence is insufficient to establish probable cause. The threats faced by Mr. Castillo Murga forced him to migrate to the United States to protect his life and that of his family.

### C. Life in the United States

In the United States, Mr. Castillo Murga has demonstrated significant integration and commitment to his community. He maintains strong familial and social ties and has earned a reputation as an upstanding member of society. Since arriving in the U.S., he has pursued education, held employment, obtained a U.S. passport, a California driver's license, and purchased a vehicle. He has consistently provided accurate personal and residential information and has never faced legal issues, showcasing his law-abiding nature.

## III. ARGUMENT

### A. There is no obligation from the United States to extradite an American Citizen

Mr. Castillo Murga holds dual citizenship and has been an American citizen since before the alleged incidents. The U.S.-El Salvador Extradition Treaty, signed on December 18, 1911, governs the extradition process between the two countries and remains in effect. ARTICLE VIII of the Treaty states: "Under the stipulations of this Treaty, neither of the Contracting Parties shall be bound to deliver up its own citizens." Therefore, the United States has no obligation to extradite Mr. Castillo Murga. Furthermore, the United States has a vested interest in protecting its citizens from unjust legal proceedings abroad. Granting this extradition would subject Mr. Castillo Murga to inhumane detention conditions and a politically influenced judicial process, jeopardizing his fundamental human rights.

Legal precedent affirms this principle: in *United States v. Soto-Barraza*, 947 F.3d 1111, 1116 (9th Cir. 2020), and *Quinn v. Robinson*, 783 F.2d 776, 782 (9th Cir. 1986), the courts have noted that extradition obligations are derived from treaty terms. The Ninth Circuit Criminal Handbook (2024) also underscores that the right to demand and obtain extradition is contingent upon treaty provisions, further reinforcing that the United States is not obligated to extradite its own citizens. El Salvador's consistent policy of denying the extradition of its nationals, including gang members sought by other countries, highlights a lack of reciprocal treatment. Extraditing an American citizen under such circumstances would represent a significant imbalance in the application of the treaty.

### B. Impacts on Constitutional Rights

In the legal proceedings against Mr. Michael Alejandro Castillo Murga in El Salvador, several of his constitutional rights are being violated. Firstly, the case is being prosecuted under an amendment to the Salvadoran Criminal Procedure Code enacted on October 4, 2022, which allows criminal cases to proceed even in the absence of the defendant. This reform was applied retroactively, constituting a double infringement of the Constitution of El Salvador. The retroactive application of this amendment violates

the principle of legality by altering the procedural rules applicable to Mr. Castillo Murga, effectively conducting a trial without his presence and denying him the opportunity to defend himself. Moreover, Mr. Castillo Murga's right to a fair defense has been severely compromised. He has been assigned a public defender who has not undertaken any efforts to collect exculpatory evidence or adequately represent his interests. Notably, one of the most critical witnesses who could have attested to the political motivations underlying the charges was Mr. Castillo Murga's grandmother. Unfortunately, she passed away without her testimony being taken, depriving him of vital evidence that could have demonstrated the political persecution he faces. The deprivation of Mr. Castillo Murga's fundamental rights, including the right to due process and effective legal representation, raises serious concerns about the legitimacy of the charges and the fairness of any trial he may face if extradited. The principle of legality, enshrined in Article 15 of the International Covenant on Civil and Political Rights (ICCPR), to which El Salvador is a party, prohibits the retrospective application of criminal laws to the detriment of the accused. By altering the procedural rules after the alleged offense and applying them retroactively to Mr. Castillo Murga, the Salvadoran authorities have violated this fundamental principle. These substantial due process violations highlight the risk of Mr. Castillo Murga being subjected to an unfair trial if extradited.

### C. Human Rights Violations

The current prison conditions in El Salvador are dire and have been widely condemned by human rights organizations and foreign governments. Extraditing Mr. Castillo Murga would subject him to these conditions, violating his right to life and health. The risk of human rights violations cannot be overlooked, and extradition should be denied when fundamental rights are at risk. Mr. Castillo Murga's past political activism further increases his vulnerability, as El Salvador's judiciary has been known to target political dissidents. The Inter-American Commission on Human Rights has reported on the use of the judicial system to persecute political opponents, raising serious

concerns about the fairness of trials. While U.S. courts have allowed extradition in cases where constitutional rights may be at risk, Mr. Castillo Murga's status as an American citizen warrants heightened protection. ARTICLE III of the Treaty between the Governments affirms: "The provisions of this Treaty shall not import claim of extradition for any crime or offence of a political character, nor for acts connected with such crimes or offences; and no person surrendered by or to either of the Contracting Parties in virtue of this Treaty shall be tried or punished for a political crime or offence." Mr. Castillo Murga's political background suggests that the charges against him may be politically motivated.

### D. Lack of Probable Cause

The Extradition Treaty between the United States and El Salvador mandates that, *"provided that such surrender shall take place only upon such evidence of criminality, as according to the laws of the place where the fugitive or person so charged shall be found"* (Treaty Article I). This requirement underscores the necessity of demonstrating probable cause that the charges are legitimate and that the accused is directly linked to the alleged acts. In this case, such evidence is sorely lacking. Both charges against Mr. Castillo Murga are rooted in third-party allegations, none of which include firsthand accounts placing him at the crime scene or implicating him directly. The details provided by these third parties emerged ex post facto, casting doubt on their reliability and suggesting that they were constructed to bolster the prosecution's narrative. Importantly, there is no physical or testimonial evidence definitively connecting Mr. Castillo Murga to the crimes. The mere fact that he was present in El Salvador at the time is insufficient as a basis for probable cause.

Additionally, Mr. Castillo Murga has endured profound personal loss due to the death of his former partner, whom he financially supported for the well-being of their child. Evidence of his ongoing support and communications showing affection toward both his partner and child underscores his character and refutes any claim that he could

harm them. Furthermore, existing phone records and cell tower data fail to corroborate the prosecution's claims. The lack of a comprehensive and impartial investigation suggests that this case may have political undertones aimed at coercing Mr. Castillo Murga's return to El Salvador under dubious pretenses.

## IV. CONCLUSION

For the above reasons, Michael Alejandro Castillo Murga opposes his extradition to El Salvador.

Respectfully submitted,

Dated: December 9, 2024

/s/ Ambrosio E. Rodriguez
Ambrosio E. Rodriguez
*Counsel for Alleged Fugitive*
*Michael Alejandro Castillo Murga*