# EXHIBIT B

U.S. Department of State

## CERTIFICATE TO BE ATTACHED TO DOCUMENTARY
## EVIDENCE ACCOMPANYING REQUISITIONS IN
## THE UNITED STATES FOR EXTRADITION
## AMERICAN FOREIGN SERVICE



San Salvador, El Salvador          10/27/2023
Place and Date *(mm-dd-yyyy)*

I,   William H. Duncan                          ,   Ambassador Extraordinary and Plenipotentiary
Name                                                          Title

e United States of America at          U.S. Embassy San Salvador, El Salvador

y certify that the annexed papers, being          documents delivered by the Ministry of Foreign Affairs

ining court records and pleadings from the Supreme Court of Justice of El Salvador

d to be used upon an application for the extradition from the United States of America

el Alejandro Castillo Murga.

ge th the crime of          aggravated femicide and imperfect homicide

a ed to e been committed in          the municipality of Concepción de Ataco, department of Ahuachapán, El Salvador

an oper d legally authenticated so as to entitle them to be received in evidence for similar purposes by

the unals          any court of competent jurisdiction in the United States

as ired by 18, United States Code, Section 3190.

witness reof I hereunto sign my name and cause my seal of office to be affixed

27th          day of     October, 2023.
Month and Year

Signature

William H. Duncan, Ambassador
Type Name and Title of Certifying Officer
of the United States of America.

DS-0036
08-2019



REDACTED

(Spanish Language)

144-S-2023





## SUPREME COURT OF JUSTICE CLERK'S OFFICE
## REPUBLIC OF EL SALVADOR
## TELEPHONE NUMBER: (503) 2271-8888

San Salvador, October 16, 2023.

Subject: Submitting documentation
and a certification issued in the
Criminal Letter Rogatory No. 144-S-2023

OFFICIAL LETTER SGKO 1511-2023
MR.
MINISTER OF JUSTICE AND PUBLIC SECURITY,

In compliance with the Full Court Decision issued at 12:07 p.m., on October 12, 2023, I respectfully submit in 157 folios of text, the Criminal Letter Rogatory-File No. 144-S-2023, produced by the Office of the Attorney General of the Republic of El Salvador, with an extradition petition addressed to the authorities of the United States of America, regarding the petition for extradition of the Salvadoran Citizen **Michael Alejandro Castillo Murga**, who is prosecuted before the Specialized-Court of Preliminary Criminal Proceedings for a Life Free of Violence and Discrimination against Women, of the Department of Santa Ana, for the offenses of Aggravated Femicide to the detriment of Melvi Fernanda Najera Quezada; and Imperfect Homicide to the detriment of the life and physical integrity of a minor, who is legally represented by M███████████████████████ N████ A certification of the aforementioned Court Decision is also added in 3 folios of text, with the corresponding translation into English, in order that you forward it to the Ministry of Foreign Affairs to continue with the extradition process.

3

144-S-2023

Thus let it be known for the pertinent legal effects.

Republic's Motto: DIOS UNION LIBERTAD. (GOD UNION LIBERTY).

[Seal]:
SUPREME COURT OF
JUSTICE
CLERK'S OFFICE
REPUBLIC OF EL SALVADOR
IN CENTRAL AMERICA

**Ms. Julia del Cid**
**General Clerk**
**Supreme Court of Justice**

ROXANA MARIA QUINTANILLA Z.
TRADUCTORA
CORTE SUPREMA DE JUSTICIA
(Español - Inglés)

4

**144-S-2023**



[Seal]:
SUPREME COURT OF
JUSTICE
CLERK'S OFFICE
REPUBLIC OF EL
SALVADOR IN CENTRAL
AMERICA

**THE GENERAL CLERK OF THE SUPREME COURT OF JUSTICE OF EL SALVADOR
CERTIFIES: The Court Decision issued in the Criminal Letter Rogatory No. 144-S-
2023 that explicitly STATES as follows:** ---------------------------------------------------------------
-------------------------------------------------------------------------------------------------------------------
-------------------------------------------------------------------

**SUPREME COURT OF JUSTICE: San Salvador**, at 12:07 P.M., on the twelfth day of

October, two thousand twenty-three.

Accepted as received, the Official Letter No. 1096.DAISE.23.2023, signed by

the Attorney General of the Republic of El Salvador, by which he sends proceedings

related to the criminal process conducted by the Specialized-Court of Preliminary

Criminal Proceedings for a Life Free of Violence and Discrimination against Women,

of the Department of Santa Ana, against the Salvadoran Citizen *Michael Alejandro*

*Castillo Murga*, for the perpetration of the offenses classified as: Aggravated

Femicide, set forth and penalized in Articles: 45 Section "a", 46 Section "c" and "e"

of the Special Act for Women's Life Free of Violence, to the detriment of the life of

Melvi Fernanda Najera Quezada; as well as the offense of Imperfect Homicide, set

forth and penalized in Articles: 128 in relation to Article 24 of the Criminal Code, to

the detriment of the life and physical integrity of a minor, identified as M.F.N., who

is legally represented by M█████████████ N██.

5

After analyzing the documentation, this Court has taken the following considerations:

I.     At the request of the Office of the Attorney General of the Republic of El Salvador, this Criminal Letter Rogatory is related to the beginning of the active extradition process of the Salvadoran citizen *Michael Alejandro Castillo Murga*, who was born in the Republic of El Salvador, on September 15, 1999, he is 24 years of age, son of C███████ M███ and M█████████ C███, with Personal Identification Card No. 05935410-5, who lives at Calle a Ataco, opposite Colonia Ciudadela casa 3, Ahuachapan. Likewise, *"he has the Passport of the United States of America No. 561262403, with possible residence at:* ███████████████ *Fontana, California, 92336, or ,* ██████████ *, Beaumont, California, 92223, Riverside County, where his mother lives."*

Supporting documentation with its respective translation into English is attached to the petition, consisting of: a) Certifications and accreditations of the Director of the Bureau of International Affairs of the Office of the Attorney General of the Republic of El Salvador, issued by the Attorney General of the Republic; b) Certification of different paragraphs of the criminal process, including: i. Indictment, that contains the statement of prosecution or exercise of criminal action against

144-S-2023

ROXANA MARIA QUINTANILI
TRADUCTORA
CORTE SUPREMA DE JUST·.
(Español - Inglés)

Mr. Castillo Murga, prepared by the Specialized Attention Unit for Women, Santa
Ana Prosecutor's Office, Attorney General's Office of the Republic; ii. Court Decision
dated June 8, 2019, issued by the Peace Court of Concepcion de Ataco, Department
of Ahuachapan, through which the Formal Preliminary Investigation with
provisional detention of Mr. Michael Alejandro Castillo Murga was ordered, as well
as the partial confidentiality of the case; c) Official Letter No. 236, issued on June 8,
2019 by the Peace Court of Concepcion de Ataco, Department of Ahuachapan,
addressed to the Director General of the Police by which the capture of the
defendant is ordered; d) Interpol red notice certification, issued against Mr. Castillo
Murga; g) Legal provisions of applicable domestic law; h) Record of interview of
Assistant Prosecutor Ana Cristina Manzanares Veliz, Prosecutor of the Specialized
Care Unit for Women, Children and Adolescents of the Attorney General's Office of
the Republic; e, i) Certification of the Entries/Exits Record of Mr. Castillo Murga in
which it is stated that he left the country on February 2, 2019 through the San
Cristobal Land Border, bound for the Republic of Guatemala, issued by the
Department of Immigration and Foreign Services.

II.      The facts attributed to Mr. Castillo Murga are identified in the
proceedings received, providing a brief summary of them:

*"On 01/31/2019, the victim Melvi Fernanda Najera Quezada, 24 years of age, left around 7:30 p.m. in the company of her boyfriend Michael Alejandro Castillo Murga, with whom she has a child, the boy, who was one year and seven months old, was with them."* On February 1, 2019, in the municipality of Concepcion de Ataco, Department of Ahuachapan, the victim was found dead, with multiple signs of violence.

*"In the present case, the investigation began on February 01, 2019, where there was criminal news that a body of a female person was found at kilometer 99 of the road that leads from Ahuachapan to Sonsonate, canton of El Molino, municipality of Concepcion de Ataco, Department of Ahuachapan, so the processing of the event began, leaving the victim in the present case unidentified. "*

*"After that, on February 4, 2019, a minor was found near the area where the body of the unidentified woman was found, so the minor, who at that time was one year and seven months old was assisted due to dehydration and the state of health he presented, carrying out procedures on behalf of the minor who was identified that same day by the maternal grandmother as M.F.N., who in turn and the police related the proximity of the two events, and since she provided information that both her daughter and her grandson lost contact with her since January 31, 2019,*

8

**144-S-2023**

ROXANA MARIA QUINTANILLA Z.
TRADUCTORA
CORTE SUPREMA DE JUSTICIA
(Español - Inglés)

*she was taken to the Institute of Forensic Medicine and recognized the body of the unidentified woman as that of her daughter Melvi Fernanda Najera Quezada."*

Based on different procedures such as interviews of cooperating witnesses and law enforcement agents, as well as the testimony of peripheral witnesses, expert analysis, among others, it was determined that there is an accusation against Mr. Michael Alejandro Castillo Murga, for the crimes attributed to him, what led to the beginning of the criminal process and, now, the proceedings for the active extradition process.

III. In exercise of the constitutional power conferred on this Court, according to Article 182 Number 3 of the Constitution of the Republic of El Salvador, in matters of international legal cooperation and extradition, the aforementioned extradition petition will be processed, considering the following aspects:

First, the requesting Office of the Attorney General has sent the documentation to this Court for the purpose of deciding on its forwarding abroad, based on the aforementioned constitutional provision. The procedure must be carried out through the channel indicated in the Internal Regulations of the Executive Branch up to the Ministry of Foreign Affairs, so that it may follow the corresponding diplomatic channel. Second, on the legal basis that has been invoked

by the requesting authority, it is considered that the Extradition Treaty signed between the Republic of El Salvador and the United States of America, issued on April 18, 1911, is a bilateral legal instrument applicable to this case, since it is in force in both countries.

Its scope of application is set forth in Article I, which provides that: "It is agreed that the Government of the United States and the Government of El Salvador shall, upon mutual requisition duly made as herein provided, deliver up to justice any person who may be charged with, or may have been convicted of any of the crimes specified in Article II of this Treaty committed within the jurisdiction of one of the Contracting Parties, who shall seek an asylum or shall be found within the territories of the other, provided that such surrender shall take place only upon such evidence of criminality, as according to the laws of the place where the fugitive or person so charged shall be found, would justify his apprehension and commitment for trial if the crime or offense had been there committed."

On the other hand, it should be noted that the bilateral Extradition Treaty, in its Article II, contains a catalog of twenty-one crimes, including also the attempt and complicity in such crimes. Thus, the conducts prosecuted against the defendant are regulated as follows:

**144-S-2023**

ROXANA MARIA QUINTANILLA Z.
TRADUCTORA
CORTE SUPREMA DE JUSTICIA
(Español - Inglés)

Article II: *"Persons who have been accused or convicted of any of the*
*following crimes will be delivered in accordance with the provisions of this Treaty:*

*1. Murder, including crimes classified as patricide, voluntary manslaughter,*
*poisoning and infanticide.*

*2. Attempt of any of those crimes."*

In this regard, the action carried out by the extraditable person consists of
two offenses: Voluntary Homicide and Attempted Voluntary Homicide, in
accordance with the international instrument invoked.

Likewise, it is also important to mention Article XI of the Extradition Treaty
between the Republic of El Salvador and the United States of America, signed on
April 18, 1911, which regulates the following: *"The stipulations of this Treaty shall*
*be applicable to all territory wherever situated, belonging to either of the*
*Contracting Parties or in the occupancy and under the control of either of them,*
*during such occupancy or control. Requisitions for the surrender of fugitives from*
*justice shall be made by the respective diplomatic agents of the Contracting Parties.*
*In the event of the absence of such Agents from the country or its seat of*
*Government, requisition may be made by superior Consular officers."*

In other words, the Treaty establishes that the respective consular
representations will be the ones to present the formal petition for extradition to

11

begin the process, therefore it is appropriate to authorize the procedure, and the documentation submitted in this court will be sent without further delay to the Ministry of Foreign Affairs, so that it is communicated to the consular or diplomatic representation of the United States of America and the required extradition process is immediately continued.

Therefore, based on the abovementioned grounds and pursuant to Article 182 No. 3 of the Constitution of the Republic of El Salvador, as well as Articles I, II, XI and XII of the Extradition Treaty concluded between the Republic of El Salvador and the United States of America, on April 18, 1911, and Article 35 Number 5 of the Internal Regulations of the Executive Branch, this Court, **ORDERS AND DECREES**:

1.      Follow the corresponding legal procedure to conduct the petition from the Attorney General of the Republic of El Salvador, in order to initiate the process of active extradition produced against the Salvadoran Citizen *Michael Alejandro Castillo Murga,* to be prosecuted in the Specialized-Court of Preliminary Criminal Proceedings for a Life Free of Violence and Discrimination against Women, of the Department of Santa Ana, for the perpetration of the offenses classified as: Aggravated Femicide, set forth and penalized in Articles: 45 Section "a", 46 Section "c" and "e" of the Special Act for Women's Life Free of Violence, to the detriment of the life of Melvi Fernanda Najera Quezada; as well as the offense of Imperfect

ROXANA MARIA QUINTANILLA Z.
TRADUCTORA
CORTE SUPREMA DE JUSTICIA
(Español - Inglés)

Homicide, set forth and penalized in Articles: 128 in relation to Article 24 of the

Criminal Code, to the detriment of the life and physical integrity of a minor,

identified as M.F.N. For such purpose, *send* a certification of this Court Decision

along with the formal extradition petition which consists of a file in one separated

part (with the respective translation into English), to the Ministry of Foreign Affairs,

by means of the Ministry of Justice and Public Security, in order to continue with

the extradition proceedings.

2.      *Certify* this Court Decision and *send* it to the Attorney General of the

Republic of El Salvador, to the Director of the Bureau of International Affairs of the

Office of the Attorney General of the Republic, and to the National Central Bureau

of Interpol-El Salvador, to be informed.

3.      Certify this Court Decision and send it to the Specialized-Court of

Preliminary Criminal Proceedings for a Life Free of Violence and Discrimination

against Women, of the Department of Santa Ana, for the pertinent legal effects.

4.      *Translate* this Court Decision into English, as well as the subsequent

letters of transmittal. For such purpose, *appoint* Ms. Roxana Maria Quintanilla

Zelaya, as official translator. **MAKE IT EFFECTIVE**.

----- R.C.C.E. ----- J. CLIMACO V. ----- E QUINT A. ----- LUIS JAVIER SUAREZ MAGAÑA --

--- GARCIA ----- S.L.RIV MARQUEZ. ----- H.A.M. ----- DUEÑAS --------------------------------

13

ISSUED BY THE UNDERSIGNED JUSTICES. SIGNED BY THE CLERK OF THE COURT: ------

----------------------------------------- JULIA I. DEL CID -----------------------------------------

-------------------------------------- SIGNED AND SEALED -----------------------------------------

--------------------------------------------------------------------------------------------------

Hereby it is certified that this photocopy is true and faithful to its original, and to

attest its authenticity it has been verified, and to be sent to the Ministry of Foreign

Affairs, it is issued in the Office of the General Clerk of the Supreme Court of Justice

of the Republic of El Salvador. San Salvador, on the sixteenth day of October, two

thousand twenty-three.

[Signed by:]

[Seal]:
SUPREME COURT OF
JUSTICE
CLERK'S OFFICE
REPUBLIC OF EL
SALVADOR IN CENTRAL
AMERICA

Ms. Julia del Cid
General Clerk
Supreme Court of Justice

*n*n*n*n*n*n*n*n*n*n*n*n*n*n*n*n*n*n*n*n*n*n*n*n*n*n*n*n*n*n*n*n*n*n*n*n*n*n*n*n*n*n*n*n*n*n*n*n*n*n*n*n*n*n*n*n*n*n*n*n*n*n*n*n*n*n*n*n*n*n*n*n

*n*n*n*n*n*n*n*n*n*n*n*n*n*n*n*n*n*n*n*n*n*n*n*n*n*n*n*n*n*n*n*n*n*n*n*n*n*n*n*n*n*n*n*n*n*n*n*n*n*n*n*n*n*n*n*n*n*n*n*n*n*n*n*n*n*n*n*n*n*n*n*n

En esta forma cumplo mi cometido según mi leal saber y entender. San Salvador, a

los veinte días del mes de octubre del año dos mil veintitrés.

Thus my translation according to my true knowledge and comprehension, San

Salvador, on the twentieth day of October two thousand twenty-three.

ROXANA MARIA QUINTANILLA Z.
TRADUCTORA
CORTE SUPREMA DE JUSTICIA
(Español - Inglés)

14







*Rodolfo Delgado Montes*
*Fiscal General de la República*
*El Salvador C.A.*

San Salvador, August 28, 2023.

**To whom corresponds:**

I certify that: Jaime Ernesto Cruz Parada, whose signature appears on the attached document, currently holds and on the date said document was signed held the position of Prosecutor Director for International Affairs of the Attorney General's Office duly commissioned and qualified.

In witness whereof, I, Rodolfo Antonio Delgado Montes

Attorney General for the Republic of El Salvador, have hereunto caused the Stamp of the Attorney General's Office and my name to be attested by the Prosecution Director of the International Affairs Office of the Attorney General's Office on the day and year first above written.

———————————————————————

Rodolfo Antonio Delgado Montes
Attorney General
Republic of El Salvador



## ATTORNEY GENERAL OF THE REPUBLIC
## INTERVIEW AFFIDAVIT

**AT THE PUBLIC OFFICE, OFFICE OF THE ATTORNEY GENERAL OF THE REPUBLIC, PROSECUTION DIRECTORATE OF INTERNATIONAL AFFAIRS, SAN SALVADOR, AT ELEVEN HOURS WITH THIRTY MINUTES OF JULY TWENTYEIGHT TWO THOUSAND TWENTYTHREE.** Present in this place, time and date the undersigned Prosecutor of the Specialized Care Unit for Women, Children and Adolescents, Ana Cristina Manzanares Veliz, thirty-five years old, residing in Santa Ana, Unique Identity Document zero three nine zero one seven five nine – seven, Salvadoran by birth. In this act, under the Functional Directorate and in the presence of Ms. Adriana Marcela Artiga Henriquez of the Fiscal Directorate of International Affairs of the Attorney General's Office, according to tax reference case 223.DAISE.23; and according to what is established in article one hundred and ninety-three numeral three of the Constitution of the Republic; as well as what is established in articles one hundred thirty-nine, one hundred forty, two hundred fifteen, and two hundred twenty-nine of the Criminal Procedure Code, we proceed in this act to record the presence of the prosecutor in the case in question, and in this act manifests : That she appears before these offices as Assistant to the Attorney General of the Specialized Care Unit for Women. Childhood and Adolescence in charge of the investigation for the crimes of Aggravated Femicide and Imperfect Homicide, provided for and punished the first in articles 45 literal a) and b) and 46. Literals c) and e) of the Special Comprehensive Law for a Life free of Violence against Women (LEIV) and the second typified in article 128 in relation to article 24 of the Criminal Code, against Michael Alejandro Castillo Murga, to the detriment of Melvi Fernando Nájera Quezada and a minor legally represented by M                                    N

who was made aware of the infraction that could be incurred if they declare falsehood, as established in article three hundred five and three hundred eight of the current Penal Code, which establishes that "Anyone who, in a statement as a witness before a competent authority, affirms a falsehood, deny or remain silent, in whole or in part, what he knows about the facts and circumstances about which he was questioned, will be punished with imprisonment from two to five years" who without any interest or legal incapacity to give his statement about what that he knows about the present case, promising to tell the truth as long as he is asked today by a competent authority, **EXPRESSES THE FOLLOWING**: states the Assistant Prosecutor who started working at the Attorney General's Office of the Republic on June 6 of the year two thousand and sixteen, having been an assistant prosecutor for seven years to date, who since June 27 of the same year, was assigned to the specialized care unit for women in Santa Ana; In the nature of this unit, crimes of the

special comprehensive law for a life free of violence for women are investigated, with which it is intended to prevent, eradicate and punish violence against women; one of the main crimes that were known in this unit is the crime of femicide; Since she became a prosecutor, prominent in this area, she has had the opportunity to be trained in gender violence and to put into practice the experience in the investigation of crimes of femicide and in the prosecution of the same. As one of the relevant cases that have been worked on in this fiscal headquarters, it has been the case of intimate femicide and by indications of a victim, whom the public arena knew as "the nurse", a case that led us to the implementation of technology. Likewise, she has had the opportunity to carry out other types of femicide investigations, these being those committed directly by the victim's partner and even femicides committed by gang members, in the latter case, five gang members were prosecuted, who were sentenced to fifty years. prison, for aggravated femicide. In the year two thousand and twenty, a (non-substantial) change was made to the nature of the unit and the competence of the crimes to be investigated was expanded, naming the organizational unit as a Specialized Care Unit for Children, Women and Adolescents, having the opportunity to work crimes with girls, boys and adolescents, investigating and prosecuting crimes of rape, sexual assault and child abuse among others, which has also allowed him to acquire skills in the investigation of crimes of a sexual nature. In the performance of her official duties, in the month of February of the year two thousand and twenty she was assigned to continue with the investigation in the case of Femicide of Melvi Fernanda Najera Quezada, and Attempted Homicide to the detriment of the victim's minor son, fact that it is being attributed to the absent defendant Michael Alejandro Castillo Murga, who is currently the prosecutor in the case. According to the laws of El Salvador, a criminal prosecution begins with the presentation of the request for charges (called fiscal requirement) by the prosecutor before the competent Judge (called Justice of the Peace), which is an independent body belonging to the Judicial Branch.  The request for charges is the procedural act through which the prosecutor exercises criminal action and executes the coercive power of the State, in order to start the criminal process of the accused before a Judge with competence to hear the crime committed and exercise control. of the elements presented before the Tribunal. Elements called indications or evidence that allow establishing the existence of the crime and link the accused in the commission of the crime. (existence of crime and participation). Once the request for charges has been filed, the Justice of the Peace calls the defendant (summons him) to first inform him of the existence of charges against him and secondly to exercise his right to defense, through a lawyer or by himself, this act is call intimation. Immediately, the Judge notifies all parties of the initial hearing date, which is public, with the participation of the prosecution, the defendant's defense attorney and the defendant if present, the Judge analyzes and examines the evidence presented. As a result, it issues a decision, that there is probable cause that the defendant committed the crime and that the prosecution can accuse him before a higher court. The request for charges is a formal document that formally indicts an accused person of having committed one or many crimes

and that describes the laws that the accused has violated and the acts with which the law has been violated. 

After the Judge listens to the parties, he resolves the defendant's situation in a hearing, in that resolution one of them is that the case go to the next stage and the arrest of the defendant is ordered because the Judge considers that there is a risk of flight or of interference in the investigation. Under the law of the Republic of El Salvador, the arrest warrant is a document signed by the Judge, in which he authorizes the National Civil Police, to obtain physical custody of an accused and bring him before a Court to answer to the charges described in the request for charges. The detail that appears in the arrest warrant mentions the identity of the defendant, the defendant's charges with the legal citations pertinent to the crimes committed. The case later goes to an Investigating Court in which an Accusation Opinion is presented against the accused, which is the written accusation and offer of evidence for the public hearing. It differs from the requirement since it does not offer proof, it only establishes the foundations of the imputation.

From the foregoing, it is declared that on June 8, two thousand nineteen, the Initial Hearing was held in the Justice of the Peace of Concepción de Ataco, against Michael Alejandro Castillo Murga, who is credited with the commission of the criminal offense of Aggravated Femicide, crime provided for and punished in Article 45 literals a) and 46 c) and Literal e) of the Special Law for a Life Free of Violence for Women, to the detriment of Melvi Fernanda Najera Quezada and A Life Free of Violence for Las Mujeres, thus, the accused Castillo Murga is also attributed the crime of Imperfect Homicide, typified and sanctioned in the Arts. 128 in relation to Art. 24 of the Criminal Code, to the detriment of the life and physical integrity of a minor, who is legally represented by M███████████████████████ N███, and against the defendants Edith Del Carmen Rivas De Murga (absent ), Jacqueline Alejandra Martinez Herrera (present), Roberto Arturo Valdivieso Lopez (present), Donald Augusto Valdivieso Lopez (absent), who are attributed the commission of the criminal offense of Procedural Fraud in relation to the aforementioned crime of Aggravated Femicide, crime provided for and sanctioned in Article 306 of the Criminal Code, to the detriment of the Administration of Justice, an event that occurred on January 31, two thousand and nineteen. In that resolution, it is resolved, among others, "to place the formal investigation and the provisional detention of the accused Michael Alejandro Castillo Murga (...)", for which the arrest warrant is issued against the aforementioned accused. Subsequently, Agent Sub Inspector Dennys Francisco Espinoza Sandoval, as a result of the arrest warrant issued by the Judge, requested that the procedure be carried out in order to issue the red notice through INTERPOL, of detention for extradition purposes, for having knowledge that two days after the incident, Castillo Murga left the country for Guatemala through the Candelaria border in Santa Ana, and that he later entered the United States of America, the state of California, and that he could reside at ██████████████ Fontana, California, 92336 or at the address where his mother resided being ████████████ Beaumont, California

92223, Riverside County. The arrest warrant remains in force and enforceable in order to detain Michael Alejandro Castillo Murga, to be put on trial for the crime accused in the indictment and there is no pending appeal to modify or annul it.

Subsequently, on January 21, 2020, the prosecutor assigned to the case at that time, Elba Luz Lemus Flores, presented the Indictment against the absent defendant Michael Alejandro Castillo Murga, who is credited with committing the crime. Penalty of Aggravated Femicide, crime provided for and punished in 45 literals a) and 46 c) and Literal e) of the Special Law for a Life Free of Violence for Women, to the detriment of Melvi Fernanda Najera Quezada and A Life Free of Violence For Women, the accused Castillo Murga is also attributed the crime of imperfect homicide, typified and punished in the Arts. 128 in relation to Art. 24 of the Criminal Code, to the detriment of the life and physical integrity of a minor, who is legally represented by M███████████  ███████ N███, and against the defendants Edith Del Carmen Rivas De Murga (absent ), Jacqueline Alejandra Martinez Herrera (present), Roberto Arturo Valdivieso Lopez (present), Donald Augusto Valdivieso Lopez (absent), who are attributed the commission of the criminal offense of Concealment, an offense provided for and punished in Art.308 Penal Code , before the Specialized Investigating Court for a Life Free of Violence and Discrimination for Women of Santa Ana.

The charges against Michael Alejandro Castillo Murga are provided for and sanctioned in, the first in article 45 of the Special Comprehensive Law for a Life Free of Violence for Women defines FEMICIDE: "whoever causes the death of a woman mediating reasons of hatred or contempt for her status as a woman, will be punished with imprisonment from twenty to thirty-five years.It is considered that there is hatred or contempt for the status of a woman when any of the following causes occurs: literal a) That the death has been preceded by an incident of violence committed by the perpetrator against the woman, regardless of whether or not the act has been denounced by the victim; For its part, the aggravation invoked is regulated in article 46 literal c) if it were committed in front of any relative of the victim and e) if the author prevails over the superiority originated by relationships of trust, friendship, domestic, educational or work, all of this from the Special Comprehensive Law for a Life Free of Violence for Women. The crime of Femicide is an extraditable crime. The crime of Imperfect Homicide refers in the Criminal Code both to the figure of article 128, which clearly establishes """"Anyone who kills another will be punished with prison from fifteen to twenty years" also for not having been consummated has remained as imperfect homicide regulated in the same code that literally says: """"Art. 24 . There is an imperfect or tempted crime, when the agent, in order to commit a crime, begins or practices all the acts leading to its execution by direct or appropriate acts to achieve its consummation and this does not occur due to causes foreign to the agent.

El Salvador will prove its case against Michael Alejandro Castillo Murga through various types of evidence, including the testimony of cooperating witnesses and law enforcement officers, as well as the testimony of peripheral witnesses, expert analysis, photographs and videos that are already in the process. I have carefully reviewed and to date the criminal action has not prescribed in accordance with the criminal legislation of El Salvador. For consummated crimes, the criminal action will begin to be counted from the day of its consummation, according to article 33 of the Criminal Procedure Code. The criminal action will prescribe after a period equal to the maximum provided, in crimes punishable by imprisonment; but in no case, the term will exceed ten years, nor will it be less than three years, according to article 34 of the Penal Code. Likewise, the crime of femicide does not prescribe. The crime was committed on January thirty first two thousand nineteen, the criminal action began on June six two thousand nineteen.

Likewise, it is clarified that Michael Alejandro Castillo Murga has not been criminally prosecuted before for the same facts for which his extradition is requested. Michael Alejandro Castillo Murga has not been tried or convicted of the crimes charged in the Indictment, nor has he been ordered to serve any sentence in connection with this case.

Declares, as well, that the facts, as they were accused were the following: the investigation begins on the day of February the first of two thousand nineteen where the criminal news is given of the body of a female person found in kilometer ninety nine of the highway that from Ahuachapan leads to Sonsonate at El Molino, Municipality of Concepción de Ataco, department of Ahuachapán for which the scene is processed and at the moment the victim in the present case was unidentified.

After that, on the day of February four two thousand nineteen a minor is found near the área where the body of the unidentified woman was found for which the minor, at the time being of one year and seven months of age is assisted for dehydration and the mental health that he presented, performing judicial diligences in favor of the minor who was identified that same day by his grandmother on his mother's side, as M█████████ N███ who at the same time and because of the closeness of the two events, related both findings, and gave information that both her daughter and her grandson lost contact with her from january thirty first of two thousand nineteen, for which she is taken to legal medicine and recognizes the body of the unidentified woman as her daughter's MELVI FERNANDA NAJERA QUEZADA.

Because of this the investigation leads as follows: that MELVI FERNANDA NAJERA QUEZADA met Michael Alejandro Castillo Murga from approximately two thousand thirteen in a political party meeting, and started to communicate first through social media; in the year of two thousand fourteen, they begin to have a sentimental relationship and in late two thousand sixteen the mother of the victim whose name is M█████████████████

██████ starts to notice changes in her daughter's health and it was in the year two thousand seventeen that the victim, accompanied by her sister R██ M██ N██ go to Fosalud (health clinic)of the Municipality of Juayùa and the victim performs a pregnancy test and confirms that she is pregnant, so only R██ M██ N██ goes back to her mother's house at approximately noon on the day of the medical appointment, telling her that Fernanda had to go to run an errand, because she felt dizzy and that she would tell her what had happened. Fernando gets back at approximately three in the afternoon that day, and so her mother asks her "is it what I am thinking?", because she saw that her stomach was different, so Fernando tells her that she is embarrassed with Mr N██, and started crying when she said that, to which her mother responded that she should not be ashamed and that if N██ loves her he would have to love her children as well. After that she asked her who was the father of the child and she responded: all at due time. Time passed without knowing who the kid's father is, Fernando decided to name him N████████ ████████ ████████, bwing born in june two thousand seventeen, but four months after he was born, Fernanda starts to work as a beauty counselor for EBEL, working in Juayúa, Los Naranjos, la Majuada, this work was all day even weekends, because it was a goal to get more people, the family did not know that Melvi Fernando had a formal boyfriend. Nonetheless until the boy N████ █████ has one year with two months, Fernando tells her mother that the boy's father was going to go to their house (they lived in Barrio Santiago avenida quince de abril, Municipality of Apaneca, department of Ahuachapán); to which the victim's mother just said "Good it was time for him to show his face, you should ask of him for support"; he arrived five days after the victim told them about this, describing him as a Young boy of eighteen or nineteen years of age, White skin color, thin, tall, who presented himself as Michael  this was the first time the mother and family saw him, who knew Michael lived in a house at the entrance to Ahuachapán; that day he arrived in a small car, with four doors, color White, like bone White, the victim told her mother "Mom here comes Michael" and Mr. N██ went out  to greet him, they said hello and spoke in English because Noé has lived in the United States. Michael said he was sorry for not coming before, but that he was in the disposition of helping the boy, to which the victim's mother said that it was Good, but the victim's mother boyfriend N██ told him that the boy did not need anything, but that as the boy's father he could begin with his obligations as father, to which Michael said that he did not have, enough money at the time because t was his grandmother who handled the money, but that he was committed to give the boy the money that they gave him to study. Mr. N██ told him that he could go to see the boy at the time he wanted, so that the boy would not ignore him. After that he goes out of the house with the victim and the boy to carry him and saying that he would come back the next weekend but after that he never came back. She found out that after the visit he leaves the victim forty dollars and that he leaves it under a rock outside his house and that after she picked up the money she would stop by for things for the boy. But the victim's mother, asks her for what reason he leaves the money under a rock and she responded that it was because Michael had classes early in Santa Ana but she saw her



daughter stressed, because Michael told her that she had to be patient that he would tell his grandmother that he had a boy, because the victim wanted him to acknowledge the boy in his birth certificate so that the boy would have Michael's last name. After those events the victim's mother remembers that before her death her daughter told her, that she was going to see Michael between the twenty six and twenty seven of january two thousand nineteen, that they would go and see a house that he had in Santa Ana, so the victim told her mother this so that she would give her permission to go, to which the mother said yes, but that he would have to pick her up at their house, because she wanted to tell him to his face to take care of the boy, those days went by (between the twentysix and twenty seven of january two thousand nineteen) but he never got there and the victim told her mother "mother he Will not come today" and it was spoken of that they would see one another on the day of Wednesday january thirty two thousand nineteen. She told her mother that he would pick her up and they would go to Santa Ana because they were going to see the house that he had rented, to which the victim's mother asked her why they had to wait until the night to go, to which the victim told her that they were just going to live together, they they would not have intercourse as couple, but the day of january thirty two thousand nineteen the victim said that they would not go out anymore because Michael had a delay, so the next day on january thirty first two thousand nineteen the victim around noon told her mother again that Michael was going to get there to pick her and the boy up like at sis in the afternoon to go to Santa Ana, but during the afternoon of january thirty first two thousand nineteen Fernanda goes to see a land in Salcoatitan department of Sonsonate, because she was going to sell it because her father had given it to her, so she comes back between five and five twenty in the afternoon approximately and when she gets home her mother sees in the Messenger chat and remembers that her daughter had insinuated that she wanted to go alone with Michael and without the boy but the victim's mother told her that she had to take the boy so the victim decides to go buy pupusas before leaving with Michael like at five thirty in the afternoon so that the boy would eat, so when the victim come back to the house after buying the pupusas she went out a lot of times to the door, so the mother as she watched this told her that Michael had to get out of the car when he got there and she said "mom you don't trust me", and her daughter showed her the messages of Messenger in her cell phone where Michael told her that he was parked outside the house, being this around six thirty at night approximately and the victim grabbed the boy to go out because Michael parked in front of a siege approximately one black up from the house, observing the mother that he was in a gray car, when the victim was going out of the house the mother went after her and told her "you take care of the boy Fernanda" to which she answered "mom I am going with his father, what can happen". The mother stayed angry, because she went out at night, even when she told her not to go out at night. That day of January thirty first two thousand nineteen Melvi Fernanda refers that the victim wore a purse like a backpack color light Brown, black leggings and a Batman sweater, tennis shoes and the boy had a light blue sweater. Michael Alejandro Castillo Murga used his mobile number

74753021 is located moving from the city of Ahuachapán until Apaneca, activating the Apaneca city antena at eighteen hours with twenty minutes and forty two seconds (18:21:42), antena which provides service in the area where the victim lives; was captured in his return by Apaneca 2 antena(road from detour of Jujutla) eighteen hours and forty two minutes (18:42) of the day of january thirty first two thousand nineteen; hours in which he was already with the victim and the minor who according to the victim's mother was told by her daughter that he was taking them for them to know the house in which Michael told them they would live; being in this route that Michael stops his car color gray in kilometer ninety nine of the highway from Ahuachapán to Sonsonate, cantón El Molino Concepcion de Ataco Ahuachapán, place where he Parks along the sideway of the highway even though the area is very solitary and this is where Michael starts to physically injure the victim with a cutting instrument Melvi Fernanda is seen during this assault by witnesses with code names Cojutepeque uno and Cojutepeque dos, who were in transit from Ataco to Ahuachapán passing by the place where Michael parked and watched how one person who they describe as tall thin who assaulted a person who was of the feminine gender which they were able to see and observed that had a black pants or leggins and that he had her in the back seat of the car at the time; and they observed the victim kicking and screaming; and at that time Michael kills Melvi Fernanda whose cause of death was Massive Hemorrhage because he performs various lacerations of big veins in the right hemi-neck produced by a short cutting instrument besides the other wounds that she presented in her body; being in this case that through a mobile terminal Michael is located through the antennas Ataco y Ataco 2 Claro between eighteen forty four and nineteen and ten hours, which provide coverage near the place where the victim's body is found and where the mobile terminals capture him in the area where he stayed for approximately twenty six minutes; time in which he killed the victim and even after he killed her; there is analysis information from electronic means where one hundred ninety three conversations of whatsapp were obtained, where some of them happened on January thirty first of two thousand nineteen in critical hours where between eighteen forty seven hours and nineteen hours with zero three minutes of that day he did not answer messages or calls to Jaqueline (who has been identifies in the present case as Jaqueline Alejandra Martinez Herrera who was Michael's official girlfriend) messages in which you can notice her anger because he did not report himself and until nineteen hours with three minutes Michael sent her a photograph to Jaqueline where he is found with blood stains in his face and neck, created that same day at the same hour, after Michael sent her an audio with a scared tone and agitated telling her "Jaque I Will call you soon..." ..."call you soon"; this was because he had already killed the victim. There is information that after this that Jaqueline's phone number 77493637 has communication with the mobile number 74753021 which is Michael's phone calling him eight times which were made between the two of them during nineteen and nineteen hours and twelve minutes; after knowing this Michael's girlfriend calls Mrs. Edith del Carmen Rivas de Murga who uses the mobile terminal number 78983877 between nineteen hours with three minutes and five seconds (19:03:05)

until nineteen hours with nineteen minutes and forty seven second (19:19:47); Michael after killing the victim leaves the minor M███████████ N███ abandoned near the área where the victim's body was left in environmental conditions that threatened his life; and continues his route to his house located in Colonia San Cayetano, cantón El Barro house number three highway to Concepción de Ataco, Municipality and Department of Ahuachapán, by this time Mrs. Edith del Carmen Rivas de Murga who is Michael's grandmother on his mother side realized actions in order to help him and even makes phone calls to other people to help him cover up the murder and in this contacts through a call with Codename Uno so that along with Codename Two could go to her house, and when these witnesses arrive at the house they observed a color gray car, four doors, Brand Mitsubishi Lancer, which was the car tha Michael always drove, and when they entered the house to see what Mrs Edith needed, they saw that Michael was covered up in blood all over his body remembering witness Codename One that he was wearing a black pants, with a black shirt and black tennis shoes with White lines, and when witness code name One asks Michael what had happened, Michael told him that he had killed a lady by the Molino that is near the Street that leads to Ataco and that he had done it to defend himself because she wanted to kill him, but that before he killed her he had killed her son, that this woman extorted him, Minutes late Michael's girlfriend arrived,  Jaqueline (who has been identified as Jaqueline Alejandra Martinez Herrera), and also asks him what happened and Michael repeated the same thing he had manifested before. A lawyer arrived later named Donald Valdivieso when he arrived he asked what happened and Michael told him he had killed a woman in personal defense, the lawyer asked him how that happened and he told him that he had picked her up in his car, and she had asked him to take her to Ataco, but that halfway there the woman asked him to stop the car and that she had told him that if she did not kill him, they would kill her afterwards, and her son too ;so after that she killed the boy and has wanted to kill Michael, but Michael took the knife from her and killed her and that it had all happened in personal defense; it was there where Mrs Edith asked Michael how he had killed her; and he showed how he had stabbed her on the neck and the stomach and that he had left her around the place known as  El Molino; Donald the lawyer told him that if it was in self defense that they would see what could be done and then Mrs Edith told the lawyer what to do and he said to Michael that he had to be taken out, see where he could hide then Michael's girlfriend went to see inside the car and found a telephone and she told Mrs Edith that they had to get rid of it so they give it to Witness Code One and he threw it in the garage nut they told him to burn it with the resto f things that were in the car. In this case Witness codename One and Two who were in the place because Mrs Edith and the lawyer told them what to do to each one. They saw the Victim's Personal Identity Document which they remember the name as Melvi Quezada because the lawyer asked for the name and when they said her last name he just said that the  Quezada were from Apaneca; and both of them (Mrs Edith and lawyer Donald) ordered to burn what was in the car, and everything that came out after that Michael was in bad health for which Mrs Edith became worried and they

called a Doctor, where they send Witness Codename One to buy a medicine and they
injected Michael, after he injected him, the doctor left. Afterwards Michael's girlfriend and
witness Codename One helped Michael bathe and with the clothed that they took from
Michael she told him that he should see what to do with them and what he did was hat he
placed them in a bowl and put water on them and left them there during the night; the
lawyer told her that Michael had to be taken away so Mrs Edith said that she would take
Michael and when Michael came out of the bathroom his girlfriend took him to the bedroom
and put clothes on him . He said he was feeling better and started packing his bag, his
girlfriend always with him; and when he had his bag made after a while they opened up the
garage and lawyer Donald put his car inside which was color black and they placed Michael
on the back seat of the lawyer's car and Mrs Edith went in the car with them, but before she
left she said to Codenames One and Two that they should take care of the house and that
lawyer Donald would tell them what to do in case of any inconvenient. Twenty minutes after
Mrs Edith left she called Codename One and said that there was a black bag with Michael's
clothes in it and that he should burn the,, so he went near Michael's room and his girlfriend
was in there, Jaqueline, and she went to the witness and asked if she knew the person that
Michael had killed and she said that she did not know her and that she did not know where
she lived  and that she had gotten mad because he did not answer the phone; then she
showed him where Michael had sent a picture with his face covered up in blood and that
she had told him not to give his phone number to anyone, that he was trusty of people and
because he gave his number they always extorted him; by this time the witnesses really
believed that someone had tried to kill him  so Codename One told Jaqueline not to talk to
anyone, like Mrs Edith had said because the lawyer had said that it had to stay there, to which
Jaqueline said that only her brother in law knew that she was still with Michael, because to
her family they had already broken up. After that they went to pick up Jaqueline a black car
and she said that it was her brother in law which was confirmed by the mobile antena used
by Jaqueline that locates her in the area between the hours of nineteen hours with thirty
minutes and twenty hours with fifty seven minutes ; after this  Mrs Edith calls witness
codename One Clave to open up the garage door because she was coming back to the
house, arriving in a motorcycle color green, like Kawasaki, she was driven to the house by
lawyer, Donald Valdivieso, she went inside the room and the lawyer stayed outside talking
to witness codename Two and witness codename Once went inside the house with her
where she told him that he should go to the second floor and bring down a suitcase but
then she said she would not take it because she could not take it on the motorcycle,  but to
hand her a garbage bag because she would place some things in it, he saw her put inside
the bag some jeans, some shoes, and then she said that she would leave the bag in the guest
room and that early the next day he should take it to her along with witness codename Two
to lawyer Donald's house . So the next day they burned the things like Mr Edith and the
lawyer said, in a tin thing near a faucet that was near the pool, then they went to leave the
things to lawyer Donald's house and gave her the bag. Mrs Edith said that she would give

him the key to her room so that he would take her some folders that she had there, with her medical records, of Michael, Juan Francisco´s birth certificate and a car value, so he went for all those documents and also called to ask for a medicine; he took all of this in the red car that Mrs Edith had left. When he got the lawyer Donald was with her and they told the witnesses that they had to was Michael's car (this because the car had blood in the copilots seat, in the back part of the car and blood stains on the side of the driver) also during the day you could see blood in some parts outside the car; car that did not have any new hits, that car only had older hits that Michael had crashed it); then a man came along in a gold car or yellow four doors, where a man came out of like forty five years old , with beard, White skin and with muscles and lawyer Donald said that this man would take care of Michael´s car which was still at the house and told them to buy vinegar because that took the stains away; that was when Mrs Edith gave them twenty dollars to buy the vinegar, and they went to the market, the witnesses, they bought some pupusas for breakfast and left for the house, so they barely had breakfast and started washing the car Mitsubishi, Lancer that Michael used, which was covered in blood, they wash it with water, car shampoo and some vinegar, they washed it all. The blood did not come out totally that Friday february first Mrs Edith called and asked if he had taken it all out, referring, the witness thought to the car and the rest, to which he said yes that they had taken the last cable out, referring if the evidence had been taken out and the witness just said yes; it was until Saturday that witness One was at Mrs Edith's house and the man arrived, that lawyer Donald had introduced them to  and that day they saw him with gloves and asked for the garbage bag to place on the seat on the driver's side and he took the gray car, he went out through the back porch door. After this on Monday February four two thousand nineteen Codename One called the lawyer and asked if he could get there. He got there in five minutes and Codename One because he was scared, asked him for advice and the lawyer told both of them, because Codename Two was already there that if they asked for the Mrs they should say that she left Friday february first two thousand nineteen in the morning on a trip, and that they had picked her up and did not see who had picked her up; he told them they should say that even if they were intimidated  he told them to grab themselves good to not say anything because if they said anything something could happen to them; he said relax, go inject something don't be nervous and then he told them to turn off their telephone because someone could be listening and then he told them that Michael had lied to them that he had contacts and that he was told that the woman he had killed was his girl and that apparently they had a son together, for which the police men could make questions; the cam recorder that they had in the house was given to the lawyer by Codename One because Edith had told them to take them, but he gave it to Donald the lawyer and he took it; the lawyer also told him to buy a new phone and that if they asked for his phone number he should give the new one and that the Company would give them money for the new phone but he did not do as he was told,  he also told him that if the police arrived he should call him, the lawyer and just say now; but witness codename One did not do it and since Monday has not spoken to him;

that same Monday a woman arrived and a man as well looking for Edith and they said that they were looking for her because Michael had taken her daughter and her daughter's son but when they called them they did not answer, so witness codename One said she had gone away on a trip; after this they tell witness codename One that they have to get in contact with the person known in the town as Chino Martinez, that Mrs Edith had already spoken to this person, after that up until may fourth two thousand nineteen they receive orders that if they get a document from the Prosecutor's Office they would let them know immediately".

In this sense, the Justice of Peace of Concepción de Ataco, held an initial hearing on June eight, two thousand and nineteen, in which he resolved that the process go to the investigation stage and ordered the provisional detention of Michael Alejandro Castillo Murga, In view of the fact that he did not have roots in the country and there was evidence at the level of evidence that he was in the United States of America, H migratory movements of Michael Alejandro Castillo Murga are added as evidence. It is known that Michael Alejandro Castillo Murga is currently in the United States of America.

The Court to which the request for charges is submitted (Fiscal Requirement) keeps the documentation and the original arrest warrants, for which I have obtained certified copies of the Indictment Report presented and the resolution of the Justice of Peace of Concepción de Ataco and the Specialized Investigating Court for a Life Free of Violence and Discrimination for Women, Santa Ana as well as the arrest warrant of the respective court which I have attached as Exhibit A and D, respectively. The pertinent portions of the aforementioned laws are attached to this affidavit as Exhibit F. Each of the laws was duly enacted and in effect at the time the crimes were committed and at the time the prosecution injunction was issued. These laws continue in full force and vigor. The crimes of Aggravated Femicide, foreseen and punished in 45 literals a) and b) and 46 Literal c) and Literal e) of the Special Law for a Life Free of Violence for Women and Imperfect Homicide, typified and punished in the Arts . 128 in relation to Art. 24 of the Criminal Code, has penalties of up to fifty years and ten years respectively.

He is wanted for the aforementioned crimes. He is the subject of an indictment in case number 78-2019-3 that is being carried out in the Specialized Investigating Court for a Life Free of Violence and Discrimination for Women, Santa Ana. Based on the charges in the request of charges, on June 8, 2019 issued an arrest warrant against Michael Alejandro Castillo Murga. The arrest warrant remains valid and enforceable to detain Michael Alejandro Castillo Murga so that he can face trial for the crimes for which he has been charged in the Indictment. The crimes that Michael Alejandro Castillo Murga is accused of are not political in nature. Included in the supporting documents is a detailed summary of the facts that establish probable cause to believe that Michael Alejandro Castillo Murga is responsible for

the crimes for which he is being charged in this case. The crimes that Michael Alejandro Castillo Murga is accused of are extraditable crimes in accordance with Article II of the Extradition Treaty between the United States of America and El Salvador, signed in San Salvador on April 18, 1911. El Salvador and the United States they are both parties to said Treaty. Pursuant to Article X of the Treaty, El Salvador requests that, upon granting extradition, the United States government turn over to Salvadoran law enforcement authorities everything seized from Michael Alejandro Castillo Murga at the time of his arrest that could be related to the offense for which extradition is requested.

Michael Alejandro Castillo Murga, twenty-three years old, with date of birth on September 15, 1999, son of C████ M██ and M████████ C████ , originally from El Salvador, with Unique Identity Document ████████████████████████ with residence in ████████████████████████ Ahuachapán. He holds United States of America passport number ████████████████████ and with possible residence at ████ ████████ , Fontana, California, 92336 or at the address where his mother resided being ████ ████████ Beaumont, California 92223 ,Riverside County. As Annex D I submit a red notice order certification issued by INTERPOL.

And there being no more to add to this, it is terminated, which after being read and ratified in its content, we the interveners, sign.

Lic. Adriana Marcela Artiga Henriquez
Assistant Prosecutor for the Attorney General
Prosecutions Directorate of International Affairs

Appearing Prosecutor

Lic. Jaime Ernesto Cruz Parada
Prosecution Director of International Affairs

## List of Evidence

| | |
|---|---|
| **Evidence A** | Certified Copy of Indictment |
| **Evidence B** | Certified copy of the Resolution of the Specialized Court of Instruction for a Life Free of Violence and Discrimination for Women |
| **Evidence C** | Certified copy of the resolution of the Justice of Peace of Concepción de Ataco |
| **Evidence D** | Certified Copy of Order Detention |
| **Evidence E** | Interview Affidavit of Prosecutor Ana Cristina Manzanares Veliz |
| **Evidence F** | Relevant Laws |
| **Exhibit G** | Red Notice Certification |
| **Exhibit H** | Certified Migratory Movements Michael Alejandro Castillo Murga |
| **Evidence I** | Interview Affidavit of Investigator César de Jesús Maldonado Ochoa |

Relevant Laws

Aggravated Feminicide: articles 45 literal a) and 46. Literals c) and e) of the Special
Comprehensive Law for a Life free of Violence for Women (LEIV).

Article 45 of the LEIV, establishes that """Whoever causes the death of a woman mediating
reasons of hatred or contempt for her status as a woman, will be punished with
imprisonment from twenty to thirty-five years. It is considered that there is hatred or
contempt for the condition of a woman. And when any circumstance of said legal provision
occurs and in this case it has been established in its literal a)"""11 That the death has
preceded an incident of violence committed by the author against the woman, regardless
of whether or not the act has been denounced by the victim Whoever acts with other
attitudes, taking advantage of the conditions and circumstances of such a type of crime,
manifests itself in an aggravated way, and thus we have to know in this case as
AGGRAVATED FEMICIDE.

THE CRIME OF AGGRAVATED FEMINICIDE; art. 46 literal c) if it were committed in front of
any family member of the victim, and in the present case the defendant Michael Alejandro
Castillo Murga, committed such crime in the presence of his minor son who had procreated
with the victim, barely one year and seven months old, age, and regarding what is regulated
in literal e) of the same article forty-six of the LEIV, mentions that 1111 "" if the author prevails
over superiority originated by relationships of trust, friendship, domestic, educational or
work """, understand that it conforms to such provision since although it is true they were
not a formal couple, in fact the victim shared a non-marital union with the accused since
they had a child in common that although it is true it is not stated In the birth certificate
added to the process to Folios seventy-six, the accused Michael Alejandro Castillo Murga, it
is mentioned that he recognized him as such.

Article 58-A of the Special Comprehensive Law for a Life free of Violence for Women (LEIV),
establishes that: "Criminal action does not prescribe in the crime of femicide and aggravated
femicide"

HOMICIDE
Art. 128.- Whoever kills another will be punished with imprisonment from ten to
twenty years.

Imperfect Homicide, foreseen and punished and the second typified in article 128 in
relation to 24 of the Penal Code IMPERFECT OR TEMPTED CRIME

Art. 24.- There is an imperfect or tempted crime, when the agent, in order to perpetrate a crime, begins or practices all the acts tending to its execution by acts direct or appropriate to achieve its consummation and this is not produced by causes foreign to the agent.

In the case of Imperfect Homicide, the term of the prescription is governed by article 33 of the Criminal Procedure Code, which establishes:

"Start of prescription
Art. 33.- The prescription time of the criminal action will begin to run:
1) For perfect or consummated punishable acts, from the day of their consummation.
2) For imperfect or attempted crimes, from the day the last act of execution.
3) For continued punishable acts, from the day the last criminal act or omission was carried out.
4) For permanent crimes, from the day the execution ceases.
5) For official crimes and misdemeanors since the official has ceased his duties.
In the event that the prescription period concludes before the victim reaches the age of majority, the term will be extended by one more year from the date of the victim's eighteenth birthday."





## ATTORNEY GENERAL'S OFFICE

### INTERVIEW AFFIDAVIT IN SUPPORT OF EXTRADITION PETITION

**AT THE PUBLIC PROSECUTOR'S OFFICE, ATTORNEY GENERAL OF THE REPUBLIC, DIRECTORATE OF INTERNATIONAL AFFAIRS, SAN SALVADOR, AT ELEVEN HOURS AND THIRTY MINUTES ON THE TWENTY-EIGHTH DAY OF JULY TWO THOUSAND TWENTY- THREE.** The undersigned investigator, agent César de Jesús Maldonado Ochoa, forty-one years of age, who currently works in the Cara Sucia Investigations Section, San Francisco Menéndez, Ahuachapan, is present at this place, time and date. He states that he has worked in La Paz Delegation, Zacatecoluca Subdelegation, Sonsonate Delegation, 911 Emergency Unit, Izalco Subdelegation and San Isidro Post and Ahuachapán Delegation, Extraordinary Services Unit (USE), El Refugio Post and Prevention Department. As well as in the Investigations Department of PNC Ahuachapán, Citizen Attention Office (ODAC), Complaints Area, Flagrante delictos Area (inmate present), Sexual Crimes Area, El Refugio section, Patrimonial Crimes Area, El Refugio Section , Area of Crimes against Life and Integrity of Persons and Criminal Structures Section (terrorist organizations); acting under the Functional Directorate and in the presence of Ms. Adriana Marcela Artiga Henriquez of the Fiscal Directorate of International Affairs of the Attorney General's Office, according to tax reference case 223.DAISE.23; and according to what is established in article one hundred and ninety-three numeral three of the Constitution of the Republic; as well as what is established in articles one hundred thirty-nine, one hundred forty, two hundred fifteen, two hundred twenty-nine, two hundred and seventy-one subsection one, two hundred and seventy-two, two hundred and seventy-three numeral six and two hundred and seventy-six subsection four of the Code Criminal Procedure, we proceed in this act, the appearance of the aforementioned investigator is recorded, and in this act he states: That he appears before these offices as Investigator of the crimes of the crimes of Aggravated Femicide and Imperfect Homicide, foreseen and punished the first in articles 45 literal a) and 46. Letters c) and e) of the Special Comprehensive Law for a Life free of Violence for Women (LEIV) and the second typified in article 24 of the Penal Code, against Michael Alejandro Castillo Murga, to the detriment of Melvi Fernando Nájera Quezada and a minor legally represented by M⬛ ⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛ N⬛⬛, who was made aware of the infraction in which she may incur if she declares falsehood, as established in article three hundred and five and three hundred and eight of the current Criminal Code, which establishes that "Whoever, in a statement as a witness before a competent authority, affirms a falsehood, denies or remains silent, in whole or in part, what he knows about the facts and circumstances about which

Registro con Prevención de Allanamiento y álbum Fotográfico of the procedure carried out in the house of the person investigated, being the San Cayetano neighborhood, El Barro canton, house number three, highway to Concepción de Ataco, municipality and department of Ahuachapán, at fourteen hours and fifty minutes on February 5, two thousand and nineteen, in which it is established through the fixation of images, the evidence collected. Sketch of the visual technical inspection carried out in the San Cayetano canton, El Barro canton, house number three, road to Concepción de Ataco, municipality and department of Ahuachapán, place where the search was carried out with the trespass warning extended by the first Justice of the Peace of the Ahuachapan city. Record of Search with Prevention of Trespassing and Photographic album of the diligence carried out in the house of the investigated being the San Cayetano neighborhood, El Barro canton, house number three, road to Concepción de Ataco, municipality and department of Ahuachapán, at twenty hours thirty-five minutes of February 5 of the year two thousand and nineteen, in which the evidence collected through the Luminol reagent diligence is established through the fixation of images. Sketch of the visual technical inspection carried out in the San Cayetano canton, El Barro canton, house number three, road to Concepción de Ataco, municipality and department of Ahuachapán, place where the search was carried out with the trespass warning extended by the first Justice of the Peace of the city of Ahuachapán, in order to practice the diligence of Luminol reagent.

The charges against Michael Alejandro Castillo Murga are provided for and sanctioned in, the first in article 45 of the Special Comprehensive Law for a Life Free of Violence for Women defines FEMINICIDE: "whoever causes the death of a woman mediating reasons of hatred or contempt for her status as a woman, will be punished with imprisonment from twenty to thirty-five years.It is considered that there is hatred or contempt for the status of a woman when any of the following causes occurs: literal a) That the death has been preceded by an incident of violence committed by the perpetrator against the woman, regardless of whether or not the act has been denounced by the victim; For its part, the aggravation invoked is regulated in article 46 literal c) if it were committed in front of any relative of the victim and e) if the author prevails over the superiority originated by relationships of trust, friendship, domestic, educational or work, all of this from the Special Comprehensive Law for a Life Free of Violence for Women. The crime of Femicide is an extraditable crime. The crime of Imperfect Homicide refers in the Criminal Code both to the figure of article 128, which clearly establishes """"Anyone who kills another will be punished with prison from fifteen to twenty years" also for not having been consummated has remained as imperfect homicide regulated in the same code that literally says: """"Art. 24 . There is an imperfect or tempted crime, when the agent, in order to commit a crime, begins or practices all the acts leading to its execution by direct or appropriate acts to achieve its consummation and this does not occur due to causes foreign to the agent.

The crime for which the extradition of Michael Alejandro Castillo Murga is requested are common crimes, that is, they can be committed by anyone, a specific quality is not required. It is not a political crime and neither is it a common crime related to a political crime, according to article 21 of the Criminal Code, it is not within the category of crimes related to the constitutional system and the existence, security and organization of the State contemplated in articles 340 to 342 and 350 to 360 of the Penal Code of El Salvador. The crimes of Femicide and Imperfect Homicide are extraditable crimes, in accordance with ARTICLE II "The persons who have been accused or convicted of any of the following crimes will be delivered in accordance with the provisions of this Treaty:

1.- Murder, including crimes classified under the names of parricide, voluntary manslaughter, poisoning and infanticide. 2.- Attempt to commit any of these crimes." From the Extradition Treaty between the Republic of El Salvador and the United States of America in 1911.

Michael Alejandro Castillo Murga, twenty-three years old, with date of birth on September 15, 1999, son of C███ ████ M███ and M███ ████ C█████, originally from El Salvador, with Unique Identity Document ████████████████████ ████████████████ with residence in ██████████████████████████ ████████████ Anuachapán. He holds United States of America passport number ██████████████ ███████████ and with possible residence at ██████ ████████████████, Fontana, California, 92336 or at the address where his mother resided being ██████ ██████████████, Beaumont, California 92223 ,Riverside County.

And there being no more to add to this, it is terminated, which after being read and ratified in its content, we the interveners, sign.

Lic. Adriana Marcela Artiga Henriquez
Assistant Prosecutor for the Attorney General
Prosecutions Directorate of International Affairs

Appearing Prosecutor

Lic. Jaime Ernesto Cruz Parada
Prosecution Director of International Affairs



REF.FISCAL: 84-UAEM-2019

REF. JUDICIAL: 78-2019-3

JUDGE OF THE SPECIALIZED INSTRUCTION COURT FOR A LIFE FREE OF VIOLENCE AND
DISCRIMINATION FOR WOMEN, SANTA ANA.

The undersigned Prosecutor Lic. ELBA LUZ LEMUS FLORES of legal age, Lawyer, domiciled in
Sana Ana, acting as Assistant Agent of the Attorney General of the Republic, and within the framework
of the powers conferred on me by law in articles 193 No. 2 and 3 of the Constitution of the Republic;
74, 75, 294 and 295 No.1, 329, Pr. Pn., I formulate the present ACCUSATION OPINION against the
absent defendant MICHAEL ALEJANDRO CASTILLO MURGA, who is attributed the commission of the
criminal offense of AGGRAVATED FEMINICIDE, foreseen crime and sanctioned in 45 literals a) and 46
c) and Literal e) of the Special Law for a Life Free of Violence for Women, to the detriment of MELVI
FERNANDA NAJERA QUEZADA AND A LIFE FREE OF VIOLENCE FOR WOMEN, as well as
attributes to the accused Castillo Murga the crime of IMPERFECT HOMICIDE, typified and punished in
the Arts. 128 in relation to Art. 24 of the Criminal Code, to the detriment of the life and physical integrity
of a minor, who is legally represented by M ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ N▮▮▮, and against the
defendants EDITH DEL CARMEN RIVAS DE MURGA (absent ), JACQUELINE ALEJANDRA
MARTINEZ HERRERA (present), ROBERTO ARTURO VALDIVIESO LOPEZ (present), DONALD
AUGUSTO VALDIVIESO LOPEZ (absent), to whom the commission of the crime of CONCEALMENT
is attributed, an offense provided for and punished in Art.308 of the Criminal Code, to the detriment of
the ADMINISTRATION OF JUSTICE, due to the following recitals

I- SUBJECTS OF PROCESS:

1-MICHAEL ALEJANDRO CASTILLO MURGA, nineteen years of age, student, single, son of C▮▮
▮▮ M▮ and M▮▮▮▮▮ C▮▮▮ resident in ▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮ Ahuachapán, with Personal Identity number: ▮▮▮▮▮

2-EDITH DEL CARMEN RIVAS DE MURGA, fifty years of age, born on december first nineteen fifty
nine, married, businesswoman, daughter of A▮▮ R▮▮ and M▮▮▮ C▮▮▮, married with
R▮▮▮ M▮, resident in ▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮ Ahuachapàn, with Personal Identity Number: ▮▮▮
▮▮▮▮▮▮▮

3-DONALD AUGUSTO VALDIVIESO LOPEZ, fifty years of age, birth date on november eighteen
nineteen sixty eight, married, lawyer, son of Y▮▮ L▮▮ and R▮ V▮▮▮, married to S▮
▮▮▮▮▮ V▮▮▮, Resident in ▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮ Ahuachapàn, with Personal Identity Number: ▮▮▮▮▮▮▮
▮▮▮▮▮

4-ROBERTO ARTURO VALDIVIESO LOPEZ, fifty six years of age, born on march sixteen nineteen
sixty three, married, medical surgeon, son of Y▮▮ L▮ and R▮▮ Va▮▮, married to Mrs.
C▮ ▮▮▮▮▮▮▮ Ca▮▮, Resident in ▮▮▮▮▮▮▮

San Salvador, with Personal Identity Number: ▮

5-JACQUELINE ALEJANDRA MARTINEZ HERRERA, eighteen years of age, with birth date july twenty two thousand, student, daughter of Y▮ ▮ M▮ and W▮ ▮ B▮ , resident in ▮ Ahuachapàn, with Personal Identity number ▮

II- FACTUAL FRAMEWORK OF THE CASE:

In the present case the investigation begins on the day of February the first of two thousand nineteen where the criminal news is given of the body of a female person found in kilometer ninety nine of the highway that from Ahuachapan leads to Sonsonate at El Molino, Municipality of Concepción de Ataco, department of Ahuachapán for which the scene is processed and at the moment the victim in the present case was unidentified.

After that on the day of February four two thousand nineteen a minor is found near the área where the body of the unidentified woman was found for which the minor, at the time being of one year and seven months of age is assisted for dehydration and the mental health that he presented, performing judicial diligences in favor of the minor who was identified that same day by his grandmother on his mother's side, as M▮ ▮ N▮ , who at the same time and because of the closeness of the two events, related both findings, and gave information that both her daughter and her grandson lost contact with her from january thirty first of two thousand nineteen, for which she is taken to legal medicine and recognizes the body of the unidentified woman as her daughter's MELVI FERNANDA NAJERA QUEZADA.

Because of this the investigation leads as follows: that MELVI FERNANDA NAJERA QUEZADA met Michael Alejandro Castillo Murga from approximately two thousand thirteen in a political party meeting, and started to communicate first through social media; in the year of two thousand fourteen, they begin to have a sentimental relationship and in late two thousand sixteen the mother of the victim whose name is M▮ N▮ starts to notice changes in her daughter's health and it was in the year two thousand seventeen that the victim, accompanied by her sister R▮ M▮ N▮ go to Fosalud (health clinic)of the Municipality of Juayùa and the victim performs a pregnancy test and confirms that she is pregnant, so only R▮ M▮ N▮ goes back to her mother's house at approximately noon on the day of the medical appointment, telling her that Fernanda had to go to run an errand, because she felt dizzy and that she would tell her what had happened. Fernando gets back at approximately three in the afternoon that day, and so her mother asks her "is it what I am thinking?", because she saw that her stomach was different, so Fernando tells her that she is embarrased with Mr N▮ , and started crying when she said that, to which her mother responded that she should not be ashamed and that if N▮ loves her he would have to love her children as well. After that she asked her who was the father of the child and she responded: all at due time. Time passed without knowing who the kid's father is, Fernando decided to name him M▮ N▮ , bwing born in june two thousand seventeen, but four months after he was born, Fernanda starts to work as a beauty counselor for EBEL, working in Juayúa, Los Naranjos, la Majuada, this work was all day even weekends, because it was a goal to get more people, the family did not know that Melvi Fernando had a formal boyfriend. Nonetheless until the boy M▮ N▮ has one year with two



months, Fernando tells her mother that the boy's father was going to go to their house (they lived in
Barrio Santiago avenida quince de abril, Municipality of Apaneca, department of  Ahuachapán); to
which the victim's mother just said "Good it was time for him to show his face, you should ask of him for
support"; he arrived five days after the victim told them about this, describing him as a Young boy of
eighteen or nineteen years of age, White skin color, thin, tall, who presented himself as Michael  this
was the first time the mother and family saw him, who knew Michael lived in a house at the entrance to
Ahuachapán; that day he arrived in a small car, with four doors, color White, like bone White, the victim
told her mother "Mom here comes Michael" and Mr. N went out  to greet him, they said hello and
spoke in English because N has lived in the United States. Michael said he was sorry for not coming
before, but that he was in the disposition of helping the boy, to which the victim's mother said that it
was Good, but the victim's mother boyfriend N told him that the boy did not need anything, but that
as the boy's father he could begin with his obligations as father, to which Michael said that he did not
have, enough money at the time because t was his grandmother who handled the money, but that he
was committed to give the boy the money that they gave him to study. Mr. N told him that he could
go to see the boy at the time he wanted, so that the boy would not ignore him. After that he goes out of
the house with the victim and the boy to carry him and saying that he would come back the next
weekend but after that he never came back. She found out that after the visit he leaves the victim forty
dollars and that he leaves it under a rock outside his house and that after she picked up the money she
would stop by for things for the boy. But the victim's mother, asks her for what reason he leaves the
money under a rock and she responded that it was because Michael had classes early in Santa Ana
but she saw her daughter stressed, because Michael told her that she had to be patient that he would
tell his grandmother that he had a boy, because the victim wanted him to acknowledge the boy in his
birth certificate so that the boy would have Michael's last name. After those events the victim's mother
remembers that before her death her daughter told her, that she was going to see Michael between the
twenty six and twenty seven of january two thousand nineteen, that they would go and see a house
that he had in Santa Ana, so the victim told her mother this so that she would give her permission to
go, to which the mother said yes, but that he would have to pick her up at their house, because she
wanted to tell him to his face to take care of the boy, those days went by (between the twentysix and
twenty seven of january two thousand nineteen) but he never got there and the victim told her mother
"mother he Will not come today" and it was spoken of that they would see one another on the day of
Wednesday january thirty two thousand nineteen. She told her mother that he would pick her up and
they would go to Santa Ana because they were going to see the house that he had rented, to which the
victim's mother asked her why they had to wait until the night to go, to which the victim told her that
they were just going to live together, they they would not have intercourse as couple, but the day of
january thirty two thousand nineteen the victim said that they would not go out anymore because
Michael had a delay, so the next day on january thirty first two thousand nineteen the victim around
noon told her mother again that Michael was going to get there to pick her and the boy up like at sis in
the afternoon to go to Santa Ana, but during the afternoon of january thirty first two thousand nineteen
Fernanda goes to see a land in Salcoatitan department of Sonsonate, because she was going to sell it
because her father had given it to her, so she comes back between five and five twenty in the
afternoon approximately and when she gets home her mother sees in the Messenger chat and
remembers that her daughter had insinuated that she wanted to go alone with Michael and without the
boy but the victim's mother told her that she had to take the boy so the victim decides to go buy
pupusas before leaving with Michael like at five thirty in the afternoon so that the boy would eat, so
when the victim come back to the house after buying the pupusas she went out a lot of times to the

door, so the mother as she watched this told her that Michael had to get out of the car when he got there and she said "mom you don't trust me", and her daughter showed her the messages of Messenger in her cell phone where Michael told her that he was parked outside the house, being this around six thirty at night approximately and the victim grabbed the boy to go out because Michael parked in front of a siege approximately one black up from the house, observing the mother that he was in a gray car, when the victim was going out of the house the mother went after her and told her "you take care of the boy Fernanda" to which she answered "mom I am going with his father, what can happen". The mother stayed angry, because she went out at night, even when she told her not to go out at night. That day of January thirty first two thousand nineteen Melvi Fernanda refers that the victim wore a purse like a backpack color light Brown, black leggings and a Batman sweater, tennis shoes and the boy had a light blue sweater. Michael Alejandro Castillo Murga used his mobile number 74753021 is located moving from the city of Ahuachapán until Apaneca, activating the Apaneca city antena at eighteen hours with twenty minutes and forty two seconds (18:21:42), antena which provides service in the area where the victim lives; was captured in his return by Apaneca 2 antena(road from detour of Jujutla) eighteen hours and forty two minutes (18:42) of the day of january thirty first two thousand nineteen; hours in which he was already with the victim and the minor who according to the victim's mother was told by her daughter that he was taking them for them to know the house in which Michael told them they would live; being in this route that Michael stops his car color gray in kilometer ninety nine of the highway from Ahuachapán to Sonsonate, cantón El Molino Concepcion de Ataco Ahuachapán, place where he Parks along the sideway of the highway even though the area is very solitary and this is where Michael starts to physically injure the victim with a cutting instrument Melvi Fernanda is seen during this assault by witnesses with code names Cojutepeque uno and Cojutepeque dos, who were in transit from Ataco to Ahuachapán passing by the place where Michael parked and watched how one person who they describe as tall thin who assaulted a person who was of the feminine gender which they were able to see and observed that had a black pants or leggins and that he had her in the back seat of the car at the time; and they observed the victim kicking and screaming; and at that time Michael kills Melvi Fernanda whose cause of death was Massive Hemorrhage because he performs various lacerations of big veins in the right hemi-neck produced by a short cutting instrument besides the other wounds that she presented in her body; being in this case that through a mobile terminal Michael is located through the antennas Ataco y Ataco 2 Claro between eighteen forty four and nineteen and ten hours, which provide coverage near the place where the victim's body is found and where the mobile terminals capture him in the area where he stayed for approximately twenty six minutes; time in which he killed the victim and even after he killed her; there is analysis information from electronic means where one hundred ninety three conversations of whatsapp were obtained, where some of them happened on January thirty first of two thousand nineteen in critical hours where between eighteen forty seven hours and nineteen hours with zero three minutes of that day he did not answer messages or calls to Jaqueline (who has been identifies in the present case as Jaqueline Alejandra Martinez Herrera who was Michael's official girlfriend) messages in which you can notice her anger because he did not report himself and until nineteen hours with three minutes Michael sent her a photograph to Jaqueline where he is found with blood stains in his face and neck, created that same day at the same hour, after Michael sent her an audio with a scared tone and agitated telling her "Jaque I Will call you soon…" …"call you soon"; this was because he had already killed the victim. There is information that after this that Jaqueline's phone number _____ has communication with the mobile number _____ which is Michael's phone calling him eight times which were made between the two of them during nineteen and nineteen hours and twelve minutes;

after knowing this Michael's girlfriend calls Mrs. Edith del Carmen Rivas de Murga who uses the mobile terminal number ▮▮▮▮▮ between nineteen hours with three minutes and five seconds (19:03:05) until nineteen hours with nineteen minutes and forty seven second (19:19:47); Michael after killing the victim leaves the minor M▮▮▮▮▮▮ N▮▮ abandoned near the área where the victim's body was left in environmental conditions that threatened his life; and continues his route to his house located in Colonia San Cayetano, cantón El Barro house number three highway to Concepción de Ataco, Municipality and Department of Ahuachapán, by this time Mrs. Edith del Carmen Rivas de Murga who is Michael's grandmother on his mother side realized actions in order to help him and even makes phone calls to other people to help him cover up the murder and in this contacts through a call with Codename Uno so that along with Codename Two could go to her house, and when these witnesses arrive at the house they observed a color gray car, four doors, Brand Mitsubishi Lancer, which was the car tha Michael always drove, and when they entered the house to see what Mrs. Edith needed, they saw that Michael was covered up in blood all over his body remembering witness Codename One that he was wearing a black pants, with a black shirt and black tennis shoes with White lines, and when witness code name One asks Michael what had happened, Michael told him that he had killed a lady by the Molino that is near the Street that leads to Ataco and that he had done it to defend himself because she wanted to kill him, but that before he killed her he had killed her son, that this woman extorted him, Minutes late Michael's girlfriend arrived, Jaqueline (who has been identified as Jaqueline Alejandra Martinez Herrera), and also asks him what happened and Michael repeated the same thing he had manifested before. A lawyer arrived later named Donald Valdivieso when he arrived he asked what happened and Michael told him he had killed a woman in personal defense, the lawyer asked him how that happened and he told him that he had picked her up in his car, and she had asked him to take her to Ataco, but that halfway there the woman asked him to stop the car and that she had told him that if she did not kill him, they would kill her afterwards, and her son too ;so after that she killed the boy and has wanted to kill Michael, but Michael took the knife from her and killed her and that it had all happened in personal defense; it was there where Mrs Edith asked Michael how he had killed her; and he showed how he had stabbed her on the neck and the stomach and that he had left her around the place known as  El molino; Donald the lawyer told him that if it was in self defense that they would see what could be done and then Mrs Edith told the lawyer what to do and he said to Michael that he had to be taken out, see where he could hide then Michael's girlfriend went to see inside the car and found a telephone and she told Mrs Edith that they had to get rid of it so they give it to Witness Code One and he threw it in the garage nut they told him to burn it with the resto f things that were in the car. In this case Witness codename One and Two who were in the place because Mrs Edith and the lawyer told them what to do to each one. They saw the Victim's Personal Identity Document which they remember the name as Melvi Quezada because the lawyer asked for the name and when they said her last name he just said that the  Quezada were from Apaneca; and both of them (Mrs Edith and lawyer Donald) ordered to burn what was in the car, and everything that came out after that Michael was in bad health for which Mrs Edith became worried and they called a Doctor, where they send Witness Codename One to buy a medicine and they injected Michael, after he injected him, the doctor left. Afterwards Michael's girlfriend and witness Codename One helped Michael bathe and with the clothed that they took from Michael she told him that he should see what to do with them and what he did was hat he placed them in a bowl and put water on them and left them there during the night; the lawyer told her that Michael had to be taken away so Mrs Edith said that she would take Michael and when Michael came out of the bathroom his girlfriend took him to the bedroom and put clothes on him . He said he was feeling better and started packing his bag, his girlfriend always with him; and when he had his bag

made after a while they opened up the garage and lawyer Donald put his car inside which was color black and they placed Michael on the back seat of the lawyer's car and Mrs Edith went in the car with them, but before she left she said to Codenames One and Two that they should take care of the house and that lawyer Donald would tell them what to do in case of any inconvenient. Twenty minutes after Mrs Edith left she called Codename One and said that there was a black bag with Michael's clothes in it and that he should burn the,, so he went near Michael's room and his girlfriend was in there, Jaqueline, and she went to the witness and asked if she knew the person that Michael had killed and she said that she did not know her and that she did not know where she lived  and that she had gotten mad because he did not answer the phone; then she showed him where Michael had sent a picture with his face covered up in blood and that she had told him not to give his phone number to anyone, that he was trusty of people and because he gave his number they always extorted him; by this time the witnesses really believed that someone had tried to kill him  so Codename One told Jaqueline not to talk to anyone, like Mrs Edith had said because the lawyer had said that it had to stay there, to which Jaqueline said that only her brother in law knew that she was still with Michael, because to her family they had already broken up. After that they went to pick up Jaqueline a black car and she said that it was her brother in law which was confirmed by the mobile antena used by Jaqueline that locates her in the area between the hours of nineteen hours with thirty minutes and twenty hours with fifty seven minutes ; after this  Mrs Edith calls witness codename One Clave to open up the garage door because she was coming back to the house, arriving in a motorcycle color green, like Kawasaki, she was driven to the house by lawyer, Donald Valdivieso, she went inside the room and the lawyer stayed outside talking to witness codename Two and witness codename Once went inside the house with her where she told him that he should go to the second floor and bring down a suitcase but then she said she would not take it because she could not take it on the motorcycle,  but to hand her a garbage bag because she would place some things in it, he saw her put inside the bag some jeans, some shoes, and then she said that she would leave the bag in the guest room and that early the next day he should take it to her along with witness codename Two to lawyer Donald's house . So the next day they burned the things like Mr Edith and the lawyer said, in a tin thing near a faucet that was near the pool, then they went to leave the things to lawyer Donald's house and gave her the bag. Mrs Edith said that she would give him the key to her room so that he would take her some folders that she had there, with her medical records, of Michael, Juan Francisco´s birth certificate and a car value, so he went for all those documents and also called to ask for a medicine; he took all of this in the red car that Mrs Edith had left. When he got the lawyer Donald was with her and they told the witnesses that they had to was Michael's car (this because the car had blood in the copilots seat, in the back part of the car and blood stains on the side of the driver) also during the day you could see blood in some parts outside the car; car that did not have any new hits, that car only had older hits that Michael had crashed it); then a man came along in a gold car or yellow four doors, where a man came out of like forty five years old , with beard, White skin and with muscles and lawyer Donald said that this man would take care of Michael´s car which was still at the house and told them to buy vinegar because that took the stains away; that was when Mrs Edith gave them twenty dollars to buy the vinegar, and they went to the market, the witnesses, they bought some pupusas for breakfast and left for the house, so they barely had breakfast and started washing the car Mitsubishi, Lancer that Michael used, which was covered in blood, they wash it with water, car shampoo and some vinegar, they washed it all. The blood did not come out totally that Friday february first Mrs Edith called and asked if he had taken it all out, referring, the witness thought to the car and the rest, to which he said yes that they had taken the last cable out, referring if the evidence had been taken out and the witness just said yes; it was until Saturday that

witness One was at Mrs Edith's house and the man arrived, that lawyer Donald had introduced them to and that day they saw him with gloves and asked for the garbage bag to place on the seat on the driver's side and he took the gray car, he went out through the back porch door. After this on Monday February four two thousand nineteen Codename One called the lawyer and asked if he could get there. He got there in five minutes and Codename One because he was scared, asked him for advice and the lawyer told both of them, because Codename Two was already there that if they asked for the Mrs they should say that she left Friday february first two thousand nineteen in the morning on a trip, and that they had picked her up and did not see who had picked her up; he told them they should say that even if they were intimidated he told them to grab themselves good to not say anything because if they said anything something could happen to them; he said relax, go inject something don't be nervous and then he told them to turn off their telephone because someone could be listening and then he told them that Michael had lied to them that he had contacts and that he was told that the woman he had killed was his girl and that apparently they had a son together, for which the police men could make questions; the cam recorder that they had in the house was given to the lawyer by Codename One because Edith had told him to take them, but he gave it to Donald the lawyer and he took it; the lawyer also told him to buy a new phone and that if they asked for his phone number he should give the new one and that the Company would give them money for the new phone but he did not do as he was told, he also told him that if the police arrived he should call him, the lawyer and just say now; but witness codename One did not do it and since Monday has not spoken to him; that same Monday a woman arrived and a man as well looking for Edith and they said that they were looking for her because Michael had taken her daughter and her daughter's son but when they called them they did not answer, so witness codename One said she had gone away on a trip; after this they tell witness codename One that they have to get in contact with the person known in the town as Chino Martinez, that Mrs Edith had already spoken to this person, after that up until may fourth two thousand nineteen they receive orders that if they get a document from the Prosecutor's Office they would let them know immediately.

### III. LEGAL QUALIFICATION:

The narrated facts according to the prosecution adapt to three crimes, the first of them is se adecuan en consideración de las suscritas fiscales a tres ilícitos penales siendo el primero de estos that of AGGRAVATED FEMINICICE regulated in the arts. 45 literal to; and 46 literal c) and e) both of the Comprehensive Special Law for a Life Free of Violence (LEIV) which is attributed to Michael Alejandro Castillo Murga; Said qualification is based on the factual framework of the present case.

With the participation of the accused Castillo Murga established as the direct author according to what is established in article 33 of the Criminal Code because the objective and subjective elements of the criminal type are established.

Criminality refers to human behavior itself and is defined as "the characteristic that a conduct has by reason of being appropriate to a criminal type, that is, individualized as prohibited by a criminal type." Therefore, the judge in the present case must carry out, according to legal hermeneutics, an analysis of whether the conduct of the accused falls within the criminal type indicated above.

Human behavior can only generate criminal responsibility when they fit a legal description. That is why article 1 of the Criminal Code declares that "no one can be sanctioned for an action or an omission that the criminal law has not described in an unequivocal and precise way."

In the structuring of criminal types you can distinguish the following elements: the conduct, subjects and objects. The typical conduct is integrated by the objective and subjective components of a result. The subjective part is built by the conscious will (knowingly wanting to cause damage or even with certain subjective additional elements) or no from the subject (imprudence).

The elements that create the type are usually classifies as the creation technique followed by the lawmaker in descriptive, normative and valuative. Descriptive elements are those in which their definition can be identified immediately and directly without precising in ulterior valuations to those provided by the common language.

The type is therefore an imperative in the legality principle, that requires that the criminal types reflect exactly the forbidden subject and the prevention principle, because only if what is prohibited is captured by the designatory the norm can abstain from performing it.

It is then the typicity of an imperative of the principle of legality, which requires that the criminal types accurately reflect the prohibited matter and the principle of prevention, because only if what is prohibited is captured by the addressee of the norm, can he refrain from carrying it out.

In the narrated facts the prosecutor considers that in the effect of establishing the objective and subjective elements of the type the following is required:

AGRRAVATED FEMINICIDE CRIME:

Article 45 of the Special Integral Law for a Life free of Violence for Women defines FEMINICIDE: "Whoever causes the death of a woman mediating hate motives or undervalue for their condition as a woman, will be sanctioned with imprisonment of twenty to thirty five years. Hta or undervalue is considered against a woman when any of the following causes occur: a) That the death is preceded by some violence incident committed by the author against a woman, independently if the act was denounced or not by the victim; the evoked aggravation, is regulated in article 46 letter c) if it was committed in front of a family member and d) if the author prevailed of the superiority originated by relationships of trust, friendship, domestic, educational or work related, all of this from Special Integral Law for a Life free of Violence for Women

Criminality: The criminality is the adequacy of the conduct carried out by a person to the criminal type, constituting the latter the description of the conduct made by the legislator in the criminal norm.-The criminal type has its elements and in this case the arts. 45 literal a, c; and 46 literal c, e) of the Integral Special Law for a Life Free of Violence for Women.

As base element of the criminal type you have misogyny or hate or undervalue towards women for considering her inferior, this subjective element is precisely what differentiates a homicide from a femicide , that in this case the misogyny, is practiced by many men, who feel hate-aversion towards women or what is feminine and they express it subtly with and attitude of rejection, because they assume that they have a condition or a "superior power" of authority, they try to minimize or consider women as "inferior", this expression in words, is accompanied by a language or amicable conduct, simulated, at times accepted by some women that because of subordination or dependency have learnt to tolerate permissively, and where at time, can go expressed as a verbal or emotional violence.

Femicide is the most extreme manifestation of abuse and violence of men towards women. It is produced as a consequence of any type of gender violence.

Having to substantiate the legal points against the defendant of articles 45 and 46 LEIV of what should be understood by gender violence (or a sexist violence, according to other sources) is all type of violence that is exterioriated by violating the physical, psychic or sentimental wellbeing of a person due to their sex or gender identity. This type of violence can trigger devastating effects on victims. In a physical level serious wounds can be introduced that can lead to incapacitation, coma or even death. At a psychological level as is the present case it is likely that the people that suffer gender violence are not capable of denouncing, generally because of the fear of possible repercussion against them or their loved ones, the presence of disbelief or the belief that they will not have any support, or their children.

It is not uncommon that the victims feel guilty or responsible of the situation or that they fear causing pain to others (for example, when there are children). Even, according on the education received or the time that the victim has been manipulated, they can even think that it is a normal conduct and/or believe they are worthy of it.

For the latter, as in this case it is attributed to the defendant to have caused the victim a previous violence that was not reported described in article 45 letter a) That the death preceded any incident of violence performed by the author against the woman, independent from the fact that it was denounced by the victim or not.

In the present case it has been established that Melvi, the victim had been for many years in a relationship with Michael and you can say that it was a secret relationship because it was not formalized by Michael who even after the relationship with the victim has a serious relationship with former girlfriend Jaqueline, without leaving his relationship to Melvi and having her wait to comply with his obligations as is said by the victim's mother interview who establishes how her daughter kept things in order to not cause any damage to Michael, because Melvi told her that his grandmother would leave him without money even tolerating that he left the money for their son under a Stone. That Michael asked Melvi for patience for him to show the existence of the child M███ ████ █████ N███ who Melvi asked for him to recognize him and even without it she allowed him to go to her house and present himself as the father of the child, which he does without any seriousness of the matter because he never formally went there again but he did give Melvi the hope of living together, thing that the victim told her own mother.

In that sense Melvi suffered acts of violence from Michael being which is established in article 9 of LEIV (in spanish) letter d) "is any direct or indirect conduct that causes emotional damage, decreases self-esteem, damages or disturbs the healthy development of the Woman, whether this conduct is verbal or non-verbal, that produces devaluation or suffering in the Woman, through threats, demands of obedience or submission, coercion, blame or limitations of their scope of freedom, and any alteration in their health that is triggered by the distortion of their self-concept, their value as a person, their vision of the world or their own affective capacities, exercised in any type of relationship".

Being then in this case that the defendant demonstrated based on psychology characteristics of an abuser as:

1- Making false promises: being that these persons can appear falsely regretful at times, these individuals tend to make false promises. They are experts in asking for forgiveness but, in reality, they do not regret it. Their I'm going to change has no value, because at the minimum they act the same. Like the fact of showing up at the victim's house to love Melvi's son one year after he was born, taking

responsibility for him and apologizing, creating false expectations for the victim, emotional and psychological damage when he continues to believe that there will no longer be clandestinely.

2- They are controlling: they are people who have the need to feel superior and controlling of others. Even though they are insecure people and have fear of being unmasked, the control becomes their allí. This is the way in which they have everything tied up, so that nothing escapes their hands. Because the accused had his relationship settled with someone and te victim never had ny other relationships with any one else. Combined to his Psychology professionals at PGR and UNASA determine this as childish, paranoic and other conducts.

They do not have emotional control.

These types of people although they want to control other, do not have emotional control. In fact, many are people with no education at an emotional level. That is why they behave in an impulsive manner, without thinking about their interior life. In this case the defendant has demonstrated such conducts because it has been stated that professionals at PGR or UNASA determine them as childish, paranoic and other types of conducts. His last consultation at PGR on the date of january twenty-eight two thousand nineteen was seen with tendencies of losing control which took them into giving him relaxation techniques; that same day he Drew many crosses which in psychology is seen as an aggressive character. The same conducts with which he victimized Melvi. She endured that one moment he told her I am coming for you and the next he left her waiting, to which her mother was a witness of.

Article 9 letter e) Economical Violence "are the actions, omissions or behaviors that affect the free disposal of the woman's heritage; Including damage to common or personal property through transformation, theft, destruction, distraction, damage, loss, limitation, retention of objects, personal documents, assets, values and economic rights..."

In this case it must be taken into consideration that this type of violence is based on the reduction and deprivation of economical resources to the other person or its offspring as a measure of coercion, manipulation; being in this case that Michael limited Melvi's economic resources since as for the minor he did not answer for his needs and when he did he was leaving him under a stone" .

Regarding the aggravating circumstances of the case, we consider that they fall within the following:

Article 46 letter c) if it was committed in front of any family member of the victim being that in the present case is the birth certificate of the minor M⬛⬛⬛⬛⬛ N⬛ who is son of the victim and who the mother saw her take him with the accused the night in which he takes the victim's life, child that was in the place of the facts and witnessed her death and who is found hours later in the area because he was left by the accused exposing him to his own death and e) if the author prevails of superiority originated by relationships of trust, friendship, domestic, educational or work, all of this from the Special Comprehensive Law for a Life Free of Violence for Women. Regarding it, it must be related to art. 7 LEIV of the Special Comprehensive Law for a Life Free of Violence towards women.

The unequal relationships of power or trust that have already been developed in art must be taken into account. 7 lit. b) of the LEIV in which it is stated that the woman is in a position of disadvantage regarding the men in the present case specifically due to that assumption of loyalty that the victim considered that she had on the part of her aggressor, of whom even her mother told her not to go out

at night but the same in her belief and trust that she did not It would hurt her, she didn't care what time it was for her or the risk that the mother told her she was running this night when she went out at night, it is even the victim who tells her not to worry that she was going with her son's father and that with this one that it was going to happen to him.

Many women learned obedience to the patriarchy, to envy what others can be or do for themselves, they took in a masculine speech that keeps the subordinated to convenience, but that hides a daily submission and repression that harms them at an emotional level and that can sometimes be reflected in their conduct or on their body, to mention some part.

Active subject: The accused MICHAEL ALEJANDRO CASTILLO MURGA, who directly executed all the actions destined to take away the victim's MELVI FERNANDA NAJERA QUEZADA life, because the law states that "He who causes the death of a woman by the means of hate or disparagement for her condition as a woman".

In the present case the active subject is the already mentioned one who deprived the victim from the maximum right in article 2 of the Constitution, life.

In the Femicide case there is an audited subjective element, which is Misoginy or disparagement towards women for considering her inferior, this subjective element is precisely what differentiates a homicide from a femicide and in this case its has been established as was related in the previous lines of how the accused had an emotional and economical control over the victim.

Before manifesting myself of the elements that took to addressing to him the authorship, we have to say that the present case has been worked on with indiciaria evidence, that "is that that is directed to show the certainty of some facts (indices) that do not constitute crime, but from which these can be inferred and the participation of the accused through reasoning based on the causal link and logical, existent between the proven facts and those that are tried to be proven, it is useful to base a conviction, when the following requirements concur:

   - That the indices are completely proven, this is, that they are not mere conjectures, suspicion or probabilities

   - That amongst the indices and the facts that are inferred there exists a precise and logical link according to the rules of human criteria;

   - The reasoning that has driven to prove the crime fact and participation of the accused.

In this sense the present case against the accused the following indices have been obtained related to the case that led to the certainty of his authorship in the victim's femicide:

1-the mother of the victim declares how Michael Alejandro Murga presented himself months before the day of the murder to recognize that in fact he had obligations with the child of the victim recognizing from that moment the existence of the father of the child and Michael knew the victim's house;

2-days before the murder the victim referred to her mother that she would go out with Michael of which the victim showed her conversations. This finally occurs on the day of january thirty first two thousand nineteen where the accused goes outside the victim's housewhere he takes the victim and her son Michael Alejandro gets there in a gray car;

3-      the accused's location is corroborated not only with the victim's mother declarations, but also with Michael's mobile terminal activations in antennas;

4-      the victim's body was found in km 99 of the highway that from Ahuachapán drives to Sonsonate Canton El Molino municipality of Concepción de Ataco, Ahuachapán

5-      From the scene it is obtained  that the victims is found lying on the other side of the Street where she is hurt because there is blood that belongs to her as is showed in the scene's photography álbum.

6-      The victim diez due to a massive hemorrage Massive hemorrhage due to laceration of large vessels in the right neck produced with a short stabbing weapon, also describes injuries in different parts of the body

7-      witnesses Cojutepeque observe the grey car where a couple where a person was hurting a woman

8-      Michael is observed in his route by mobile terminals moving from Ahuachapán to Apaneca where he took the victim and the minor and is observed in his return stopping around the coverage of the area where the victim is found staying there approximately twenty six minutes; being in this case where he is seen by witnesses Cojutepeque who where going from Ataco to Ahuachapan;

9-      Place where he parked and started to hurt the victim until he took her life, as he also tells his grilfriend Jaqueline through whatsapp and he sent her a photo with blood on him;

10-     He leaves the minor there so he would die as is concluded by a forensic doctor that such conditions as the cold, the lack of access to water, the hunger and the dangers of predators of the region placed the child M███████████ N█████ life in danger who was found dehydrated (elements that are obtained from thereport of where the child is found and photographic álbum)

11-     After comitting the crime Michael continues his route, as is determined by the activation of mobile antenas towards his house;

12-     Michael is aided to cover the crime by Edith del Carmen Rivas de Murga, Jaqueline Alejandra Martinez Herrera, Roberto Arturo y Donald Augusto both last name Valdivieso Lopez, witnesses one and two, being these last two under witness criteria, refer how Michael and his car were covered in blood because he had killed a woman near the "Molino"

13-     Witnesses one and two observe de victim's personal identity document of whom they remember her name as Melvi 'Quezada;

14-     Between all of them they perform actions in order to make the evidence and the car dissappear (car that has not been found even though he was seen in it the same day of the facts in Metrocentro Santa Ana with Jaqueine and has not been reported to be stolen).


According to DESIMONI the indicative evidence consists in the placing together and interpreting a series of facts and circumstances related to a determined unjust that is investigated in the  means to try to access the truth of what happened by and indirect manner. Through indicative evidence what is done is prove directly mediate facts to deduct from these those that have a immediate significance  to

the cause as is done in the present case where there is univocity of indications that lead to determine that the victim was with the accused at the moment in which her life is taken away, that there are other evidences that reflect that he was in Apaneca when he lives in Ahuachapán and he stayed in the place for some time and was seen covered in blood and with the victim's documents; witnesses one and two were ordered to help Michael for having killed, on the night of january thirty first two thousand nineteen a woman named Melvi Quezada.

From the above we have to frame that we base our attribution of the fact to have Concomitant Indications, these being the indications that result from the execution of the crime, they are presented simultaneously with the crime. Indications of presence and indications of participation in the crime belong to this category. The first, in the GORPHE classification, also called "physical opportunity", are aimed at establishing the physical presence of the accused at the scene of the events. The latter tend to indicate a more specific participation of the defendant in the facts. [25] these being the ones that have been demonstrated with the evidence presented to your honor where the defendant is located in the place picking up the victim and where he is killed at critical hours. In the same way we have Subsequent Indications

According to MARTÍNEZ RAVE, they are those who appear after the crime has been committed. The GORPHE classification refers to indications of suspicious activity. They can be actions or words, statements made later to friends, changing residence without any reason, moving away from the place where the crime was committed, escaping after being detained, hiding material elements of the crime, preparing false evidence about his innocence, the attainment of false witnesses. Being in this case that since the commission of the act the defendant together with his grandmother leave everything without justification, the vehicle in which the crime is committed disappears.

Passive subject: is the person whose life was taken away in this case for being the person of whose the most protected legal right was taken such as is life.

Protected legal right: Human life, according to article 2 of the salvadoran Constitution, where life is legally considered as the most important legal right of a person and as the physical base and presupposition for the rest of rights.-Human life is a biological reality that in principle is protected by the mere right of existing and without attending any other appreciations.

Action: consists in the reigning fact that presides the femicide type is "killing", this means to take away the life of a person of the female gender, because of this the behavior of the active subject of the crime constitutes a relevant action for Criminal Law for trying to take the victim's life.

Result: is the effect produced by the performed action by the accused in which the victim dies due to laceration of large vessels in the right neck produced with a short stabbing weapon, also describes different wounds in different parts of her body that the accused made against the victim and which helped him reach his goal of taking the victim's life away.

Also from the narrated facts, the prosecutors attribute the crime of Imperfect Homicide, established and sanctions in articles 128 in relation to article 24 of the Criminal Code to the accused MICHAEL ALEJANDRO CASTILLO MURGA, who attempted  against the life and integrity of  M
             N        whose action is performed by the active subject of the crime and  it fits to the description of the criminal type of Imperfect Homicide, being the objective and subjective elemtns of the crime fulfilled, being the typical conduct to kill, for the law prohibits that a death of a natural persona is

caused without entering the way; also between  the action of the active subjecy and the result there must be a causal link, which is known in doctrine as a causal relationship, this being, that between the action of killing and the result of death, there must be a relationship that allows to objectively impute that result to the action of the active subject of the crime; that relationship which was understood in principle in a naturalistic or logical way, today it is seen in a normative or evaluative way that in addition to verifying the existence of the natural relationship between action and result, it is necessary to attribute or impute that result to such action; that in the specific case, the crime turned out to be imperfect, but this non-consummation, that is, the fact that the minor M⬛           ⬛           N⬛ did not die, cannot be attributed to the active subject, since he clearly performs actions tending to take the life of the minor, rather, the non-consummation of the unfair penalty is due to the fact that the minor was found by workers in the area where he was abandoned to his fate, although it is clear that the life of the minor, otherwise we would surely be in a situation of Consummated Homicide.

The result o f "no death" was due to other circumstances outside the active subject's will in the crime, because he performed all the actions that led to the consumation of the result, because he was abandoned during night time, in a solitary área and cold, corresponding to according to the ocular inspections to Tablón San José Uno, Finca San Antonio property of Mr. J⬛ S⬛           Cantón El Molino, municipality of Ataco, department of Ahuachapàn, who was found on the day of February the fourth two thousand nieteen approximately four days after the murder of his mother, being transferred to Hospital Nacional of Ahuachapàn, and was afterwards under a series of y posteriormente  se le practican una serie de examinations of injuries establishing that the minor of one year and seven months, presented a state of severe starvation and that the physical and environmental conditions put his life at risk.

As for the accused EDITH DEL CARMEN RIVAS DE MURGA, JACQUELINE ALEJANDRA MARTINEZ HERRERA, ROBERTO ARTURO VALDIVIESO LOPEZ, DONALD AUGUSTO VALDIVIESO LOPEZ the crime that is attributed is of CONCEALMENT crime foreseen and punished in Art.308 Criminal Code, to the detriment of the ADMINISTRATION OF JUSTICE, the objective and subjective criminal analysis of the same is carried out:

CRIME OF CONCEALMENT

Article 308 of the Criminal Code establishes: whoever, knowing that a crime has been perpetuated and without prior knowledge, commits any of the following acts:

I will help to avoid the investigations of the authority or to evade the action of this

Procure or help someone to obtain the disappearing, hiding or alteration of tracks, proof or instruments of crime or secure the product or the exploitation of it, and

Acquire, receive or hide money, things or effects from a crime or intervene in their acquisition, reception or concealment

If the previous conducts are realized in regards of the crimes of kidnapping and extorsion, the sanction will be of four to eight years in prison.

The sanction will not apply in the cases of numerals 1) and 2) of whom covers up his ascendant, descendant, adopter, adoptee, brother, spouse or person in a similar affective relationship.

PROTECTED LEGAL RIGHT

In the crime of concealment, the protected legal right is the administration of justice since the legally defined punishable deviation puts obstacles and obstacles to the correct exercise of the jurisdictional function in its aspect of investigating, prosecuting and repressing criminal acts."

SUBJECTS

It can be any person, in this case the subjects EDITH DEL CARMEN RIVAS DE MURGA, JACQUELINE ALEJANDRA MARTINEZ HERRERA, ROBERTO ARTURO VALDIVIESO LOPEZ, DONALD AUGUSTO VALDIVIESO LOPEZ.

Passive subject: the head of the jurisdictional function which is the Republic of El Salvador.

TYPICAL CONDUCT

T. S. 5° SS 21/06/2000

"The crime of concealment is considered "of reference", that is, that although it constitutes an autonomous criminal type, it depends on another crime in order to exist. The first objective element then constitutes the prior existence of a crime, that is, an act prior to the one attributed, which meets the characteristics of criminality, illegality and guilt regulated in criminal laws as a crime and not as a misdemeanor. For the specific case, the criminal actions are framed in the second numeral of article 308 of the Penal Code, since the participants carried out behaviors such as disappearance, concealment, and alteration of traces, of the crime of AGGRAVATED FEMINICIDE attributed to the direct author on Defendant MICHAEL ALEJANDRO CASTILLO MURGA.

Situations that are considered accredited with witnesses, which determine the participation of each one of those involved as well as the evidence that was destroyed and hidden.

SUBJECTIVE TYPE:

T. S. 1° SS 02/05/00.

Such a figure requires as an essential requirement, that the concealer has real and effective knowledge that a crime has been committed, mere suspicions not being enough."

Another important element of the crime of concealment is the knowledge that the defendant must have about the facts that constitute the concealed crime, without such knowledge originating from a concert prior to the consummation of the initially prosecuted crime, otherwise, we would not be already against the concealer of a main crime, but also against a participant in that same crime. [...] The crime of Concealment regulated in art. 308 Criminal Code can only be carried out by direct intent, not admitting other modalities such as eventual intent or necessary consequences, or reckless conduct; the above statement is made by taking into consideration that the criminal type expresses that the author must have knowledge that a crime was committed.

V. BASIS FOR THE IMPUTATION:

With regard to proving the existence of the aforementioned crimes and the participation of the defendants in the same acts, there are the elements of conviction that are detailed below:

•    Record of Detention by Administrative Order issued INSIDE HOUSE NUMBER SIXTEEN,
LOCATED IN LA CAÑADA RESIDENTIAL, COLONIA ESCALON, OF THE MUNICIPALITY AND
DEPARTMENT OF SAN SALVADOR, AT ZERO TEN AND FIFTY MINUTES ON JUNE FOURTH,
TWO THOUSAND NINETEEN for the captors P█████████████████ S██████ R█████████o
C████ and C█████████████████ P███, which proves: the arrest of Mr. ROBERTO ARTURO
VALDIVIESO LOPEZ and the reasons for it, establishing circumstances of time, manner and place. As
well as the seizure made to the defendant's telephone device. All of the above as a result of the search
authorization with trespass warrant.

•    Record of Detention by Administrative Order issued IN THE INTERIOR OF PASSAGE SEVEN
OF THE LLANO DEL ESPINO COLONIA, JURISDICTION OF THE MUNICIPALITY AND
DEPARTMENT OF AHUACHAPAN, AT TEN HOURS AND ZERO MINUTES ON THE FOURTH DAY
OF JUNE TWO THOUSAND NINETEEN by the captors A██████████ R██████ posted in the
Investigations Department of Ahuachapan and W█████████████ N████ posted in the Sonsonate
Police Delegation Center Subdelegation, with which it is verified: the arrest of Miss Jacqueline
Alejandra Martínez Herrera and the reasons for it, establishing circumstances of time, way and place.
Likewise, in that act, the evidence was seized one by one, consisting of a black touch screen cell
phone, a Samsung brand belonging to the defendant.

•    Record of inspection of the corpse carried out at kilometer ninety-nine on the highway from
Ahuachapán to Sonsonate canton El Molino Concepción de Ataco Ahuachapán, at ten o'clock on
February 1, two thousand and nineteen; with which it is verified: the place of the facts, fixing,
inspecting, documenting and collecting all those evidences within which the six out of nine evidence
stands out, this being a metallic light blue plastic knife, as well as the victim's clothes bloody, which
demonstrates the level of violence and with what type of weapon the victim's body was attacked, which
was found at the scene.

•    Sketch of the place of the events, corresponding to the ninety-nine kilometer highway from
Ahuachapán to Sonsonate canton El Molino Concepción de Ataco Ahuachapán, with which it is
verified: through the planimetry the location in which the victim's body was found, as well as a series of
evidence.

•    Photographic Album of the place of the events, corresponding to kilometer ninety-nine of the road
from Ahuachapán to Sonsonate canton El Molino Concepción de Ataco Ahuachapán, prepared on
February 1, two thousand and nineteen; with which it is verified: through the fixation of a series of
photographs, the panoramic view of the scene of the events, the evidence, providing tangible and
verifiable records for the validity of the material and physical elements found.

•    Ocular pólice inspection report of the place that corresponds to tablón San José número uno,
finca San Antonio, property of J████████ S██████ Cantón El Molino, jurisdiction of concepción de
ataco, at twelve hours and forty five minutes of the fifth of frebruary two thousand nineteen, con with
which is proven: the geographical existence of the place in which the child son of the victim was
located, corresponding to a rural area, destined for the coffe cultivation, and less likely to have transit
because it is a rough terrain.

•    Photographic Album of the place that corresponds to the San José board number one, San
Antonio farm, property of ████████ S██████ Cantón El Molino, jurisdiction of Concepción de
Ataco, at twelve hours and thirty-five minutes on February 5, two thousand nineteen, with which it is

verified: through a series of photographs as is the place in which the minor, son of the victim Melvi Quezada, was located, as well as the evidence collected consisting of evidence number ONE: a white bib with letters that read ABC and pictures.

•    Sketch of the place that corresponds to the San José board number one, San Antonio farm, property of J███████ S██████, Cantón El Molino, jurisdiction of Concepción de Ataco, at twelve hours and thirty-five minutes on February 5, two thousand and nineteen , with which it is verified: through planimetry, the spatial fixation of the scene corresponding to a plane of the portion of land, being a rural area, place in which the minor, son of the victim Melvi Quezada, was found .

•    Official letter 230 containing the authorization to search with tresspass warrant for the San Cayetano neighborhood, canton of El Barro, house number three, highway to Concepción de Ataco, municipality and department of Ahuachapán, authorized by the first Justice of the Peace of the city and department of Ahuachapán, with which it is verified: that the accused Michael Murga and Edith Murga were allowed to enter the house, in order to carry out acts necessary for the criminal process, as well as the search and collection of evidence.

•    Record of Search with tresspass warrant drawn up in the San Cayetano neighborhood, El Barro canton, house number three, highway to Concepción de Ataco, municipality and department of Ahuachapán, at fourteen hours and fifty minutes on February 5, two thousand and nineteen, with which is verified: that through judicial authorization, said property is entered and evidence is sought to prove the crimes investigated. I correspond to evidence one: a blue cloth cover with drawings of spider-man apparently with biological fluids located in the bed, from the room next to the living room, evidence two: a piece of beige synthetic material with a stain that appears to be blood, collected from a curtain, evidence three: a sample of a stain that appears to be blood taken from the outer right side of the refrigerator, located in the kitchen, evidence four: a piece of orange-colored cloth with apparently blood stains taken from the back of the upper part of a swivel-type chair, evidence five: a white mop with an orange stripe, evidence six: a notebook page with handwritten content located in a wooden cabinet, evidence seven: a page of letter-size bond paper located in a wooden cabinet, evidence eight: a white cell phone, Huawai brand, with its brown protector and a chip on the back of the cell phone, located in a nightstand drawer.

•    Photographic album of the procedure carried out in the house of the accused Michael Murga and Edith del Carmen Murga, built in the San Cayetano neighborhood, El Barro canton, house number three, road to Concepción de Ataco, municipality and department of Ahuachapán, at fourteen hours and fifty minutes on February 5, two thousand and nineteen, with which it is verified: through a series of photographs the description of the house, as well as the evidence collected in that house.

•    Sketch of the ocular technical inspection carried out in the San Cayetano neighborhood, El Barro canton, house number three, road to Concepción de Ataco, municipality and department of Ahuachapán, with which it is verified: through planimetry, the spatial fixation, where the registration was made with prevention of trespassing authorized by the first Justice of the Peace of the city of Ahuachapán.

•    Registration Act with Prevention of Raiding carried out in the San Cayetano neighborhood, El Barro canton, house number three, highway to Concepción de Ataco, municipality and department of Ahuachapán, at twenty hours and thirty-five minutes on February fifth, two thousand and nineteen , with which it is verified: that through judicial authorization, the supra-related property is entered and a

series of evidences are collected, using the luminol reagent, which allowed the determination of remains of blood stains inside the property.

•    Photographic album of the diligence carried out in the house of the investigated being the San Cayetano neighborhood, El Barro canton, house number three, road to Concepción de Ataco, municipality and department of Ahuachapán, at twenty hours and thirty-five minutes on February fifth of the year two thousand and nineteen, with which it is verified: in which it is established through the fixation of images, the evidence collected through the diligence of Luminol reagent.

•    Sketch of ocular technical inspection carried out in San Cayetano neighborhood cantón El Barro casa Number three, road to Concepción de Ataco, municipality and department of Ahuachapán, with which it is verified: the existence through the planimetry of the place where the search was carried out with the trespass prevention issued by the first Justice of the Peace of the city of Ahuachapán, in order to practice the diligence of the Luminol reagent, which allowed the collection of useful evidence for the process.

•    Record of search preventing trespassing carried out in the San Cayetano neighborhood, El Barro canton, house number three, highway to Concepción de Ataco, municipality and department of Ahuachapán, dated February 6, two thousand and nineteen, which verifies: the seizure of evidence being a video game console and the judicial authorization for the entry of the house, detailing it as evidence one by one: a video game console, black Sony brand, two controls for it, an HDMI cable and a cable for an outlet current, collected from a wooden module inside the bedroom of the house.

•    Police record and seizure record dated February 6, two thousand and nineteen, which proves: that the victim's mother, Mrs. M                                                    N    , voluntarily delivers a computer, which is received to extract the relevant information.

•    Report of traffic accidents that occurred on January thirty-first, two thousand and nineteen, which verifies: that there were no related developments in the sector of the scene of the inspection of the corpse, as well as that there were no vehicles involved with similar characteristics to the vehicle used by the defendant in an accident or road mishap, on the day of the events, that is, January 31, 2019.

•    Evidence of theft or theft of Vehicle, which verifies: that the vehicle P-195952, used and driven by the defendant Michael Murga, does not have an active report of theft or robbery, which indicates that it never left the sphere of domain of the defendant

•    Record of fixation of global satellite position and sketch of the same, dated February 9, two thousand and nineteen, with which it is verified: corresponding to three points of the investigation, with which the entire route that I carry out is illustrated by photography and planimetry the one initiated from the time the victim arrived until he caused the death of the victim Melvi Fernanda Najera.

•    Certification of administrative file classified under reference 08-F3-19, dated February 15, two thousand and nineteen, with which it is verified: in which it comes from the Attorney General's Office of the Republic, family defense unit, in which It is established that the accused Michael Murga and his girlfriend Jacquelinne Herrera attended therapy for relationship problems and some emotional instability.

•       Expansion of the report of the Ahuachapán Auxiliary Prosecutor's Office, with which it is verified: that Michael Alejandro Castillo Murga, reflects signs of anxiety and aggressiveness, anger is also observed, a tendency to show demands to his partner and lose control. It is established that at the time of attending therapy with his girlfriend Jacqueline Herrera, the psychologist suggests that they distance themselves and self-control to improve the relationship.

•       University file in the name of the young Michael Alejandro Murgas, with which it is verified: that he was studying at the autonomous university of Santa Ana, enrolled in the medical career, as well as his class schedules and his psychological evaluation for admission to the university.

•       Expansion of the report of the Autonomous University of Santa Ana, with which it is verified: that Michael Alejandro Castillo Murga, has difficulty discerning reality, that is, a limitation to understand the meaning and relationship of things, he cannot reason causes and consequences, he also presents infantilism, exacerbating at moments that cause him anxiety, presenting an attitude associated with paranoidism.

•       Certification of prosecution file under reference 68-udmm-2019-ah, with which it is verified: that it was opened in the Ahuachapan prosecution's office, for the crime of abandonment and abandonment, to the detriment of the minor, son of the victim Melvi Fernanda Najera.

•       Certification of birth certificate of the son of the victim named M▮▮▮▮           N▮▮  with which it is verified: that he was only recognized by the victim and allowing the establishment of his minority.

•       Certification of Birth certificate of Michael Alejandro Castillo,  with which it is proven: age of the accused, who his parents are and allows to accredit his Salvadorean nationality.

•       Certification of birth certificate of Edith del Carmen Rivas, with which is proven: the legal existence of the same, and the filial link through the surnames and the relationship of this with the mother of the defendant.

•       Record of fixation of images of the video surveillance cameras of the Metrocentro Santa Ana shopping center with which it is verified: in which it is established through the fixation of images, the vehicle in which the investigated was transported, together with his girlfriend, as well as the characteristics of the vehicle used by the investigated are corroborated.

•       Photographic album of images from the video surveillance cameras of the Metrocentro Santa Ana shopping center with which it is verified: through a series of photographs the sequence of the displacement of the accused and his boyfriend Jacqueline in the shopping center, the day and time that they are found in that place, as well as the vehicle in which the investigated was transported, together with his girlfriend, clothing and other elements that allow their respective identifications.

•       Record of Photographic Path and their respective photographic sheets as well as their support with their respective DUI screens, with which it is verified: in which it is stated that the key witness "ONE" identifies and indicates each one through photographs of the aforementioned defendants as the active subjects of the crimes under investigation, with said act the aforementioned defendants are individualized and identified.

*     Record of Photographic path and its respective photographic sheets, as the backup of them with their respective DUI screenshots with which it proves: it is stated that key witness "TWO" identifies and indicates through photographs, with which said act the aforementioned defendants are individualized and identified.

*     Order from the Justice of the Peace of Concepción de Ataco, department of Ahuachapán, with which it is verified: at eight hours and thirty minutes on June 4, two thousand and nineteen, as well as official letter number 223, in which the authorization of searches with prevention of trespassing of the seven points detailed in that document.

*     Reports of search warrants authorized bye the Peace Judge of Concepción de Ataco in which the collected evidence is established, in the following addresses, with which it is verified: house number twenty-eight located in passage d of the san rafael neighborhood, of the municipality and department of ahuachapan, house that corresponds to Mr. Roberto Arturo Valdivieso Lopez. House number sixteen located in Residencial La Cañada, Colonia Escalon of the municipality and department of San Salvador, (private residential with security gate) house that corresponds to Mr. Roberto Arturo Valdivieso Lopez. House number twenty-one, passage seven of the Llanos del Espino neighborhood, in the city of Ahuachapan, house that corresponds to Jacqueline Alejandra Martinez Herrera. House number three in the San Cayetano neighborhood, in the El Barro canton on the highway that leads from Ahuachapan to Concepcion de Ataco, municipality and department of Ahuachapan, residence that corresponds to Michael Alejandro Castillo Murga and Edith del Carmen Rivas de Murga. house number eighty-eight, avenue a, of the san rafael neighborhood number one, of the municipality and department of ahuachapan, residence that corresponds to donald augusto valdievieso lopez, a place that also functions as the legal office of the person investigated. House located on the main street of the Residencial El Pacífico, in the jurisdiction of the municipality and department of Ahuachapan, a place that works as a cable company with the name Astrovision, the owner being Mrs. Edith del Carmen Rivas de Murga. House located on the road that from ahuachapan leads to the border las chinamas, canton las chinamas, jurisdiction and department of ahuachapan, (near the post offices of el salvador, which is described as having plastered walls, painted light blue with white, tin roof, with metal door, yellow in color and black balcony, located from east to west in relation to its main entrance, with three solarium windows, black balconies in its front small patio, of which a photograph appears in its location sketch) place of residence that it corresponds to Donald Augusto Valdivieso Lopez.

*     Report on migratory movements from the Ministry of Justice and Public Security, General Directorate of Migration and Aliens, which verifies: that Michael Alejandro Castillo Murga, reports migratory movement by land after the date of the event, being January 31 two thousand and nineteen.

*     Migration movements report from the Justice and Public Safety Ministry, General Directorate of Migration and Aliens, with which is proven that Edith del Carmen Rivas de Murga, reports a migration movement through land, after the date of the facts.

*     Report from the United States Embassy, Consular Section with which is proven, Sección Consular, with which it is verified: that the investigated Michael Alejandro Castillo Murga, is a United States citizen, however, they do not have information regarding the immigration status of Mrs. Edith del Carmen Rivas de Murga (grandmother of the defendant).

*     Identification Investigation Record of Michael Murga, Edith Murga, and Jacqueline Herrera with which it is verified: the identity of the people involved in the crimes that have been established.

• Record of Investigation of Roberto Valdivieso, with which it is verified: in which the identity of the person involved in the crime that has been established is established.

• Record of Investigation of Donald Valdivieso, dated May ninth, two thousand and nineteen, with which it is verified: in which the identity of the person involved in the crime that has been established is established.

• Record of location and sketch of the homes of the accused Michael Alejandro Castillo Murga, Edith del Carmen Rivas de Murga, Jacqueline Alejandra Martinez Herrera, Roberto Arturo Valdivieso Lopez, Donald Augusto Valdivieso Lopez, with which it is verified: that the accused had an address fixed in the country, and that through a police investigation, the residence of those involved in the events that occurred and qualified as Aggravated Femicide and the crime of Cover-up is found.

• Police Record of non-location of Mr. Donald Augusto Valdivieso López, drawn up in the section of crimes related to the life and integrity of people of the investigation department of the national civil police, located in the canton of Chinamas of the municipality and department of Ahuachapan, to at 19:00 on June 4, 2019, who was being requested by the Attorney General of the Republic through an administrative order, which verifies: that it was not possible to arrest him and that there is information that the accused was He was in the Investigating Court of San Salvador, however he was not located there, nor in his home.

• Resolution of Administrative Order and document of the same, with which it is verified: that the auxiliary prosecutor's office of Santa Ana, has sufficient legal grounds to request the deprivation of liberty of those involved in the crimes, through this mechanism.

• Original warrant Procedures, ordered by the Justices of the Peace of Ahuachapan and Concepcion de Ataco, with which it is verified: that a mandatory deposit of the detailed objects is authorized, being: a black Compac brand computer with its respective power cable the which was seized which was collected inside a room on a wooden piece of furniture in the house where Donald Augusto Valdivieso Lopez resides, located on the highway that leads from Ahuachapán to the border of Las Chinamas, municipality and department of Ahuachapán, at fifteen hours and ten minutes on June 4, two thousand and nineteen. Two pages of letter-size bond paper, which are Scotiabank bank records in the name of Mrs. Edith which were collected at the desk in the judicial office of Donald Valdivieso López, located in house eight eight, at A Avenue, of neighborhood of San Rafael of the Municipality and department of Ahuachapán, at eleven hours and twenty minutes of the day of june fourth two thousand nineteen. A public deed of decreasing credit which was granted by Edith del Carmen Contreras de Murga in favor of Scotiabank, anonymous society which has eight pages in letter size bond paper which were collected at the desk in the judicial office of Donald Valdivieso López, located in house eight eight, at A Avenue, of neighborhood of San Rafael of the Municipality and department of Ahuachapan at eleven hours and twenty minutes of the day of june fourth two thousand nineteen. An authenticated document of cancellation of first open mortgage by lawyer Ricardo Salvador Ahuat Fernández who acts in name of and representation of Scotiabank anonymous society in favor of David Ricardo Murga, with fourteen useful pages, collected at the desk in the judicial office of Donald Valdivieso López, located in house eight eight, at A Avenue, of neighborhood of San Rafael of the Municipality and department of Ahuachapan at eleven hours and twenty minutes of the day of june fourth two thousand nineteen. One paper bond page which is a copy of the personal identity document

to the name of Roberto Arturo Validivieso López, which was collected at the desk in the judicial office of Donald Valdivieso López, located in house eight eight, at A Avenue, of neighborhood of San Rafael of the Municipality and department of Ahuachapan at eleven hours and twenty minutes of the day of june fourth two thousand nineteen. Nine documents which include testimonies of public deeds made before the notary Donald Augusto Valdivieso Lopez and others such as authorizations for vehicle departure in favor of Mrs. Edith del Carmen Contreras Murga, within which includes vehicle authorization plates one hundred and ninety-five nine fifty-two two thousand eleven and an order issued by the Investigating Court of Ahuachapán stating that the lady was prosecuted for the crime of fraud, this evidence was collected inside the second bedroom of house number three located in colonia San Cayetano, canton el barro, road that leads from Ahuachapán to Ataco, municipality and department of Ahuachapán, at ten hours and forty minutes on June 4, two thousand and nineteen. One celular telephone brand Iphone gray color with black and its respective protective case color baby blue which was collected from the right bag of the pants of Roberto Arturo Valdivieso, who was located inside house number sixteen, located in la Cañada residency in Escalón neighborhood,  at zero ten fifty minutes on June 4 of the year two thousand and nineteen. Copy of public deed of general administrative and special judicial power in favor of Juan Francisco García, granted by Carolina del Carmen Murga, a VISA credit card, from Cuscatlán bank with number forty-two eighty-two ninety-one zero seven zero zero forty-nine seventy-ten, in the name of Edith Murga and three proofs of Scotiabank payment, this evidence was collected from inside a wooden desk without a drawer located in the accountant's office of house number fourteen in block one of the Ciudad Pacifica urbanization, city and department of Ahuachapán, at eleven o'clock on the day June fourth of the year two thousand and nineteen. A special administrative power of attorney from Mrs. Carolina del Carmen Murga, in favor of Mrs. Edith del Carmen Contreras de Murga, under the notarial documents of lawyer Donald Augusto Valdivieso Lopez, a self-center documentation in favor of Mrs. Carolina del Carmen Murga and Edith del Carmen Murga, attached copy of dui in the name of Mrs. Edith del Carmen Murga and passport copy of Mrs. Carolina del Carmen Murga, a CITI bank card in the name of Mrs. Edith de Murga with number forty-three ten seventy and five zero two zero zero zero two eighty-eight seventy-five, a general motors maintenance program guarantee policy, in the name of Carolina del Carmen Murga, a copy of the circulation card of the individual eight hundred and fifty-one two hundred and one, in the name of the same lady, an authenticated settlement document of Mr. José Luis Argueda Flores in favor of Mrs. Edith del Carmen Rivas de Murga and Edith del Carmen Contreras de Murga before the notarial documents of Licenciado Donal Augusto Valdivieso Lopez and an insurance policy from the Swiss Salvadoran insurer in the name of Carolina del Carmen Murga, this evidence was collected from the third drawer of a black metal filing cabinet, located in the collection office of house number fourteen of block one of the urbanization ciudad pacifico, city and department of Ahuachapán, at eleven o'clock on the fourth of June of the year two thousand and nineteen. A black Lorex video recorder, with its source and a cable for it, collected from a computer cabinet in the accountant's office, from house number fourteen in block one of the Pacific City urbanization, city and department of Ahuachapán, at eleven o'clock on June 4, 2019. A Hikvision brand video recorder, black, with its power supply and a cable, collected in a computer system rack in a distribution room, of house number fourteen of block one of the urbanization ciudad pacifico, city and department of Ahuachapán, at eleven o'clock on June 4 of the year two thousand and nineteen. A black touch screen cell phone, SAMSUNG brand, in condition deteriorated, evidence that was collected from the hands of the accused, the young Jacqueline Alejandra Herrera, inside passage seven, in the Llanos del Espino neighborhood, municipality and department of Ahuachapán, at ten hours and forty minutes on the fourth day of the month June two

Iphone brand cell phone, model A1549 since it was locked by password, a Samsung brand cell phone model SM-G905F, because the device is damaged, and a Lorex DVR model LH158000, because said device did not have storage hard drive.

• Telephone Log Analysis Report, with which it is verified: that there was a flow of calls made between those involved on the day of the events at critical hours, as well as theirs through the activation of antennas that allow them to be seized.

• Image Fixation Report with which it is verified: through the extraction of the surveillance video of the Metrocentro Santa Ana shopping center, images of the investigated Michael Murga and his girlfriend Jacquelinne Herrera, a few hours before the day of the events, conversing , images that, in turn, allowed us to corroborate the investigated vehicle.

• Report of obtaining and safeguarding information with which it is verified: that of the material provided as a study, corresponding to a video game console, a laptop, and a Samsung J7 Prime mobile phone. Concluding: evidence 1.1 being the video game: two game profiles, one corresponds to C      F    and the other to Michael Murga, locating games, applications, browsing stories, sexual content chat, among other things, in evidence 2.1 corresponding to the laptop, folders are extracted, one of them being users associated with the Quezada account, in terms of evidence 3.1 being the telephone device, contacts, access to social network accounts, applications and the cloud of the telephone device are extracted

• Postmortem Social Forensic Opinion, with which it is verified: that the victim died violently, that she was a young man who had incomplete university studies, that in the year two thousand and sixteen, he is located in the establishment of a sexual-affective relationship with Michael Murga, but that courtship ends when he discovers that Michael had a girlfriend, in the year two thousand and seventeen he discovered his pregnancy, communicating it to his mother and stepfather, omitting the identity of the person responsible, until after a few years he exposes that the father of his son was Michael Murga, being that revelation, the strengthening of communication with his mother, the defendant external to the victim that if his grandmother knows the existence of a son, she will suspend his financial aid and disinherits him, for which he requires the victim to that remains a secret, however, seeing that Michael Murga is not responsible for his son, and after the death of M    N      father, (no longer counting on that financial aid) the victim increased the demands for financial aid to the accused, and he left it under a stone outside his house, but the accused also made a series of promises to the victim regarding their son that he did not keep, leading the victim to send a text message to the accused in which told him: that he would inform someone of the existence of his son. However, the victim continued to have communication with Michael, to the point that they agree and he goes through the victim and the minor, to her house, on January thirty-first, two thousand and nineteen, getting on in hours at night Melvi Fernanda, her youngest son to Michael Murga's vehicle, however the victim's mother did not hear from her until the next day that Melvi Fernanda was found murdered and later after several days the minor was found in a coffee zone. On the socio-family and economic effects that the death of Fernanda generated in her family group is: the orphanage of the infant son, whose upbringing fell to his grandmother and step grandfather, these relatives being the ones who face and will face long-term care and support of the minor child, meaning this, the total coverage of their basic needs.

the male sex and the other, apparently of the female sex, the witness establishes the day and time of this observed event.

*   Autopsy performed in the Legal Medicine autopsy room located in the Doctor Romeo Fortín Magaña Judicial Center in the city of Ahuachapán at ten o'clock on February 2, two thousand and nineteen, with which it is verified: as evidence of recent external trauma: avulsion right hemiface with cut at coronal level passing through the right temporal frontoparietal region with bone exposure, wound on the right hemineck up to the midline of fifteen centimeters in length with exposure of large vessels in the right hemineck, three wounds from five to six centimeters in length on the left side of the face, abrasions on the left frontal level, a wound two centimeters long in the left calvicular region, ten centimeters from the midline and thirty-seven centimeters from the crown of the head, as well as a series of wounds found and described, the cause being After death, massive hemorrhage due to laceration of large vessels in the right neck caused by a sharp stabbing weapon, establishing a thanatocrodiagnosis of thirty to forty hours.

*   Expansion of the autopsy of the victim Melvi Najera with which it is verified: in which the forensic expert establishes that the wound on the right side of the face with bone exposure, was produced post mortem, and likewise does not rule out that they are the product of cadaveric anthropophagy by the place where the body was found.

*   Certification of forensic medical recognition of injuries performed on a minor, son of the victim Melvi Najera, dated February 7, two thousand and nineteen, which verifies: that the minor has a diagnosis of severe dehydration due to starvation plus child abuse.

*   Extension of of the forensic medical examination of injuries carried out on a minor on February 18, two thousand and nineteen, with which it is verified: that the minor, according to studies carried out on dehydration, is unlikely to remain for more than 48 hours at the site where it was found, because it remained without inanition.

*   Extension of recognition of Injuries practiced on a minor, son of the victim Melvi Najera, dated May fourteen of two thousand and nineteen, with which it is verified: in which the coroner establishes, that the physical and environmental conditions put in risk the life of the minor, being exposed to the dangers of the place and without proper hydration and nutrition.

*   Biological Criminal Investigation Report, with which it is verified: that the victim Melvi Fernanda Najera is related to the minor, and Mrs. Maria de los Angeles de Najera, based on the genetic profiles, the link between these people is established.

*   Analysis Report of Information Obtained from electronic devices, dated March 1, two thousand and nineteen, with which it is verified: that data from WhatsApp conversations contained in the cell phone of the girlfriend of the suspect named Jacquelinne Herrera are revealed, as well as as a photograph of the bloody accused Michael Murga that corresponds to the day of the events, January 31, 2019, as well as a series of elements taken from this electronic device that allow us to prove the direct authorship of Michael Murga in the femicide of Melvi Najera.

*   Telephone Extraction Report dated November twenty-fifth, two thousand and nineteen, with which it is verified: that it was possible to extract information from the evidence 1/1 an HP brand computer, color Black, serial number X16-96072, but it was not achieved extract information from an

*    Record of the interview with S███████████ C███████, which proves: that she is the
cousin of the deceased and establishes that the victim met Michael Murga at a rally in the year two
thousand and thirteen, who later found out that the victim has a son named M███ P████████, later
found out about the death of the victim, through relatives and social networks. It also describes how the
relationship between the victim and the defendant was.

*    Record of interview with Miss S████████ A██████ which proves: that she is a friend of
the victim Melvi Quezada, and states that the victim had a marital relationship with Michael Murga, that
he provided sporadic financial help to their son , but that no one in the family of the person under
investigation knew of the existence of the minor, however, she never met Michael Murga. And that she
finds out about the death of the victim, communicating this news to the mother of Melvi Fernanda
Najera.

*    Interview record of Mr. N████████████ S██████ with which it is verified: who is the life
partner of the victim's mother, and who claims to have known Michael, one day when he arrived at the
house that N██ shares with the mother of the victim, stating at that time that he wanted to meet the
minor and help him, recalling that Melvi Fernanda went out with Michael on January 31, 2019, and that
she subsequently disappeared, until news was heard of her appearing as deceased on the Ataco
highway, as well as the location of the victim's minor son.

*    Record of interview of Mr. W██████████ M██████ with which it is verified: who is
an employee of the national civil police and who is one of the people who performs the location and
subsequent rescue of the minor M████████ N████.

*    Interview record of Mr. E██████████ M█████ with which it is verified: who is an
employee of the national civil police and who is one of the people who performs the location and
subsequent rescue of the minor M████ N████.

*    Record of interview of the witness identified with Code ONE, with which it is verified: who
recounts the facts in detail, which is consistent with the factual framework of this resolution; that is to
say, the witness points out the conditions of time, place, manner of carrying out the act and active
subjects that acted in the execution of the act, even identifying the particular action of each one of
them.

*    Record of interview of the witness identified with Code DOS, with which it is verified: who
recounts the facts in detail, which is consistent with the factual framework of this resolution; that is to
say, the witness points out the conditions of time, place, manner of carrying out the act and active
subjects that acted in the execution of the act, even identifying the particular action of each one of
them.

*    Record of interview of the witness identified with Code COJUTEPEQUE ONE, with which it is
verified: who reports that on the day of the events (January thirty-first, two thousand and nineteen) he
observed a vehicle on the Ataco road, at night , parked, and that a male person is also observed
outside of it, as if arguing with another that is inside the vehicle.

*    Interview record of the witness identified with Code COJUTEPEQUE DOS, with which it is
verified: who refers that when he was coming from work, he noticed a vehicle on the edge of the Ataco
highway, and it caught his attention that it was parked, Observe two people, corresponding to one of

of a notarial nature, black video recorder, Lorex brand, administrative power and bank documents, which allow to prove the relationship employment and trust of the accused Edith Murga with the accused Lawyer Donald Vladivieso, as well as the rest of the Murga family with this defendant.

• Search with Search warrant dated June 4, two thousand and nineteen, carried out at house number twenty-eight located in passage D, San Rafael neighborhood, in the municipality of Ahuachapan, with which it is verified: the description of the house but of which it does not no evidence is collected.

• Search with Search warrant dated June 4, 2019, carried out at house number eighty eight, avenue A, in the San Rafael neighborhood, number one, in the municipality and department of Ahuachapan, which verifies: the description of the house and the evidence found.

• Search with Search warrant dated June 4, two thousand and nineteen, carried out in passage number twenty-one located in passage seven, of the Llanos del Espiritu neighborhood, of the municipality and department of Ahuachapan, with which it is verified: that said practice is carried out In the search, the house is described and the evidence corresponding to a mini-laptop computer, a Samsung brand cell phone, another Alcatel Pixi brand cell phone is collected, from which useful information is extracted for the case.

• Search with Search warrant dated June 4, two thousand and nineteen, carried out inside the house where Donald Augusto Valdivieso resides, located on the road that leads from Ahuachapan to the border of Las Chinamas, municipality and department of Ahuachapan, with which verifies: that said search is carried out, and a black computer, compac brand and its respective cable were collected as evidence.

• Interview record with Mrs. M                                    N     , which proves: that she is the mother of the victim, and that she mentions that her daughter together with her grandson left the house on January 31, one thousand and nineteen at night, observing that they board the vehicle that belonged to Michael Murga, however the interviewee loses communication with her daughter and learns of her murder on February one of two thousand and nineteen and the subsequent location of his youngest grandson. In addition, it provides elements of the sentimental relationship between the deceased Melvi Fernanda Najera and the accused Michael Murga.

• Interview record with Miss Jacqueline Alejandra Martínez Herrera, which proves that she is the girlfriend of Michael Murgas, and refers that on January 31, 2019, she went to her boyfriend's house, who told her that a woman had tried to kill him, and who was also bleeding, heard that they were going to treat his wounds in San Salvador, so the grandmother, Michael and a man left the house in a black van that day of the facts.

• Interview record of Mr. M                    C     , which proves: that he is the father of the defendant Michael Murga and who states that he has no contact with the young man's mother, that they separated years ago, that he only knows that his son drives a gray car , and that he found out through social networks that he is being sought by the authorities for the murder of a woman.

• Interview record of Mr. R    S     which proves: that he is the stepfather of Miss Jacqueline Herrera, and who states that young Michael was or is Jacqueline's boyfriend, that he had never agreed to that relationship of which he does not know the name of the boy



said to his relatives on the day of the events, the people who were in that place and those who were coming to provide help, likewise they establish what their duties were that day, and after the day of the facts, and what things the accused Donald Valdivieso and Edith del Carmen Murga told them to destroy, likewise, that the accused Roberto Arturo Vladivieso, tells the witnesses what materials to use to clean the blood from the vehicle and likewise they establish as the defendant Roberto Valdivieso, takes out the belonging vehicle the defendant from his house, towards an unknown direction. They establish with their anticipated declaration, that they know those involved, and likewise the intimidation exerted by them.

• Resolution of admission of opportunity criteria, with which it is verified: that the Justice of the Peace of Concepcion de Ataco, grants to the accused, who later have a protection regime as key witnesses y ONE and TWO, the criteria of opportunity, considering that there are more advantages in waiving criminal action than in prosecuting these people, who are providing collaboration in the case.

• Recognition certificate of persons in the present case Jacqueline Alejandra Martinez Herrera, and Roberto Valdivieso, with which it is verified: that indeed the key witnesses ONE and TWO, recognize those involved in the event, people who were identified in investigation proceedings through cartex.

• Acknowledgment by photograph of the accused Michael Alejandro Castillo Murga, Edith del Carmen Rivas de Murga, Donald Augusto Valdivieso Lopez, with which it is verified: that the key witnesses ONE and key TWO, recognize those involved through the courts, identifying them and individualizing them.

• Extradition request before the government of the United States of America, with which it is verified: that the defendant Michael Murga is facing judicial proceedings being accused of a serious crime and social commotion, being the femicide of Melvi Fernanda Najera, and in accordance with the law of one State is detained in another State and returned to the first to be tried or to serve the sentence already imposed or to be imposed.

• Record of the location of the minor son of the victim, drawn up inside the San José Uno Farm, in the canton of El Molino, in the Municipality of Concepcion de Ataco, department of Ahuachapan, at zero seven hours and fifteen minutes on the fourth of February two thousand and nineteen, with which it is verified: that the day and the indicated hour was the minor son of the victim, found by the workers of the San José Uno farm, and they inform the national civil police, who did not know whether he was alive or dead and that he was on a sidewalk, who was seen with lacerations on his face, dry lips and nose and insect bites.

• Search with trespassing warrant dated June 4, 2019, carried out at house number 3, San Cayetano neighborhood, Canton El Barro, m the road that leads from Ahuachapan to Ataco, Ahuachapan, with which it is verified: that a series is established and collected of evidence found corresponding to a small helmet, a black wool hat, a green wool hat, nine content documents, some notarial, six pieces of cloth of different colors, a broom-type piece, allowing the evidence found to prove the existence of the crimes and the participation of those involved.

• Search with search warrant dated June 4, two thousand and nineteen, carried out inside house number fourteen of block one of the Ciudad Pacifico urbanization of the municipality and department of Ahuachapan, with which it is verified: that the house is searched in which the company named Astrovision is installed, finding the following evidence copy of public deed as well as more documents

thousand and nineteen. A small helmet, apparently for a child, made of black, red, and gray synthetic material with letters that read Prowell, apparently containing microevidence, which was collected from the first bedroom of house number three, located in the San Cayetano neighborhood, El Barro canton., road that leads from Ahuachapán to Ataco, municipality and department of Ahuachapán, at ten hours and fifty minutes on June 4, two thousand and nineteen. A green synthetic material helmet decorated with various colors apparently containing microevidence, which was collected from the first bedroom of house number three, located in the San Cayetano neighborhood, El Barro canton, the road that leads from Ahuachapán to Ataco, municipality and department of Ahuachapán, at ten hours and fifty minutes on June 4, two thousand nineteen. A black wool hat apparently containing microevidence collected in a drawer inside bedroom number one of house number three in the first bedroom of house number three, located in the San Cayetano neighborhood, canton el barro, road that leads to Ahuachapan drives to Ataco, municipality and department of Ahuachapán, at ten hours and fifty minutes on June 4, two thousand and nineteen. Six pieces of cloth, including a blanket, a hand towel, four flannels of different colors collected in the inside of a plastic bag, which were recollected inside of a space of a water fountain at the south side of a pool that is at the west side of house number three of the first bedroom in house number three, located in neighborhood San Cayetano, cantón el barro, road to Ahuachapán that drives to Ataco, municipality and department of Ahuachapán, at ten hours and fifty minutes of the fourth day of june two thousand nineteen. A piece like a broom of synthetic material, containing what seem like blood residue which is found inside a plastic bag collected on the sidewalk at a northwest side of the house number located in neighborhood San Cayetano, canton el barro, road that leads to Ataco municipality and department of Ahuachapán at ten hours with fifty minutes recollected over the sidewalk of the northwest side of the house located in neighborhood of San Cayetano, canton el barro, road that from Ahuachapan drives to Ataco, municipality and department of Ahuachapán, at ten hours and fifty minutes of the fourth day of June of two thousand nineteen. A minilaptop type computer, color black with letter that read HP, collected in a drawer of the dresser inside of the bedroom of the second floor in the house number twenty one located in passage number seven of neighborhood Llanos del Espíritu, of the municipality and department of Ahuachapán, at eleven hours and five minutes of the fourth day of June of the year two thousand nineteen. A celular telephone color black that reads SAMSUNG collected beside the previous evidence, in house number twenty one in passage seven of neighborhood Llanos del Espiritu, of the municipality and department of Ahuachapan,  at eleven hours and five minutes of June fourth two thousand nineteen. A black telephone that reads Alcatel Pixi, was recollected near the previous evidence at house number twenty one located in Street seven of neighborhood Llanos del Espíritu, municipality and department of Ahuachuapan, at eleven hours and five minutes of june fourth two thousand nineteen. Evidence eight a White celular phone Huawei Brand with its protective case, color Brown chip in the back parto f the cel phone, located in a drawer in the nightstand, in a bedroom next to the kitchen. A portable computer that reads lenovo color black and the rest of the illegible data property of the victim Melvi Fernanda Nájera Quezada. Avideo game console, black color, Brand sony ps four with letters and numbers where it reads model cuh-two hundred fifteen b, which seems to be series md three one three nine zero one nine six four two with its controls, and hdmi cable and its electrical surrent cable. Evidence one a mobile telephone brand samsung j7 prime, black color which was taken by district office of Santa Ana, as all useful objects for the investigation.

• Record of advance declaration of the key witnesses ONE and TWO, with which it is verified: that the witnesses were in the house of the accused Michael Murga, on the thirty-first day of January of two thousand and nineteen, in which the murder of Melvi Najera, also express what the defendant Michael



witnesses report having seen a gray vehicle parked on the side of the road in the sector and a man struggling with a woman who was partially inside the vehicle. The expertise of extracting and analyzing information from a cell phone by Jacqueline Alejandra Martinez Herrera, revealed that Michael Alejandro Castillo Murga from his WhatsApp account ███████ shared an image of Jacqueline apparently self-taken (selfie) at nineteen three hours and five seconds, on January thirty-first, two thousand and nineteen, where He is observed with apparently blood stains on his face, neck and part of his shirt and a voice note at nineteen and six hours and twenty seconds of that day, in an agitated and scared tone he tells him to call him, in Following messages, Michael refers to having killed a person and they say that the victim in his document said that he was from Apaneca. On February 1, 2019, the body of a woman was inspected, at that time unidentified, located at Kilometer 99, in Cantón de Ataco. In that place, witnesses report having seen a gray car parked on the side of the road and a man who was struggling with a woman, the day before around seven at night. Then, on February 4, 2019, a child of approximately one year of age was located inside Finca San Jose Uno, in the canton of El Molino, Concepcion de Ataco, who was recognized by Mrs. M███████████████

N███, like M███ F███████, son of the victim Melvi Fernanda, from which he deduced that the body found on February 1, 2019 was his daughter. Through analysis of logs, it was established that Michael Alejandro Castillo Murga, Edith del Carmen Rivas de Murga, Jacqueline Alejandra Martinez Herrera and the witnesses Clave UNO and Clave DOS, through their telephone numbers on January thirty-first, two thousand and nineteen , between nineteen and thirteen and twenty-one and fifty-three hours, they activated different antennas that provide coverage in the sector where Michael and Edith's house is located, being house number three, San Cayetano neighborhood of Canton el Barro, road that leads to Concepción de Ataco, jurisdiction of Ahuachapan, also through code number one, and two establish that the men they identified as Lawyer Donald Valdivieso and a man with a pot-bellied or stocky beard also showed up at the house where they were. Which, is established through telephone records that Mrs. Edith del Camen Murga, contacts Clave UNO through her telephone number, at nineteen ten hours and then at twenty fifty-one on the thirty-first day of January two one thousand nineteen. Likewise, Jacqueline Alejandra Martinez Herrera recorded five outgoing calls with Mrs. Edith, between 19:30 and 19:00 on that day. The log analysis reveals that Mrs. Edith del Carmen Rivas de Murga, user of the telephone number 78983877, was in communication on February 1, 2019 with the telephone numbers used by the witnesses Clave UNO and Clave DOS. It is established through the expertise of extracting and analyzing information from the cell phone of Jacqueline Alejandra Martinez Herrera and the analysis of logs, that Mrs. Edith del Carmen Rivas de Murga and the Young Michael Alejandro Castillo Murga as of February 1 two thousand and nineteen, were in Guatemala and later moved to the United States of North America.

•      Analysis of the seized electronic devices, with which it is verified: that as a result of their analysis, elements and conversations are extracted, which allow to prove the participation of those involved in the attributed facts.

•      Socio-Economic Report, carried out by a social worker attached to the Attorney General of the Republic, with which it is verified: that the family of the deceased Melvi Najera, is in a situation of poverty, being the mother and stepfather of the deceased, the responsible for covering the basic needs of the family group, not having a regular job, incorporated into working life specifically in the informal small business sector, from which they obtain an economic income sometimes a little higher than the minimum wage and sometimes less, for Therefore, basic needs are partially covered, also with socialization guidelines typical of the family culture. The person responsible for providing personal care

•    Post mortem psychological autopsy, with which it is proven that the victim was undergoing a big psychological breakdown by the suspect with whom she had a sentimental un equal relationship, she presents signs of pathological dependency, because of the elevated from of damage, the victim is passive and is submitted to the anormal affection that has been that has developed by the perpetrator throughout the time of the relationship, the deceased was the recipient of cruel/atrocious violence by a male figure (with whom she had a relationship), this type of violence was part of the interaction that occurred every time had spatial closeness, the deceased was an uncritical woman who does not perceive the severity/magnitude of the harmfulness received or even realizing she perceives herself gagged/paralyzed in her self-defense abilities, no records were found that relate the breakup of the relationship with the pregnancy Conflict is typical of the victim who establishes a relationship with a person who is a carrier of a psychopathic typology. This condition culminates in extreme events of which the extension/violent cessation of life are not excluded. Therefore, it concludes: that at the present time the deceased maintained an atypical relationship (without being a recipient of affection/support) with a subject who maintained a relationship/commitment to another woman, the deceased remained in this relationship in an uncritical/reflexive manner, the link It was with a subject who, by verbal inference/record, is classified as a carrier of psychopathy (INSENSIBLE/COLD/LACK OF FEELING/AGGRESSOR BY SUBMISSION)

•    Integrated analysis dated January fourteen two thousand twenty with which it is proven: that the victim Melvi Fernanda Quezada from the year two thousand and thirteen began to relate to Michael Alejandro Castillo Murga, who also had in common that they studied at universities located in the city of Santa Ana, as a result of that relationship, the victim became the mother of a child named M F , and she stated that the child was the son of Michael Murga, the victim Melvi Fernanda Najera Quezada wanted Michael to legally recognize the child, since he was an American citizen, however, Michael had told her that he be patient because his relatives did not know and that when his grandmother found out, she would take away all the financial help that she gave him, but that in the meantime, Michael had promised to help the child financially, the expertise in extracting and analyzing information from A cell phone owned by Jacqueline Alejandra Martinez Hererra, girlfriend of Michael Alejandro Castillo Murga, revealed that on January 5, 2019, she complained to Michael about a sentimental relationship he had with another woman and that he was going to publish his pack, word used in social networks to refer to photographs of a person in underwear or naked. By linking this chat with Jaqueline's interview, she actually stated that on one occasion she had written to the victim Melvi Fernanda, because she had asked her for Michael's number but had later blocked her from her friends. Then, in fragments of conversations through WhatsApp, after the fact, Jacqueline complains to Michael that he had promised her that nothing would happen to her anymore, referring to the victim. It was established through analysis of logs, that the number used by Melvi Fernanda Najera Quezada, registered communication for the last time on January thirty-first, two thousand and nineteen, at eighteen thirty-four hours, located at that time in the area of Apaneca, from the number used by Mrs. M C , mother of the victim. According to an interview with M C , she called Fernanda to tell her that she had forgotten the boy's pacha, since at that time she had gone out with the boy M F , in a gray car with Michael, who days before had arrived at the house claimed to be the child's father. The log analysis revealed that the telephone number 74753021 used by Michael Alejandro Castillo Murga on January 31, 2019, at 08:21, is located in the Apaneca area. Then between 19 and 19 and 10 hours said telephone number remained in the Concepcion de Ataco sector, near the place where the body of Melvi Fernanda Najera Quezada was found. In addition,

to the child of the deceased is the maternal grandmother, who assumed the responsibility of care and upbringing, with traditional roles of care, protection and education, therefore, with the projection of incorporating him in the formal educational system as the she is the guarantor of the fulfillment of the rights of the child, the maternal grandmother and the current step-grandfather estimate the expenses in a projection of the minor's life that amounts to approximately thirty-seven thousand four hundred thirty-one point seventeen dollars of the United States of America.

. Psychological expertise performed on Michael Alejandro Murga Castillo with which it is verified: with which the type of personality of the defendant is established, his degree of violence and lack of control, as well as other elements that are reflected in it that allow the strengthening of the prosecutor's accusation .

. Result of comparative DNA analysis between the defendant Alejandro Murga Castillo or the grandmother of this Edith del Carmen Rivas de Murga, in relation to the minor son of the victim, with which it is verified: that indeed the minor M███████ N███, is son of the victim and of the defendant Michael Murga, proving with this result the intention of the defendant to cause the death of his son.

. Biological Investigation Report of Criminalistics number eighty-four dash nineteen r/c twenty-eight dash nineteen, with which it is verified: that of the collected evidence qualified as nine row nine amplifies a partial genetic profile, which is coincident with the reference profile obtained of the victim Melvi Fernanda Najera Quezada, said profile was obtained from the autopsy, which allows us to prove the existence of the victim, in the place where the evidence was collected, which was proven through DNA genetic markers.

## VIII. OFFER OF EVIDENCE FOR PUBLIC HEARING FOR CRIMINAL ACTION AND CIVIL ACTION

That the prosecution, aware of the constitutional and procedural responsibility, of proving the procedural extremes in the oral trial, to the extent of violatingbreaking the constitutional principle of innocence that at the moment grants the defendants, as well as the damages and losses caused according to the arts . 42 and 43, 105 and 106 Pr. Pn.; 114 and 115 Pn; offer the following list of evidence, which is necessary and pertinent as provided in the arts. 174 et seq. and 359 pr. Pn.:

### . REGARDING THE CRIMINAL ACTION:

In order to establish the certainty that the defendants committed the alleged act, the prosecutor's office offers the following proof in the criminal field:

### . DOCUMENTARY EVIDENCE

. Record of Detention by Administrative Order issued INSIDE HOUSE NUMBER SIXTEEN, LOCATED IN RESIDENTIAL LA CAÑADA, COLONIA ESCALON, OF THE MUNICIPALITY AND DEPARTMENT OF SAN SALVADOR, AT ZERO TEN AND FIFTY MINUTES OF THE FOURTH DAY OF JUNE TWO THOUSAND NINETEEN by the captors P███████████ S█████, P█████ ███C████ and C████████████ P█████ which proves: the arrest of Mr. ROBERTO ARTURO VALDIVIESO LOPEZ and the reasons for it, establishing circumstances of time, manner and

place. As well as the seizure made to the defendant's telephone set. All of the above as a result of the search authorization with trespass prevention.

• Record of Administrative Order for Detentions issued INSIDE of street SEVEN OF THE LLANO DEL ESPINO COLONIA, JURISDICTION OF THE MUNICIPALITY AND DEPARTMENT OF AHUACHAPAN, AT TEN HOURS AND ZERO MINUTES ON THE FOURTH DAY OF JUNE TWO THOUSAND NINETEEN by the captors A█████████ R█████ posted in the Investigations Department of Ahuachapán and W██ ██████████████ N█████ posted in the Sonsonate Police Delegation Center Subdelegation, with which it is verified: the arrest of Miss Jacqueline Alejandra Martínez Herrera and the reasons for it, establishing circumstances of time, way and place. Likewise, in that act, the evidence was seized one by one, consisting of a black touch screen cell phone, a Samsung brand belonging to the defendant.

• Record of inspection of the corpse carried out at kilometer ninety-nine on the highway from Ahuachapán to Sonsonate canton El Molino Concepción de Ataco Ahuachapán, at ten o'clock on February 1, two thousand and nineteen; with which it is verified: the place of the facts, fixing, inspecting, documenting and collecting all those evidences within which the six out of nine evidence stands out, this being a metallic light blue plastic handle knife, as well as the victim's clothes bloody, which demonstrates the level of violence and with what type of weapon the victim's body was attacked, which was found at the scene.

• Sketch of the place of the events, corresponding to the ninety-nine kilometer highway from Ahuachapán to Sonsonate canton El Molino Concepción de Ataco Ahuachapán, with which it is verified: through the planimetry the location in which the victim's body was found, as well as a series of evidences.

• Photographic album of the scene of the events, corresponding to kilometer ninety-nine of the highway from Ahuachapán to Sonsonate canton El Molino Concepción de Ataco Ahuachapán, prepared on February 1, two thousand and nineteen; with which it is verified: through the fixation of a series of photographs, the panoramic view of the scene of the events, the evidence, providing tangible and verifiable records for the validity of the material and physical elements found.

• Record of police visual inspection of the place that corresponds to the San José board number one, San Antonio farm, property of J██ ██████ S█████ , Cantón El Molino, jurisdiction of Concepción de Ataco, at twelve hours and thirty-five minutes on February 5 of two thousand and nineteen, with which it is verified: the geographical existence of the place in which the minor son of the victim was located, corresponding to a rural area, destined to the cultivation of coffee, and very little passable because it is a land rugged.

• Photographic album of the place that corresponds to the San José board number one, San Antonio farm, property of J██ ██████ S█████ Cantón El Molino, jurisdiction of Concepción de Ataco, at twelve hours and thirty-five minutes on February 5, two thousand nineteen, with which it is verified: through a series of photographs as is the place in which the minor, son of the victim Melvi Quezada, was located, as well as the evidence collected consisting of evidence number ONE: a white bib with letters that read ABC and pictures.

• Sketch of the place that corresponds to the San José board number one, San Antonio farm, property of J██ ██████ S█████ , Cantón El Molino, jurisdiction of Concepción de Ataco, at twelve

hours and thirty-five minutes on February 5, two thousand and nineteen, with which it is verified: through the planimetry, the spatial fixation of the scene corresponding to a plane of the portion of land, being a rural area, place in which the minor, son of the victim Melvi Quezada, was found.

• Official letter 230 containing the authorization to search with warrant prevention for the San Cayetano neighborhood, canton of El Barro, house number three, highway to Concepción de Ataco, municipality and department of Ahuachapán, authorized by the first Justice of the Peace of the city and department of Ahuachapán, with which it is verified: that the accused Michael Murga and Edith Murga were allowed to enter the house, in order to carry out acts necessary for the criminal process, as well as the search and collection of evidence.

• Record of Search Warrant drawn up in the San Cayetano neighborhood, El Barro canton, house number three, highway to Concepción de Ataco, municipality and department of Ahuachapán, at fourteen hours and fifty minutes on February 5, two thousand and nineteen, with which is verified: that through judicial authorization, said property is entered and evidence is sought to prove the crimes investigated. I correspond to evidence one: a blue cloth cover with drawings of spider-man, apparently with biological fluids located on the bed, in the room next to the living room, evidence two: a piece of beige synthetic material with a stain that appears to be blood, collected from a curtain, evidence three: a sample of a stain that appears to be blood taken from the outer right side of the refrigerator, located in the kitchen, evidence four: a piece of orange cloth with apparently blood stains taken from the back of the upper part of a swivel-type chair, evidence five: a white mop with an orange stripe, evidence six: a notebook page contained manuscript located in a wooden cabinet, evidence seven: a page of letter-size bond paper located in a wooden cabinet, evidence eight: a white Huawei brand cell phone, with its brown protector and a chip on the back of the cell phone, Located in nightstand drawer.

• Photographic album of the procedure carried out in the house of the accused Michael Murga and Edith del Carmen Murga, built in the San Cayetano neighborhood, El Barro canton, house number three, road to Concepción de Ataco, municipality and department of Ahuachapán, at fourteen hours and fifty minutes on February 5, 2019, which verifies: through a series of photographs the description of the house, as well as the evidence collected in that house.

• Sketch of the ocular technical inspection carried out in the San Cayetano neighborhood, El Barro canton, house number three, road to Concepción de Ataco, municipality and department of Ahuachapán, with which it is verified: through planimetry, the spatial fixation, where the search with prevention of trespassing authorized by the first Justice of the Peace of the city of Ahuachapán.

• Registration Act with seizure pwarrant carried out in the San Cayetano neighborhood, El Barro canton, house number three, road to Concepción de Ataco, municipality and department of Ahuachapán, at twenty hours and thirty-five minutes on February fifth of the year two thousand and nineteen , with which it is verified: that through judicial authorization, the above-related property is entered and a series of evidences are collected, using the luminol reagent, which allowed the determination of remains of blood stains inside the property.

• Photographic album of the diligence carried out in the house of the investigated being the San Cayetano neighborhood, El Barro canton, house number three, road to Concepción de Ataco, municipality and department of Ahuachapán, at twenty hours and thirty-five minutes on February fifth of

the year two thousand and nineteen, with which it is verified: in which it is established through the fixation of images, the evidence collected through the diligence of Luminol reagent.

• Sketch of the visual technical inspection carried out in the San Cayetano neighborhood, El Barro canton, house number three, road to Concepción de Ataco, municipality and department of Ahuachapán, with which it is verified: the existence through the planimetry of the place where the registration was made with a search warrant issued by the First Justice of the Peace of the city of Ahuachapán, in order to carry out the Luminol reagent diligence, which allowed the collection of useful evidence for the process.

• Record of search warrant carried out in the San Cayetano neighborhood, El Barro canton, house number three, road to Concepción de Ataco, municipality and department of Ahuachapán, dated February 6, two thousand and nineteen, which verifies: the seizure of evidence being a video game console and the judicial authorization for the entry of the house, detailing it as evidence one by one: a video game console, black Sony brand, two controls for it, an HDMI cable and a cable for an outlet current, collected from a wooden module inside the bedroom of the house.

• Police record and seizure record dated February 6, two thousand and nineteen, which proves: that the victim's mother, Mrs. M███████████████████████ N████ voluntarily delivers a computer, which is received to extract the relevant information.

• Report of traffic accidents that occurred on January thirty-first, two thousand and nineteen, which verifies: that there were no related developments in the sector of the scene of the inspection of the corpse, as well as that there were no vehicles involved with similar characteristics to the vehicle used by the defendant in an accident or road mishap, on the day of the events, that is, January 31, 2019.

• Certification of non existence of denunciation of vehicle theft, which verifies: that the vehicle P-195952, used and driven by the defendant Michael Murga, does not have an active report of theft or robbery, which indicates that it never left the sphere of domain of the defendant

• Record of fixation of global satellite position and sketch of the same, dated February 9, two thousand and nineteen, with which it is verified: corresponding to three points of the investigation, with which the entire route that I carry out is illustrated by photography and planimetry the one initiated from the time the victim arrived until he caused the death of the victim Melvi Fernanda Najera.

• Certification of administrative file classified under reference 08-F3-19, dated February 15, two thousand and nineteen, with which it is verified: in which it comes from the Attorney General's Office of the Republic, family defense unit, in which it is established that the accused Michael Murga and his girlfriend Jacquelinne Herrera attended therapy for relationship problems and some emotional instability.

• Expansion of the report of the Ahuachapán Auxiliary Prosecutor's Office, with which it is verified: that Michael Alejandro Castillo Murga, reflects signs of anxiety and aggressiveness, anger is also observed, a tendency to show demands to his partner and lose control. It is established that at the time of attending therapy with his girlfriend Jacqueline Herrera, the psychologist suggests that they distance themselves and self-control to improve the relationship.

•   University file in the name of the young Michael Alejandro Murgas, with which it is verified: that he was studying at the autonomous university of Santa Ana, enrolled in the medical career, as well as his class schedules and his psychological evaluation for admission to the university.

•   Expansion of the report of the Autonomous University of Santa Ana, with which it is verified: that Michael Alejandro Castillo Murga, has difficulty discerning reality, that is, a limitation to understand the meaning and relationship of things, he cannot reason causes and consequences, he also presents infantilism, exacerbating at moments that cause him anxiety, presenting an attitude associated with paranoidism.

•   Certification of prosecution file under reference 68-udmm-2019-ah, with which it is verified: that it was opened in the Ahuachapan tax office, for the crime of abandonment and abandonment, to the detriment of the minor, son of the victim Melvi Fernanda Najera.

•   Certification of birth certificate of the son of the victim named M████████ N███, with which it is verified: that he was only recognized by the victim and allowing the establishment of his minority.

•   Birth certificate in the name of Michael Alejandro Castillo, with which it is verified: the age of the accused, who his parents are and that allows him to prove his Salvadoran nationality as well.

•   Certification of birth certificate in the name of E███ █████████ R███, with which it is verified: the legal existence of the same, and the filial link through the surnames and the relationship of this with the mother of the defendant.

•   Record of fixation of images of the video surveillance cameras of  Metrocentro Santa Ana shopping center with which it is verified: in which it is established through the fixation of images, the vehicle in which the investigated was transported, together with his girlfriend, as well as the characteristics of the vehicle used by the investigated.

•   Photographic album of images from the video surveillance cameras of the Metrocentro Santa Ana shopping center with which it is verified: through a series of photographs the sequence of the displacement of the accused and his boyfriend Jacqueline in the shopping center, the day and time that They are found in that place, as well as the vehicle in which the investigated was transported, together with his girlfriend, clothing and other elements that allow their respective identifications.

•   Record of Photographic Tour and their respective photographic sheets as well as their support with their respective DUI screens, with which it is verified: in which it is stated that the key witness "ONE" identifies and indicates each one through photographs of the aforementioned defendants as the active subjects of the crimes under investigation, with said act the aforementioned defendants are individualized and identified.

- Record of Photographic Tour and their respective photographic sheets, as well as the support of the same with their respective DUI screens, with which it is verified: in which it is stated that the key witness "DOS" identifies and indicates through photographs each one of the defendants mentioned above as the active subjects of the crimes under investigation, with said act the aforementioned defendants are individualized and identified.

- Order from the Peace Court (Judge) of Concepción de Ataco, department of Ahuachapán, with which it is verified: at eight hours and thirty minutes on June 4, two thousand and nineteen, as well as official letter number 223, in which the search warrants of the seven points detailed in that document.

- Records of search warrant authorized by the Peace Court (Judge) of Concepción de Ataco, department of Ahuachapán, in which the collected evidence is established, in the following addresses, with which it is verified: house number twenty-eight located in passage d of the san rafael neighborhood, of the municipality and department of ahuachapan, house that corresponds to Mr. ███ ███ ███ ███. House number sixteen located in Residencial La Cañada, Colonia Escalon of the municipality and department of San Salvador, (private residential with security gate) house that corresponds to Mr. R███ ███ ███ L███. House number twenty-one, passage seven of the Llanos del Espino neighborhood, in the city of Ahuachapan, house that corresponds to Jacqueline Alejandra Martinez Herrera. House number three in the San Cayetano neighborhood, in the El Barro canton on the highway that leads from Ahuachapan to Concepcion de Ataco, municipality and department of Ahuachapan, residence that corresponds to Michael Alejandro Castillo Murga and Edith del Carmen Rivas de Murga. house number eighty-eight, avenue a, of the san rafael neighborhood number one, of the municipality and department of ahuachapan, residence that corresponds to donald augusto valdievieso lopez, a place that also functions as the legal office of the person investigated. House located on the main street of the Residencial El Pacífico, in the jurisdiction of the municipality and department of Ahuachapan, a place that works as a cable company with the name Astrovision, the owner being Mrs. Edith del Carmen Rivas de Murga. House located on the road that from ahuachapan leads to the border las chinamas, canton las chinamas, jurisdiction and department of ahuachapan, (near the post offices of el salvador, which is described as having plastered walls, painted light blue with white, tin roof, with metal door, yellow in color and black balcony, located from east to west in relation to its main entrance, with three solarium windows, black balconies in its front small patio, of which a photograph appears in its location sketch) place of residence that it corresponds to Donald Augusto Valdievieso Lopez.

- Report on migratory movements provided by the Ministry of Justice and Public Security, General Directorate of Migration and Aliens, which verifies: that Michael Alejandro Castillo Murga, reports migratory movement by land after the date of the event, being January 31 two thousand and nineteen

- Report on migratory movements provided by the Ministry of Justice and Public Security, General Directorate of Migration and Aliens, which verifies: that Mrs. Edith del Carmen Rivas de Murga reports migratory movement by land after the date of the event.

- Report from the United States of America's Embassy, Consular Section, with which it is verified: that the investigated Michael Alejandro Castillo Murga, is a US citizen, however, they do not have information regarding the immigration status of Mrs. Edith del Carmen Rivas de Murga (grandmother of the defendant).

located at house number eighty-eight, located on avenue A, in the San Rafael neighborhood, in the municipality and department of Ahuachapán, at eleven hours and twenty minutes on June 4, two thousand and nineteen. A sheet of bond paper which is a copy of the unique identity document in the name of Roberto Arturo Valdivieso López, which was collected from the desk of the legal office of the house of Donald Arturo Valdivieso López, located in Avenida A, in the San Rafael neighborhood, in the municipality and department of Ahuachapán, at eleven hours and twenty minutes on June 4, two thousand and nineteen. Nine documents include testimonies of public deeds made before the notary Donald Augusto Valdivieso Lopez and others such as authorizations for the departure of the vehicle in favor of Mrs. Edith del Carmen Contreras Murga, including authorization for the vehicle, license plates one hundred ninety-five nine fifty-two two thousand eleven and an order issued by the Court of Instruction of Ahuachapán where it is stated that the lady was prosecuted for the crime of fraud, this evidence was collected inside the second bedroom of house number three, located in the San Cayetano neighborhood, canton El Barro, the road that leads from Ahuachapán to Ataco , municipality and department of Ahuachapán, at ten hours and forty minutes on June 4, two thousand and nineteen. A gray and black iPhone brand cell phone with its respective light blue protector, which was collected from the right pocket of the pants of Mr. Roberto Arturo Valdivieso, who was located inside house number sixteen, located in the La Cañada residential area, in the Escalón neighborhood, in the municipality and department of San Salvador, at zero ten and fifty minutes on June 4, year two one thousand nineteen. Copy of public deed of general judicial administrative and special power of attorney in favor of J███████ G████ granted by C██████████ M███, a VISA credit card, from the Cuscatlan bank with number ████████████ ███████████ n the name of Edith Murga and three payment vouchers from the Scotiabank bank, this evidence was collected from the inside of a wooden desk without a drawer located in the accountant's office of house number fourteen in block one of the urbanization Ciudad Pacifica, city and department of Ahuachapán, at eleven o'clock on June 4, two thousand and nineteen. A special administrative power of attorney from Mrs. C██████████ M████, in favor of Mrs. Edith del Carmen Contreras de Murga, under the notarial documents of Licenciado Donal Augusto Valdivieso Lopez, a self-center documentation in favor of Mrs. C██████████ M████ and Edith del Carmen Murga, attached copy of dui in the name of Mrs. Edith del Carmen Murga and passport copy of Mrs. C████████ C████████ a CITI bank card in the name of Mrs. Edith de Murga with number forty-three ten seventy and five zero two zero zero zero two eighty-eight seventy-five, a general motors maintenance program guarantee policy, in the name of C██████████ M████, a copy of the individual's circulation card eight hundred fifty-one two hundred one, in the name of the same lady, an authenticated settlement document of Mr. J█████████ F████ in favor of Mrs. Edith del Carmen Rivas de Murga and Edith del Carmen Contreras de Murga before the notarial offices of Mr. Augusto Valdivieso Lopez and a policy of Insurance from the Salvadoran Swiss insurer in the name of C███████ ██████ M████, this evidence was collected from the third drawer of a black metal file cabinet, located in the collection office of house number fourteen in block one of the Ciudad Pacifico urbanization, Ciudad and department of Ahuachapán, at eleven o'clock on June 4 of the year two thousand and nineteen. A black Lorex video recorder, with its source and a cable for it, collected from a computer cabinet in the accountant's office, from house number fourteen in block one of the Ciudad Pacifico urbanization, city and department of Ahuachapán, at eleven o'clock on June 4, two thousand and nineteen. A hikvision brand video recorder, black, with its power source and a cable, collected in a computer system rack in a distribution room, from house number fourteen of block one of the urbanization ciudad pacifico, city and department of Ahuachapán , at eleven o'clock on June 4, two

psycholpsical mortem psychologi
Case 2:24-mj-06387-DUTY    Document 23-2    Filed 12/20/24    Page 74 of 174    Page ID
#:630

• Identification Record of Investigation of Michael Murga, Edith Murga, and Jacqueline Herrera with which it is verified: the identity of the people involved in the crimes that have been established.

• Record of Investigation of Roberto Valdivieso, with which it is verified: in which the identity of the person involved in the crime that has been established is established.

• Record of the Investigation of Donald Valdivieso, dated May 9, two thousand and nineteen, with which it is verified: in which the identity of the person involved in the crime that has been established is established.

• Record of location and sketch of the homes of the accused Michael Alejandro Castillo Murga, Edith del Carmen Rivas de Murga Jacqueline Alejandra Martinez Herrera, Roberto Arturo Valdivieso Lopez Donald Augusto Valdivieso Lopez, with which it is verified: that the accused had a fixed address in the country, and that through a police investigation, the residence of those involved in the events that occurred and qualified as Aggravated Femicide and the crime of Cover-up was found.

• Police Record of non-location of Mr. Donald Augusto Valdivieso López, drawn up in the section of crimes related to the life and integrity of people of the investigation department of the national civil police, located in the canton of Chinamas of the municipality and department of Ahuachapan, to at 19:00 on June 4, 2019, who was being requested by the Attorney General of the Republic through an administrative order, which verifies: that it was not possible to arrest him and that there is information that the accused was in the Investigating Court of San Salvador, however, he was not located there, nor in his house.

• Record of Administrative Order and its legal document with which it is proven: that the prosecutors of the Santa Ana office have the legal fundaments to request the detention of the people involved in the crimes, through a detention order.

• Search warrant affidavit, ordered by the Court of Peace of Ahuachapan and Concepcion de Ataco, with which it is verified: that a property receipt of the detailed objects is authorized, being: a black Compac brand computer with its respective power cable the which was seized which was collected inside a room on a wooden piece of furniture in the house where Donald Augusto Valdivieso Lopez resides, located on the highway that leads from Ahuachapán to the border of Las Chinamas, municipality and department of Ahuachapán, at fifteen hours and ten minutes on June 4, two thousand and nineteen. Two pages of letter-size bond paper, which are Scotaibank bank records in the name of Mrs. Edith, which were collected from the desk of the legal office of the house of Donald Valdivieso Lopez, located at house number eighty-eight, located on avenue A, in the San Rafael neighborhood, in the municipality and department of Ahuachapán, at eleven hours and twenty minutes on June 4, two thousand and nineteen. A public deed of decreasing credit which is granted by Mrs. Edith del Carmen Contreras de Murga in favor of Scotiabank El Salvador, a corporation which has eight useful pages on letter-size pages of bond paper, collected from the desk of the legal office of the house of Donald Valdivieso Lopez, located at house number eighty-eight, located on Avenida A, in the San Rafael neighborhood, in the municipality and department of Ahuachapán, at eleven hours and twenty minutes from Fourth day of June two thousand and nineteen. An authenticated document of cancellation of the first open mortgage granted by Mr. R███████████ F████████, who acts on behalf of and on behalf of Scotiabank El Salvador, a limited company in favor of David Ricardo Murga, with fourteen useful pages, collected from the desk of the legal office of the house of Donald Valdivieso Lopez,



• Record of anticipated declaration of the witnesses KEY ONE AND KEY TWO, with which it is verified: that the witnesses were in the house of the accused Michael Murga, on the thirty-first day of January of two thousand and nineteen, in which the murder of Melvi Najera, also express what the defendant Michael said to his relatives on the day of the events, the people who were in that place and those who were coming to provide help, likewise they establish what their duties were that day, and after the day of the facts, and what things the accused Donald Valdivieso and Edith del Carmen Murga told them to destroy, likewise, that the accused Roberto Arturo Vladivieso, tells the witnesses what materials to use to clean the blood from the vehicle and likewise they establish as the accused Roberto Valdivieso, takes the vehicle belonging to the accused from his house, towards an unknown destination. They establish with their Advance Declaration, that they know those involved, and likewise the intimidation exerted by them.

• Resolution of admission of opportunity criteria, with which it is verified: that the Justice of the Peace of Concepcion de Ataco, grants to the accused, who later have a regime of protection key ONE and key TWO, the criterion of opportunity, considering that There are more advantages in waiving criminal action than in prosecuting these people, who are providing collaboration in the case.

• Certificate of Recognition of persons in the present case Jacqueline Alejandra Martinez Herrera, and Roberto Valdivieso, with which it is verified: that indeed the key witnesses ONE and key DOs, recognize those involved in the event, people who were identified in investigation proceedings through cartex.

• Recognition by photography of the defendants Michael Alejandro Castillo Murga, Edith del Carmen Rivas de Murga, Donald Augusto Valdivieso Lopez, with which it is verified: that the key witnesses ONE and key TWO, recognize those involved through the courts, identifying and individualizing them.

• Request for extradition before the government of the United States of America, with which it is verified: that the defendant Michael Murga is facing judicial proceedings being accused of a serious crime and social commotion, being the femicide of Melvi Fernanda Najera, and in accordance with the law of one State he is detained in another State and returned to the first to be tried or to serve the sentence already imposed or to be imposed.

• Record of the location of the minor son of the victim, drawn up inside the San José Uno Farm, in the canton of El Molino, in the Municipality of Concepcion de Ataco, department of Ahuachapan, at zero seven hours and fifteen minutes on the fourth of February two thousand and nineteen, with which it is verified: that the day and the indicated hour was the minor son of the victim, found by the workers of the San José Uno farm, and they inform the national civil police, who did not know whether he was alive or dead and that he was on a sidewalk, who was seen with lacerations on his face, dry lips and nose and insect bites.

• Search warrant for the search and seizure dated june fourth two thousand nineteen carried out in house number three, San Cayetano Canton El Barro neighborhood, road that leads to Ahuachapan, Ahuachapan, with which it is verified: that a series of evidence found is fixed and collected corresponding to a small helmet, a black wool cap, a green wool cap, nine content documents, some notarized, six pieces of cloth of different colors, a broom-type piece, allowing the evidence found to prove the existence of the crimes and the participation of those involved.

thousand and nineteen. A black touch screen cell phone, SAMSUNG brand, in deteriorated condition, evidence that it was collected from the hands of the accused, the young Jacqueline Alejandra Herrera, in inside passage seven, in the Llanos del Espino neighborhood, municipality and department of Ahuachapán, at ten hours and forty minutes on June four, two thousand and nineteen. A small helmet, apparently for a child, made of black synthetic material , red and gray with letters that read Prowell, apparently containing microevidence, which was collected from the first bedroom of house number three, located in the San Cayetano neighborhood, El Barro canton, the road that leads from Ahuachapán to Ataco, municipality and department of Ahuachapán, at ten hours and fifty minutes on June 4, two thousand and nineteen. A helmet of green synthetic material decorated with different colors, apparently containing microevidence, which was collected from the first bedroom of house number three, located in the San Cayetano neighborhood, El Barro canton, the road that leads from Ahuachapán to Ataco, municipality and department of Ahuachapán, at ten fifty minutes on June 4, two thousand and nineteen. A black wool hat apparently containing microevidence collected in a drawer inside bedroom number one of house number three in the first bedroom of house number three, located in the San Cayetano neighborhood, El Barro canton, the road that leads from Ahuachapan to Ataco, municipality and department of Ahuachapán, a ten hours and fifty minutes on June 4, two thousand and nineteen. Six pieces of cloth including a blanket, a hand towel, four flannels of different colors collected inside a plastic bag, which were collected in the interior of a space with a water fountain on the south side of a pool that is on the east side of house number three, the first bedroom of house number three, located in the San Cayetano neighborhood, canton el barro, road that leads from Ahuachapán to Ataco, municipality and department of Ahuachapán, at ten hours and fifty minutes on June 4, two thousand and nineteen. A broom-like piece of synthetic material, apparently containing blood residue, which is found inside a black plastic bag collected on the cemented area on the northeast side of house number located in Colonia San Cayetano, canton El Barro, the road that leads from Ahuachapán to Ataco, municipality and department of Ahuachapán, at ten hours and fifty minutes on June 4, two thousand and nineteen. A black mini-laptop computer, with letters that read HP, collected from a dresser drawer inside the bedroom on the second floor, in house number twenty-one located in passage seven of the Llanos del Espíritu neighborhood, of the municipality and department of Ahuachuapan, at eleven hours and five minutes on June 4, two thousand and nineteen. A black cell phone with letters that read SAMSUNG collected next to the previous evidence, in house number twenty-one located in passage seven of the Llanos del Espíritu neighborhood, in the municipality and department of Ahuachuapan, at eleven hours and five minutes from June 4th of the year two thousand and nineteen. A black telephone with letters that reads Alcatel Pixi, collected next to the previous evidence, in house number twenty-one located in passage seven of the Llanos del Espíritu neighborhood, in the municipality and department of Ahuachuapan, at eleven hours and five minutes on June 4, 2019. Evidence eight, a white huawai cell phone, with its brown protector and a chip on the back of the cell phone, located in a nightstand cabinet inside the room next to the kitchen. A black laptop that reads lenovo and other illegible data owned by the young victim Melvi Fernanda Najera Quezada. A black video game console, brand sony ps 4 with letters and numbers that read model cuh-two hundred fifteen b, apparently md series three one three nine zero one nine six four two controls for it, an hdmi cable and a cable for a current outlet. Evidence one mobile phone that is a samsung j7 prime, black color seized in the prosecutor's office Auxiliary of Santa Ana, as well as all those collected and useful to the process.



Testimony as witness of Mr. M████████ O███, with which it is verified: that he is the father of the defendant Michael Murga and who states that he has no contact with the young man's mother, that they separated years ago, that he only knows that his son drives a gray car, and that he found out through social networks that he is being sought by the authorities for the murder of a woman.

Testimony as witness of Mr. R██ S███, with which it is verified: that he is the stepfather of Miss Jacqueline Herrera, and who states that young Michael was or is Jacqueline's boyfriend, that he had never agreed to that relationship that he does not know the boy's name.

Testimony as witness of S████████████ O███, with which it is verified: that she is the cousin of the deceased and establishes that the victim met Michael Murga at a rally, in the year two thousand and thirteen, who later found out that the victim He has a son named M███ F███, later he found out about the death of the victim, through relatives and social networks. It also describes how the relationship between the victim and the defendant was.

Testimony as witness of Ms. S████████ A███, with which it is verified: that she is a friend of the victim Melvi Quezada, and refers that the victim had a marital relationship with Michael Murga, that he provided sporadic financial assistance to his son of both, but that no one in the family of the person under investigation knew of the existence of the minor, however, she never met Michael Murga. And that she finds out about the death of the victim, communicating this news to the mother of Melvi Fernanda Najera.

Testimony as witness of Mr. N████████████ S███, with which it is verified: who is the life partner of the victim's mother, and who claims to have met Michael, one day when he arrived at the house that N██ shares with the mother of the victim, stating at that time that she wanted to meet the minor and help him, recalling that Melvi Fernanda went out with Michael, on January 31, 2019, and that she subsequently disappeared, until she was heard from appearing as deceased on the Ataco highway, as well as the location of the victim's minor son.

Testimony as witness of Mr. W████████████ M███, with which it is verified: who is an employee of the national civil police and who is one of the people who locates and later rescues the minor M████ N██.

Testimony as witness of Mr. E███ ████████ M███, with which it is verified: who is an employee of the national civil police and who is one of the persons who locates and later rescues the minor M████ N██.

Testimony as the witness identified with Code ONE, with which it is verified: who recounts the facts in detail, which is consistent with the factual framework of this resolution; that is to say, the witness points out the conditions of time, place, manner of carrying out the act and active subjects that acted in the execution of the act, even identifying the particular action of each one of them.

Testimony as the witness identified with Key TWO, with which it is verified: who recounts the facts in detail, which is consistent with the factual framework of this resolution; that is to say, the witness points out the conditions of time, place, manner of carrying out the act and active subjects that acted in the execution of the act, even identifying the particular action of each one of them.

Testimony as a witness identified with Code COJUTEPEQUE ONE, with which it is verified: who reports that on the day of the events (January thirty-first, two thousand and nineteen) he observed a

• Search warrant dated June fourth, two thousand and nineteen, carried out inside house number fourteen of block one of the Ciudad Pacifico urbanization of the municipality and department of Ahuachapan, with which it is verified: that the house in which the company named Astrovision is installed is searched, finding the following evidence copy of public deed as well as more documents of a notarial nature, black video recorder, Lorex brand, administrative power and documents of indo bank accounts, which allow to prove the employment and trust relationship of the accused Edith Murga with the accused Lawyer Donald Vladivieso, as well as the rest of the Murga family with this defendant.

• Search warrant dated June fourth two thousand nineteen, carried out at house number twenty-eight located in passage D, San Rafael neighborhood, in the municipality of Ahuachapan, house that corresponds to Mr. Roberto Arturo Valdivieso Lopez, with which the description of the house is verified but from which no evidence is collected.

• Search warrant dated June fourth two thousand nineteen, carried out at house number eighty eight, avenue A, in the San Rafael neighborhood, number one, in the municipality and department of Ahuachapan, which verifies: the description of the house and the evidence found.

• Search warrant dated June fourth two thousand nineteen, carried out in passage number twenty-one located in passage seven, in the Llanos del Espíritu neighborhood, in the municipality and department of Ahuachapan, which verifies: that said search is carried out, the house is described and the evidence corresponding to a mini-laptop computer, a Samsung brand cell phone, another Alcatel Pixi brand cell phone is collected, from which useful information is extracted for the case.

• Search warrant dated June fourth two thousand nineteen, carried out inside the house where Donald Augusto Valdivieso resides, located on the highway that leads from Ahuachapan to the Chinamas border, municipality and department of Ahuachapan, with which it is verified: that said search is carried out, and a black computer, compac brand and its respective cable were collected as evidence.

### TESTIMONIAL EVIDENCE

Testimony as witness of Mrs. M⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛ N⬛⬛⬛, with which it is verified: that she is the mother of the victim, and who refers that her daughter together with her grandson leaves the house on January thirty first two thousand nineteen at night, observing that they get into the vehicle that belonged to Michael Murga, however the interviewee loses communication with her daughter and learns of her murder on February 1, 2019 and the subsequent location of his youngest grandson. In addition, it provides elements of the sentimental relationship between the deceased Melvi Fernanda Najera and the accused Michael Murga.

Testimony as witness of Miss Jacqueline Alejandra Martínez Herrera, with which it is verified: who is the girlfriend of Michael Murgas, and refers that on January thirty first two thousand nineteen, she went to her boyfriend's house, who told her that a woman had tried to kill him, and who was also bleeding, heard that they were going to treat his wounds in San Salvador, for which the grandmother, Michael and a man left on board a black van the house that day of the events.



Photographic Album of the place of the events, corresponding to kilometer ninety-nine of the road from Ahuachapán to Sonsonate canton El Molino Concepción de Ataco Ahuachapán, prepared on February 1, two thousand and nineteen in accordance with the provisions of art. 249 of the Criminal Procedure Code, as well as all other acts in which he has participated.

Testimony of the investigator S█████ █████ C█████ of legal age, employee, prominent in the Ahuchapan investigation department, where they can be cited; with which it will be verified: record of police eye inspection of the place that corresponds to the San José board number one, San Antonio farm, property of José Antonio Salaverria, Cantón El Molino, jurisdiction of conception of attack, at twelve hours and thirty-five minutes of February 5, two thousand and nineteen in accordance with the provisions of art. 249 of the Criminal Procedure Code as well as all other acts in which he has participated.

Testimony of agent J█████████ █████████ P███ (planimetrist), of legal age, employee, assigned to the Police Laboratory, Ocular Inspections, Ahuchapan, where they can be summoned; with which it will be verified: Sketch of the place that corresponds to the San José board number one, San Antonio farm, property of J█████████ S█████, Cantón El Molino, jurisdiction of Concepción de Ataco, at twelve hours and thirty-five minutes on February 5, two thousand and nineteen, in accordance with the provisions of art. 249 of the Criminal Procedure Code as well as all other acts in which he has participated.

Testimony of the agent E█████ █████████ B█████ (collector), of legal age, employee, temporarily stationed in the Police Laboratory, Ocular Inspections, department of Ahuachapan, place where he can be summoned: with which it will be verified: the evidence found and collected within the scene that corresponds to the San José plank number one, San Antonio farm, property of J█████████ S█████ Cantón El Molino, jurisdiction of conception of attack, in accordance with the provisions of art. 249 of the Criminal Procedure Code, as well as all other acts in which he has participated.

Testimony of agent R█████ █████ ███ M█████ (technical photographer), of legal age, employee, temporarily stationed at the Police Laboratory, Ocular Inspections, department of Ahuachapan, place where he can be summoned: with which it will be verified: the making of the Photographic Album of the place of the facts, corresponding to the San José number one plank, San Antonio farm, property of José Antonio Salaverria, Cantón El Molino, jurisdiction of Concepción de Ataco, in accordance with the provisions of the art. 249 of the Criminal Procedure Code, as well as all other acts in which he has participated.

Testimony of agents S█████ █████████ C████, D█████████████ S█████, C█████ C████, adults, employees, temporarily assigned to investigations in the department of Ahuachapan, place where they can be cited: with which it will be verified: the Search Warrant raised in the San Cayetano neighborhood, El Barro canton, house number three, road to Concepción de Ataco, municipality and department of Ahuachapán, at fourteen hours and fifty minutes on February 5, two thousand and nineteen, as well as the people who participated in this procedure and the function of each of them, in accordance with the provisions of art. 249 of the Criminal Procedure Code, as well as all other acts in which he has participated.

Testimony of agent M█████████ D█████████, (photographer) of legal age, employee, temporarily assigned to investigations in the department of Ahuachapan, place where they can be cited: with which it will be verified: the photographic album of the record with the Search Warrant performed in the San

vehicle on the Ataco road, at night , parked, and that a male person is also observed outside of it, as if arguing with another that is inside the vehicle.

Testimony as the witness identified with Code COJUTEPEQUE DOS, with which it is verified: who refers that when he was coming from work, he noticed a vehicle on the edge of the Ataco highway, and was struck by the fact that it was parked, observes two people, corresponding to one of the male sex and another, apparently of the female sex, the witness establishes the day and time of this observed event.

## TEST TO AUTHENTICATE DOCUMENTARY EVIDENCE

Testimony of the captors P    S , R  C and C  P , adults, employees, temporarily assigned to the Investigation Unit of the department of Ahuachapan, where they can be summoned; with which it will be verified: the circumstances of time, manner and place of the arrest of the defendant Roberto Arturo Valdivieso, in accordance with the provisions of art. 249 of the Criminal Procedure Code. As well as the seizure made of the defendant's telephone set by agent P   S .

Testimony of the captors A  R and W  N , adults, employees, stationed in the Ahuachapan Investigations department, where they can be summoned; with which it will be verified: the circumstances of time, manner and place of the arrest of the defendant Jaquelinne Herrera, in accordance with the provisions of art. 249 of the Criminal Procedure Code. As well as the seizure made of the defendant's telephone set by agent A  R 

Testimony of the investigator R H , of legal age, employee, prominent in the section on crimes against life, the Ahuchapan investigation department, where they can be summoned; with which the following will be verified: the Femicide inspection report carried out at kilometer ninety-nine on the road from Ahuachapán to Sonsonate canton El Molino Concepción de Ataco Ahuachapán, at ten o'clock on February 1, two thousand and nineteen, the evidence found and the people who participated in this inspection, as well as the function of each of them, in accordance with the provisions of art. 249 of the Criminal Procedure Code as well as all other acts in which he has participated.

Testimony of agent J  P (planimetrist), of legal age, employee, stationed in the Police Laboratory, Ocular Inspections, Ahuchapan, place where they can be summoned; with which it will be verified: Sketch of the place of the events, corresponding to kilometer ninety-nine highway from Ahuachapán to Sonsonate canton El Molino Concepción de Ataco Ahuachapán in accordance with the provisions of art. 249 of the Criminal Procedure Code as well as all other acts in which he has participated.

Testimony of the agent E  V (collector), of legal age, employee, temporarily stationed in the Police Laboratory, Ocular Inspections, department of Ahuachapan, place where he can be summoned: with which it will be verified: the evidence found and collected within the scene of the removal of the corpse in accordance with the provisions of art. 249 of the Criminal Procedure Code, as well as all other acts in which he has participated.

Testimony of agent R  M (technical photographer), of legal age, employee, temporarily assigned to the Police Laboratory, Ocular Inspections, department of Ahuachapan, place where he can be cited: with which it will be verified: the realization of the

in which the search with Prevention of Trespassing took place on February 5, two thousand and nineteen, in accordance with the provisions of art. 249 of the Criminal Procedure Code, as well as all other acts in which he has participated.

Testimony of agents D██████████ C██████ and S████████████ R██████ of legal age, employees, temporarily assigned to investigations in the department of Ahuachapan, place where they can be cited: with which it will be verified: the search with prevention of trespassing carried out in the neighborhood San Cayetano canton El Barro house number three, highway to Concepción de Ataco, municipality and department of Ahuachapán, dated February 6, two thousand and nineteen, and the people who participated as well as their functions, as well as the seizure made by the salvador agent C████ R██████, in accordance with the provisions of art. 249 of the Criminal Procedure Code, as well as all other acts in which he has participated.

Testimony of agent Salvador C████ ████ A████ (photographer) of legal age, employee, temporarily posted in the Ocular Inspections section of Ahuachapan, place where they can be cited: with which it will be verified: the photographic album being the San Cayetano neighborhood, canton El Barro house number three, road to Concepción de Ataco, municipality and department of Ahuachapán, at twenty hours and thirty-five minutes on February five of the year two thousand and nineteen, and the evidence collected is also established, in accordance with the provisions in the art. 249 of the Criminal Procedure Code, as well as all other acts in which he has participated

Testimony of the agent S████████████████ A████ (collector) of legal age, employee, temporarily assigned to the Ocular Inspections section of the department of Ahuachapan, place where they can be cited: with which it will be verified: the evidence found in the San Cayetano neighborhood canton El Barro house number three, road to conception of Ataco, municipality and department of Ahuachapán, at twenty hours and thirty-five minutes on February five of the year two thousand and nineteen, in accordance with the provisions of art. 249 of the Criminal Procedure Code, as well as all other acts in which he has participated.

Testimony of agent A████ ████████ R██████, of legal age, employee, temporarily assigned to investigations in the department of Ahuachapan, place where they can be summoned: with which it will be verified: the record of fixing the global satellite position in accordance with the provisions in the art. 249 of the Criminal Procedure Code, as well as all other acts in which he has participated.

Testimony of agent ████████ G███ (planimetrist), of legal age, employee, temporarily assigned to the Police Laboratory, Ocular Inspections, department of Santa Ana, place where they can be summoned: with which it will be verified: through the planimetry the physical space for fixing the global satellite position corresponding to three places, in accordance with the provisions of art. 249 of the Criminal Procedure Code, as well as all other acts in which he has participated.

Testimony of agent E███ ████ C████, of legal age, employee, temporarily assigned to investigations in the department of Ahuachapan, place where they can be summoned: with which it will be verified: the record of fixing images from the center's video surveillance cameras Comercial Metrocentro Santa Ana, the people who participated and the function of each of them, in accordance with the provisions of art. 249 of the Criminal Procedure Code, as well as all other acts in which he has participated.

Cayetano neighborhood, El Barro canton, house number three, road to Concepción de Ataco, municipality and department of Ahuachapán, at fourteen hours and fifty minutes on February 5, two thousand and nineteen, in which it is reflected through a series of photographs the evidence found, in accordance with the provisions of art. 249 of the Criminal Procedure Code, as well as all other acts in which he has participated.

Testimony of the agent M███ ████ R███ (planimetrist) of legal age, employee, temporarily assigned to the Police Laboratory, Ocular Inspections, department of Santa Ana, place where they can be cited: with which it will be verified: through the planimetry the physical space in which the Search Warrant took place on February 5, two thousand and nineteen, in accordance with the provisions of art. 249 of the Criminal Procedure Code, as well as all other acts in which he has participated.

Testimony of agent J███ V███ (collector) of legal age, employee, temporarily assigned to the Police Laboratory, Ocular Inspections, department of Santa Ana, place where they can be cited: with which it will be verified: the evidence found in the Search Warrant carried out in the San Cayetano neighborhood, El Barro canton, house number three, highway to Concepción de Ataco, municipality and department of Ahuachapán, at fourteen hours and fifty minutes on February 5, two thousand and nineteen, in accordance with what is established in art. 249 of the Criminal Procedure Code, as well as all other acts in which he has participated.

Testimony of agents D███ ████████ S███ and C███ ████ O██ , of legal age, employees, temporarily assigned to investigations in the department of Ahuachapan, place where they can be cited: with which it will be verified: the search with Prevention of Raiding carried out in San Cayetano neighborhood, El Barro canton, house number three, road to Concepción de Ataco, municipality and department of Ahuachapán, at twenty hours and thirty-five minutes on February fifth of the year two thousand and nineteen, in which the reagent was also applied luminol, to search for evidence, in accordance with the provisions of art. 249 of the Criminal Procedure Code, as well as all other acts in which he has participated.

Testimony of agent M███ ████ R███ (photographer) of legal age, employee, temporarily stationed in the Ocular Inspections section of the central base based in San Salvador, place where they can be summoned: with which it will be verified: the photographic album being the San Cayetano neighborhood, El Barro canton, house number 3, road to Concepción de Ataco, municipality and department of Ahuachapán, at twenty hours and thirty-five minutes on February 5, two thousand and eighteen eve, and also the collected evidence is fixed, in accordance with the provisions of art. 249 of the Criminal Procedure Code, as well as all other acts in which he has participated.

Testimony of agent S███ ████ O██ (collector) of legal age, employee, temporarily assigned to the Ocular Inspections section of the central base based in San Salvador, place where they can be summoned: with which it will be verified: the evidence found in the San Cayetano neighborhood, canton El Barro, house number 3, road to Concepción de Ataco, municipality and department of Ahuachapán, at twenty hours and thirty-five minutes on February 5, two thousand and sixteen nine, in accordance with the provisions of art. 249 of the Criminal Procedure Code, as well as all other acts in which he has participated.

Testimony of agent W███ ████ ████ S██ (planimetrist) of legal age, employee, temporarily stationed in the Police Laboratory, Ocular Inspections, department of San Salvador, place where they can be summoned: with which it will be verified: through the planimetry the physical space

to Ataco, Ahuachapan, in accordance with the provisions of art. 249 of the Criminal Procedure Code, as well as all other acts in which he has participated.

Testimony of the agent ██ B██ G██ (collector), of legal age, employee, temporarily assigned to the Police Laboratory, Ocular Inspections, department of Santa Ana, place where they can be summoned: with which it will be verified: the evidence collected In house number three, San Cayetano Canton El Barro neighborhood, road that leads from Ahuachapan to Ataco, Ahuachapan, in accordance with the provisions of art. 249 of the Criminal Procedure Code, as well as all other acts in which he has participated.

Testimony of agent E██ r L██ (photographer) of legal age, employee, temporarily posted in the Ocular Inspections section of Santa Ana, place where they can be cited: with which it will be verified: the photographic album of images taken at home number three colonia San Cayetano Canton El Barro, m road that leads from Ahuachapan attacked, Ahuachapan, leaving fixed through the photograph the physical space and the evidence found in accordance with the provisions of art. 249 of the Criminal Procedure Code

Testimony of agents R██ M██, M██ G██, R██ V██, of legal age, employees, temporarily assigned to investigations in the Ahuachapan department, where they can be summoned: with which it will be verified: the registration certificate with a search warrant dated June 4, two thousand and nineteen, carried out inside house number fourteen of block one of the Ciudad Pacifico urbanization of the municipality and department of Ahuachapan, in accordance with the provisions of art. 249 of the Criminal Procedure Code, as well as all other acts in which he has participated.

Testimony of agent R██ V██ (collector), of legal age, employee, temporarily assigned to the Police Laboratory, Ocular Inspections, department of Ahuachapan, place where they can be cited: with which it will be verified: the evidence collected in the interior of house number fourteen of block one of the urbanization ciudad pacifico of the municipality and department of Ahuachapan, in accordance with the provisions of art. 249 of the Criminal Procedure Code, as well as all other acts in which he has participated.

Testimony of agents S██ C██, J██ C██, S██ Q██, D██ C██, S██ H██, J██ Z██ and O██ M██ r of legal age, employees, temporarily assigned to investigations in the department of Ahuachapan, where They can be cited: with which it will be verified: the warrant record dated June 4, two thousand and nineteen, carried out in house number twenty-eight located in passage D, San Rafael neighborhood, of the municipality of Ahuachapan, corresponding house Mr. Roberto Arturo Valdivieso Lopez, in accordance with what is established in article 249 of the Criminal Procedure, as every other acts in which he has had participation.

Testimony of agents E██ C██, E██ R██ S██ G██, M██ G██ and J██ S██ adults, employees, temporarily assigned to investigations in the department of Ahuachapan, where they can be summoned: with which will be verified: dated June 4, two thousand and nineteen, carried out in passage number twenty-one located in passage seven, of the Llanos del Espiritu neighborhood, of the municipality and department of Ahuachapan, in accordance with the provisions of art. 249 of the Criminal Procedure Code, as well as all other acts in which he has participated.



Testimony of agent J█████ V███ (photographer) of legal age, employee, temporarily assigned to the Ocular Inspections section of Santa Ana, place where they can be cited: with which it will be verified: the photographic album of images from the video cameras surveillance of the Metrocentro Santa Ana shopping center in accordance with the provisions of art. 249 of the Criminal Procedure Code

Testimony of agent C███ ██ ███ ████████ O███ and E█ O█████, of legal age, employees, temporarily assigned to investigations in the department of Ahuachapan, place where they can be cited: with which it will be verified: that they carried out with the key Witnesses UNO and key TWO, the photographic tours of the accused, in which they are individualized and identified.

Testimony of agent C███ ██ ███ ████████ O███, of legal age, employee, temporarily assigned to investigations in the department of Ahuachapan, place where they can be summoned: with which it will be verified: the identification made through the investigation records in the involved and the records of location and sketches of the houses corresponding to Michael Murga, Edith Murga, Jacqueline Herrera, Roberto Valdivieso and Donald Valdivieso, in accordance with the provisions of art. 249 of the Criminal Procedure Code, as well as all other acts in which he has participated.

Testimony of agents C███ ██ ███ ████████ O███ and R█ O█████ of legal age, employees, temporarily assigned to investigations in the department of Ahuachapan, place where they can be summoned: with which it will be verified: the Police record of non-location of the man Donald Augusto Valdivieso López, raised in the section of crimes related to the life and integrity of persons of the investigation department of the national civil police, located in the canton of Las Chinamas of the municipality and department of Ahuachapan, at nineteen hours on the fourth of June two thousand and nineteen, in accordance with the provisions·of art. 249 of the Criminal Procedure Code, as well as all other acts in which he has participated.

Testimony of agents E███ ████ ████ M████, W█████ ████ ███ M█████ and D██ ████ ████ F█████ of legal age, employees, temporarily assigned to the attack police sub-delegation, department of Ahuachapan, place where they can be summoned: with which it will be verified : the record of the location of the minor son of the victim, drawn up inside the Finca San José one, of the canton El Molino, of the Municipality of Concepcion de Ataco, department of Ahuachapan, at zero seven hours and fifteen minutes of February 4, two thousand and nineteen, in accordance with the provisions of art. 249 of the Criminal Procedure Code, as well as all other acts in which he has participated.

Testimony of the agents E███ ████ ████ Z█ and E█ ███ G█ of legal age, employees, temporarily assigned to investigations in the department of Ahuachapan, where they can be summoned: with which it will be verified: the registration certificate with the Prevention of trespassing dated June 4, 2019, held at house number 3, San Cayetano neighborhood, Canton El Barro, road that leads from Ahuachapan to Ataco, Ahuachapan, in accordance with the provisions of art. 249 of the Criminal Procedure Code, as well as all other acts in which he has participated.

Testimony of agent H█████ ████ ████ F███ (planimetrist), of legal age, employee, temporarily assigned to the Police Laboratory, Ocular Inspections, department of Santa Ana, place where they can be summoned: with which it will be verified: through the planimetry the physical space of the house number three, colonia San Cayetano Canton El Barro, road that leads from Ahuachapan

Expansion of the forensic medical examination of injuries carried out on a minor on February 18, two thousand and nineteen, with which it is verified: that the minor, according to studies carried out on dehydration, is unlikely to remain for more than 48 hours at the site where it was found, because it remained without starvation.

Expansion of recognition of Injuries practiced on a minor, son of the victim Melvi Najera, dated May fourteen of two thousand and nineteen, with which it is verified: in which the coroner establishes, that the physical and environmental conditions put in risk the life of the minor, being exposed to the dangers of the place and without proper hydration and nutrition.

Biological Criminal Investigation Report, with which it is verified: that the victim Melvi Fernanda Najera is related to the minor, and Mrs. M          N     by the genetic profiles the link of these people is established.

Analysis Report of Information Obtained from electronic devices, dated March 1, two thousand and nineteen, which verifies: that data from WhatsApp conversations contained in the cell phone of the girlfriend of the suspect named Jacquelinne Herrera are revealed, as well as as a photograph of the bloody accused Michael Murga that corresponds to the day of the events, January 31, 2019, as well as a series of elements taken from this electronic device that allow us to prove the direct authorship of Michael Murga in the femicide of Melvi Najera.

Telephone Log Analysis Report, with which it is verified: that there was a flow of calls made between those involved on the day of the events at critical hours, as well as theirs through the activation of antennas that allow them to be possessed.

Image Fixation Report with which it is verified: through the extraction of the surveillance video of the Metrocentro Santa Ana shopping center, images of the investigated Michael Murga and his girlfriend Jacquelinne Herrera, a few hours before the day of the events, conversing, images that, in turn, allowed us to corroborate the investigated vehicle.

Report of obtaining and safeguarding information with which it is verified: that of the material provided as a study, corresponding to a video game console, a laptop, and a Samsung J7 Prime mobile phone. Concluding: evidence 1.1 being the video game: two game profiles, one corresponds to Otoniel Pinto and the other to Michael Murga, locating games, applications, browsing stories, sexual content chat, among other things, in evidence 2.1 corresponding to the laptop, folders are extracted, one of them being users associated with the Quezada account, in terms of evidence 3.1 being the telephone device, contacts, access to social network accounts, applications and the cloud of the telephone device are extracted.

Postmortem Social Forensic Opinion, with which it is verified: that the victim died violently, that she was a young man who had incomplete university studies, that in the year two thousand and sixteen, he is located in the establishment of a sexual-affective relationship with Michael Murga, but that courtship ends when he discovers that Michael had a girlfriend, in the year two thousand and seventeen he discovered his pregnancy, communicating it to his mother and stepfather, omitting the identity of the person responsible, until after a few years he exposes that the father of his son was Michael Murga, being that revelation, the strengthening of communication with his mother, the defendant external to the victim that if his grandmother knows the existence of a son, she will suspend the economic aid and disinherits him, for which he requires the victim to That remains a secret, however, seeing that Michael

Testimony of the agent J          C      (planimetrist), of legal age, employee, temporarily assigned to the Police Laboratory, Ocular Inspections, department of Ahuachapan, place where they can be cited: with which it will be verified: through the planimetry the Physical space corresponding to passage number twenty-one located in passage seven, of the Llanos del Espiritu neighborhood, of the municipality and department of Ahuachapan, in accordance with the provisions of art. 249 of the Criminal Procedure Code, as well as all other acts in which he has participated.

Testimony of the agent E          V      (photographer), of legal age, employee, temporarily assigned to the Police Laboratory, Ocular Inspections, department of Ahuachapan, place where they can be cited: with which it will be verified: the photographic album that recreates the house corresponding to passage number twenty-one located in passage seven, in the Llanos del Espiritu neighborhood, in the municipality and department of Ahuachapan, in accordance with the provisions of art. 249 of the Criminal Procedure Code, as well as all other acts in which he has participated.

Testimony of the agent L          H      , of legal age, employee, temporarily assigned in investigations of the department of Ahuachapan, place in which they can be summoned: with which it will be verified: the record of search with Prevention of trespassing dated June 4 , two thousand and nineteen, carried out in the house four dash zero main avenue canton las Chinamas of the municipality and department of Ahuachapan, in accordance with the provisions of art. 249 of the Criminal Procedure Code, as well as all other acts in which he has participated.

### EXPERTICE EVIDENCE

Autopsy carried out in the Legal Medicine autopsy room located in the Doctor Romeo Fortín Magaña Judicial Center in the city of Ahuachapán at ten o'clock on February 2, two thousand and nineteen, with which it is verified: as evidence of recent external trauma: avulsion Right side of the face with cut at coronal level passing through the right temporal frontoparietal region with bone exposure, wound on the right side of the neck up to the midline of fifteen centimeters in length with exposure of large vessels of the right side of the neck, three wounds from five to six centimeters in length on the left side of the face, abrasions on the left frontal level, a wound two centimeters long in the left calvicular region, ten centimeters from the midline and thirty-seven centimeters from the crown of the head, as well as a series of wounds found and described, the cause being After death, massive hemorrhage due to laceration of large vessels in the right neck caused by a sharp stabbing weapon, establishing a thanatocrodiagnosis of thirty to forty hours.

Expansion of the autopsy of the victim Melvi Najera with which it is verified: in which the forensic expert establishes that the wound on the right side of the face with bone exposure, was produced post mortem, and likewise does not rule out that they are the product of cadaveric anthropophagy by the place where the body was found.

Certification of forensic medical recognition of injuries performed on a minor, son of the victim Melvi Najera, dated February 7, two thousand and nineteen, which verifies: that the minor has a diagnosis of severe dehydration due to starvation plus abuse childish



Expansion of the forensic medical examination of injuries carried out on a minor on February 18, two thousand and nineteen, with which it is verified: that the minor, according to studies carried out on dehydration, is unlikely to remain for more than 48 hours at the site where it was found, because it remained without starvation.

Expansion of recognition of Injuries practiced on a minor, son of the victim Melvi Najera, dated May fourteen of two thousand and nineteen, with which it is verified: in which the coroner establishes, that the physical and environmental conditions put in risk the life of the minor, being exposed to the dangers of the place and without proper hydration and nutrition.

Biological Criminal Investigation Report, with which it is verified: that the victim Melvi Fernanda Najera is related to the minor, and Mrs. M███████████████ N███, by the genetic profiles the link of these people is established.

Analysis Report of Information Obtained from electronic devices, dated March 1, two thousand and nineteen, which verifies: that data from WhatsApp conversations contained in the cell phone of the girlfriend of the suspect named Jacquelinne Herrera are revealed, as well as as a photograph of the bloody accused Michael Murga that corresponds to the day of the events, January 31, 2019, as well as a series of elements taken from this electronic device that allow us to prove the direct authorship of Michael Murga in the femicide of Melvi Najera.

Telephone Log Analysis Report, with which it is verified: that there was a flow of calls made between those involved on the day of the events at critical hours, as well as theirs through the activation of antennas that allow them to be possessed.

Image Fixation Report with which it is verified: through the extraction of the surveillance video of the Metrocentro Santa Ana shopping center, images of the investigated Michael Murga and his girlfriend Jacquelinne Herrera, a few hours before the day of the events, conversing, images that, in turn, allowed us to corroborate the investigated vehicle.

Report of obtaining and safeguarding information with which it is verified: that of the material provided as a study, corresponding to a video game console, a laptop, and a Samsung J7 Prime mobile phone. Concluding: evidence 1.1 being the video game: two game profiles, one corresponds to O███ P███ and the other to Michael Murga, locating games, applications, browsing stories, sexual content chat, among other things, in evidence 2.1 corresponding to the laptop, folders are extracted, one of them being users associated with the Quezada account, in terms of evidence 3.1 being the telephone device, contacts, access to social network accounts, applications and the cloud of the telephone device are extracted.

Postmortem Social Forensic Opinion, with which it is verified: that the victim died violently, that she was a young man who had incomplete university studies, that in the year two thousand and sixteen, he is located in the establishment of a sexual-affective relationship with Michael Murga, but that courtship ends when he discovers that Michael had a girlfriend, in the year two thousand and seventeen he discovered his pregnancy, communicating it to his mother and stepfather, omitting the identity of the person responsible, until after a few years he exposes that the father of his son was Michael Murga, being that revelation, the strengthening of communication with his mother, the defendant external to the victim that if his grandmother knows the existence of a son, she will suspend the economic aid and disinherits him, for which he requires the victim to That remains a secret, however, seeing that Michael

Murga is not responsible for his son, and following the death of Melvi Najera's father, (no longer counting on that financial aid) the victim increased the demands for financial aid to the accused, and he left it under a stone outside his house, but also the accused made a series of promises to the victim regarding their son that he did not keep, leading the victim to send a text message to the accused in which told him: that he would inform someone of the existence of his son. However, the victim continued to have communication with Michael, to the point that they agree and he goes through the victim and the minor, to her house, on January thirty-first, two thousand and nineteen, getting on in hours at night Mevil Fernanda, her youngest son to the vehicle of Michael Murga, however, the victim's mother did not hear from her until the day after Melvi Fernanda was found murdered and later, after several days, the minor was found in a coffee-growing area. On the socio-family and economic effects that the death of Fernanda generated in her family group is: the orphanage of the infant son, whose upbringing fell to his mother and stepfather, being these relatives, who face and will face long-term care and support of the minor child, meaning this, the total coverage of their basic needs.

Post mortem psychological autopsy, with which it is verified: that the deceased was subjected to a long process of psychic subjugation by the subject with whom she had an unequal relationship, she presented signs of pathological dependence, no matter how high the form of damage, the victim was folds/submits/passives/ due to the abnormal affection that she has developed for the perpetrator throughout the relationship, the deceased was the recipient of cruel/atrocious violence by a male figure (with whom she had a relationship), this type of violence She was part of the interaction, she appeared every time she was close in space, the deceased was an uncritical woman who does not perceive the severity/magnitude of the harmfulness received or even realizing she perceives herself gagged/paralyzed in her self-defense abilities, no records were found that relate the rupture of the relationship with the pregnancy, the conflict is typical of the victim who establishes a relationship with a person who is a carrier of a psychopathic typology. This condition culminates in extreme events from which the violent extension/cessation of life is not excluded. Therefore, it concludes: that at the present time the deceased maintained an atypical relationship (without being a recipient of affection/support) with a subject who maintained a relationship/commitment to another woman, the deceased remained in this relationship in an uncritical/reflexive manner, the relationship It was with a subject who, by verbal inference/record, is classified as a carrier of psychopathy (INSENSIBLE/COLD/LACK OF FEELING/AGGRESSOR BY SUBMISSION)

Integrated analysis dated January fourteen of two thousand and twenty, with which it is verified: that the victim Melvi Fernanda Quezada from the year two thousand and thirteen approximately began to relate to Michael Alejandro Castillo Murga, who also had in common that they studied at universities located in the city of Santa Ana, as a result of that relationship, the victim became the mother of a child named M___ F___, and she stated that the child was the son of Michael Murga, the victim Melvi Fernanda Najera Quezada wanted Michael to recognize legally the child, since he was an American citizen, however, Michael had told him to be patient because his relatives did not know and that when his grandmother found out, she would take away all the financial help she was giving him, but in the meantime, Michael had promised to help the child financially, the expertise in extracting and analyzing information from a cell phone owned by Jacqueline Alejandra Martinez Hererra, girlfriend of Michael Alejandro Castillo Muerga, revealed that on January 5, two thousand and nineteen, she complained to Michael because of a sentimental relationship that he had with another woman and that he was going to publish his pack, a word used on social networks to refer to photographs of a person in underwear or naked. When relating this chat to Jaqueline's interview, she actually stated that on one occasion she

had written to the victim Melvi Fernanda, because she had asked her for Michael's number but that she had later blocked her from her friends. Then, in fragments of conversations via WhatsApp, after the fact, Jacqueline complained to Michael that he had promised her that nothing would happen to her anymore, referring to the victim. It was established through analysis of logs, that the number 79517939 used by Melvi Fernanda Najera Quezada, registered communication for the last time on January thirty-first, two thousand and nineteen, at eighteen thirty-four hours, located at that time in the area of Apaneca, from the number used by Mrs. M███████████ Q█████, mother of the victim. According to an interview with M███ Q█████, she called Fernanda to tell her that she had forgotten the boy's pacha, since at that time she had gone out with the boy M███ F██████, in a gray car with Michael, who days before had arrived at the house claimed to be the child's father. The analysis of logs revealed that the telephone number ████████ used by Michael Alejandro Castillo Murga on January 31, 2019, at 2:21 p.m., is located in the Apaneca area. Then between 19 and 19 and 10 hours said telephone number remained in the Concepcion de Ataco sector, near the place where the body of Melvi Fernanda Najera Quezada was found. In addition, witnesses report having seen a gray vehicle parked on the side of the road in the sector and a man struggling with a woman who was partially inside the vehicle. The expertise of extraction and analysis of information from a cell phone of Jacqueline Alejandra Martinez Herrera, revealed that Michael Alejandro Castillo Murga from his WhatsApp account ████████ shared an image to Jacqueline apparently self-taken (selfie) at three past nineteen with five seconds, from the thirty-first day of January two thousand and nineteen, where he is observed with apparently blood stains on his face, neck and part of his shirt and a voice note at nineteen and six hours and twenty seconds of that day, in an agitated and scared tone, he tells him that he will call him, in subsequent messages, Michael refers to having killed a person and they say that the victim in his document said that he was from Apaneca. On February first two thousand nineteen, the body of a woman was inspected, at that time unidentified, located at Kilometer 99, in Canton de Ataco. In that place, witnesses report having seen a gray car parked on the side of the road and a man who was struggling with a woman, the day before around seven at night. Then, on February 4, 2019, a child of approximately one year of age was located inside Finca San Jose Uno, in the canton of El Molino, Concepcion de Ataco, who was recognized by Mrs. M████████████ ██████ N███, like M███ F██████, son of the victim Melvi Fernanda, from which he deduced that the body found on February 1, 2019 was his daughter. It was established through analysis of logs, that Michael Alejandro Castillo Murga, Edith del Carmen Rivas de Murga, Jacqueline Alejandra Martinez Herrera and the witnesses Clave UNO and Clave DOS, through their telephone numbers on the thirty-first day of January two thousand and nineteen , between 19:00 and 13:00 and 21:53, they activated different antennas that provide coverage in the sector where Michael and Edith's house is located, house number three, in the San Cayetano neighborhood of Canton el Barro, a road that leads At the Concepcion de Ataco, jurisdiction of Ahuachapan, furthermore, by means of code reports one and two, it is established that the men they identified as Lawyer Donald Valdivieso and a man with a potbellied or stocky beard, also showed up at the house where they were. Which, is established through telephone records that Mrs. Edith del Camen Murga, contacts Clave UNO through her telephone number, at nineteen ten hours and then at twenty fifty-one on the thirty-first day of January two one thousand nineteen. Likewise, Jacqueline Alejandra Martinez Herrera recorded five outgoing calls with Mrs. Edith, between 19:00 and 19:00 on that day. The log analysis reveals that Mrs. Edith del Carmen Rivas de Murga, user of the telephone number ████████ was in communication on February 1, 2019 with the telephone numbers used by the witnesses Clave UNO and Clave DOS. It is established through the expertise of extraction and analysis of information from the cell phone of Jacqueline

Alejandra Martinez Herrera and the analysis of logs, that Mrs. Edith del Carmen Rivas de Murga and the Young Michael Alejandro Castillo Murga as of February 1, two thousand and nineteen, were in Guatemala and later moved to the United States of North America.

Analysis of the seized electronic devices, with which it is verified: that product of the analysis of the same, elements and conversations are extracted, which allow to prove the participation of those involved in the attributed facts.

Socio-Economic Report, carried out by a social worker attached to the Attorney General of the Republic, with which it is verified: that the family of the deceased Melvi Najera, is in a situation of poverty, being the mother and stepfather of the deceased, the responsible for covering the basic needs of the family group, not having a regular job, incorporated into working life specifically in the informal sector of small businesses, from which they obtain an economic income sometimes a little higher than the minimum wage and sometimes less, for Therefore, basic needs are partially covered, also with socialization patterns typical of the family's culture. The person responsible for providing personal care to the deceased child is the maternal grandmother, who assumed responsibility for care and upbringing, with traditional roles of care, protection and education, therefore, with the projection of incorporating him into the formal education system. Since she is the guarantor of compliance with the rights of the child, the maternal grandmother and the current step-grandfather estimate the expenses in a projected life of the minor that amounts to approximately thirty-seven thousand four hundred thirty-one point seventeen United States dollars from America.

Psychological expertise performed on Michael Alejandro Murga Castillo with which it is verified: with which the type of personality of the defendant is established, his degree of violence and lack of control, as well as other elements that are reflected in it that allow the strengthening of the prosecutor's accusation .

Result of comparative DNA analysis between the defendant Alejandro Murga Castillo or his grandmother Edith del Carmen Rivas de Murga, in relation to the victim's minor son, with whom he verifies: that indeed the minor M████ F██████ N███ is the son of the victim and the defendant Michael Murga, thus proving the defendant's intention to cause the death of his son.

Telephone Extraction Report dated November twenty-fifth, two thousand and nineteen, with which it is verified: that it was possible to extract information from the evidence 1/1 an HP brand computer, color Black, serial number X16-96072, but it was not achieved extract information from an Iphone brand cell phone, model A1549 since it was locked by password, a Samsung brand cell phone model SM-G905F, because the device is damaged, and a Lorex DVR model LH158000, because said device did not have storage hard drive.

Biological Investigation Report of Criminalistics number eighty-four dash nineteen r/c twenty-eight dash nineteen, with which it is verified: that of the collected evidence qualified as nine row nine amplifies a partial genetic profile, which is coincident with the reference profile obtained of the victim Melvi Fernanda Najera Quezada, said profile was obtained from the autopsy, which allows us to prove the existence of the victim, in the place where the evidence was collected, which was proven through DNA genetic markers.

# EVIDENCE TO AUTHENTICATE EXPERTISE

Expert Dr. C█████ ████████ ████ D███████, of legal age, employee, of this address, who can be summoned to the Legal Medicine Institute of Ahuachapan, with which it is intended to authenticate: Autopsy performed in the Legal Medicine autopsy room located in the Judicial Center Doctor Romeo Fortín Magaña of the city of Ahuachapán at ten o'clock on February second, two thousand and nineteen, as well as Expansion of the autopsy of the victim Melvi Najera.

Expert Doctor C█████ ████████ ████ R████ of legal age, employee, of this address, who can be summoned to the Institute of Legal Medicine of Ahuachapan, with which it is intended to authenticate: Certification of forensic medical recognition of injuries practiced on a minor, son of the victim Melvi Najera, dated February 7, two thousand and nineteen, Extension of the forensic medical examination of injuries carried out on a minor on February eighteenth of two thousand and nineteen, Extension of the examination of injuries carried out on a minor, son of the victim Melvi Najera, dated May fourteen, two thousand and nineteen.

Experts Graduates in pharmaceutical chemistry, S███ ██ S███ and C█████ L███ ███ C███, of legal age, employees, from the address of San Salvador, who can be cited in the Institute of Legal Medicine of San Salvador, forensic biology, with which it is intended to authenticate :Biological Criminal Investigation Report that shows that the victim Melvi Fernanda Najera is related to the minor, and Mrs. M██████████████ N█████, based on the genetic profiles, the link between these people is established.

Expert analyst E█████ ████████ M████, of legal age, employee, domiciled in San Salvador, who can be cited tax information analysis unit, investigation techniques and information analysis direction fgr, With which it is intended to authenticate: Report of Analysis of Information Obtained from Electronic Devices, dated March 1, 2019, Telephone Log Analysis Report, and Integrated Analysis dated January 14, 2020.

Engineer expert S████ ████ P████████, of legal age, employee, domiciled in San Salvador, who can be cited in the tax information analysis unit of San Salvador With which it is intended to authenticate: Image Fixation Report corresponding to the extraction of the Surveillance video of the Metrocentro Santa Ana shopping center. As well as a report on obtaining and safeguarding information on the material provided as a study.

Social Work Expert K████ ████████ ███ P████, of legal age, employee, from the address of Santa Ana, who can be summoned to the Institute of Legal Medicine of Santa Ana, with which it is pretended to authenticate: Postmortem Forensic Social Opinion carried out in the environment of the victim and the secondary victim.

Expert J█████ ██████ M█████, of legal age, employee, from the address of Santa Ana, who can be summoned to the Institute of Legal Medicine of Santa Ana, with which it is intended to authenticate: Postmortem psychological autopsy, performed on family and friends of the victim

Analytical expert of whom the name will be provided in the preliminary hearing, of legal age, employee, from the address of San Salvador, who can be summoned in the Technical and Scientific Police of the city of San Salvador, with which it is intended to authenticate: analysis of the kidnapped

electronic devices since elements and conversations are extracted, which allow to prove the participation of those involved in the attributed facts.

M███ C███, graduate in social work, of legal age, employed, from the address of Santa Ana, who can be cited in the Specialized Care Unit for Women, Santa Ana Auxiliary Prosecutor, with which it is intended to authenticate: Socioeconomic Report, estimating the expenses in a projected life of the minor amounting to approximately thirty-seven thousand four hundred thirty-one point seventeen United States dollars.

Psychological expert whose name will be given when it is practiced, of legal age, employee, from the address of Santa Ana, who can be summoned at the Santa Ana Institute of Legal Medicine, with which it is intended to authenticate: Psychological expertise performed on Michael Alejandro Murga Castillo.

Expert Graduates in pharmaceutical chemistry, whose name will be given when it is practiced, of legal age, employed, from the address of San Salvador, who can be summoned at the Institute of Legal Medicine of San Salvador, forensic biology, With which It is intended to authenticate: Result of a comparative DNA analysis between the defendant Alejandro Murga Castillo or the grandmother of this Edith del Carmen Rivas de Murga, in relation to the minor son of the victim, which shows that indeed the minor M███ F███ N███, He is the son of the victim and the defendant Michael Murga, thus proving the defendant's intention to cause the death of his son.

Graduates from the Clinical Laboratory X███ ███ R███ and C███ ███ ███ C███, of legal age, from the address of San Salvador, who can be cited in Legal Medicine of Santa Ana, in the area of Forensic Biology, with which it is intended to authenticate: the preparation of the genetic research report, and the conclusions thereof.

## VII. PRONOUNCEMENT REGARDING THE CIVIL ACTION AND OFFER OF EVIDENCE TO DEMONSTRATE IT IN THE TRIAL:

Your Honor, we know that in accordance with the provisions of Arts. 42 and 43 Criminal Procedure Code. In relation to Art. 114 Criminal Code. The execution of an unfair criminal, brings as a legal consequence civil liability in the terms that the same criminal and procedural legislation estimates, in that order of ideas I come to initiate civil action against the absent defendant MICHAEL ALEJANDRO CASTILLO MURGA, to whom it is attributed the commission of the criminal offense of AGGRAVATED FEMINICIDE, an offense provided for and punished in paragraphs 45 a) and 46 c) and Literal e) of the Special Law for a Life Free of Violence for Women, to the detriment of MELVI FERNANDA NAJERA QUEZADA AND A LIFE FREE OF VIOLENCE FOR WOMEN, thus the accused Castillo Murga is also attributed the crime of IMPERFECT HOMICIDE, typified and punished in the Arts. 128 in relation to Art. 24 of the Criminal Code, to the detriment of the life and physical integrity of a minor who is legally represented by M███ ███████████████ N███, and against the defendants EDITH DEL CARMEN RIVAS DE MURGA EDITH DEL CARMEN RIVAS DE MURGA (absent), JACQUELINE ALEJANDRA MARTINEZ HERRERA (present), ROBERTO ARTURO VALDIVIESO LOPEZ (present), DONALD AUGUSTO VALDIVIESO LOPEZ (absent), consequently I request your worthy authority, that you consider the civil action exercised, and in the judgment is pronounced on the damages derived from the punishable act, the damages caused by it are repaired, as well as the respective compensation, for the damages caused by material and moral damages, this being part of their rights that assist them due to their quality Art. 105 Inc. 1st No. 9) Criminal Procedure Code. and Art. 115. The amount of the civil action claimed will be proven with the following proof that I offer below:

Secondary victim's testimonies of the victim's mother M███ ████ ████ ██████ ███ N██ ██ and who also represents the victim's younger son with which is proven: the expenses she has incurred as a result of the death of her daughter, as well as the emotional and psychological damage caused to her and her family by the death of her daughter Melvi Fernanda Najera.

## Forensic Social Studies

PostMortem Social Forensic Opinion, with which it is verified: the socio-family and economic effects that the death of Fernanda generated in her family group is: the orphanage of the infant son, whose upbringing fell to his mother and stepfather, these being relatives, who They face and will face in the long term the care and maintenance of the minor child, meaning this, the total coverage of their basic needs. As well as other elements found in the respective study.

Socio-Economic Report, carried out by a social worker attached to the Attorney General of the Republic, with which it is verified: that the family of the deceased Melvi Najera, is in a situation of poverty, being the mother and stepfather of the deceased, the responsible for covering the basic needs of the family group, not having a regular job, incorporated into working life specifically in the informal sector of small businesses, from which they obtain an economic income, sometimes a little higher than the minimum wage and sometimes less, for Therefore, basic needs are partially covered, also with socialization patterns typical of the family's culture. The person responsible for providing personal care to the deceased child is the maternal grandmother, who assumed responsibility for care and upbringing, with traditional roles of care, protection and education, therefore, with the projection of incorporating him into the formal educational system. Since she is the guarantor of the fulfillment of the rights of the child, the maternal grandmother and the step-grandfather currently estimate the expenses in a projected life of the minor that amounts to approximately thirty-seven thousand four hundred thirty-one point seventeen United States dollars from America.

## IX. REQUEST

Based on the foregoing and legal provisions cited, your Honor respectfully ASK:

The present MICHAEL ALEJANDRO CASTILLO MURGA is admitted in its entirety, to whom the commission of the criminal offense of AGGRAVATED FEMINICIDE is attributed, an offense foreseen and punished in 45 literals a) and 46 c) and Literal e) of the Special Law for a A Life Free of Violence for Women, to the detriment of MELVI FERNANDA NAJERA QUEZADA AND A LIFE FREE OF VIOLENCE FOR WOMEN, thus the accused Castillo Murga is also attributed the crime of IMPERFECT HOMICIDE, typified and punished in the Arts. 128 in relation to Art. 24 of the Criminal Code, to the detriment of the life and physical integrity of a minor, who is legally represented by M██ ███ ████ ████ ██ N███, and against the accused EDITH DEL CARMEN RIVAS DE MURGA (absent ), JACQUELINE ALEJANDRA MARTINEZ HERRERA (present), ROBERTO ARTURO VALDIVIESO LOPEZ (present), DONALD AUGUSTO VALDIVIESO LOPEZ (absent), who are attributed the commission of the criminal offense of CONCEALMENT, an offense provided for and punished in Art.308 Penal Code , to the detriment of the ADMINISTRATION OF JUSTICE.

I am admitted together with the prosecutor the sketch of the technical eye inspection carried out in a house without a number located in front of Nejapa Av. Quince de Abril in the Santiago neighborhood, Apanaeca, Ahuachapan, Criminalistics Biological Investigation Report, Socioeconomic Report prepared by the Social Worker M████ ██ O██████, Telephone Extraction Report dated November 20,

2019, Case Analysis dated January 14, 2020, Birth Certificate of Michael Alejandro Murga and Edith del Carme Rivas, as well as forensics biological investigation report number eighty-four nineteen r/c twenty-eight dash nineteen.

Issue an order to open the trial and all the documentary, testimonial and expert evidence offered is admitted.

The provisional detention against the accused is ratified, to ensure his appearance at the Public Hearing

The exercise of the civil action is deemed to have continued and the evidence that has been offered to prove said civil liability is admitted.

A simple copy of the preliminary hearing record is extended to me.

I indicate to receive notifications the headquarters of the Santa Ana Fiscal Office, located at Octava Calle Poniente and Avenida José Matías Delgado Norte, in front of the Church of the Ex-College San José, Santa Ana.

I send diligence consisting of _____ fs. Tools.-

I indicate to receive notifications the headquarters of the Santa Ana Fiscal Office, located at Octava Calle Poniente and Avenida José Matías Delgado Norte, in front of the Church of the Ex-College San José, Santa Ana.

Santa Ana, January twenty-first, two thousand and twenty

**Licda. Elba Luz Lemus Flores**

**Assistant Prosecutor of the Specialized Care Unit for Women**

**Prosecutor's Office Santa Ana**

2019, Case Analysis dated January 14, 2020, Birth Certificate of Michael Alejandro Murga and Edith del Carme Rivas, as well as forensics biological investigation report number eighty-four nineteen r/c twenty-eight dash nineteen.

Issue an order to open the trial and all the documentary, testimonial and expert evidence offered is admitted.

The provisional detention against the accused is ratified, to ensure his appearance at the Public Hearing

The exercise of the civil action is deemed to have continued and the evidence that has been offered to prove said civil liability is admitted.

A simple copy of the preliminary hearing record is extended to me.

I indicate to receive notifications the headquarters of the Santa Ana Fiscal Office, located at Octava Calle Poniente and Avenida José Matías Delgado Norte, in front of the Church of the Ex-College San José, Santa Ana.

I send diligence consisting of _____ fs. Tools.-

I indicate to receive notifications the headquarters of the Santa Ana Fiscal Office, located at Octava Calle Poniente and Avenida José Matías Delgado Norte, in front of the Church of the Ex-College San José, Santa Ana.

Santa Ana, January twenty-first, two thousand and twenty

**Licda. Elba Luz Lemus Flores**

**Assistant Prosecutor of the Specialized Care Unit for Women**

**Prosecutor's Office Santa Ana**

**REF. JUDICIAL: 78-2019(3). REF. FISCAL: 84-UAEM-2019.**

**SPECIALIZED INSTRUCTION COURT FOR A LIFE FREE OF VIOLENCE AND DISCRIMINATION AGAINST WOMEN: In the city of Santa Ana, at ten forty one in the morning on june twenty first two thousand twenty one.**

It is hereby stated that this file is resolved up to this date, due to the workload of this Court, due to the triple competence that has been granted by Legislative Decree number 286 dated 2/25/2016. In this regard, the Constitutional Chamber of the Honorable Supreme Court of Justice has indicated in the jurisprudence of the Habeas Corpus process 277-98, in a resolution of nine hours and twenty minutes on 9/9/1998: "... The accumulation of processes in the courts makes it impossible for the Judge to be required to comply with the exact procedure of the term, since the excess in the workload exceeds the scope of his diligence".

On the other hand, it should be clarified that this court currently has a considerable workload, in addition to legal delays, which is why the undersigned Judge has made various petitions to the Presidency of the Supreme Court of Justice, requesting support and human resources to shovel such situations, and thus avoid the continuous delay in the resolution of the cases submitted to its knowledge and decision. On the other hand, it is recorded that, in the present process, a large part of the documentation that is related in this provision, had not been made known to this Judge and some was not physically incorporated into the file, due to the fact that the judicial collaborator who was previously in charge of processing the criminal case, did not properly process it; omitting the completion of the administrative sanctioning procedure for him, by virtue of the fact that he is no longer an employee of this judicial headquarters.

**The following documentation has been received:**

1) Official letter No. 2360, from the First Peace Court of the municipality and department of Ahuachapán; filed 11/27/2019; by means of which the procedural commission entrusted is duly completed.

2) Official Letter No. DG-1420/2019, from. the General Directorate of Penal Centers, addressed to the Ninth Investigative Court of San Salvador, but received at this courthouse, via fax, on 11/29/2019, through which, among other aspects, the allocation of quota to the accused is reported Donald Augusto Valdivieso López at the Metapán Prevention and Sentence Enforcement Center.

3) Writ signed by attorney JOSÉ MIGUEL RODRIGUEZ LAÍNEZ, in his capacity as Private Defender of the accused DONALD AUGUSTO VALDIVIESO LÓPEZ, presented on 11/29/2019, together with the accompanying documentation; whereby, among other aspects, he requests that a Special Hearing be designated in order to grant his client the alternative exit from the abbreviated procedure in accordance with article 417 Criminal Procedure Code _(CP,1) or the Conditional Suspension of the Procedure , in accordance with articles 24 and 25 of the aforementioned regulatory body.

4) Official Letter No. 2085-11-2019, from the Second Peace Court of the city of Ahuachapán, department of Ahuáchapán, presented on 12/2/2019; by means of which the procedural commission entrusted is duly completed.

5) Official Letter No. 415, from the Specialized Chamber for a Life Free of Violence and Discrimination for Women, received on 12/4/2019, together with the certification of the resolution of fifteen hours thirty minutes on 11/13/2019, in which I confirm the resolution issued by this Court in the Appeal filed by the lawyer ELBA LUZ LEMUS FLORES.

6) Official Letter No. 3538, (twice), from the Ninth Investigative Court of San Salvador, via fax (twice), received on 12/6/2019, together with the documentation that accompanies it, through which, among other aspects , informs that Mr. DONALD AUGUSTO VALDIVIESO LOPEZ received medical attention for being in poor health and, after that, arrangements were made for his transfer to the Metapán Penal Center, department of Santa Ana. On the other hand, t.forma that By order of ten o'clock on 12/4/2019, the substitute measures to the provisional detention imposed on the accused DONALD AUGUSTO VALDIVIESO LOPEZ for the commission of the crime of OWN BRIBERY, provided for and sanctioned in art. 330 Criminal Code, and must continue to be confined in the Penal Center that is keeping provisional detention.

7) Official letter number 3554, (twice), from the Ninth Investigative Court of San Salvador, via fax (twice), received on 12/06/2019, by which the release of the defendant DONALD AUGUSTO is requested to be authorized VALDIVIESO LOPEZ, from the Metapán Penal Center to the facilities of said Court for the holding of the Preliminary Hearing.

8) Brief signed by ELBA LUZ LEMUS FLORES, together with the accompanying documentation, presented on 12/10/2019, through which, among other things, she requests that the extension of the instruction period granted for this criminal process for a period of one more month, for the collection of the necessary elements to substantiate the accusation, due to the complexity of this process.

9) Writ signed by attorney JOSÉ MIIGUEL RODRIGUEZ LAÍNEZ, in his capacity as Private Defender of the defendant DONALD AUGUSTO VALDIVIESO LÓPEZ, presented on 12/16/2019, in which, among other aspects, he requests the revocation of the provisional detention in which is her sponsored, by virtue of what was resolved by the Specialized Chamber for a Life Free of Violence and Discrimination for Women, which decreed precautionary measures to substitute provisional detention.

10) Writ signed by lawyers CARLA VERÓNICA DURÁN MONTES and JUAN CARLOS RIVAS VÁSQUEZ, both as Private Defenders of the accused ROBERTO ARTURO VALDIVIESO LÓPEZ, presented on 12/16/2019, through which, among other things, they request that Office of the Attorney General of the Republic, the following proceedings:



a) Take the interviews of the following defense witnesses: K⬛⬛⬛⬛⬛ G⬛⬛ , C⬛
⬛⬛⬛⬛⬛ V⬛ , R⬛⬛⬛⬛⬛ M⬛ and R⬛ ⬛⬛⬛
S⬛ ; witnesses with whom they intend to establish that on the day of the facts, Mr. ROBERTO ARTURO VALDIVIESO LÓPEZ was in another place; b) That call logs be provided for the dates between Thursday 1/31/2019 to 2/2/2019, from the telephone number⬛ c) That the Public Prosecutor's Office requires the activation of the antenna of number⬛ owned by Mr. ROBERTO ARTURO VALDIVIESO LÓPEZ, from 1/31/2019 to 2/2/2019, in order to distort the statement of witnesses one and two; and d) That an official letter be issued to the General Directorate of Migration and Aliens to provide the migratory movements of his sponsor for the months of January and February of the year two thousand and nineteen; and e) A letter is issued to the Francisco Menéndez de Ahuachapán Hospital to send the census sheet of patients treated by

Doctor VALDIVIESO LÓPEZ on 2/01/2019, sending proof of the departure time on that same date, which will serve to distort , the saying of the witnesses with key one and two; however, it does not clarify in its brief what it intends to prove with the document it requests, listed in subparagraph b) of this paragraph.

11) Official letter number 437, from the Specialized Chamber for a Life Free of Violence and Discrimination for Women, San Salvador, via fax, received on 12/18/2019, through which, among other things, it informs that through resolution of twelve thirty minutes on December twelfth of the year two thousand and nineteen, the legal classification of the facts attributed to the accused EDITH DEL CARMEN RIVAS DE MURGA, DONALD AUGUSTO VALDIVIESO LÓPEZ, ROBERTO ARTURO VALDIVIESO LÓPEZ AND JACQUELINE was modified. ALEJANDRA MARTÍNEZ HERRERA from the criminal type of PROCEDURAL FRAUD, provided for and punished in article 306, to the crime of CONCOVERING, provided for and punished in article 308, both of the Penal Code. Likewise, the precautionary measure for the provisional detention of Mrs. EDITH DEL CARMEN RIVAS DE MURGA was revoked, ordering the continuation of the process for the crime of Concealment without application of any precautionary measure; The precautionary measure of the provisional detention of the defendants JACQUELINE ALEJANDRA MARTÍNEZ HERRERA, ROBERTO ARTURO VALDIVIESO LÓPEZ and DONALD AUGUSTO VALDIVIESO LÓPEZ was revoked and alternative precautionary measures were imposed on them.

12)   Official Letter No. NE-00037-2019CE01, along with the documentation that accompanies it, via fax, received on 12/19/2019, from the Office of Security and Judicial Protection, Western Region, Department of Operations of the Security Directorate and Judicial Protection of the Supreme Court of Justice, through which, among other aspects, it is reported that the defendant Donald Augusto Valdivieso López would not be transferred, because the detention center did not authorize the release, because the prisoner was in another proceeding.

13)   Brief signed by ELBA LUZ LEMUS FLORES, presented on 12/19/2019, whereby, among other things, she requests: a) that the Government of the United States of America be required, through diplomatic channels, to EXTRADITE the defendant MICHAEL ALEJANDRO CASTILLO MURGA, from the United States of America, and according to investigation his address is
Beamont, CA        Riverside Country, United States; b) A computation is made to know the time of the prescription of the criminal action during the procedure; e) The necessary passages of this process are certified and a permanent expert is appointed to translate them; d) The corresponding official letter is sent to the Supreme Court of Justice in order to process the extradition request through diplomatic channels.

14)   Brief signed by ELBA Luz LEMUS FLORES, presented on 12/19/2019, through which, among other things, she requests prompt dispatch of the request to extend the term of the investigation for one more month.

15)   Official letter No. 3707, from the Ninth Investigating Court of San Salvador, received via fax, on 12/23/2019, through which, among other aspects, requests a report on the current legal situation of the accused DONALD AUGUSTO VALDIVIESO LÓPEZ, the foregoing due to the fact that in the Preliminary Hearing held in that court on 12/19/2019, the precautionary measure of provisional detention imposed on the aforementioned accused was modified.



16) Writ signed by Mrs. SANDRA PATRICIA FLORES DE VALDIVIESO, presented on 1/9/2020, whereby, among other things, she appoints attorney EDWIN ARQU(MEDES) as Private Defender of her husband, the defendant DONALD AUGUSTO VALDIVIESO LÓPEZ CABEZAS CALDERON.

17) Writ signed by the lawyer EDWI, ARQUIMIDES CABEZAS CALDERÓN, presented at the Secretariat of this courthouse on 1/9/2020, through which, among other aspects, he requests that the position conferred by Mrs. SANDRA PATRICIA FLORES DE VALDIVIESO be accepted, as Private Defender of her husband, the defendant DONALD AUGUSTO VALDIVIESO LÓPEZ.

18) Brief signed by attorney JUAN MAiNUEL CHÁVEZ, in his capacity as Private Defender of the accused JACQUELINE ALEJANDRA MARTINEZ HERRERA, presented on 1/9/2020; by means of which, among other aspects, it requests an alternative exit to the process, consisting of the application of the abbreviated procedure.

19) Brief signed by ELBA LUZ EMUS FLORES, presented on 1/9/2020, through which, among other aspects, she requests prompt dispatch of her request for recognition of persons in the humanity of the accused ROBERTO ARTURO VALDIVIESO LÓPEZ and the extension of the instruction period.

20) Brief signed by JOSÉ MIGUEL RODRÍGUEZ LAÍNEZ, in his capacity as Private Defender of the accused DONALD AUGUSTO VALDIVIESO LÓPEZ, presented on 1/13/2020; in which, among other aspects, it corrects the prevention carried out by the Specialized Chamber for a Life Free of Violence and Discrimination for Women to lawyer JORGE ALBERTO COBAR AGUILAR, consisting of indicating the address of the property where the house arrest will be carried out; indicating as address Colonia San Rafael, Avenida "A", number eighty-eight, of the city and department of Ahuachapán; Therefore, the related prevention is considered corrected.

21) Brief signed by Ms. CARLA VERÓNICA DURÁN MONTES, in her capacity as Private Defender of the accused ROBERTO ARTURO VALDIVIESO LÓPEZ, presented on 1/13/2020, through which, among other things, she requests that the Attorney General of the Republic interview Mr. JORGE ALBERTO FUENTES PORTILLO, in order to prove that his client maintained communication with said person, at approximately nine hours and twenty minutes in the morning of 2/2/2019.

22) Brief, signed by Ms. CARLA VERÓNICA DURÁN MONTES, in her capacity as Private Defender of the accused ROBERTO ARTURO VALDIVIESO LÓPEZ, presented on 1/16/2020, through which, among other things, she requests that the Attorney General of the Republic interview Mrs. SARA BEATRIZ GIL POLANCO, with whom it is intended to prove that her client met with said person, early in the morning of 2/2/2019.

23) Official letter number 21, presented on 1/16/2020, from the Specialized Chamber for a Life Free of Violence and Discrimination for Women, together with the resolution of twelve thirty minutes on December 12, two thousand and nineteen, whereby, among other aspects, the legal classification of the facts attributed to the defendants EDITH DEL CARMEN RIVAS DE MURGA, DONALD AUGUSTO VALDIVIESO LÓPEZ, ROBERTO ARTURO VALDIVIESO LÓPEZ AND JACQUELINE ALEJANDRA MARTÍNEZ HERRERA of the criminal type of PROCEDURAL FRAUD, foreseen and sanctioned in article 306, to the crime of CONCEALMENT, provided for and sanctioned in article 308, both of the Penal Code. Likewise, the precautionary measure for the provisional detention of Mrs. EDITH DEL CARMEN RIVAS DE MURGA was revoked, ordering the continuation of the process for the crime of Concealment without application of any precautionary measure; The

precautionary measure of the provisional detention of the defendants JACQUELINE ALEJANDRA MARTÍNEZ HERRERA, ROBERTO ARTURO VALDIVIESO LÓPEZ and DONALD AUGUSTO VALDIVIESO LÓPEZ was revoked and alternative precautionary measures were imposed on them.

24) INDICTMENT, presented on 1/21/2020, together with the documentation that accompanies it, -121 pages-, signed by ELBA LUZ LEMUS FLORES, in her capacity as Assistant Agent of the Attorney General of the Republic, in .the present process instituted against MICHAEL ALEJANDRO CASTILLO MURGA, who is credited with the commission of the criminal offenses of: a) AGGRAVATED FEMALE CIDE, an offense provided for and punished in art. 45 literals a) and 46 literals c) and e) of the Comprehensive Special Law for a Life Free of Violence for Women, to the detriment of MELVI FERNANDA NAJERA QUEZADA; and b) IMPERFECT MURDER, typified and sanctioned in the arts. 128 in relation to art.24 of the Criminal Code, to the detriment of the life and physical integrity of a minor, who is legally represented by M█████ ██ ████. Likewise, the accusation presented has also been against the accused EDITH DEL CARMEN RIVAS DE MURG (absent), JACQUELINE ALEJANDRA MARTÍNEZ HERRERA (present), ROBERTO ARTURO VALDIVIESO LÓPEZ (present) and DONALD AUGUSTO VALDIVIESO LÓPEZ (present), who were attributes the commission of the criminal offense of CONCEALMENT, typified and sanctioned in art. 308 of the Criminal Code, to the detriment of the Administration of Justice.

25) Brief signed by attorney CARLA VERÓNICA DURÁN MONTES, in her capacity as Private Defender of the accused ROBERTO ARTUR © VALDIVIESO LÓPEZ, presented on 1/23/2020, in which she mentions as the place to be summoned the witnesses K██████ █████ G█████, C████████████ ███████████ V██████████, R███████████ M████ █ █ S███ █, █████ █ █ E████ and S██████████ F██████, on ████████████ ████ ██████████ San Salvador, or by fax████████ or ██████████████

## I. In view of the documentation received, the undersigned Judge, resolves:

·a) In regards to the detailed documentation in numerals 1), 2), 4), 5) and 6), there being nothing pending to be done, add them to their precedents.

b) Regarding the request mentioned in numerals 3), MAKE IT KNOWN TO THE PUBLIC PROSECUTOR'S OFFICE AS REQUESTED BY THE DEFENSE OF MR. DONALD AUGUSTO LÓPEZ TO EXPRESS IN REGARD TO, BY THE NEXT SPECIAL HEARING THAT WILL BE SCHEDULED.

c) In relation to what was requested in numeral 7), it is recorded that, TIMELY, THE CORRESPONDING COMMUNICATIONS WERE RELEASED.

d) Regarding the request related in numeral 8), having submitted the accusation report on time; IT IS DECLARED WITHOUT PLACE; clarifying that previously an extension of the investigation period had already been granted, as provided at ten hours and fifty-seven minutes on 10/18/2019.

e) Regarding what was requested in numeral 9), THE SAME ARE DECLARED, due to the fact that, to date, the conditions of the accused DONALD AU USTO VALDIVIESO LÓPEZ, have been evaluated and the way in which he faces this process has been changed.



f) With regard to the request for various proceedings requested by the private defense of the defendant ROBERTO ARTURO VALDIVIESO LÓPEZ, among these, interviews with defense witnesses and others, listed in numeral 10), THE PROSECUTION REPRESENTATION IS COMMITTED TO PROCESS IT, TO THE SAME, AS SOON AS POSSIBLE, AND WHEN THE RESULTS ARE AVAILABLE, THEY MUST BE SUBMITTED OR PRESENTED TO THIS COURT WITHOUT DELAY. This is because such requests were requested within the instruction period.

g) As for the documents listed in numerals 11) and 12), not having any steps to be taken after being warned of them, they should only be added to their records.

h) Prior to pronouncing on the request for the extradition of Mr. MICHAEL ALEJANDRO CASTILLO MURGA, made by the prosecutor ELBA LUZ LEMUS FLORES, listed in numeral 13), FULFILL WHAT WAS ORDERED IN ROMANCE VI OF WHEREAS AND IN NUMERAL 4 ) OF THE ORDER OF INSTRUCTION OF FOURTEEN HOURS AND TWENTY-TWO MINUTES OF 8/19/2019.

i) Be resolved in paragraph c) above, regarding the request for number 14).

j) On the report requested in numeral 15), HAVING SURRENDERED ITSELF IN TIME, by the Acting Secretary of this courthouse, add it to your background.

k) Consider appointed as private attorney for Mr. DONALD AUGUSTO VALDIVIESO LÓPEZ, attorney EDWIN ARQUÍMEDES CABEZAS CALDERÓN, likewise, consider the latter, who accepted said position; the foregoing, in relation to the writings listed in numerals 16) and 17).

l) Regarding the request for application of the abbreviated procedure requested and listed in numeral 18), it may be evaluated by the counterparty and by this Court, in accordance with art. 417 and following of the Criminal Procedure Code, -if applicable-, in the holding of the preliminary hearing, of which, the date will be given below.

m) MARK THE NINE HOURS AND THIRTY MINUTES OF THE TWENTY-NINETH DAY OF JUNE TWO THOUSAND TWENTY-ONE, to carry out the RECOGNITION OF PERSONS requested by the prosecutor, ELBA LUZ LEMUS FLORES, listed in number 19), in the humanity of the accused ROBERTO ARTURO VALDIVIESO LÓPEZ, prior appointment of the parties involved to carry out said procedure, which will take place in the Multiple Use Room of the judicial center of this city.

n) The prevention carried out by the Specialized Chamber for a Life Free of Violence and Discrimination for Women, listed in numeral 20), is considered corrected, CLARIFYING THAT THE CORRESPONDING OFFICE WAS ISSUED, INFORMING ABOUT THE NEW ADDRESS; Therefore, the Proceedings Secretariat of this Court takes note of the address provided; likewise, take note of what was reported in the official letter related to numeral 23).

ñ) INSTRUCT THE REPRESENTATION/PROSECUTOR, TAKE INTERVIEWS OF THE ASSESSMENT WITNESSES OFFERED AND LISTED IN numerals 21) and 22), that is, JORGE ALBERTO FUENTES PORTILLO, and SARA BEATRIZ IGIL POLANCO, in addition to those listed in numeral 1O) in relation to letter f) of this operative part, as soon as possible, as resolved above; AND UPON THE RESULTS, THEY MUST BE SUBMITTED OR PRESENTED TO THIS COURT WITHOUT DELAY. This is because such requests were made within the instruction period.

o) Regarding the documentation related in numeral 23), add it to your background.

p) BE SUBMITTED THE REPORT OF PROSECUTION, listed in numeral 24), therefore, NOTICE THE PARTIES AND MAKE THE PROCEDURES AND EVIDENCES AVAILABLE TO THEM SO THEY CAN CONSULT THEM WITHIN A COMMON PERIOD OF FIVE DAYS. and by virtue of the period that has elapsed since its celebration, a preliminary hearing will be set.

q) SCHEDULE FOR THE CELEBRATION OF PRELIMINARY HEARING, AT 9:00 AM AUGUST SEVENTEEN, TWO THOUSAND TWENTY-ONE, prior appointment of technical and material parts, to be held in the Multipurpose Room of the Judicial Center of this city.

r) TAKE NOTE OF THE PROSECUTION REPRESENTATION, OF THE INFORMATION RELATED: IN THE DOCUMENT CORRESPONDING TO numeral 25), that is, of the place where the witnesses K▮▮▮▮▮▮▮▮▮▮ G▮▮, O▮▮▮▮▮▮▮▮▮ V▮▮ or R▮▮▮ T▮ can be summoned Molina, R▮ ▮ ▮ S▮▮, J▮▮▮▮▮▮▮▮ P▮ and S▮ P▮, in San Salvador, or by fax ▮▮▮ or ▮▮▮ the above, for purposes of taking their interviews, previously ordered. ·

**Likewise, the following documents are received:**

26) Brief signed by attorney ELBA LUZ LEMUS FLORES, presented on 1/23/2020, together with the Forensic psychological opinion (psychological autopsy) and forensic social opinion performed on the victim Melvi Fernanda Nájera Quezada; requesting that said expertise be made available to the parties and that they be admitted and added to this process.

27) Brief signed by attorney ÓSCAR GIANCARLO VEGA QUIÑONEZ, presented on 1/27/2020, together with the supporting documentation, by means of which, among other aspects, he appears as a complainant without filing a complaint.

28) Official letter number 41, presented, (twice), on 1/27/2020, from the Specialized Chamber for a Life Free of Violence and Discrimination for Women, together with the accompanying documentation, through which, among other aspects, the resolution is reported at ten hours and forty minutes on 3/23/2020, in relation to the criminal process with reference 25-2019, processed in the Justice of the Peace of Concepción d Ataco, department of Ahuachapán, in relation to this criminal proceeding.

29) Official Letter No. 42, received, via fax, (twice), on 1/28/2020, from the Specialized Chamber for a Life Free of Violence and Discrimination for Women, together with the accompanying documentation, through which, among other aspects, they forward the document signed by the lawyer JOSÉ MIGUEL RODRÍGUEZ LAÍNEZ in which said professional informs the Chamber that the prevention made was corrected by means of a document presented to this Court.

30) Writ signed by Mr. JOSÉ MIGUEL RODRÍGUEZ LAÍNEZ, presented on 1/30/2020, together with the documentation that accompanies it, by means of which, among other aspects, he requests compliance with the orders of the Specialized Chamber for a Life Freedom from Violence and Discrimination for the Women of San Salvador regarding the granting of the precautionary measure of house arrest with the application of an electronic surveillance device in favor of its sponsor, the accused DONALD AUGUSTO VALDIVIESO LÓPEZ.

31) Official letter number 477, (twice), received, via fax, on 1/30/2020, from the Fourth Sentencing Court of San Salvador, through which, among other things, requests a report regarding the legal

situation of the accused DONALD AUGUSTO VALDIVIESO LOPEZ; likewise, it announces the time and date of the public hearing against said accused in the criminal file with reference 12-1-2020

32) Document, signed by Mr. William Roberto Pacheco Cabrera, in his capacity as individual defense attorney, of Mrs. Edith del Carmen Rivas de Murga; received on 02/05/2020, through which it requests: i) That the extension of the photocopy of the resolution of the Specialized Chamber for a Life Free of Violence and Discrimination for Women is ordered, from twelve hours and thirty minutes of the day 12/12/2019, committing to pay the cost that it originates; and ii) Request a return of the Scotiabank certificate, testimony of declining credit master deed, cancellation of first open mortgage, copy of power of attorney in the name of J          G     , Banco Cuscatlán VISA credit card number 4282910700, three proofs of payment of Scotiabank, a video recorder box, testimony of special administrative power in the name of Edith del Carmen Rivas de Murga, a credit card of Mrs. Rivas de Murga from Banco City number                         a General Motors maintenance policy, a settlement in favor of my represented, an insurance policy of ASESUIZA, and the contracts of the clients of the company ASTROVISIÓN.

33) Document, signed by Mr. José Miguel Rodríguez Laínez, private defender of Mr. Donald Augusto Valdivieso López, presented on 02/06/2020, by means of which he requests that the day and time be set for the holding of the special review hearing of precautionary measure of provisional detention for house arrest with the use of an electronic surveillance device ordered by the Specialized Chamber for a Life Free of Violence and Discrimination for Women, in favor of Donald Augusto Valdivieso López.

34) Official Letter No. 312/SMMVE/2020 and attached documentation, received on 02/07/2020, from the Support Area for Virtual Hearings and Other Proceedings, Administrative Systems Unit of the Supreme Court of Justice, through which they inform that the feasibility study was carried out, being favorable in the place of residence of Mr. Donald Augusto Valdivieso López, and that an electronic device is available for it.

35) Document, signed by Ms. Carla Verónica Durán Montes, in her capacity as private attorney of Mr. Roberto Arturo Valdivieso López, filed on 2/10/2020, commissioning Mr. Luis Antonio Cardoza González, so that he can present pleadings, requests, certifications, review the file, withdraw all types of notifications, edicts and trades, as well as appear at any necessary diligence that is related to this process

36) Note No. 784 dated February eleven two thousand and twenty, (twice), received on 2/12/2020, from the Fourth Sentencing Court of San Salvador, in which it is reported that this Court in the criminal file with reference 1-12-2020, it was declared competent to hear the criminal proceedings against Mr. Douglas Augusto Valdivieso López, who is attributed the crime of Bribery to the detriment of the Public Administration, in view of this the file Jo (sic) was sent to the Sentencing Court of the city and department of Ahuachapán

37) Official letter No. 743/SMMVE/2020, dated March 17, 2020, received on 3/18/2020, from the Electronic Surveillance Means Monitoring Subdirectorate, of the General Directorate of Penitentiary Centers, informing that temporarily Feasibility studies are not being carried out, nor are installations of electronic devices in view of the fact that they are being updated, maintained, and reviewed until further notice.

38)    Brief, signed by Mr. José Miguel Rodriguez Laínez, private defense attorney of Mr. Donald Augusto Valdivieso López, presented on 6/19/2 20, through which he presents a photocopy of the certification of the writ of Habeas Corpus process presented before the Chamber of the Constitution of the Supreme Court of Justice, with the effect that the ism is known and the process of the special hearing to review the precautionary measure for the measure of house arrest is expedited.

39) Two briefs presented by the prosecutor, Ana Cristina Manzanares Veis, and / first, on 6/24/2020, together with the credential in favor of said professional, showing part in the present process; and the second, presented on 6/29/2020, in which said fitl clarifies that the defendant Roberto Arturo Valdivieso López has never been absent, but rather, with substitute measures to provisional detention, therefore, he can be summoned personally or through his technical defense, for which he requests that the date and time be indicated for the practice of recognition in a round of people in said process.

40) Brief signed by Edwin Arquímides Cabezas Calderón, presented on 07/03/2020, through which he reiterates the request that he be held as part of the private technical defense of the defendant Donald Augusto Valdivieso López, jointly or separately with attorney José Miguel Rodríguez Laínez, adding the appointment of private defense attorney for said defendant made by his wife, Mrs. S███████████ V██████, in which the receipt of said libel by the secretariat of this Court is recorded.

41) Brief signed by attorneys Carla Verónica Durán Montes and Juan Carlos Rivas Vásquez, private attorneys for Mr. Roberto Arturo Valdivieso López, presented on 07/07/2020, requesting

    A) Simple photocopy of the entire file, committing to pay the expenses that it originates.

    B) The prosecutor's representation is authorized and ordered to conduct interviews with the following defense witnesses: K████████████ G████████, with whom it will be proven that her client was in her clinic located in the Villas Españolas shopping center located on the Paseo General Escalón, city and department of San Salvador in the morning hours of February 2, 2019; Clara Concepción Aguirre de Valdivieso, with whom it will be established that her client on 01/212019, slept in her house located in San Salvador, waking up there on 0712/2019, who gave up at her clinic located in the Villas Españolas shopping center , on Paseo General Escalón, San Salvador, in the morning, so he was not in Ahuachapán, on 02/02/2019, as witnesses 1 and 2 state; R████ ████████ ████████ M███, that his defendant, the day that witnesses 1 and 2 located him in Ahuachapán, that day he and his wife had a consultation at his clinic located on Paseo General Escalón, San Salvador, in the morning of day 2/2/2019; and R████ ████████ ████████ S████, who is the motorist of Mr. Roberto Arturo Valdivieso López, and who was with him since the early hours of the morning.

    C) Provide call logs for the dates between 1/31/2019 and 021212019, from the following telephone number: ████████ to verify the telephone numbers that were called and those that received calls on those dates, as well as their holders.

    D) Request the activation of the antenna of the telephone number ████████ property of Roberto Arturo Valdivieso López from 1/31/2019 to 21/02/2019, in order to distort

the statement of the key witnesses and key 2, since his client wasn't, he was in Ahuachapán at the time that the aforementioned witnesses indicate.

E)  A letter is issued to the General Directorate of Immigration, so that it provides the migratory movements of Mr. Roberto Arturo Valdivieso López, in the months of January and February of the year two thousand and nineteen, to establish if he left the country on dates close to the events that are attributed to him.

F)  A letter is issued to the Francisco Menéndez de Ahuachapán Hospital, so that they send the census sheet of patients treated on February 1, two thousand and nineteen by Doctor Valdivieso, also that they send proof of the departure time on that same date, which will serve to distort the statement of the key witnesses about the participation of our principal in the facts attributed to him.

42)  Brief, signed by the prosecutor, Ana Cristina Manzanares Velis, presented on 7/14/2020, in which she requests that the date and time be indicated for the recognition of persons of the defendant Roberto Arturo Valdivieso López, by the witnesses with key protection regime one and two, and the date and time of the preliminary hearing in this case is indicated.

43) Official Letter No. 1432/SMMVE/2020, dated August 21, 2020, received, via fax, on 8/21/2020, from the Electronic Surveillance Media Monitoring Subdirectorate, from the General Directorate of Penitentiary Centers, informing that feasibility studies or installations of electronic devices are temporarily not being carried out in view of the fact that they are in the process of updating, maintaining and reviewing them until further notice; however, any request to carry out feasibility studies and facilities must be requested from Mr. Osiris. Luna Mesa, General Director of Penitentiary Centers, since March 2020, but not requests for change of address, withdrawals and dates of hearings for carriers, since the latter can be directed to that Sud (sic) Address.

44) Official Letter No. 1487/SMMVE/2020, dated September 2, two thousand and twenty and a photocopy of the electronic device installation record, presented on 09/03/2020, from the Electronic Surveillance Media Monitoring Subdirectorate, of the General .Directorate of Penitentiary Centers, informing that the electronic device was installed on Mr. Donald Augusto Valdivieso López, on 9/1/2020, at his place of residence, and that from that moment on it remains electronically monitored.

45) Brief, signed by the prosecutor, Ana Cristina Manzanares Velis, presented on 09/03/2020, in which she requests prompt dispatch again of the request for recognition of persons in Mr. Roberto Arturo Valdivieso López, defendant present, by of key witnesses one and two and of the appointment of a preliminary hearing.

## II.    Having seen the documents, its is resolved:

Add to your records the documents listed in numeral 26) and make them available to the procedural parties for consultation.

i) Regarding the document related in numeral 27), since the request of the lawyer OSCAR GIANCARLO VEGA QUIÑONEZ, has been untimely, according to the provisions of article 111 of the Code of Criminal Procedure, IT IS DECLARED INADMISSIBLE.

ii) As there are no procedures to be carried out on the documents described in numerals 28), 29), 31) and 36), add them to your background.

iii) Having complied with what was ordered by the Specialized Chamber for a Life Free of Violence and Discrimination for Women, therefore, there are no steps to be taken in relation to the documentation described in number 30), add them to your background.

iv) Regarding the request of the lawyer William Roberto Pacheco Cabrera, listed in numeral 32), send to hear the fiscal representation, for three business days, from the day following your notification, of the return of said documents, and of there is no opposition, prior reproduction of the same and the corresponding confrontation, give it to the referred professional; Regarding the photocopy of the resolution issued by the Specialized Chamber for a Life Free of Violence and Discrimination for Women, at twelve hours and thirty minutes on 12/12/2019, issue it to the petitioner. Art. 150 CPP.

vi) Being the defendant Donald Augusto Valdivieso López, currently, under house arrest with the use of an electronic device, just add to his background, the document related in numeral 34).

vii) Regarding the requests made in numerals 33) and 38), indicate FOURTEEN HOURS THIRTY MINUTES OF THE TWENTY-FOURTH DAY OF JUNE TWO THOUSAND TWENTY-ONE, for the SPECIAL HEARING TO REVIEW MEASURES, to be held at the facilities of this courthouse, prior appointment of the requesting party, victims and the Public Prosecutor's Office.

viii) Authorize Mr. Luis Antonio Cardoza González, so that he can present writings, requests, certifications, review the file, withdraw all types of notifications, edicts and official letters, as well as appear at any necessary diligence that is related to the present process, such as requested by letter related to number 35), by C█████ ██████ M███.

ix) The secretariat of this Court takes note of the information provided in numeral 37).

x) Consider Ana Cristina Manzanares Velis as an assistant to the Attorney General of the Republic, and regarding the recognition of persons over humanity of the accused Roberto Arturo Valdivieso López, requested in writing mentioned in numeral 39), this to the resolution in letter j) above.

xi) LICENSEE EDWIN ARQUÍMIDES CABEZAS CALDERÓN, AS PARTICULAR DEFENDER OF THE PROMPTED DONALD AUGUSTO VALDIVIESO LÓPEZ, JOINTLY OR SEPARATELY WITH LICENSEE JOSÉ MIGUEL RODRIGUEZ LAÍNEZ, appointment made by the wife of said defendant in a document related to the number 40).

xii) Access to the proceedings requested by attorneys Carla Verónica Durán Montes and Juan Carlos Rivas Vásquez, private attorneys for Mr. Roberto Arturo Valdivieso López, in a brief related to numeral 41), by virtue of the fact that these constitute a reiteration of petitions set forth in the numerals 10), 21), 22) and 25), already resolved in subparagraphs f) and ñ) uf supra.

xiii) In relation to the writing related in numeral 42), adhere to the resolution in letters j) and supra.

xiv) In relation to the information provided through the official letters listed in numerals 43) and 44), the secretariat of this court takes note of it, and there being no proceedings to order regarding them, add them to your background.



xv) Regarding the prompt dispatch presented by the prosecutor, Ana Cristina Manzanares Velis, listed in numeral 45), adhere to what was resolved in letters m) and q) above.

**Finally, the following documents are received;**

III.   Brief signed by Ms. Carla Verónica Durán Montes, who represents and defends Mr. Roberto Antonio Valdivieso López, in this criminal proceeding, presented in this courthouse, on 09/08/2020, through which, for the second time, she makes the request for extension of simple photocopies of the entire process, clarifying that she will bear the expenses that they generate, which are necessary to formulate in the best possible way the defense of her client; On the other hand, for the third time, interviews are taken with witnesses listed in numerals 21) 22), 41) 25), and 46) ut supra, as like the rest of the procedures that are related in those requests,

IV.   Copy of the resolution of eleven hours and five minutes on September fourteen, two thousand twenty, and attached photocopy document, issued by the Specialized Chamber for a Life free of Violence and Discrimination for Women, received, via fax, on 9/14/2020; pronounced in the complaint for delay in the proceedings against this court; requiring a written report of the facts that are related in the aforementioned complaint.

V.   Brief signed by the prosecutor, Ana Cristina Manzanares Velis, presented in this court on 10/05/2020, through which she states that, prior to criminally certifying the undersigned judge's disobedience, she requests a ruling regarding the time and date of recognition of persons in the humanity of Roberto Arturo Valdivieso, the admission of the indictment the appointment of the day and time of the preliminary hearing, likewise, the pronouncement of the steps in order to be able to carry out the extradition procedures of the accused Michell Alejandro Castillo Murga, who has been issued arrest warrants by the Justice of the Peace of Ataco, department of Ahuachapán; proceed to comply with literal 8) of the resolution dated 8/17/2020, issued by the Specialized Chamber for a Life free of Violence and Discrimination for Women.

VI.   Official Letter No. SA-0126-04-2020, presented on 10/09/2020, from the Office of the Attorney for the Defense of Human Rights, through which they request, within a term of seventy-two business hours, counted as of the receipt of said official letter, everything related to this file and any other information considered pertinent is reported, and the date and time of the respective hearing is communicated.

VII.   Brief signed by lawyers Carla Verónica Durán Montes and Juan Carlos Rivas Vásquez, who represent and defend Mr. Roberto Antonio Valdivieso López, in this criminal proceeding, presented in this courthouse, on 10/23/2020, through which, once again carry out the requests contained in numerals 10), 21), 22), 25), 41) and 46) of this provision.

VIII.   Brief signed by the prosecutor, Ana Cristina Manzanares Velis, presented in this court on 12/17/2020, through which she requests: The petitions set forth in previous briefs and reiterated in the present be resolved (indication of recognition of persons in humanity of Mr. Roberto Arturo Valdivieso, the admission of the indictment and the corresponding indication of a preliminary hearing and the completion of the extradition procedures of the defendant Michell Alejandro Castillo Murga); that it proceed to comply with literal 8) of the resolution dated 8/17/2020, issued by the Specialized Chamber for a Life free of Violence and Discrimination for Women, indicating the day

and time for the recognition of persons that have not been verified and the appointment of the preliminary hearing.

IX.    Brief signed by Mr. Donald Augusto Valdivieso López, presented on 01/06/2021, through which he requests that a day and time be set to hold a special hearing to review the precautionary measure of house arrest ordered against him, or resolve with the single request that concerns us by accessing the cessation of the same, in accordance with arts. 8 and 335 numeral 3) of the CPP.

X.    Official Letter No. 24/SMMVE/2020, dated 1/07/2021, received on 1/12/2021, from the Electronic Surveillance Means Monitoring Subdirectorate, of the General Directorate of Penitentiary Centers, and attached documentation; informing that on 01/02/2021, Mr. Donald Augusto Valdivieso López changed the electronic device, due to technical failures.

XI.    Document signed by Mr. Donald Augusto Valdivieso López, presented on 1/22/2021, through which he reiterates the request for the appointment of a special hearing in order to review the precautionary measure of house arrest so that they are imposed on his person other less burdensome measures or change their situation from house arrest with electronic surveillance to territorial displacement at the national level always with electronic surveillance and they are allowed to circulate throughout the national territory.

XII.    Brief signed by the prosecutor, Ana Cristina Manzanares Velis, presented on 1/26/2021, through which said professional clarifies that the defendant Roberto Arturo Valdiviezo López has never been absent, but with substitute measures to the provisional detention, on the other hand, requests that the date and time be set for the practice of the recognition of persons in humanity of Mr. Roberto Arturo Valdiviezo López, defendant present, by key witnesses one and two and the appointment of a preliminary hearing.    '

XIII.    Memorandum dated April 13, 2021, received on 4/13/2021; from the administration of the judicial center of Santa Ana; through which it is reported that it is possible to have the facilities to hold a preliminary hearing in virtual mode for May 21, two one thousand twenty one.

XIV.    Document, signed by the lawyers FRANCIS ELIZABETH VAQUERO CHÁVEZ AND CLAUDIA MARIBEL FLORES PEÑA, general legal representatives of Mrs. M████
████ N████, and annexed thereto, testimony of general judicial power with a special clause; presented on 4/22/2021, through which he requests that they be held on behalf of Mrs. M████
████████████████ N████, so that they can intervene in this process

XV.    Official letter number 979, dated May eleventh of two thousand and twenty-one, received, via fax, on 5/11/2021, from the Secretariat of the Constitutional Chamber of the Supreme Court of Justice, through which urges the undersigned Judge, through official communication number 0080 of January 18, 2021, sent and notified by email on February 1 of this year, to comply with the report required by said court to continue with the process of habeas corpus 98-2020, submitting, in turn, the resolution of eight hours and five minutes on January 8, two thousand and twenty-one; documents that are sent together with the first mentioned official letter

XVI.    Brief signed by Ana Cristina Manzanares Velis, presented on 5/24/2021, through which, among other aspects, she requests that the day and time be set for the practice of recognition of persons in humanity of the accused ROBERTO ARTURO VALDIVIESO LÓPEZ and a preliminary hearing is scheduled.

XVII. Brief signed by Ms. Francis Elizabeth Vaquero Chávez, filed on 5/24/2021, through which she promptly files a request on a previously made request.

XVIII. Brief, signed by Mr. Donald Augusto Valdivieso López, presented on 5/25/2021, and attached photocopy documentation, in which he informs this Court that he was acquitted in public hearing by the Ahuachapán Trial Court, for the crime of own bribery, to the detriment of the public administration; for which the electronic device was withdrawn, however, he always remains under house arrest; on the other hand, he requests for the third time, a date and time be set for a special hearing to review the imposed house arrest.

XIX. Compared copy of testimony of general judicial power granted by Mrs. M▆▆▆ ▆▆ ▆▆▆▆▆▆ N▆▆, in favor of B▆▆▆▆▆ ▆▆▆▆▆▆ G▆▆▆, presented on 6/2/2021; through which the aforementioned professional was authorized to consult the file.

XX. Copy of the resolution of fifteen hours and twenty minutes on June 9, two thousand and twenty-one, received, via fax, on 6/10/2021, and attached photocopies, from the Specialized Chamber for a Life Free of Violence and Discrimination for Women, through which it is resolved to require this Court, present a written report of the facts that are related in the complaint for delay in the processing

XXI. Official letter No. 1278, together with a copy of the resolution pronounced at eleven twenty minutes on 6/4/2021, pronounced by the Constitutional Chamber of the Supreme Court of Justice, received via institutional email on 6/18/2021

## III. In regards of the received documentation it is resolved:

A)    In relation to the photocopies of the entire process, requested in the libel related in numeral 46), THE SAME IS DENIED, BY VIRTUE THAT THIS PROCESS HAS PARTIAL RESERVATION DECREED, HOWEVER, THE ACCREDITED PARTIES HAVE ACCESS TO THE CONSULTATION OF THE PROCEEDINGS; Regarding the request for interviews, stick to what was previously resolved.

B) Omit submitting the reports requested in the documentation described in numerals 47) and 61), because the deadline for it has elapsed.

C) Regarding what was requested in the document related to numeral 48), abide by what was previously resolved.

D) Regarding the petition contained in numeral 49), THE PROCEEDINGS SECRETARY OF THIS JUDICIAL HEADQUARTERS SHOULD PROVIDE A REPORT, NO LATER THAN WITHIN THE THIRD DAY, TO THE OFFICE OF THE ATTORNEY FOR THE DEFENSE OF HUMAN RIGHTS, LETTING THEM KNOW THE DATE OF THE PRELIMINARY HEARING. ART.150 CPP.

E) In relation to the requests made and related in numerals 50), 51), 52), 54) 55) and 59), abide by what was previously resolved.

F) There being no proceedings to carry out or order in relation to the requests related in numerals 53) and 56), add them to your background; clarifying that the appointment of the preliminary hearing could not be carried out on the initially scheduled date (5/21/2021), among other reasons, as stated in the first two paragraphs of this provision.

G) Regarding the writings of numerals 57) and 60), THE LICENSEES FRANCIS ELIZABETH VAQUERO CHÁVEZ AND CLAUDIA MARIBEL FLORES PEÑA, AS REPRESENTATIVES OF M███████████████████████ N███████, must be given the intervention of law respective.

H) SUBMIT THE REPORT REQUESTED BY THE CONSTITUTIONAL CHAMBER OF THE SUPREME COURT OF JUSTICE, in the request related to numerals 58) and 64), MUST ALSO SEND THE CORRESPONDING CERTIFICATION.

I) Add to your background the verified copy of the testimony of general judicial power granted by Mrs. M███████████████████ N████, in favor of B█████████████ D████, listed in number 62) ut supra.

J) Omit to submit the report requested in the documentation described in numeral 63), because the term for it has elapsed.

IV)   Regarding the indications of hearings and proceedings carried out, the aforementioned parties are ORDERED that, due to the current situation due to Covid-19, they take the biosecurity measures that correspond to them, having to wear masks while they are in the facilities of this courthouse or the place where they will be carried out.

V) **NOTIFY AND RELEASE THE CORRESPONDING COMMUNICATIONS**

G) Regarding the writings of numerals 57) and 60), THE LICENSEES ▮▮▮▮▮ ▮▮▮▮ ▮▮ ▮▮▮▮ C▮▮▮ AND C▮▮▮ ▮▮▮▮ ▮▮▮▮ F▮▮, AS REPRESENTATIVES OF M▮▮▮ ▮▮▮ ▮▮▮▮ N▮▮, must be given the intervention of law respective.

H) SUBMIT THE REPORT REQUESTED BY THE CONSTITUTIONAL CHAMBER OF THE SUPREME COURT OF JUSTICE, in the request related to numerals 58) and 64), MUST ALSO SEND THE CORRESPONDING CERTIFICATION.

I) Add to your background the verified copy of the testimony of general judicial power granted by Mrs. M▮▮▮ ▮▮▮ N▮▮, in favor of B▮▮ ▮▮▮ D▮▮, listed in number 62) ut supra.

J) Omit to submit the report requested in the documentation described in numeral 63), because the term for it has elapsed.

IV)   Regarding the indications of hearings and proceedings carried out, the aforementioned parties are ORDERED that, due to the current situation due to Covid-19, they take the biosecurity measures that correspond to them, having to wear masks while they are in the facilities of this courthouse or the place where they will be carried out.

V) **NOTIFY AND RELEASE THE CORRESPONDING COMMUNICATIONS**

**PEACE JUDGE OF CONCEPCIÓN DE ATACO,** Ahuachapán department, at sixteen hours of Saturday June eight two thousand nineteen

The present Common or Ordinary process registered in this Judicial office under number 25-2019; initiated by Lawyers ELBA LUZ LEMUS FLORES and IRMA ANAYANSY CORDOVA DE LOARCA, of legal age, Lawyers of the domicile of Sana Ana, acting as Auxiliary Agents of the Attorney General of the Republic, instructed against the accused MICHAEL ALE ANDRO CASTILLO MURGA, to whom the commission of the illegal penalty of AGGRAVATED FEMINICIDE is attributed, a crime provided for and punished in Articles 45 literal a) and 46 literals c) and e) of the Comprehensive Special Law for a Life Free of Violence for Women, ( LEIV) to the detriment of MELVI FERNÁNDA NAJERA QUEZADA, thus the accused Castillo Murga is also attributed the crime of IMPERFECT HOMICIDE, typified and punished in Arts. 128 in relation to · Art. 24 of the Criminal Code, to the detriment of the life and physical integrity of a minor, who 'is legally represented by M███████████████ N███, and against the accused EDITH DEL CARMEN.RIVAS DE MURGA (absent), JACQUELINE ALEJANDRA MARTINEZ HERRERA· (present), ROBERTO ARTURO VALDIVIESO LOPEZ (present) and DONALD AUGUSTO VALDIVIESO LOPEZ (absent), who are attributed the commission of the criminal offense of PROCEDURAL FRAUD, in relation to the crime of aggravated Femicide referred to above, crime foreseen and sanctioned in Art.306 of the Penal Code, to the detriment of the ADMINISTRATION OF JUSTICE, an event that occurred on the thirty-first day of January two thousand and nineteen at kilometer ninety-nine and a half of the highway that leads from Ahuachapán to Sonsonate of the Cantón el Molino of the Jurisdiction of Concepción de Ataco of the Department of Ahuachapán·.

**INVOLVED PROCEDURAL PARTIES.-** '

In the present process, the following have intervened, substitute Peace JOSE ENRIQUE DELGADO ALFARO, assisted by the Secretary for Proceedings, Bachelor FRANCISCO ADÁN SALINAS, as prosecutors, lawyers ELBA LUZ LEMUS FLORES, ANA YANSI CORDOVA DE LOARCA, ANA GRACIELA SAGASTUME and SANDRA ELI MORAN and as Private Defenders, lawyers JOSE RICARDO MARTINEZ ESCOBAR, DINA MARISOLVINDEL DE CHAVEZ, LUIS ARMANDO PANIAGUA CHACON, REYNA MARISOL JIMENEZ VELASQUEZ, GERMAN ELISEO HERNANDEZ UMANZOR, CARLA VERONICA DURAN, JUAN CARLOS RIVAS AND JORGE ALBERTO COBAR AGUILAR, with the presence of the accused JACQUELINE ALEJANDRA MARTINEZ HERRERA without the assistance of the defendants ROBERTO ARTURO VALDIVIESO LOPEZ for being hospitalized in Room 4 A of the Medical Center of the city of Ahuachapán, under police custody; The absent accused MICHAEL ALEJANDRO CASTILLO MURGA, EDITH DEL CARMEN RIVAS DE MURGA and DONALD AUGUSTO VALDIVIESO LOPEZ are not present either, despite being duly summoned by the First Peace Court of Ahuachapán, however for the accused DONALD AUGUSTO VALDIVIESO LOPEZ has appointed as his Defender of Mr. JORGE ALBERTO COBAR AGUILAR, for which reason he has already been held before the hearing and the accused MICHAEL.ALEJANDRO CASTILLO MURGA and EDITH OEL CARMEN.RIVAS.DE,MURGA, the undersigned Judge in accordance with Article 101 Inc. 3rd. Pr. Pn, appointed Attorney JOSE RICARDO MARTINEZ ESCOBAR as Public Defender for the First and DINA MARISOL VINDEL CRAVEZ for the second, these professionals having accepted the performance of the position; reason why in accordance with Art.298··Inc. 4th ·. Pr.Pn. It will be resolved in this resolution in relation to the five defendants; Also

present is the offended Mrs. M███ ██ ██ █████ ██ N███, who is the mother of the deceased and the child's grandmother.

# CIRCUMSTANCED RELATION OF THE FACTS:

In the present case, the investigation began on February 1, 2019, where the criminal news was found that the body of a female person was found at kilometer ninety-nine of the highway that leads from Ahuachapán to Sonsonate, El Molino canton, municipality of Concepción de Ataco, department of Ahuachapán, for which reason the case was processed, leaving the victim in this case unidentified at that time.

After that, on February 4, two thousand and nineteen, a minor was found near the area where the body of the unidentified woman was found, so the minor who at that time was one year seven months old is assisted by the dehydration and the state of health that he presented, carrying out proceedings in favor of the minor who was identified that same day by the maternal grandmother as M███ She ████ N███, who in turn and relating the proximity of the two events to the police, and who She provided information that both her daughter and her grandson have lost contact with her since January 31, 2019, when she is taken to legal medicine and recognizes the body of the unidentified woman as her daughter MELVI FERNANDA NAJERA QUEZADA .

Because of the previous, from the investigation the following facts are obtained:

MELVI FERNANDA NAJERA QUEZADA met Michael Alejandro Castillo Murga from approximately two thousand thirteen in a political party meeting, and started to communicate first through social media; in the year of two thousand fourteen, they begin to have a sentimental relationship and in late two thousand sixteen the mother of the victim whose name is M███ ██ █████ ██ N███ starts to notice changes in her daughter's health and it was in the year two thousand seventeen that the victim, accompanied by her sister R███ ██ N███ go to Fosalud (health clinic)of the Municipality of Juayúa and the victim performs a pregnancy test and confirms that she is pregnant, so only R███ ██ N███ goes back to her mother's house at approximately noon on the day of the medical appointment, telling her that Fernanda had to go to run an errand, because she felt dizzy and that she would tell her what had happened. Fernando gets back at approximately three in the afternoon that day, and so her mother asks her "is it what I am thinking?", because she saw that her stomach was different, so Fernando tells her that she is embarrased with Mr N█, and started crying when she said that, to which her mother responded that she should not be ashamed and that if N█ loves her he would have to love her children as well. After that she asked her who was the father of the child and she responded: all at due time. Time passed without knowing who the kid's father is, Fernando decided to name him MATIAS ████████ N███, bwing born in june two thousand seventeen, but four months after he was born, Fernanda starts to work as a beauty counselor for EBEL, working in Juayúa, Los Naranjos, la Majuada, this work was all day even weekends, because it was a goal to get more people, the family did not know that Melvi Fernando had a formal boyfriend. Nonetheless until the boy M███ N███ has one year with two months, Fernando tells her mother that the boy's father was going to go to their house (they lived in Barrio Santiago avenida quince de abril, Municipality of Apaneca, department of Ahuachapán); to which the victim's mother just said "Good it was time for him to show his face, you should ask of him for support"; he arrived five days after the victim told them about this, describing him as a Young boy of eighteen or nineteen years of age, White skin color, thin, tall, who presented himself as Michael this was the first time the mother

and family saw him, who knew Michael lived in a house at the entrance to Ahuachapán; that day he arrived in a small car, with four doors, color White, like bone White, the victim told her mother "Mom here comes Michael" and Mr. N█ went out to greet him, they said hello and spoke in English because Noé has lived in the United States. Michael said he was sorry for not coming before, but that he was in the disposition of helping the boy, to which the victim's mother said that it was Good, but the victim's mother boyfriend N█ told him that the boy did not need anything, but that as the boy's father he could begin with his obligations as father, to which Michael said that he did not have, enough money at the time because t was his grandmother who handled the money, but that he was committed to give the boy the money that they gave him to study. Mr. N█ told him that he could go to see the boy at the time he wanted, so that the boy would not ignore him. After that he goes out of the house with the victim and the boy to carry him and saying that he would come back the next weekend but after that he never came back. She found out that after the visit he leaves the victim forty dollars and that he leaves it under a rock outside his house and that after she picked up the money she would stop by for things for the boy. But the victim's mother, asks her for what reason he leaves the money under a rock and she responded that it was because Michael had classes early in Santa Ana but she saw her daughter stressed, because Michael told her that she had to be patient that he would tell his grandmother that he had a boy, because the victim wanted him to acknowledge the boy in his birth certificate so that the boy would have Michael's last name. After those events the victim's mother remembers that before her death her daughter told her, that she was going to see Michael between the twenty six and twenty seven of january two thousand nineteen, that they would go and see a house that he had in Santa Ana, so the victim told her mother this so that she would give her permission to go, to which the mother said yes, but that he would have to pick her up at their house, because she wanted to tell him to his face to take care of the boy, those days went by (between the twentysix and twenty seven of january two thousand nineteen) but he never got there and the victim told her mother "mother he Will not come today" and it was spoken of that they would see one another on the day of Wednesday january thirty two thousand nineteen. She told her mother that he would pick her up and they would go to Santa Ana because they were going to see the house that he had rented, to which the victim's mother asked her why they had to wait until the night to go, to which the victim told her that they were just going to live together, they they would not have intercourse as anymore because Michael had a delay, so the next day on january thirty first two thousand nineteen the victim around noon told her mother again that Michael was going to get there to pick her and the boy up like at sis in the afternoon to go to Santa Ana, but during the afternoon of january thirty first two thousand nineteen Fernanda goes to see a land in Salcoatitan department of Sonsonate, because she was going to sell it because her father had given it to her, so she comes back between five and five twenty in the afternoon approximately and when she gets home her mother sees in the Messenger chat and remembers that her daughter had insinuated that she wanted to go alone with Michael and without the boy but the victim's mother told her that she had to take the boy so the victim decides to go buy pupusas before leaving with Michael like at five thirty in the afternoon so that the boy would eat, so when the victim come back to the house after buying the pupusas she went out a lot of times to the door, so the mother as she watched this told her that Michael had to get out of the car when he got there and she said "mom you don't trust me", and her daughter showed her the messages of Messenger in her cell phone where Michael told her that he was parked outside the house, being this around six thirty at night approximately and the victim grabbed the boy to go out




because Michael parked in front of a siege approximately one black up from the house, observing the mother that he was in a gray car, when the victim was going out of the house the mother went after her and told her "you take care of the boy Fernanda" to which she answered "mom I am going with his father, what can happen". The mother stayed angry, because she went out at night, even when she told her not to go out at night. That day of January thirty first two thousand nineteen Melvi Fernanda refers that the victim wore a purse like a backpack color light Brown, black leggings and a Batman sweater, tennis shoes and the boy had a light blue sweater. Michael Alejandro Castillo Murga used his mobile number 74753021 is located moving from the city of Ahuachapán until Apaneca, activating the Apaneca city antena at eighteen hours with twenty minutes and forty two seconds (18:21:42), antena which provides service in the area where the victim lives;  was captured in his return by Apaneca 2 antena(road from detour of Jujutla) eighteen hours and forty two minutes (18:42) of the day of january first two thousand nineteen; hours in which he was already with the victim and the minor who according to the victim's mother was told by her daughter that he was taking them for them to know the house in which Michael told them they would live; being in this route that Michael stops his car color gray in kilometer ninety nine of the highway from Ahuachapán to Sonsonate, cantón El Molino Concepcion de Ataco Ahuachapán, place where he Parks along the sideway of the highway even though the area is very solitary and this is where Michael starts to physically injure the victim with  a cutting instrument Melvi Fernanda  is seen during this assault by witnesses with code names Cojutepeque uno and Cojutepeque dos, who were in transit from Ataco to Ahuachapán passing by the place where Michael parked and watched how one person who they describe as tall thin who assaulted a person who was of the feminine gender which they were able to see and observed that had a black pants or leggins and that he had her in the back seat of the car at the time; and they observed the victim kicking and screaming; and at that time Michael kills Melvi Fernanda whose cause of death was Massive Hemorrhage  because he performs various lacerations of  big veins in the right hemi-neck produced by a short cutting instrument besides the other wounds that she presented in her body; being in this case that through a mobile terminal Michael is located through the antennas Ataco y Ataco 2 Claro between eighteen forty four and nineteen and ten hours, which provide coverage near the place where the victim's body is found and where the mobile terminals capture him in the area where he stayed for approximately twenty six minutes; time in which he killed the victim and even after he killed her; there is analysis information from electronic means where one hundred ninety three conversations of whatsapp were obtained, where some of them happened on January thirty first of two thousand nineteen in critical hours where between eighteen forty seven hours and nineteen hours with zero three minutes of that day he did not answer messages or calls to Jaqueline (who has been identifies in the present case as Jaqueline Alejandra Martinez Herrera who was Michael's official girlfriend)  messages in which you can notice her anger because he did not report himself and until nineteen hours with three minutes Michael sent her a photograph to Jaqueline where he is found with blood stains in his face and neck, created that same day at the same hour, after Michael sent her an audio with a scared tone and agitated telling her "Jaque I Will call you soon…" …"call you soon"; this was because he had already killed the victim. There is information that after this that Jaqueline's phone number 77493637 has communication with the mobile number 74753021 which is Michael's phone calling him eight times which were made between the two of them during nineteen and nineteen hours and twelve minutes; after knowing this Michael's girlfriend calls Mrs. Edith del Carmen Rivas de Murga who uses the mobile terminal number 78983877 between nineteen hours with three minutes and five seconds (19:03:05) until nineteen hours with

nineteen minutes and forty seven second (19:19:47); Michael after killing the victim leaves the minor M‎        N‎     abandoned near the área where the victim's body was left in environmental conditions that threatened his life; and continues his route to his house located in Colonia San Cayetano, cantón El Barro house number three highway to Concepción de Ataco, Municipality and Department of Ahuachapán, by this time Mrs. Edith del Carmen Rivas de Murga who is Michael's grandmother on his mother side realized actions in order to help him and even makes phone calls to other people to help him cover up the murder and in this contacts through a call with Codename Uno so that along with Codename Two could go to her house, and when these witnesses arrive at the house they observed a color gray car, four doors, Brand Mitsubishi Lancer, which was the car tha Michael always drove, and when they entered the house to see what Mrs Edith needed, they saw that Michael was covered up in blood all over his body remembering witness Codename One that he was wearing a black pants, with a black shirt and black tennis shoes with White lines, and when witness code name One asks Michael what had happened, Michael told him that he had killed a lady by the Molino that is near the Street that leads to Ataco and that he had done it to defend himself because she wanted to kill him, but that before he killed her he had killed her son, that this woman extorted him, Minutes late Michael's girlfriend arrived,  Jaqueline (who has been identified as Jaqueline Alejandra Martinez Herrera), and also asks him what happened and Michael repeated the same thing he had manifested before. A lawyer arrived later named Donald Valdivieso when he arrived he asked what happened and Michael told him he had killed a woman in personal defense, the lawyer asked him how that happened and he told him that he had picked her up in his car, and she had asked him to take her to Ataco, but that halfway there the woman asked him to stop the car and that she had told him that if she did not kill him, they would kill her afterwards, and her son too ;so after that she killed the boy and has wanted to kill Michael, but Michael took the knife from her and killed her and that it had all happened in personal defense; it wàs there where Mrs Edith asked Michael how he had killed her; and he showed how he had stabbed her on the neck and the stomach and that he had left her around the place known as  El molino; Donald the lawyer told him that if it was in self defense that they would see what could be done and then Mrs Edith told the lawyer what to do and he said to Michael that he had to be taken out, see where he could hide then Michael's girlfriend went to see inside the car and found a telephone and she told Mrs Edith that they had to get rid of it so they give it to Witness Code One and he threw it in the garage nut they told him to burn it with the resto f things that were in the car. In this case Witness codename One and Two who were in the place because Mrs Edith and the lawyer told them what to do to each one. They saw the Victim's Personal Identity Document which they remember the name as Melvi Quezada because the lawyer asked for the name and when they said her last name he just said that the  Quezada were from Apaneca; and both of them (Mrs Edith and lawyer Donald) ordered to burn what was in the car, and everything that came out after that Michael was in bad health for which Mrs Edith became worried and they called a Doctor, where they send Witness Codename One to buy a medicine and they injected Michael, after he injected him, the doctor left. Afterwards Michael's girlfriend and witness Codename One helped Michael bathe and with the clothed that they took from Michael she told him that he should see what to do with them and what he did was hat he placed them in a bowl and put water on them and left them there during the night; the lawyer told her that Michael had to be taken away so Mrs Edith said that she would take Michael and when Michael came out of the bathroom his girlfriend took him to the bedroom and put clothes on him . He said he was feeling better and started packing his bag, his girlfriend always with him; and when he had his bag made after a while they opened up the garage



and lawyer Donald put his car inside which was color black and they placed Michael on the back seat of the lawyer's car and Mrs Edith went in the car with them, but before she left she said to Codenames One and Two that they should take care of the house and that lawyer Donald would tell them what to do in case of any inconvenient. Twenty minutes after Mrs Edith left she called Codename One and said that there was a black bag with Michael's clothes in it and that he should burn the,, so he went near Michael's room and his girlfriend was in there, Jaqueline, and she went to the witness and asked if she knew the person that Michael had killed and she said that she did not know her and that she did not know where she lived  and that she had gotten mad because he did not answer the phone; then she showed him where Michael had sent a picture with his face covered up in blood and that she had told him not to give his phone number to anyone, that he was trusty of people and because he gave his number they always extorted him; by this time the witnesses really believed that someone had tried to kill him  so Codename One told Jaqueline not to talk to anyone, like Mrs Edith had said because the lawyer had said that it had to stay there, to which Jaqueline said that only her brother in law knew that she was still with Michael, because to her family they had already broken up. After that they went to pick up Jaqueline a black car and she said that it was her brother in law which was confirmed by the mobile antena used by Jaqueline that locates her in the area between the hours of nineteen hours with thirty minutes and twenty hours with fifty seven minutes ; after this  Mrs Edith calls witness codename One Clave to open up the garage door because she was coming back to the house, arriving in a motorcycle color green, like Kawasaki, she was driven to the house by lawyer, Donald Valdivieso, she went inside the room and the lawyer stayed outside talking to witness codename Two and witness codename Once went inside the house with her where she told him that he should go to the second floor and bring down a suitcase but then she said she would not take it because she could not take it on the motorcycle,  but to hand her a garbage bag because she would place some things in it, he saw her put inside the bag some jeans, some shoes, and then she said that she would leave the bag in the guest room and that early the next day he should take it to her along with witness codename Two to lawyer Donald's house . So the next day they burned the things like Mr Edith and the lawyer said, in a tin thing near a faucet that was near the pool, then they went to leave the things to lawyer Donald's house and gave her the bag. Mrs Edith said that she would give him the key to her room so that he would take her some folders that she had there, with her medical records, of Michael, Juan Francisco´s birth certificate and a car value, so he went for all those documents and also called to ask for a medicine; he took all of this in the red car that Mrs Edith had left. When he got the lawyer Donald was with her and they told the witnesses that they had to was Michael's car (this because the car had blood in the copilots seat, in the back part of the car and blood stains on the side of the driver) also during the day you could see blood in some parts outside the car; car that did not have any new hits, that car only had older hits that Michael had crashed it); then a man came along in a gold car or yellow four doors, where a man came out of like forty five years old , with beard, White skin and with muscles and lawyer Donald said that this man would take care of Michael´s car which was still at the house and told them to buy vinegar because that took the stains away; that was when Mrs Edith gave them twenty dollars to buy the vinegar, and they went to the market, the witnesses, they bought some pupusas for breakfast and left for the house, so they barely had breakfast and started washing the car Mitsubishi, Lancer that Michael used, which was covered in blood, they wash it with water, car shampoo and some vinegar, they washed it all. The blood did not come out totally that Friday february first Mrs Edith called and asked if he had taken it all out, referring, the witness thought to the car and the rest, to which he said yes that they had taken the

last cable out, referring if the evidence had been taken out and the witness just said yes; it was until Saturday that witness One was at Mrs Edith's house and the man arrived, that lawyer Donald had introduced them to and that day they saw him with gloves and asked for the garbage bag to place on the seat on the driver's side and he took the gray car, he went out through the back porch door. After this on Monday February four two thousand nineteen Codename One called the lawyer and asked if he could get there. He got there in five minutes and Codename One because he was scared, asked him for advice and the lawyer told both of them, because Codename Two was already there that if they asked for the Mrs they should say that she left Friday february first two thousand nineteen in the morning on a trip, and that they had picked her up and did not see who had picked her up; he told them they should say that even if they were intimidated he told them to grab themselves good to not say anything because if they said anything something could happen to them; he said relax, go inject something don't be nervous and then he told them to turn off their telephone because someone could be listening and then he told them that Michael had lied to them that he had contacts and that he was told that the woman he had killed was his girl and that apparently they had a son together, for which the police men could make questions; the cam recorder that they had in the house was given to the lawyer by Codename One because Edith had told him to take them, but he gave it to Donald the lawyer and he took it; the lawyer also told him to buy a new phone and that if they asked for his phone number he should give the new one and that the Company would give them money for the new phone but he did not do as he was told,  he also told him that if the police arrived he should call him, the lawyer and just say now; but witness codename One did not do it and since Monday has not spoken to him; that same Monday a woman arrived and a man as well looking for Edith and they said that they were looking for her because Michael had taken her daughter and her daughter's son but when they called them they did not answer, so witness codename One said she had gone away on a trip; after this they tell witness codename One that they have to get in contact with the person known in the town as Chino Martinez, that Mrs Edith had already spoken to this person, after that up until may fourth two thousand nineteen they receive orders that if they get a document from the Prosecutor's Office they would let them know immediately.

## **LEGAL CLASSIFICATION OF THE CRIME OF AGGRAVATED FEMINICIDE, A CRIME PROVIDED FOR AND PUNISHED IN ARTICLES 45 LITERAL A) AND-46 LITERAL C) AND E) OF THE SPECIAL INTEGRAL LAW FOR A LIFE FREE OF VIOLENCE- FOR WOMEN, from now on it will be mentioned only as (LEIV) TO THE PREJUDICE OF MÉLVI FERNANDA NAJERA QUEZADA.**

Making a legal analysis of the theory of the crime related to the fact that concerns us in the present case, we can mention the following:

The facts previously narrated are adequate. to the criminal offense defined by the. Legislator as FEMINICIDE, which. is regulated in Article 45 of the LEIV, having the quality of AGGRAVATED with what is regulated in the arts. 45 literal to; and46. literal c) and e) both of the Law described above e) which is attributed to Michael Alejandro Castillo Murga; Said qualification is based on the factual framework of the present case.

Being established the possible _participation of the accused Castillo Murga as direct author in accordance with the provisions of art. 33 Pn, since both the objective and subjective elements of the criminal type are established.

Criminality refers to human behavior itself and is defined as "the characteristic that a conduct has by reason of being appropriate to a criminal type, that is, individualized as prohibited by a criminal type." Therefore, the judge in the present case must carry out, according to legal hermeneutics, an analysis of whether the conduct of the accused falls within the criminal type indicated above.

## A) CONCEPT. -

The term "FEMINICIDE", as regulated by Article 45 of the LEIV, establishes that """Whoever causes the death of a woman mediating reasons of hatred or contempt for her status as a woman, will be punished with imprisonment for twenty to thirty-five years. It is considered that there is hatred or contempt for the condition of women, and when any circumstance of said legal provision occurs and in this case it has been established in its literal a)"""11 That death has preceded by an incident of violence committed by the perpetrator against the woman, regardless of whether or not the act was denounced, by the victim Whoever acts with other attitudes, taking advantage of the conditions and circumstances of such a type of crime, manifests itself in an aggravated manner, and thus we have to know in this case as AGGRAVATED FEMINICIDE.

THE CRIME OF AGGRAVATED FEMINICIDE; For its part, the aggravation invoked is regulated in art. 46 literal c) if it were committed in front of any family member of the victim, and in the present case the defendant Michael Alejandro Castillo Murga, committed such crime in the presence of his minor son who had procreated with the victim, barely one year and seven months old. age, and regarding what is regulated in literal e) of the same article forty-six of the LEIV, it mentions that "if the author prevails over the superiority originated by relationships of trust, friendship, domestic, educational or work"' '", it is understood that it conforms to such provision since although it is true they were not a formal couple, in fact the victim shared a non-marital union with the accused since they had a child in common that although it is true does not appear in the birth certificate added to the process to Pages seventy-six, the accused Michael Alejandro Castillo Murga, thus it is mentioned that he recognized him as such.

## ELEMENTS OF THE CRIME OF FEMICIDE.

**Typicality:** The typicality is the adequacy of the conduct carried out by a person to the criminal type, constituting the latter the description of the conduct made by the legislator in the penal norm.-The criminal type has its elements and in this case the arts. 45 literal a, c; and 46 literal e, e) of the Comprehensive Special Law for a Life Free of Violence for Women.

As a basic element in the type, there is **MISOGYNY** or the reasons for hatred or contempt for women because they consider them an inferior being, this subjective element is precisely what differentiates a homicide from a femicide, which in this case Misogyny is practiced by Many men feel a hatred-aversion towards women or what is feminine and subtly express it with an attitude of rejection, assuming that they have a condition or a "higher power" of authority, they try to minimize or consider "inferior" to a woman, this expression in words, is accompanied by a kind, simulated language or behavior, sometimes accepted by some females who, due to subordination or dependence, have learned to tolerate permissively, and where sometimes, verbal or emotional violence can be expressed.

Being then that Femicide is the most extreme manifestation of abuse and violence of men towards women. It occurs as a consequence of any type of gender violence.

Thus we have that in recent years and as a result of the struggles focused on achieving equality, gender equity, freedom, access to justice and human dignity, in our country progress has been made in the recognition of gender violence.

The abuses of power based on inequality and discrimination, against children, adolescents and women, older adults, people with disabilities and LGTBI, have reflected for centuries, the main forms of violation of Human Rights, affecting the right to life , personal security, physical and emotional integrity, as well as dignity.

Gender-based violence has been for many years one of the most serious problems that Salvadoran society has had to face, prevailing sociocultural stereotypes that have established alarming gaps of inequality and discrimination, thus leaving multiple consequences in the emotional sphere, productive life and human development.

This type of violence has a structural nature and dynamic mechanisms that are based on a sexist and patriarchal culture that normalizes and naturalizes it.

It is also not uncommon for victims to feel guilty or responsible for the situation or to fear causing pain to other people (for example, in the presence of their children). Even, depending on the type of education received or the time that the victim may have been manipulated, it may be thought that it is normal behavior and that in one way or another in order to maintain a status or appearance before society they consider that they feel deserving of the mistreatment they receive, be it of a physical, psychological or patrimonial nature, such is the case that it is mentioned that the defendant left the money under a stone in his house, thereby demonstrating a contempt for his dignity as woman but nevertheless she accepted it like that.

Thus we have that, accused according to evidence in the prosecutorial proceedings presented, had already caused the victim a previous violence that was not reported described in art. 45 literal a) That death has been preceded by an incident of violence committed by the perpetrator against the woman, regardless of whether or not the act has been denounced by the victim.

In the present case it has been established that Melvi. The victim had been in a relationship with Michael for years, which can be said to be hidden since it was not formalized by Michael who, however, after having this relationship with the Victim, began a courtship with the now accused JAQUELINE ALEJANDRA MARTINEZ HERRERA, without leaving the relationship with Melvi and having her awaiting compliance with her obligations as indicated by the statement of the victim's mother who establishes how her daughter kept things quiet so as not to cause harm to Michael, according to what she was referring to. since his grandmother, Mrs. Edith del Carmen Rivas de Murga, would leave him without money, tolerating to the point that he went under a stone to leave money for the victim's youngest son, that Michael asked Melvi for patience to make known the existence of their youngest son, whom Melvi wanted to be recognized and even without this allowed him to come to the house to present himself as the father of the minor, which he does without seriousness since he never came again, But if Melvi was sustained by the hope of living together, a fact that the victim herself referred to her mother, Mrs. M███████████████████████ N██



### B)  PROTECTED LEGAL ASSET. -

The protected legal asset is human life; In correspondence with the provisions of Article 2 of the Constitution of the Republic, where it lists that all people have the right to life, in the same way, Article 1 of said body of law as the highest rector clearly establishes that: "The Salvador recognizes the human person as the origin and end of the State. -

Legally, life is considered the most important asset of the person and as the physical basis and budget for other assets, thus being the main fundamental right of the human being.

Human life is a biological reality that, in principle, is protected by the mere fact of existing and without regard to other evaluations, that is, with an absolute character.

We must take into account that in addition to what is said in our constitution, it also establishes regulated equality in its Article 3 that all people are equal before the law, be they men and women, since it speaks without distinction of sex, which is strengthened by the Law against intrafamily violence, Special Comprehensive Law for a Life Free of Violence for Women (LEIV), Law on Equality, Equity and Eradication of Discrimination against Women (LIE); Special Law for the Comprehensive Protection of Children and Adolescents (LEPINA), we also have international instruments such as the Convention on the elimination of all forms of discrimination against women (CEDAW), the Inter-American Convention to prevent, punish and eradicate violence against women (BELEN DO PARA) and others who protect non-violence and discrimination against women under the power to put them under the power that by violating a woman and subjecting her to the violence meter of abuse goes to the extreme that in this case we are knowing what FEMINICIDE is and in the circumstances that occurred and with the abuse of power using the machismo of the active subject it has become AGGRAVATED FEMINICIDE.

### C)  SUBJECTS. -

Active subject can be any person, regardless of sex, creed, race or religion, since the law says: "Whoever causes the death of a woman (mediating reasons of hatred or contempt for the condition of '-being a woman" Without any distinction, in this case we have that according to the prosecutor's request presented and the intervention of the requesting assistant prosecutors, it was committed by the accused MICHAEL ALEJANDRO CASTILLO MURGA; -.

Regarding the passive subject, in this crime the material object of the action coincides, on which it falls, and the taxpayer, owner of the protected legal right, likewise the taxpayer in this case is the victim MELVI FERNANDA NAJERA QUEZADA.

### D)  TYPICAL CONDUCT. -

The typical conduct in this class of crimes, the guiding verb is to KILL A WOMAN, mediating reasons of hatred or contempt for her condition as a woman.

That is why the State of El Salvador by Legislative Decree No. 430 dated August 23, 1995, has ratified the Inter-American Convention to Prevent, Punish and Eradicate Violence Against Women "Convention of Belém Do Pará", hereinafter " Convention of Belém Do Pará", whereby according to article 3, every woman has the right to a life free from violence in both the public and private spheres;

and in accordance with article 1, violence against women must be understood as any action or conduct based on their gender that causes death, damage or physical, sexual or psychological suffering, and that is the obligation of the States parties as provided in article 7.C , include in its internal legislation, penal norms that are necessary to prevent, punish and eradicate violence against women. ·

In addition, the Special Comprehensive Law for a Life Free of Violence for Women establishes specialization in the matter as a guiding principle, through which women have the right to differentiated and specialized attention with due diligence, which achieves a fair equalization and real equality in the legal field; In this sense, it is imperative to create and develop processes that respond to the demand for specialized and comprehensive services, adopting all the necessary measures to achieve the full realization of the rights to simple and effective remedies before the competent Courts, which protect women. against acts that violate their rights, as also established by both CEDAW and the Belém Do Pará Convention.

## E)  **JUSTIFICATION.** -

At least for the moment in this procedural stage, there is no justification whatsoever on the part of the accused MICHAEL ALEJANDRO CASTILLO MURGA, having acted in legitimate defense or in any of the grounds for excluding criminal responsibility for having acted with intent, premeditation and treachery in against the victim, since there was participation of him according to the evidence in the proceedings that have been counted up to this moment since although it is said that such an offense was committed in self-defense, that is his version which must be proven during the investigative phase.

LEGAL CLASSIFICATION OF THE CRIME OF IMPERFECT HOMICIDE PROVIDED FOR AND PUNISHED IN ART.128 IN RELATION TO ART.24 OF THE PENAL CODE TO THE PREJUDICE OF A MINOR (CHILD).

Making a Legal analysis of the theory of the crime related to the fact that concerns us in the present case we can mention the following:

The facts narrated for the consideration of the fiscal representation are configured as the governing verbs of the crime of IMPERFECT HOMICIDE foreseen and sanctioned in the Arts. 128 in relation to Art. 24 both provisions of the Penal Code to the detriment of a child, in this case the son of the deceased MELVI FERNANDA NAJERA QUEZADA AND the accused MICHAEL ALEJANDRO CASTILLO MURGA.

## A)    CONCEPT. -

The term "HOMICIDE" refers in the Penal Code both to the figure of article 128, which clearly establishes """"Anyone who kills another will be punished with fifteen to twenty years' imprisonment" also for not having been consummated has been as imperfect homicide regulated in the same code that literally says:""""Art. 24. There is an imperfect or tempted crime, when the agent, in order to commit a crime, begins or practices all the acts leading to its execution by direct or appropriate acts to achieve its consummation and this does not occur due to causes foreign to the agent"" "".

In this case it is mentioned that the defendant MICHAEL ALEJANDRO CASTILLO MURGA, caused the femicide of the child's mother, Mrs. MELVI FERNANDA NAJERA QUEZADA, on the night of January thirty-first, two thousand and nineteen, leaving the child abandoned on the farm until February 4 of this year, at full disposal of any risk from a wild animal, bird of prey, snakes, the sun, water or any other element of nature that may have caused death, so it is so he endured such atrocity until it was located according to the record on pages sixty-seven in Tablón San José Number one, Finca San Antonio del Cantón El molino of this Jurisdiction by Mr. JOSE NORBERTO RIVERA VASQUEZ, who was the one who came to give the respective report to the authorities, and was the guide to identify M███ F██████, since the recognition of the body on February 1 of this year had been left as an unknown person and this is confirmed by the autopsy carried out on pages four hundred eleven to four hundred and fifteen carried out by Doctor Carlos Eduardo Hasbun Duarte, Forensic Doctor of the Institute of Legal Medicine of Ahuachapán and Santa Ana.

## B)   PROTECTED LEGAL ASSET. -

The protected legal asset is human life, in accordance with the provisions of Article 2 of the Constitution of the Republic, where it lists that all persons have the right to life, in the same way Article 1 of said body of law as the highest rector clearly establishes that: """ El Salvador recognizes the human person as the origin and end of the State. –

Legally, life is considered the most important asset of the person and as the physical basis and budget for other assets, thus being the main fundamental right of the human being.

Human life is a biological reality that, in principle, is protected by the mere fact of existing and without regard to other evaluations, that is, with an absolute nature, but there is general agreement that it is necessary to resort to evaluative criteria to resolve extreme cases. , a resource that, in turn, inevitably leads to breaking the absolute nature of the protection of human life. This explains the unequal punishment ·in abortion and in homicide, the recognition of the effectiveness of the consent of a person who wishes his death, when the freedom of the person comes into play· and the exclusion of the protection of the life of the aggressor in cases of death produced in legitimate defense.

## C. SUBJECTS-

Active subject can be anyone, regardless of their sex, creed, race or religion, since the law says "whoever kills another". Without any distinction, in the present case we have that according to the prosecutor's request presented and the intervention of the requesting assistant prosecutors, it was committed by the accused MICHAEL ALEJANDRO CASTILLO MURGA. -

As for the passive subject, in this crime the material object of the action coincides, on which it falls, and the passive subject; holder of the protected legal right, in the same way the passive subject in this case is the child victim, son of the defendant and the deceased MELVI FERNANDA NAJERA QUEZADA, who is represented by the grandmother M█████████████ N███.

## . D) TYPICAL CONDUCT. -

The typical behavior in this class of crimes, the ruling verb is KILL.-. The law prohibits causing a result, which is death, without entering into the mode of its production, which raises the relevance of the omission and, being a type of result, also the causal relationship.

Although it is true, the typical crime is HOMICIDE, regulated in Article 128. It clearly establishes that """"""Anyone who kills another person will be punished with prison from fifteen to twenty years"""", in the present, The case remained an imperfect crime regulated in Art. 24 Pn which relates that """"""there is an imperfect or tempted crime, when the agent, in order to perpetrate a crime, begins or practices all the acts tending to its execution by direct or appropriate acts to achieve its consummation and this is not produced by causes foreign to the agent:

Traditionally, the fact that the attempt is criminally punished has been justified from several points of view: either in attention to the endangerment of the legal right protected with the acts carried out by the subject or because of the reproach that the externalization supposes<: the harmful will of the same.

The regulation of the Code has dispensed with the traditional distinction between attempt and frustration, therefore: the concept of attempt extends to the entire execution process, from the beginning until it ends without being consummated, since in the present case it is mentioned that the victim, as previously stated, was left unprotected by the active subject, leaving her at risk of death.

The attempt that consists of carrying out acts subjectively and objectively aimed at fully committing the crime, without it actually taking place, is thus integrated by the following elements:

a) A partial or total execution not followed by consummation.

b) The resolution to consummate the crime, which means that the author wants the acts that he performs with the intention of consummating the act, in the present case the risk to life was carried out towards the humanity of the victim; it is then understood that the intention was to kill the victim, which was not carried out due to external causes, a situation which must be demonstrated by the Fiscal Agents through the investigation stage and its investigative phase, by virtue of the geographic location where the events occurred They are deep ravines and the child ran the risk of going off the cliff and losing his life due to his innocence and ignorance of the imminent danger since he was only one year and seven months old.

The acts that are carried out must be direct or appropriate for the production of the result, which serves to exclude "equivocal" acts from the attempt. There are no a priori rules that make it possible to clearly distinguish direct or appropriate acts from those that are not, so it will be necessary to resort to how each penal precept defines typical execution and from there assess the material action to see if it meets the requirements that alternately they are enumerated; taking into account which is the nuclear verb of the criminal type or the legal right protected in it will help to clear up the dilemma.

Undoubtedly, a direct act is one that is already part of the typical performance, while its adequacy must be taken into account from the prism of suitability for the production of the result.

### E)   JUSTIFICATION. -



At least for the moment in this procedural stage, there is no justification whatsoever on the part of the accused MICHAEL ALEJANDRO CASTILLO MURGA, having acted in legitimate defense or in any of the grounds for excluding criminal responsibility for having acted with intent, premeditation and treachery. against the victim, since there was his participation.

LEGAL CLASSIFICATION OF THE CRIME OF PROCEDURAL FRAUD PROVIDED FOR AND PUNISHED IN ART. 306 OF THE PENAL CODE TO THE PREJUDICE OF THE ADMINISTRATION OF JUSTICE.

Making a legal analysis of the theory of the crime related to the fact that concerns us in the present case, we can mention the following:

The facts narrated for the consideration of the fiscal representation are configured as the governing verbs of the crime of PROCEDURAL FRAUD provided for and sanctioned in Article 306 of the Penal Code to the detriment of the administration of justice.

### A) CONCEPT. -

The term "PROCEDURAL FRAUD" is referred to in the Penal Code in art. 306 """"The one who in the course of a criminal proceeding or immediately before it begins, artificially alter the state of the places or the position or condition of the people, things or corpses in order to deceive in the act of inspection or reconstruction court or suppresses or alters in whole or in part what is accredited by it. reality or truth of what is intended to be known, investigated or proven, to mislead in a judicial action or decision or that of the Attorney General of the Republic, will be punished with two-ten years in prison """"""

### A) PROTECTED LEGAL ASSET.

The protected legal right is the correct administration of Justice, as well as the crime of false testimony, since it affects the application of the law by providing the people called to apply it, false data or any other conduct that leads to deterioration or uselessness. full truth of the administration of justice with his behavior.

### B) SUBJECTS

Initially, the active subject can be any human person who has the use of reason and the capacity to act in this case according to the evidence presented for the moment by the fiscal representation, the accused EDITH DEL CARMEN RIVAS DE MURGA in her capacity as Grandmother of MICHAEL ALEJANDRO CASTILLO MURGA, as well as Mr. DONALD AUGUSTO VALDIVIESO LOPEZ, in his capacity as Lawyer, ordered the witnesses with the protection regime KEY ONE AND KEY TWO, to destroy the evidence that should have served the administration of Justice to clarify the aggravated Femicide carried out on the victim MELVI FERNANDA NAJERA QUEZADA and consequently having been able to immediately locate the minor son of the deceased who had been left exposing his short life within the coffee plantations in this Jurisdiction and JACQUELINE ALEJANDRA MARTINEZ HERRERA, with his actions he was in continuous communication with his boyfriend CASTILLO MURGA, even sharing photos of his face (Michael Alejandro) full of blood, and DOCTOR ROBERTO ARTURO VALDIVIESO LOPEZ, in his capacity as a doctor, collaborated according to what was said by the prosecutor's representation to destroy evidence of blood that existed in the car of the

perpetrator and I also direct them to key one and key two to use vinegar to remove the traces of the deceased's blood footprints. ·

Passive subject is the holder of the jurisdictional function and therefore in this Case it is THE STATE OF EL SALVADOR.-

### C)  TYPICAL CONDUCT

It presents unified modalities due to the fact that they have to take place in the course of a criminal process that has already started or is about to start.- In this case and with the new comprehensive protection regulations in defense of women's rights established both in national instruments As international, they are typical behaviors that are not common, but are impregnated with misogyny, asymmetry of power, patriarchy and machismo, given that the victim was killed for being a woman, which is known in our legislation as crimes. of hate and the participants in this procedural fraud should have reported to the corresponding authorities and not erase evidence and allow the perpetrator of the Femicide to flee.

### D)  JUSTIFICATION. -

At least for the moment at this procedural stage, there is no justification whatsoever on the part of the accused _EDITH DEL CARMEN RIVAS DE MURGA, JACQUELINE ALEJANDRA MARTINEZ HERRERA, DONALD AUGUSTO VALDIVIESO- AND ROBERTO ARTURO VALDIVIESO LOPEZ, have acted in legitimate defense or in any of the grounds for excluding criminal liability for having acted in these acts as recounted by the prosecutor's representation, they did so in full use of reason.

### DESARROLLO DE LA AUDIENCIA INICIAL.-

Having started the hearing, the technical parties were questioned so that, based on Art.380 Inc, 2nd Pr: Pn. They could raise the respective incidents; The Prosecutor's Representation stated that they had no incidents to raise, but nevertheless the private Defenders JORGE ALBERTO COBAR AGUILAR, JUAN CARLOS RIVAS VASQUEZ AND JOSE RICARDO MARTINEZ, requested that the photographic tour that appears in the process that runs aggregate of two hundred pages be declared null and void. seventy-three to three hundred and ten; They specifically emphasized the record of pages two hundred and seventy-three because the defendants have been recognized without complying with legal requirements and based on this they have initiated the criminal process where the witnesses with code one and two identify them as perpetrators of the crime of procedural fraud, and when they were transferred to the fiscal representation, they stated that they were made solely for the purpose of identifying the accused and presenting the request to this court, and the undersigned Judge declared that such annulment is not valid for the moment. As a second incident, they requested that the crime be reclassified from PROCEDURAL FRAUD regulated in Article 306 to Concealment regulated in Article 308, both of the Penal Code, to which the prosecutor's representation did not agree and the undersigned judge also declared that he had not place for the moment such reclassification and will continue to be known as procedural fraud and finally the lawyer DINA.MARISOL VINDEL DE CHAVEZ; He asked that his clients Edith del Carmen · Rivas de Murga also change the crime of fraud to Concealment and as soon as JACQUELINE ALEJANDRA MARTINEZ HERRERA is changed to the crime of OMISSION OF THE DUTY TO PUT IN KNOWLEDGE OF CERTAIN CRIMES, regulated in

Art. 309 of the Criminal Code, having been notified of such an incident: stating that he did not agree with said reclassification and the undersigned declared that such request is not valid for the moment.

Subsequently, the interventions were given to guide their claims and the fiscal representation ratified their request, requesting that the formal investigation be decreed and the process be sent to the Specialized Investigating Court for a life free of violence and discrimination for the women of the city. of Santa Ana, provisional detention was ordered. to the accused present JACQUELINE ALEJANDRA MARTINEZ HERRERA AND ROBERTO ARTURO VALDIVIESO LOPEZ and as regards the accused MICHAEL ALEJANDRO CASTILLO MURGA_, DONALD AUGUSTO VALDIVIESO LOPEZ AND EDITH DEL CARMEN RIVAS DE MURGA, that the respective arrest warrants be issued, that the civil action and that the partial reservation of the process be decreed.

For their part, the representation of the defense requested that in terms of the crime of fraud, it be broken down and sent to the common courts and if it is decreed: the formal investigation and without any precautionary measure and if the undersigned wishes to put some measure other than the provisional detention and for this they presented sufficient evidence of Dr. ROBERTO ARTURO VALDIVIESO LOPEZ, Mr. DONALD AUGUSTO VALDIVIESO LOPEZ and JACQUELINE ALEJANDRA MARTINEZ HERRERA, arguing that they are decent people and will not turn to Justice.

## CONSIDERATIONS:

I.    The undersigned Judge submitted to knowledge all the evidence presented in this first procedural stage and the prosecutor's representation has evidence and has presented it and is recorded in the process are:

### DOCUMENTAL PROOF

•    Record of Detention by Administrative Order issued INSIDE HOUSE NUMBER SIXTEEN, LOCATED IN LA CAÑADA RESIDENTIAL, COLONIA ESCALON, OF THE MUNICIPALITY AND DEPARTMENT OF SAN SALVADOR, AT ZERO TEN AND FIFTY MINUTES ON JUNE FOURTH, TWO THOUSAND NINETEEN by the captive agents, recording the arrest of Mr. ROBERTO ARTURO. VALDIVIESO LOPEZ and the reasons for it, establishing circumstances of time, manner and place

•    Record of Detention by Administrative Order issued IN THE INTERIOR OF PASSAGE SEVEN OF THE LLANO DEL ESPINO COLONIA, JURISDICTION OF THE MUNICIPALITY AND DEPARTMENT OF AHUACHAPAN, AT TEN HOURS AND ZERO MINUTES OF THE FOURTH DAY OF JUNE TWO THOUSAND NINETEEN by the captive agents, leaving evidence of the arrest of Miss Jacqueline Alejandra Martinez Herrera and the reasons for it; · establishing circumstances of time, manner and place.

•    Record of inspection of the corpse carried out at kilometer ninety-nine on the highway from Ahuachapán to Sonsonate, canton of El Molino Concepción de Ataco Ahuachapán, at ten o'clock on February 1, two thousand and nineteen; where the collected evidence is recorded, among which the six out of nine evidence stands out, this being a metallic light blue plastic chacha knife which is sent for serology and search for fingerprints; there is evidence of seven cigarette butts that are observed in

the place (from the other evidence there are victim's clothing, samples of blood stains from the scene).

• Sketch of the place of the events, in which the location is established through planimetry. in which the victim was found.

• Photographic Album of the place of the events, prepared on February 1, two thousand and nineteen, in which, through a series of photographs, the panoramic view of the place is fixed, as well as the evidence collected and the photographs that illustrate the way in which the victim was found.

• Record of police eye inspection and photographic album of the place where the victim's son who is a minor was located, place that corresponds to the San José board number one, San Antonio farm, property of J███ ████ S███████, Cantón El Molino, jurisdiction of conception of attack, at twelve hours and thirty-five minutes on February 5, two thousand and nineteen, and which is posted through images that illustrate the evidence found.

• Sketch of the scene where the minor, son of the victim Melvi Fernanda Nájera, was found, corresponding to the San José Uno Board, San Antonio Farm owned by Mr. J██ S███████, Cantón El Molino, municipality of Ataco, department of Ahuachapan, and that allows the geophysical location of the place.

• Birth certificate of the son of the victim named M████ F███████ N████, which states that he was only recognized by the victim.

• Official letter 230 containing the authorization to search with prevention of trespassing in the San Cayetano neighborhood, canton of El Barro, house number three, road to Concepción de Ataco, municipality and department of Ahuachapán, authorized by the first Justice of the Peace of the city and department from Ahuachapan.

• Record of Search with Prevention of Raiding and Photographic album of the diligence carried out in the house of the investigated being the San Cayetano neighborhood, El Barro canton, house number three, road to Concepción de Ataco, municipality and department of Ahuachapán, at fourteen hours and fifty minutes of the February 5th of the year two thousand and nineteen, in which the evidence collected is established through the fixation of images.

• Sketch of the visual technical inspection carried out in the San Cayetano canton, El Barro canton, house number three, road to Concepción de Ataco, municipality and department of Ahuachapán, place where the search was carried out with the trespass warning extended by the first Justice of the Peace of the Ahuachapan city.

• Record of Search with Prevention of Trespassing and Photographic album of the diligence carried out in the house of the investigated being the San Cayetano neighborhood, El Barro canton, house number three, road to Concepción de Ataco, municipality and department of Ahuachapán, at twenty hours thirty-five minutes of February 5 of the year two thousand and nineteen, in which the evidence collected through the Luminol reagent diligence is established through the fixation of images.

• Sketch of the visual technical inspection carried out in the San Cayetano canton, El Barro canton, house number three, road to Concepción de Ataco, municipality and department of Ahuachapán, place where the search was carried out with the trespass prevention issued by the First Justice of the Peace city of Ahuachapán, in order to practice the diligence of Luminol reagent.

• Record of search preventing trespassing carried out in the San Cayetano neighborhood, El Barro canton, house number three, highway to Concepción de Ataco, municipality and department of Ahuachapán, dated February 6, two thousand and nineteen, in which the seizure of evidence is established being a video game console.

• Police record and seizure record dated February 6, two thousand and nineteen, in which it is established that the mother of the victim, Mrs. M                    N   , delivers a computer which is received for the extraction of the relevant information.

• Report on traffic accidents that occurred on January 31, 2119, in which it is established that there were no developments related to the inspection of the corpse in the sector of the scene of the events, as well as that there were no vehicles involved with similar characteristics of the vehicle used by the person investigated in an accident or road mishap. · · ·

• Vehicle robbery or theft complaint report, in which it is reported that the vehicle P-195952, used and driven by the investigated Michael Murga, does not have an active report of theft or robbery.

• Record of fixation of global satellite position, corresponding to three points of the investigation, establishing the location and geographical position of three places, corresponding to the place of the events, the house of the victim and the house of the accused.

• Certification of administrative file classified under reference 08-F3-19, in which it comes from the Office of the Attorney General of the Republic, Family defense unit, in which it is established that the accused Michael Murga and his girlfriend Jacquelinne Herrera attended therapy for relationship problems and some emotional instability.

• Expansion of the report of the Ahuachapán Auxiliary Prosecutor's Office, in which they establish that Michael Alejandro Castillo Murga reflects signs of anxiety and aggressiveness, there is also anger, a tendency to show demands to his partner and lose control. But it is also established that at the time of attending therapy with his girlfriend Jacqueline Herrera, the psychologist suggests distance and self-control to improve the relationship.

• University file in the name of the young Michael Alejandro Murgas, issued by the Autonomous University of Santa Ana, which establishes that he is enrolled in the medical career, as well as his class schedules and his psychological evaluation for admission to the university

• Expansion of the report of the Autonomous University of Santa Ana, in which it is established that Michael Alejandro Castillo Murga, has difficulty discerning reality, that is, anxiety, presenting an attitude associated with paranoidism.

• Certification of tax file under reference 68-udmm-2019-ah, which was opened in the Ahuachapan tax office, for the crime of abandonment and helplessness, to the detriment of the minor, son of the victim Melvi Fernanda Najera.

• Record of fixation of images of the video surveillance cameras of the Mefrocentro Santa Ana shopping center and its respective Photographic album, in which it is established through the fixation of images, the vehicle in which the person investigated was transported, together with his girlfriend, as well as the characteristics of the vehicle used by the investigated.

• Record of Photographic Tour and their respective photographic sheets as well as their support with their respective DUI screens, in which it is stated that the key witness "UNO" identifies and indicates through photographs each of the aforementioned defendants As the active subjects of the

crimes that are being investigated, with said act  the aforementioned defendants are identified and individualized

• Record of Photographic Tour and their respective photographic sheets, as well as the support of the same with their respective DUI screens, in which it is stated that the key witness "TWO" identifies and indicates through photographs each of the accused before mentioned as the active subjects of the crimes under investigation, with said act it is individualized. e-identify the aforementioned defendants.

• Order from the Justice of the Peace of Concepción de Ataco, Department of Ahuachapán, at eight hours and thirty minutes on June 4, two thousand and nineteen, as well as official letter number 223, in which establish the authorization of searches with prevention of trespassing of the seven points detailed in that document

• **Records of search with prevention of trespassing authorized by the Justice of the Peace of Concepción de Ataco, department of Ahuachapán, in which the evidence collected is established, at the following addresses:**

HOUSE NUMBER TWENTY EIGHT LOCATED IN D PASSAGE OF NEIGHBORHOOD SAN RAFAEL, MUNICIPALITY AND DEPARTMENT OF AHUACHAPAN, HOUSE THAT CORRESPONDS TO ROBERTO ARTURO VALDIVIESO LOPEZ.

HOUSE MNUMBER SIXTEEN LOCATED IN RESIDENTIAL LA CAÑADA COLONIA ESCALON OF THE MUNICIPALITY AND DEPARTMENT OF SAN SALVADOR, (private residence with security gate) HOUSE THAT CORRESPONDS TO ROBERTO ARTURO VALDIVIESO LOPEZ.

HOUSE NUMBER TWENTY ONE PASSAGE SEVEN OF THE NEIGHBORHOOD OF LLANOS DEL ESPINO, OF THE CITY OF AHUACHAPAN, HOUSE THAT CORRESPONDS TO JACQUELINE ALEJANDRA MARTINEZ HERRERA.

HOUSE NUMBER THREE OF THE NIGHBORHOOD OF SAN CAYETANO, OF CANTON EL BARRO OVER THE HIGHWAY THAT FROM AHUACHAPAN LEADS TO CONCEPCIÓN DE ATACO, MUNICIPALITY AND DEPARTMENT OF AHUACHAPAN, RESIDENCE THAT CORRESPONDS TO MICHAEL ALEJANDRO CASTILLO MURGA AND  EDITH DEL CARMEN RIVAS DE MURGA

HOUSE NUMBER EIGHTY EIGHT A AVENUE OF NEIGHBORHOOD SAN RAFAEL NUMERO ONE, OF THGE MUNICIPALITY AND DEPARTMENT OF AHUACHAPAN, RESIDENCE THAT CORRESPONDS TO DONALD AUGUSTO VALDIEVIESO LOPEZ, PLACE THAT ALSO FUNCTIONS AS HIS LEGAL OFFICE.

HOUSE LOCATED IN THE MAIN STREET OF THE RESIDENCY EL PACIFICO, IN THE JURISDICTION OF THE MUNICIPALITY AND DEPARTMENT OF AHUACHAPAN, PLACE THAT FUNCTIONS AS A CABLE COMPANY NAMED ASTROVISION, BEING THE OWNER THE WOMAN CALLED EDITH DEL CARMEN RIVAS DE MURGA




HOUSE LOCATED ON THE ROAD THAT LEADS FROM AHUACHAPAN TO THE BORDER OF LAS CHINAMAS, CANTON LAS CHINAMAS, JURISDICTION AND DEPARTMENT OF AHUACHAPAN, (NEAR POST OFFICES IN EL SALVADOR, WHICH IS DESCRIBED AS WITH PAINTED WALLS, PAINTED SKY BLUE WITH WHITE, LAMINATE ROOF, WITH METAL DOOR, YELLOW AND BLACK BALCONY, LOCATED FROM EAST TO WEST IN RELATION

AT ITS MAIN ENTRANCE, WITH THREE SUN WINDOWS, BLACK BALCONIES ON ITS FRONT, SMALL PATIO, OF WHICH YOU CAN SEE A PHOTOGRAPH IN ITS LOCATION SKETCH) PLACE OF RESIDENCE THAT CORRESPONDES TO DONALD AUGUSTO VALDIEVIESO LOPEZ

**Report on migratory movements from the Ministry of Justice and Public Security, General Directorate of Migration and Aliens, in which they establish that Michael Alejandro Castillo Murga reports migratory movement by land after the date of the event.**

• Report on migratory movements from the Ministry of Justice and Public Security, General Directorate of Migration and Foreigners, in which they establish that Senator Edith del Carmen Rivas de Murga, reports migratory movement by land after the date of the event.

• Report from the Embassy of the United States of America, Consular Section, in which it is reported that the investigated Michael Alejandro Castillo Murga is a US citizen, however, they do not have information regarding the immigration status of Senator Edith del Carmen Rivas de Murga.

• Investigation Record identifying Michael Murga, Edith Murga, and Jacqueline Herrera, dated May 9, two thousand and nineteen, which establishes the identity of the persons involved in the crimes that have been established.

• Record of Investigation of Roberto Valdivieso, dated May 8, two thousand and nineteen, which establishes the identity of the person involved in the crime that has been established.

• Record of the Investigation of Donald Valdivieso and Donald's brother, dated May 9, two thousand and nineteen, which establishes the identity of the person involved in the crime that has been established.

• Record of location and sketches of the houses of the Defendants MICHAEL ALEJANDRO CASTILLO MURGA, EDITH DEL CARMEN RIVAS DE MURGA, JACQUELINE ALEJANDRA MARTINEZ HERRERA, ROBERTO ARTURO VALDMESO LOPEZ, DONALD AUGUSTO VALDIVIESO LOPEZ.

• Police record of non-location of Mr. Donald Augusto Valdivieso López who was being requested by the Attorney General of the Republic through an administrative order, establishing that it was not possible to arrest him and that there is information that the accused Michael Alejandro Castillo Murga and Edith del Carmen Rivera of Murga, are not found in the country.

• Resolution of Administrative Order and document of the same, which is issued by the prosecutor's office having sufficient legal grounds to request the deprivation of liberty through this mechanism.

**TESTIMONIAL PROOF**

• Interview with Mrs. M███████████ ████████ █ N████, who is the mother of the victim, and who says that her daughter and her grandson leave the house on january thirty first, two thousand and nineteen during hours of the night.

• . Interview with Miss Jacqueline Alejandra Martínez Herrera, who is the girlfriend of Michael Murgas, and says that on January 31, 2019, she went to her boyfriend's house, who told her that a woman did. They had tried to kill, and who was also bleeding, I heard that they were going to treat his wounds in San Salvador, so the grandmother; Michael and a man left the house in a black van that day of the events.

• Interview with Mr. M███████████ C████, who is the father of young Michael and who states that he has no contact with the young man's mother, that they separated years ago, that he only knows that his son drives a gray car and that he found out through social networks He is being sought by the authorities.

• Interview with Mr. R███ S████, stepfather of Miss Jacqueline Herrera, and who states that young Michael was or is Jacqueline's boyfriend, who had never agreed to that relationship for which he does not know the boy's name.

• Interview with S███████████ Q████, who is a cousin of the deceased and establishes that the victim met Michael at a rally in the year two thousand and thirteen, who later found out that the victim had a son named M███ F████, later aware of the victim's death.

• Interview with Miss S███████████ A████, who is a friend of the victim Melvi Quezada, and says that the victim had a marital relationship with Michael, that he sporadically provided financial help to their son, but that no one in the family of the person investigated knew the existence of the minor, however, she never met Michael Murga.

• Interview with Mr. N███████████ S████, who is a life partner of the victim's mother, and who claims to have met Michael, who stated that he wanted to meet the minor and help him, recalling that Melvi Fernanda went out with Michael on January 31, 2019, and that he subsequently disappeared.

• Interview with Mr. W███████████ M████, who is an employee of the National Civil Police and who is one of the people who locates and later rescues the minor M███ F████ N████.

• Interview with Mr. E███████████ M████, who is an employee of the national civil police and who is one of the people who locates and later rescues the minor-Ma███████████ N████.

• Interview record of the witness identified with Key UNO, who recounts the facts in detail, which is consistent with the factual framework of this resolution; that is to say, the witness indicates the conditions of time, place; manner of carrying out the act and active subjects that acted in the execution of the act, including identifying the particular action of each one of them.

• Interview record of the witness identified with Clave DOS, who recounts the facts in detail, which is consistent with the factual framework of this resolution; that is to say, the witness indicates the conditions of time, place, manner of carrying out the act and active subjects that acted in the execution of the act, even identifying the particular action of each one of them.

•      Interview record of the witness identified as Code COJUTEPEQUE UNO, who recounts the facts
in detail, which is consistent with the factual framework of this resolution; that is to say, the witness
points out the conditions of time, place, manner of carrying out the act, and active subjects that acted in
the execution of the act, even identifying the particular performance of each one of them.

•      Interview record of the witness identified as Code COJUTEPEQUE DOS, who recounts the facts
in detail, which is consistent with the factual framework of this resolution; that is to say, the witness
indicates the conditions of time, place, manner of carrying out the act and active subjects that acted in
the execution of the act, even identifying the particular action of each one of them. · · ·

•      Police record dated June 6, two thousand and nineteen, in which it is confirmed that the detainee
Roberto Arturo Valdivieso Lopez is admitted; in the private hospital Ahuachapán medical center, due to
health problems and under the recommendation of the doctor of the police station. ·

## · **PERICIAL PROOF**

•Autopsy performed in the Legal Medicine autopsy room located in the Doctor Romeo Fortín Magaña
Judicial Center in the city of Ahuachapán at ten o'clock on February 2, two thousand and nineteen, in
which evidence was collected from the corpse by personnel of CTPD not collecting any since it was
determined that they were produced by a knife, being the cause of death, massive hemorrhage due to
laceration of large vessels of the right hemineck caused by a short sharp knife, establishing a
thanatocrodiagnostic of thirty to forty hours.

•Expansion of autopsy in which the forensic expert establishes that the wound on the right side of the
face with bone exposure was produced post mortem, and likewise does not rule out that they are the
product of cadaveric anthropophagy due to the place where the corpse was located.

•      Certification of forensic medical recognition of injuries performed on a minor, son of the victim
Melvi Najera, dated February 7, two thousand and nineteen, which establishes that the minor has a
diagnosis of severe dehydration due to starvation plus child abuse .

•      Expansion of the forensic medical examination of injuries carried out on the minor on February
18, two thousand and nineteen, concluding that the minor, according to studies carried out on
dehydration, is unlikely to have remained more than 48 hours in the place where he was found,
because it remained without starvation.

•      Extension of the recognition of Injuries performed on a minor, son of the victim Melvy Najera,
dated May fourteen, two thousand and nineteen, in which the coroner establishes that the physical and
environmental conditions put his life at risk.

•      Biological Criminal Investigation Report, which establishes that the victim Melvi Fernanda Najera
is related to him as a minor, and S▮▮▮▮▮▮▮▮▮▮▮▮ N▮▮, based on the genetic profiles,
the link between these people is established.

•      Analysis Report of Information Obtained from electronic devices, in which data from WhatsApp
conversations contained in the suspect's girlfriend's mobile phone are revealed, as well as a
photograph of the suspect's bloody figure that corresponds to the day of the events.

• Telephone Log Analysis Report, which establishes the calls made between those involved on the day of the events at critical hours, as well as their location through activation of their antennas.

• Image Fixation Report in which, through the surveillance video of the Metrocentro Santa Ana shopping center, images of the person being investigated and his girlfriend were extracted, a few hours before the day of the events, conversing, images that, in turn, allowed to corroborate the investigated vehicle.

• Report of obtaining and safeguarding information of the material provided as a study, being a video game console, a laptop, and a Samsung J7 Prime mobile phone.

II.- With all these indications, for the moment, the undersigned considers that the existence of said crimes has been accredited and the probable participation up to now of the five defendants in the aforementioned crimes, for which reason the prosecutor's representation must investigate not only the facts and circumstances of charge, but also those that serve to discharge the defendants MICHAEL ALEJANDRO CASTILLO MURGA, of AGGRAVATED FEMINICIDE, prosecuted for the crime foreseen and punished in Articles 45 literal a) and 46 literals c) and e) of the Special Comprehensive Law for One Life Free of Violence for Women, (LEIV) to the detriment of MELVI FERNANDA. NAJERA QUEZADA, thus the accused Castillo Murga is also attributed the crime of IMPERFECT HOMICIDE, typified and punished in the Arts. 128 in relation to Art. 24 of the Criminal Code, to the detriment of the life and physical integrity of a minor, who is legally represented by M

N      and for the Defendants, EDITH DEL CARMEN RIVAS DE MURGA, JACQUELINE ALEJANDRA MARTINEZ HERRERA, DONALD AUGUSTO VALDIVIESO AND ROBERTO ARTURO VALDIVIESO LOPEZ, for the crime of procedural fraud regulated in Article 306 of the Penal Code, also with the powers granted by Articles 193 No. 3 of the Constitution of the Republic and Articles 74 and 75 of the Criminal Procedure Code, adapt their acts to objective criteria, ensuring only the correct application of the law, which is why the requested formal Instruction is decreed so that it is at that procedural stage where the Specialized Judge for a life free of violence and discrimination for women in the city of Santa Ana establishes the incorporation of the evidence and proceedings that are necessary, useful and pertinent for the clarification of the real truth in the three crimes that are being investigated. doing research.-.

III) It is to be taken into account that the normative component refers to all the norms, formally generated such as the constitutional norm, International Treaties, laws, Decrees, Regulations and Conventions with the purpose of carrying out a prompt and fulfilled justice.

Any judicial resolution must be based on a legal foundation, for which reason, when administering justice in these cases, it is a duty and an obligation of the Judge to have a vast knowledge of the sources of law that make up the national legal system.

Within these sources, it is important to identify those that arise from human rights, either from international norms ratified by the State of El Salvador or from those international norms that respond to guiding guidelines that serve for the proper application of the Legal norm.



In the case of women's rights, it is important to start from the Convention on the Elimination of All Forms of Discrimination against Women (CEDAW), and the Inter-American Convention to Prevent, Punish, and Eradicate Violence against Women (BELEN DO PARA), coupled with this we have the national rules in the first place our constitution of the Republic that in its art. 3 establishes the equality of the human being without distinction of race or sex, in the same way\the secondary norm such as the Law against Intrafamily Violence, Law of Equality, equity and eradication of discrimination against women (LIE), Special Law Comprehensive for a life free of violence (LEIV).-

Other important sources to take into account by those who administer justice are the doctrine and jurisprudence that has been incorporating the gender perspective.

All these sources according to the Salvadoran legal system have a hierarchy which must be respected by the person judging.

In El Salvador, the legal system follows the monist theory of the relationship between domestic law and international law. This means that both the international law that arises from the commitments acquired by the Republic of El Salvador and the norms that arise internally are in the same sphere of application. This implies the possibility that there are contradictions and it must be determined which rule is private in each case to know.

It is worth mentioning that having carried out the Creation of the Specialized Courts for a Life Free of Violence and Discrimination for Women; according to Legislative Decree Number 286 dated December 20, 2016, based on Legislative Decree No. 430 dated August 23, 1995,- and has also ratified the Inter-American Convention to Prevent, Punish and Eradicate Violence Against Women " Convention of Belém Do Pará", hereinafter "Convention óf Belém Do Pará", whereby according to article 3 "every woman has the right to a life free from violence in both the public and private spheres", according to article 1, she must Violence against women is understood to be any action or conduct based on their gender that causes death, damage or physical, sexual or psychological suffering, and that it is the obligation of the States to include in their internal legislation, criminal regulations that are necessary to prevent, punish and eradicate violence against women.

In addition, the Special Comprehensive Law for a Life Free of Violence for Women establishes specialization in the matter as a guiding principle, through which women have the right to differentiated and specialized attention with due diligence, which achieves a fair equalization and real equality in the legal field; In this sense, it is imperative to create and develop processes that respond to the demand for specialized and comprehensive services, adopting all the necessary measures to achieve the full realization of the rights to simple and effective remedies before the competent courts, which protect women. against acts that violate their rights, as also established by both CEDAW and the Belén Do Pará Convention.

IV.- Regarding the Precautionary Measure requested by the Tax Representation, regulated by Art. 329 Pr. Pn., it establishes the requirements to decree the Provisional Detention, which are: the existence of the crime and the participation of the accused, equally the enforceability of the FOMUS BONIS IURIS or appearance of good law and the PERICULUM IN MORA, or Danger of Flight, within the judicial analysis of the modification of the precautionary measure, the Judge must take into account

other elements that constitute the constitutional presuppositions for its application, in simple terms the procedural burden related to the danger of flight can be distorted by incorporating different elements of conviction that show the suitability to adopt any of the alternative measures to the temporary deprivation of liberty during the process, as well as the personal conditions of the accused according to the possibilities that he has of hindering the judicial procedure; the danger of flight of a defendant can be linked to the lack of roots in the country, the lack of determination of the. domicile, or habitual residence; seat with family and their business or work, the behavior of the processed in the process; the danger of obstruction can occur because it can destroy, modify, hide, suppress evidence, the influence that the accused may exert. on victims or witnesses, in cases where these requirements are not met, the provisional detention must be replaced.- In conclusion, the provisional detention of a person should not be the general rule, but the exception in attention to the Constitutional Principle outlined in Art. 12 Cn., in relation to Art: 9.3 of the International Covenant on Civil and Political Rights and 7.5 of the American Convention on Human Rights. Therefore, any person can enjoy the Substitute measures to provisional detention when they ensure their appearance at trial, since this is the primary purpose of the measures, and thus avoid a frustration of the trial and the eventual fulfillment of the sentence to be imposed. in case of being found guilty, but in the present case regarding ordering the provisional detention of the now accused, which has been requested by the prosecutor, the undersigned Judge considers that it is necessary to take into account that in the present case, although the private Defenders Dr. ROBERTO ARTURO VALDIVIESO LOPEZ, Mr. DONALD AUGUSTO VALDIVIESO LOPEZ and JACQUELINE ALEJANDRA MARTINEZ HERRERA, have presented sufficient ties and with them show that the first two are professionals and the second is a student, it does not consider it appropriate to grant any other precautionary measure, since in appearance it can be said that the evidence presented against them is minimal to impose this burdensome measure on them, the Justice operators, we must act with a gender perspective and with the purpose of applying justice under the ABC Regime equality between men and women, without any discrimination and contempt for women, and certainly the procedural fraud that the four people are being accused of seems simple, it is related to a hate crime such as feminicide of a woman with asymmetry of power, therefore for the moment it is appropriate to DECREE THE PROVISIONAL DETENTION of the five defendants mentioned in the process for crimes described and taking into account that Doctor ROBERTO.ARTURO VALDIVIESO LOPEZ, due to his state of health is admitted to Room Four A of the Medical Center of the city of Ahuachapán, therefore the right to his health or his physical integrity is not violated, consequently he must continue receiving his respective treatment until his attending physician or the Forensic Doctors of the Institute of Legal Medicine establish their permanence in said Assistance Center, in relation to LICENSED DONALD AUGUSTO VALDIVIESO LOPEZ, the respective arrest warrants will be issued and for JACQUELINE ALEJANDRA MARTINEZ HERRERA, the deposit will be sent again and to the order of this Court to the Bartolinas of fa Delegation of the National Civil Police of Ahuachapán, while the General Director of Penal Centers of San Salvador assigns him the prison where he will remain during the process and as regards MICHAEL ALEJANDRO CASTILLO MURGA AND MRS. EDITH DEL CARMEN RIVAS DE MURGA, they also They will issue the respective arrest warrants, all with the purpose of assuring their appearance in the process, they will be imposed by this Judge the PROVISIONAL DETENTION requested by the fiscal representation and that regulates Art. 329 Pr. Pn\ without leaving unnoticed that said It is the criterion with a gender perspective and empowered of non-discrimination towards women of this Judge, but it will be the

higher court that will ratify or revoke this precautionary measure, taking into account the principle of the presumption of innocence regulated in Article 12 of the Constitution of the Republic.-

For all the above and in accordance with Arts. 1, 2, 3, 5, 11, 12, 13, 144, 172 and 181 of the Constitution of the Republic, Arts. 1, 2, 3, 5, 6, 8, 12, 18, 306Pn; 1, 2, 3, 4, 6, 8, 9, 17, 42, 43, 56 literal b), 57 Inc. 1, 144, 300 No. 1 and last paragraph, and 329 Pr. Pn. Articles 45 literal a) and 46 literal c) and e) of the Comprehensive Special Law for a Life Free of Violence for Women, (LEIV), Art. 1,2,3, and 4 of the Convention on the Elimination of all forms of discrimination against women (CEDAW}, Arts. 1,2,3,4,5, and 6 of the Inter-American Convention to prevent, punish, and eradicate violence against women (BELEN DO PARA), Art. 1,2 ,3,4,5, and 6 of the law of equality, equity and eradication of discrimination against women (LIE) Articles 1,2,3,4,5,6,7,8,9, and 10 and 45 literal a) and 46 literals c) and e of the Special Comprehensive Law for a Life Free of Violence (LEIV) Article 9.3 of the International Covenant on Civil and Political Rights and Article 7.5 of the American Convention on Human Rights known as the Pact of San José, the undersigned Judge RESOLVES:

a) The undersigned Judge declares himself competent to hear this case due to the matter and the territory because the events occurred in this territorial understanding, Art. 56 Literal b) and 57 Pr. Pn.

b) In place THE FORMAL INSTRUCTION AND THE PROVISIONAL DETENTION of the defendants MICHAEL ALEJANDRO CASTILLO MURGA, who is attributed the commission of the criminal offense of AGGRAVATED FEMINICIDE, an offense provided for and punished in Articles 45 literal a) and 46 literal c) and e ) of the Special Law Integrate for a Life Free of Violence for Women, (LEIV) to the detriment of MELVI FERNANDA NAJERA QUEZADA, thus the accused Castillo Murga is also attributed the crime of IMPERFECT HOMICIDE, typified and punished in the Arts. 128 in relation to Art. 24 of the Criminal Code, to the detriment of the life and physical integrity of a minor, who is legally represented by M███████████████████ N███, and against the accused EDITH DEL CARMEN RIVAS DE MURGA (absent ), JACQUELINE ALEJANDRA MARTINEZ HERRERA (present), ROBERTO ARTURO VALDIVIESO LOPEZ (present) and DONALD AUGUSTO VALDIVIESO LOPEZ (absent), who are attributed the commission of the criminal offense of PROCEDURAL FRAUD, in relation to the aforementioned crime of aggravated Femicide , crime provided for and sanctioned in Art.306 of the Criminal Code, to the detriment of the ADMINISTRATION OF JUSTICE, requested by the Prosecutor's representation, in accordance with Art. 300 No 1 and 329 Pr. Pn.

c) There is NO PLACE for the request of the Defense Representation not to reclassify the crime of Procedural Fraud to concealment in the first place, nor to break down what is related to the formal investigation for the crime of procedural fraud regulated in Article 306 of the Penal Code to the Common Jurisdiction, given that this crime is accessory and comes from a main one that is Aggravated Femicide, consequently it must be referred to the order of the Specialized Judge for a life free of violence and discrimination for Women in the city of Santa Ana, and this is regulated by Art. 2 Inc. 2nd. No 1 of the D.L. 286 dated February 25, 2016 and published in the Official Gazette Number 60 Volume 411 of April 4, 2016, likewise there is no place for the release or application of measures other than Provisional Detention for the moment of their defendants for the reasons before exposed

d) Add the documentation presented by the private defenders regarding the roots of the accused ROBERTO ARTURO VALDIVIESO LOPEZ, DONALD AUGUSTO VALDIVIESO LOPEZ AND JACQUELINE ALEJANDRA MARTINEZ HERRERA.

e) Regarding the civil action requested by the Fiscal Representation, consider it initiated in accordance with Art. 42, 43 and 123 Pr. Pn.

f) Based on the principle of confidentiality and the delicacy of the case, to place the request of the fiscal representation therefore PARTIAL RESERVATION OF THE PROCESS IS DECREED. · ' .

g) Give notice of this resolution to the Department of Information on Persons Detained at the Isidro Menéndez Judicial Center in San Salvador and to the Office for the Defense of Human Rights in Ahuachapán and send an official letter to the Chief of the Delegation of the National Civil Police of the city of Ahuachapán, ordering that the accused ROBERTO ARTURO VALDIVIESO LOPEZ be kept in custody, in room four A of the Medical Center of the City of Ahuachapán and that the accused JACQUELINE ALEJANDRA MARTINEZ HERRERA be kept in storage in the Bartolinas of said delegation, all while the Director General of Penal Centers orders to which Center they will be Transferred, and for this purpose release the respective official letter.

h) The respective detention orders be released to the National Civil Police of this city, of the city of Ahuachapán and to the General Direction of San Salvador to the effect that they are effective against MICHAEL ALEJANDRO CASTILLO MURGA, EDITH DEL CARMEN RIVAS DE MURGA Y DONALD AUGUSTO VALDIVIESO LOPEZ,  and that once they are captured they be remitted to the order of the Specialized Judge for a life free of violence and discrimination of women of the city of Santa Ana

**i)**   In accordance with article 300 last paragraph of the Criminal Procedure Code and article 2 paragraph two No. 1 of the Legislative Decree 286 dated February 25 of 2016 published in the Official Paper number 60 book 411 of April 4 2016, the present diligencies be sent along with the present imputes ROBERTO ARTURO VALDIVIESO LOPEZ, entered in room four A of the Medical Center of the city of  Ahuachapán and imputee JACQUELINE ALEJANDRA MARTINEZ HERRERA in the jail of the National Civil Police of the city of Ahuachapán.

j)   Nonetheless that it has already been order in the initial script of this process, where the warrants performed by the Prosecution have been added and those authorized by this Judge, send those diligencies to the superior judge, along with three folder with the respective chain custody presented by the prosecution, the first referred to Witness One and Witnedd Two and the second referred to Witness Cojutepeque One and Cojutepeque Two, third inform of the log call analysis..- **NOTIFY**

Secretary.



Judge of Peace of Concepción de Ataco
Department of Ahuachapán
TEL/FAX/:2450-5351

Concepción Ataco, June 08 2019

Documento No. 237
CHIEF SUBDELEGATION OF
NATIONAL CIVIL POLICE
ATACO.

Attentively I solicit: that you order the police personnel at your service to search and capture 1- MICHAEL ALEJANDRO CASTILLO MURGA, nineteen years old, single, student, son of C███████ M█████ and M█████████████ C███████, resident in ███████████████████████████ Ahuachapán, with Unique Identity Document number ███████████████████ to whom the crime of AGGRAVATED FEMINICIDE is attributed provided for and sanctioned in Article 45 Literal a) and 46 Literals c and e) of the Special Law for a Life Free of Violence for Women, to the detriment of MELVI FERNANDA NAJERA QUEZADA, and for the crime of IMPERFECT MURDER typified in Art.128 in relation to Art.24 Pn. to the detriment of the life and physical integrity of a minor who is legally represented by M███████████ N█████, 2-EDITH DEL CARMEN RIVAS DE MURGA, fifty-nine years old, dated . Born December 1, 1959, married, business, daughter of Messrs. A███████████████████ C███████, married. with R████ M███, resident in the ███████████████████████ Ahuachapán, with Personal Identity Number Document number d███████████████████ 3- DONALD AUGUSTO VALDIVIEDO LÓPEZ, fifty years of age, born on november eighteeen nineteen sixty eight, married, Lawyer, son of Y█████ L████ and R█████████ V██████████, case with S███████ V██████, resident in ███████████ with Unique Identity Number ███████████████ To whom the latter two are attributed the crime of PROCEDURAL FRAUD provided for and punished in Art. 306 Pn to the detriment of the ADMINISTRATION OF JUSTICE, related to the crime of AGGRAVATED FEMINICIDE provided for and punished in Art.45 Literal a) and 46 Literal e and e) of the (LEIV) to the detriment of MELVI FERNANDA NAJERA _ QUEZADA, an event that occurred in this city, in view of, having DECREED THE PRECAUTIONARY MEASURE OF PROVISIONAL DETENTION AND WAS ORDERED TO RELEASE THE RESPECTIVE APPRECIATION ORDERS . When making the capture effective, I beg you. refer them to the order of the Special Investigating Court for a free life of violence against women in the city of Santa Ana. Place where they will be sent. Since the proceedings will remain at the disposal of said Court. PROSECUTION REFERENCE 84-UAEM-2019.

Contains signature
JOSE ENRIQUE DELGADO ALFARO
ALTERNATE JUDGE OF PEACE



EMBASSY OF EL SALVADOR
IN THE UNITED STATES OF AMERICA

The Embassy of El Salvador presents its compliments to the Department of State and refers to the extradition request of Mr. MICHAEL ALEJANDRO CASTILLO MURGA, who has pending criminal proceedings in the United States District Court for the District of New Mexico, for the offenses classified as: 1) Aggravated Femicide to the detriment of Melvi Fernanda Najera Quezada; and, 2) Imperfect Homicide to the detriment of the life and physical integrity of a minor identified as M.F.N., who is legally represented by M███████████ s ████████ N██.

To that respect, the Embassy of El Salvador forwards herewith 41 related to the process.

The Embassy of El Salvador avails itself of this opportunity to renew the Department of Justice the assurances of its highest consideration.

Washington, D.C.
June 04th, 2024

Enclosures as stated.





U.S. Department of State

## CERTIFICATE TO BE ATTACHED TO DOCUMENTARY EVIDENCE ACCOMPANYING REQUISITIONS IN THE UNITED STATES FOR EXTRADITION
### AMERICAN FOREIGN SERVICE



San Salvador, El Salvador        07-19-2024
Place and Date *(mm-dd-yyyy)*

William H. Duncan                                Ambassador Extraordinary and Plenipotentiary
Name                                                      Title

of United States of America at        U.S. Embassy San Salvador, El Salvador

hereby certify that the annexed papers, being    documents delivered by Ministry of Foreign Affairs,

court records from Supreme Court of Justice, pleadings, migration records, reports, and evidence (photograph)

proposed to be used upon an application for the extradition from the United States of America

of Nestor Alejandro Castillo Murga.

charged with the crime of        aggravated femicide and imperfect homicide

alleged to have been committed in    the municipality of Concepción de Ataco, department of Ahuachapán, El Salvador

are properly and legally authenticated so as to entitle them to be received in evidence for similar purposes by

the tribunals of    any court of competent jurisdiction in the United States

as required by Title 18, United States Code, Section 3190.

In testimony whereof I hereunto sign my name and cause my seal of office to be affixed

this    19th    day of    July, 2024.
Month and Year

Signature

William H. Duncan, Ambassador
Type Name and Title of Certifying Officer
of the United States of America.

DS-0036
08-2019



REDACTED

(Spanish Language)

**144-S-2023**





Supreme Court of Justice Clerk's Office
Telephone Number: (503) 2271-8888, Ex. 1212

San Salvador, April 23, 2024.

**Subject: Submitting a certification.**
**OF.SG-CM-777-2024.**

**Mr.**
**MINISTER OF JUSTICE AND PUBLIC SECURITY,**

In compliance with the Court Decision issued by the Supreme Court of Justice, I respectfully submit, in 2 folios of text, the certification of the Full Court Decision dated April 23, 2024, with the corresponding translation, regarding the **Criminal Letter Rogatory No. 144-S-2023**, in relation to the active extradition petition produced by the Office of the Attorney General of the Republic of El Salvador, against Citizen **Michael Alejandro Castillo Murga**, prosecuted for the offenses classified as: Aggravated Femicide to the detriment of Melvi Fernanda Najera Quezada; and Imperfect Homicide to the detriment of the life and physical integrity of a minor identified as M.F.N., who is legally represented by M          N         .

Therefore, please, send it to the **Ministry of Foreign Affairs**, which in turn must send it to **the United States Department of Justice**, for the pertinent legal effects.

I take this opportunity to renew to you the assurances of my highest and most distinguished consideration.

**Republic's Motto: DIOS UNION LIBERTAD. (GOD UNION LIBERTY).**

[Seal]:
SUPREME COURT OF
JUSTICE
CLERK'S OFFICE
REPUBLIC OF EL SALVADOR
IN CENTRAL AMERICA

**Ms. Julia del Cid**
**General Clerk**
**Supreme Court of Justice**

TO MR.
MINISTER OF JUSTICE AND
PUBLIC SECURITY
IN HIS OFFICIAL BUREAU

3

**144-S-2023**

ROXANA MARIA QUINTANILLA Z.
TRADUCTORA
CORTE SUPREMA DE JUSTICIA
(Español - Inglés)

**144-S-2023**



[Seal]:
SUPREME COURT OF
JUSTICE
CLERK'S OFFICE
REPUBLIC OF EL
SALVADOR IN CENTRAL
AMERICA

**THE GENERAL CLERK OF THE SUPREME COURT OF JUSTICE OF EL SALVADOR
CERTIFIES: The Court Decision issued in the Criminal Letter Rogatory No. 144-S-
2023 that explicitly STATES as follows:** ---------------------------------------------------------------

----------------------------------------------------------------------------------------------------------------

----------------------------------------------------------------------------------------------------------------

**SUPREME COURT OF JUSTICE: San Salvador**, at 12:03 P.M., on the twenty-third day

of April, two thousand twenty-four.

Accepted as received, the Official Letter No. 3063, issued by the Specialized-

Court of Preliminary Criminal Proceedings for a Life Free of Violence and

Discrimination against Women, of the Department of Santa Ana, and the Official

Letter reference: SV.MJSP.B2R.6953.FH/1243-04-2024, as well as attached

documentation, all of it related to the active extradition proceedings produced by

the Office of the Attorney General of the Republic of El Salvador, against the

Salvadoran Citizen *Michael Alejandro Castillo Murga*, for the perpetration of the

offenses classified as: Aggravated Femicide, set forth and penalized in Articles: 45

Section "a", 46 Section "c" and "e" of the Special Act for Women's Life Free of

Violence, to the detriment of the life of Melvi Fernanda Najera Quezada; as well as

the offense of Imperfect Homicide, set forth and penalized in Articles: 128 in

relation to Article 24 of the Criminal Code, to the detriment of the life and physical

**144-S-2023**

integrity of a minor, identified as M.F.N., who is legally represented by M███████ ██

████ ████ █ N███.

After analyzing the documentation, this Court has taken the following considerations:

I.      It is stated in the file that the Office of the Attorney General of the Republic of El Salvador, filed in this Court the active extradition petition of the Salvadoran Citizen *Michael Alejandro Castillo Murga,* addressed to the United States of America. Consequently, this Court after the corresponding analysis, ordered the forwarding of the petition by means of the Court Decision issued on October 12, 2023. The petition was produced on the basis of the Treaty of Extradition between the Republic of El Salvador and the United States of America, signed on April 18, 1911.

II.     In the received documentation, the Specialized-Court of Preliminary Criminal Proceedings for a Life Free of Violence and Discrimination against Women, of the Department of Santa Ana, informs that the criminal case against the requested individual: 78-2019-3, was sent to the Specialized-Trial Court for a Life Free of Violence and Discrimination against Women, of the Department of Santa Ana; in this regard, it requests to send to that Court, the Court Decision that authorized the course of this extradition, and all the Decision issued.

6

**144-S-2023**



ROXANA MARIA QUINTANILLA Z.
TRADUCTORA
CORTE SUPREMA DE JUSTICIA
(Español - Inglés)

In this regard, this Court takes note that all the pronouncements ordered in the present case will be communicated to the Specialized-Trial Court for a Life Free of Violence and Discrimination against Women, of the Department of Santa Ana.

III.     Likewise, in the documentation received from the Ministry of Justice and Public Security, it is noted that it contains a communication from the Department of State of the United States of America, dated April 2, 2024, produced in English, of which an unofficial translation into Spanish is attached. In the above-mentioned communication the requesting State, in summary, requests a number of additional documents, in order to continue with the extradition process of Mr. *Michael Alejandro Castillo Murga.*

In view of this situation, this court deems it appropriate to forward the documentation received from the United States of America to the Attorney General of the Republic of El Salvador for its legal processing.

Therefore, based on the abovementioned grounds and pursuant to Article 182 No. 3 of the Constitution of the Republic of El Salvador, as well as Articles I, II, XI and XII of the Extradition Treaty concluded between the Republic of El Salvador and

**144-S-2023**

the United States of America, on April 18, 1911, and Article 35 Number 5 of the Internal Regulations of the Executive Branch, this Court, **ORDERS AND DECREES**:

*1. Takes note* that all the Court Decisions issued in the present case will be communicated to the Specialized-Trial Court for a Life Free of Violence and Discrimination against Women, of the Department of Santa Ana. For such purpose, *certify* this Court Decision, as well as the Court Decision issued on October 12, 2023, and *send* it to the aforementioned Court.

*2. Send* the documentation received from the United States of America to the Attorney General of the Republic of El Salvador, along with a certification of this Court Decision, to take note of the information requested in the communication of the requesting State, and to send to this Court, the corresponding response, in order to continue with the legal procedure.

*3. Certify* this Court Decision and *send* it to the Director of the Bureau of International Affairs of the Office of the Attorney General of the Republic, and to the National Central Bureau of Interpol-El Salvador, to be informed.

*4.* Inform the United States Department of State of this Court Decision. For such purpose, send it to the Ministry of Foreign Affairs, by means of the Ministry of Justice and Public Security.

**144-S-2023**



5. *Translate* this Court Decision into English, as well as the subsequent letters of transmittal. For such purpose, *appoint* Ms. Roxana Maria Quintanilla Zelaya, as official translator. **MAKE IT EFFECTIVE**.

DUEÑAS ----- LUIS JAVIER SUAREZ MAGAÑA ----- HECTOR NAHUN MARTINEZ GARCIA ----- ALEX MARROQUIN ----- R.C.C.E. ----- E. QUINT. A. ----- S.L.RIV MARQUEZ ----- H.A.M. ------------------------------------------------------------------------------------

ISSUED BY THE UNDERSIGNED JUSTICES. SIGNED BY THE CLERK OF THE COURT: ------

-------------------------------------------- JULIA I. DEL CID --------------------------------------------

-------------------------------------- SIGNED AND SEALED --------------------------------------

------------------------------------------------------------------------------------------------------

Hereby it is certified that this photocopy is true and faithful to its original, and to attest its authenticity it has been verified, and to be sent to the United States Department of State, it is issued in the Office of the General Clerk of the Supreme Court of Justice of the Republic of El Salvador. San Salvador, on the twenty-third day of April, two thousand twenty-four.

[Signed by:]

[Seal]:
SUPREME COURT OF
JUSTICE
CLERK'S OFFICE
REPUBLIC OF EL
SALVADOR IN CENTRAL
AMERICA

Ms. Julia del Cid
General Clerk
Supreme Court of Justice

9

**144-S-2023**

""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""

""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""

""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""

""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""

En esta forma cumplo mi cometido según mi leal saber y entender. San Salvador, a

los veinticinco días del mes de abril del año dos mil veinticuatro.

Thus my translation according to my true knowledge and comprehension, San

Salvador, on the twenty-fifth day of April two thousand twenty-four.

ROXANA MARIA QUINTANILLA Z.
TRADUCTORA
CORTE SUPREMA DE JUSTICIA
(Español - Inglés)

10



**144-S-2023**





Supreme Court of Justice Clerk's Office                    San Salvador, May 09, 2024.
Telephone Number: (503) 2271-8888, Ex. 1212

Subject: Submitting documentation and a certification.
OF.SG-CM-906-2024.

Mr.
**MINISTER OF JUSTICE AND PUBLIC SECURITY,**

In compliance with the Court Decision issued by the Supreme Court of Justice, I respectfully submit, in 32 folios of text, documentation related to the **Criminal Letter Rogatory No. 144-S-2023**, in relation to the active extradition petition produced by the Office of the Attorney General of the Republic of El Salvador, against the Salvadoran Citizen **Michael Alejandro Castillo Murga**, prosecuted for the offenses classified as: Aggravated Femicide to the detriment of Melvi Fernanda Najera Quezada; and Imperfect Homicide to the detriment of the life and physical integrity of a minor identified as M.F.N., who is legally represented by M███████ ████████ ████████ de N████.

I send it to you with a certification of the Full Court Decision issued on April 26, 2024, in order that you send it to the **Ministry of Foreign Affairs**, which in turn must send it to **the United States Department of Justice**, for the pertinent legal effects.

I take this opportunity to renew to you the assurances of my highest and most distinguished consideration.

**Republic's Motto: DIOS UNION LIBERTAD. (GOD UNION LIBERTY).**

[Seal]:
SUPREME COURT OF
JUSTICE                              **Ms. Julia del Cid**
CLERK'S OFFICE                      **General Clerk**
REPUBLIC OF EL SALVADOR
IN CENTRAL AMERICA          **Supreme Court of Justice**

TO MR.
MINISTER OF JUSTICE AND
PUBLIC SECURITY
IN HIS OFFICIAL BUREAU

3

**144-S-2023**

ROXANA MARIA QUINTANILLA 7
TRADUCTORA
CORTE SUPREMA DE JUSTICIA
(Español - Inglés)

**144-S-2023**



[Seal]:
SUPREME COURT OF
JUSTICE
CLERK'S OFFICE
REPUBLIC OF EL
SALVADOR IN CENTRAL
AMERICA

**THE GENERAL CLERK OF THE SUPREME COURT OF JUSTICE OF EL SALVADOR CERTIFIES: The Court Decision issued in the Criminal Letter Rogatory No. 144-S-2023 that explicitly STATES as follows: -------------------------------------------------------------**
-------------------------------------------------------------------------------------------------------------
-------------------------------------------------------------------------------------------------------------

**SUPREME COURT OF JUSTICE: San Salvador**, at 03:55 P.M., on the twenty-sixth day of April, two thousand twenty-four.


Accepted as received, the Official Letter No. 655.233.DAISE.23.2024, signed by the Attorney General of the Republic of El Salvador, as well as attached documentation; all of it related to the active extradition proceedings produced by the Office of the Attorney General of the Republic of El Salvador, against the Salvadoran Citizen *Michael Alejandro Castillo Murga*, prosecuted at the Specialized-Trial Court for a Life Free of Violence and Discrimination against Women, of the Department of Santa Ana, for the perpetration of the offenses classified as: Aggravated Femicide, set forth and penalized in Articles: 45 Section "a", 46 Section "c" and "e" of the Special Act for Women's Life Free of Violence, to the detriment of the life of Melvi Fernanda Najera Quezada; as well as the offense of Imperfect Homicide, set forth and penalized in Articles: 128 in relation to Article 24 of the Criminal Code, to the detriment of the life and physical integrity of a minor,

144-S-2023

identified as M.F.N., who is legally represented by M█████ ███████ ████ ██ █a

N███.

After analyzing the documentation, this Court has taken the following considerations:

I.     It is stated in the file that the Office of the Attorney General of the Republic of El Salvador, filed in this Court the active extradition petition of the Salvadoran Citizen *Michael Alejandro Castillo Murga*, addressed to the United States of America. Consequently, this Court after the corresponding analysis, ordered the forwarding of the petition by means of the Court Decision issued on October 12, 2023. The petition was produced on the basis of the Treaty of Extradition between the Republic of El Salvador and the United States of America, signed on April 18, 1911.

II.     Subsequently, the requested State sent a petition for information and additional documentation, to continue with the process of the extradition of Mr. *Michael Alejandro Castillo Murga*.

III.     It is noted that the documentation received from the Office of the Attorney General of the Republic of El Salvador, contains the information and documentation required by the United States of America, with its respective translation into English.

**144-S-2023**

ROXANA MARIA QUINTANILLA Z.
TRADUCTORA
CORTE SUPREMA DE JUSTICIA
(Español - Inglés)

In this regard, this court deems it appropriate to forward the proceedings received to the United States of America, to conduct the corresponding legal procedure.

Therefore, based on the abovementioned grounds and pursuant to Article 182 No. 3 of the Constitution of the Republic of El Salvador, as well as Articles I, II, XI and XII of the Extradition Treaty concluded between the Republic of El Salvador and the United States of America, on April 18, 1911, and Article 35 Number 5 of the Internal Regulations of the Executive Branch, this Court, **ORDERS AND DECREES**:

1. *Send* the received documentation, produced by the Attorney General of the Republic of El Salvador, to the United States Department of State, along with a certification of this Court Decision, in order to continue with the legal procedure. For such purpose, *send* it to the Ministry of Foreign Affairs, by means of the Ministry of Justice and Public Security.

2. *Certify* this Court Decision and *send* it to the Specialized-Trial Court for a Life Free of Violence and Discrimination against Women, of the Department of Santa Ana.

7

144-S-2023

3. *Certify* this Court Decision and *send* it to the Director of the Bureau of International Affairs of the Office of the Attorney General of the Republic of El Salvador, and to the National Central Bureau of Interpol-El Salvador, to be informed.

4. Inform the United States Department of State of this Court Decision. For such purpose, send it to the Ministry of Foreign Affairs, by means of the Ministry of Justice and Public Security.

5. *Translate* this Court Decision into English, as well as the subsequent letters of transmittal. For such purpose, *appoint* Ms. Roxana Maria Quintanilla Zelaya, as official translator. **MAKE IT EFFECTIVE**.

DUEÑAS ----- LUIS JAVIER SUAREZ MAGAÑA ----- HECTOR NAHUN MARTINEZ GARCIA ----- ALEX MARROQUIN ----- R.C.C.E. ----- E. QUINT. A. ----- P.VELASQUEZ C. -- H.A.M.----------------------------------------------------------------------------------------------- ISSUED BY THE UNDERSIGNED JUSTICES. SIGNED BY THE CLERK OF THE COURT: ------ ------------------------------------------- JULIA I. DEL CID ------------------------------------------- ----------------------------------------- SIGNED AND SEALED -------------------------------------------- --------------------------------------------------------------------------------------------------------

Hereby it is certified that this photocopy is true and faithful to its original, and to attest its authenticity it has been verified, and to be sent to the United States Department of State, it is issued in the Office of the General Clerk of the Supreme

**144-S-2023**

Court of Justice of the Republic of El Salvador. San Salvador, on the ninth day of

May, two thousand twenty-four.

[Signed by:]

[Seal:]
SUPREME COURT OF
JUSTICE
CLERK'S OFFICE
REPUBLIC OF EL
SALVADOR IN CENTRAL
AMERICA

Ms. Julia del Cid
General Clerk
Supreme Court of Justice

//////////////////////////////////////////////////////////////////////////////////////////////////

//////////////////////////////////////////////////////////////////////////////////////////////////

//////////////////////////////////////////////////////////////////////////////////////////////////

//////////////////////////////////////////////////////////////////////////////////////////////////

En esta forma cumplo mi cometido según mi leal saber y entender. San Salvador, a

los nueve días del mes de mayo del año dos mil veinticuatro.

Thus my translation according to my true knowledge and comprehension, San

Salvador, on the ninth day of May two thousand twenty-four.

ROXANA MARIA QUINTANILLA Z.
TRADUCTORA
CORTE SUPREMA DE JUSTICIA
(Español - Inglés)

9






**ATTORNEY GENERAL OF THE REPUBLIC**
**TELECOMMUNICATIONS INTERVENTION CENTER**
**FORENSIC ANALYSIS UNIT**



REF. 84-UAEM-2019-SA

Photograph taken from the Samsung j7 prime cell phone, which belonged to young Jacqueline Alejandra Martinez Herrera, who at the time of the events had a romantic relationship with the accused Michael Alejandro Castillo Murga, and that she was using terminal ▮▮▮▮▮▮ at that time.

The photograph was taken from WhatsApp conversations between Jacqueline's terminal and Michael Alejandro, since he was the carrier of terminal ▮▮▮▮▮▮ This photo was sent by the accused to Jacqueline Alejandra at nineteen hours and three minutes on the thirty-first January 1, two thousand nineteen, time and date on which the Femicide of Melvi Fernanda Najera Quezada occurred and which is being attributed in this case to the accused Michael Alejandro Castillo Murga.

This photograph appears in the report on the analysis of information obtained from electronic devices, added to pages 14 and 47, signed by the analyst of the prosecution information analysis unit, Mr. Elmer Jeovani Andrés Mineros of the Attorney General's Office of the Republic, which was carried out in the investigation proceedings of this case and which was accepted as evidence for the prosecution in the present case.

MINISTRY OF JUSTICE
AND PUBLIC SECURITY

THIS OFFICE IS NOT HELD
ACCOUNTABLE FOR THE CONTENT OF
THE DOCUMENT WHOSE SIGNATURE
IS ATHENTICATED

LEGAL DIRECTION

AUTHENTIC

undersigned Legal Collaborator of the 1st Authentication Section of the Ministry of Justice and
Public Security CERTIFIES: That the above signature duly sealed and registered is AUTHENTIC, and
corresponds to the attorney, Julia Irma del Cid de Zepeda, in the exercise of her functions as
Secretary General of the Honorable Supreme Court of Justice of the Republic of El Salvador. This
authentication is limited to the aforementioned signature and does not assume any responsibility
for the content of the document, being limited only to recognize the authenticity of the signature
of the official in question.

San Salvador, October twenty-three of the year two thousand twenty-three

Fredy Omar Hernández Rivas

Alameda Juan Pablo II and 17 Av. Norte, Master Plan Complex Building B1, Level I, San Salvador.
Telephone: (503) 2526-3042

SBU - LEGAL

C.M

.. RECEIVED BY: External official channel, at twelve hours and six minutes of September 1, two thousand and twenty-three, this letter, on a sheet of paper, from the Attorney General's Office of the Republic, referring to the extradition request addressed to the authorities of the United States of America, of the Salvadoran citizen Michael Alejandro Castillo Murga, who is prosecuted in the Specialized Investigative Court for a Life Free of Violence and Discrimination for Women of Santa Ana, for the crimes of aggravated feminicide to the detriment of Melvi Fernanda Najera Quezada; and imperfect homicide, to the detriment of the life and physical integrity of a minor, who is legally represented by ▓▓ a ▓e ▓▓▓▓▓▓ s ▓▓▓ a ▓e N▓▓ ▓; with the following documentation: a) Certification of documentation issued by the Attorney General's Office of the Republic, related to the related extradition request, in 9 pages; b) Official letter dated 5/31/2023, from the Specialized Chamber for a Life Free of Violence and Discrimination for Women of San Salvador, on one page; c) Certification of passages from the related criminal process, in 71 pages; d) National criminal legislation, in 2 pages; e) Printing of red Interpol notice, on a sheet of paper; f) Copy of official letter dated 8/07/2023, signed by the Head of the Fiscal Information Management Unit of the Attorney General's Office of the Republic, addressed to the Director General of Immigration and Immigration, on a sheet of paper; g) Official letter dated 8/10/2023, issued by the Head of the Department of Migratory Movement, Analysis and Monitoring of the General Directorate of Migration and Immigration; and report of migratory movement, in 2 pages; h) Statement of declaration in support of the extradition request dated 7/2/2023, issued at the Attorney General's Office of the Republic, on two pages; and i) Simple translation of the documentation listed above, in 65 pages.

Contains signature



SPECIALIZED CHAMBER FOR A LIFE FREE OF VIOLENCE AND DISCRIMINATION FOR WOMEN
San Salvador Second Instance Judicial Center, Sixth Floor. Diagonal Universitaria, 15th Avenida
Norte, San Salvador.
Phone 2526-2377.

San Salvador, May 31, 2023.
10-SC-SA-2023

Official Letter No.213
Specialized court
for a life free of violence and discrimination for women, Santa Ana

By this means, in response to letter number 1132, received via institutional mail on 05/02/2023, and in regards to the criminal process processed in the Specialized Sentencing Court for a life free of violence and discrimination for women, Santa Ana , with reference 30-2022(03C), which was sent to us for the purpose of hearing the appeal filed by the prosecution agent ANA CRISTINA MANZANARES VELIZ, against the sentence dictated by the sentencing court in reference to eight hours and fifteen minutes of the thirteenth day of December of two thousand and twenty-two, which absolved Mr. ROBERTO ARTURO VALDIVIESO LÓPEZ and JACQUELINE ALEJANDRA MARTÍNEZ HERRERA of all criminal and civil responsibility, for the facts classified as COVER-UP, to the detriment of the legal good of the ADMINISTRATION OF JUSTICE and in a subsidiary manner of Ms. MARÍA DE LOS ANGELES QUEZADA DE NÁJERA, I SEND consisting of 69 useful pages, certification of passages corresponding to the aforementioned criminal process, composed said certification by: a) accusation report, b) order by which the same and, c) arrest warrant issued against the accused Michael Alejandro Castillo Murga.

I request acknowledgment of receipt.

GOD UNION LIBERTY

FÁTIMA ELEONORA RAMIREZ BENAVIDES
SECRETARY OF THE SPECIALIZED COURT
FOR A LIFE FREE OF VIOLENCE AND DISCRIMINATION FOR WOMEN



PEACE COURT OF CONCEPCIÓN DE ATACO
AHUACHAPAN DEPARTMENT
TEL/FAX:2450-5351

Concepción de Ataco, june 08 of 2019.

LETTER No. 236
MR. GENERAL DIRECTOR
NATIONL CIVIL POLICE
SAN SALVADOR.

I sincerely request: order the police officer in your dignified charge to search and capture the absent accused 1-MICHAEL ALEJANDRO CASTILLO MURGA, nineteen years old; single, Student son of Messrs. CINDY EDITH MURGA AND MIGUEL ALEJANDRO CASTILLO, with residency on the street to Ataco, in front of colonia Ciudadela, house number 3, of the Department of Ahuachapán, with Unique Identity Number zero five nine three five four one zero dash five, to whom - is attributed the crime of AGGRAVATED FEMINICIDE provided for and sanctioned in Art.45 a) and 46 Letters c and e) of the Special Law for a Life Free of Violence For Women, to the detriment of MELVI FERANDA NAJERA QUEZADA, and for the crime of IMPERFECT HOMICIDE typified in Art. 128 in relationship with Art.24 to the detriment of the life and physical integrity of a minor, who is legally represented by M███A ██E ██S████████S█████████A ██E N█████, 2-EDITH DEL CARMEN RIVAS DE MURGA. fifty-nine years old of age,' with date of birth December one of the year nineteen fifitynine, married, businesswoman, daughter of Mr. ALFREDO RIVAS AND MARIA LUISA CONTRERAS, married to Rony Ángel Murga, resident in Colonia San Cayetano road to Ataco, house number three, Canton el Barro Los Ausoles Department of Ahuachapan, with Unique Identity Number, Ahuachapan Department with Unique Identity Document number cero two four eight three three seven dash six, 3- DONALD AUGUSTO VALDIVIESO LÓPEZ, fifty years of age, born on November eighteen of the year nineteen sixty eight, married, lawyer, son of YOLANDA LÓPEZ and ROBERTO VALDIVIESO, , married to Sandra Patricia Flores de Valdivieso, resident in the San Rafael neighborhood, avenue A, housenumber EIGHTY EIGHT, of the Department of Ahuachapan, with Unique Identity Document number zero zero zero one four zero zero five dash four. To whom the crime PROCEDURAL FRAUDE is attributed to the latter two, sanctioned in Art. · 306 Pn to the detriment of the ADMINISTRATION of JUSTICE, related to the crime of AGGRAVATED FEMICIDE , SANCTIONED IN ARTICLE 45 Literal .a) and 46 Literal c and e) of the (LEIV) to the detriment of MELVI FERNANDA NAJERA QUEZADA, event that occurred in this city, in view of having DECREED THE PRECAUTIONARY MEASURE OF THE PROVISIONAL DETENTION AND ORDERED TO SEND THE RESPECTIVE ORDERS OF CAPTURE. Upon making the capture effective, I ask you to send them to the order of the FOR A LIFE FREE OF VIOLENCE AND DISCRIMINATION FOR WOMEN. Place where they will be sent. Since the proceedings will remain at the disposal of said Court. PROSECUTION REFERENCE 841.UAEM-2019.

GOD UNION LIBERTY

JOSE ENRIQUE DELGADO ALFARO
INTERIM PEACE JUDGE





PEACE COURT OF CONCEPCIÓN DE ATACO
AHUACHAPAN DEPARTMENT
TEL/FAX:2450-5351

Concepción de Ataco, june 08 of 2019.

LETTER No. 235
MR. Chief of the Delegation of
The National Civil Police of
Ahuachapán.

I sincerely request: order the police officer in your dignified charge to search and capture of the absent accused 1-MICHAEL ALEJANDRO CASTILLO MURGA, nineteen years old; single, Student son of Messrs. CINDY EDITH MURGA AND MIGUEL ALEJANDRO CASTILLO, with residency on ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ahuachapán, with Unique Identity Number▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮ to whom - is attributed the crime of AGGRAVATED FEMINICIDE provided for and sanctioned in Art.45 a) and 46 Letters c and e) of the Special Law for a Life Free of Violence For Women, to the detriment of MELVI FERANDA NAJERA QUEZADA, and for the crime of IMPERFECT HOMICIDE typified in Art. 128 in relationship with Art.24 to the detriment of the life and physical integrity of a minor, who is legally represented by M▮▮A▮E▮S▮▮▮▮S▮▮▮▮A▮E N▮▮▮, 2-EDITH DEL CARMEN RIVAS DE MURGA. fifty-nine years old of age,' with date of birth▮▮▮▮▮▮▮▮of the year nineteen fifitynine, married, businesswoman, daughter of Mr. A▮▮▮O R▮S AND M▮A▮A C▮▮▮▮S, married to F▮y▮▮el M▮▮, resident in ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮Ahuachapan, with Unique Identity Number, Ahuachapan Department with Unique Identity Document number▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮ 3- DONALD AUGUSTO VALDIVIESO LÓPEZ, fifty years of age, born on▮▮▮▮▮▮▮▮ ▮▮▮▮of the year nineteen sixty eight, married, lawyer, son of Y▮▮▮A L▮Z and R▮▮▮▮V▮▮▮), , married to S▮a▮▮▮a▮▮s▮e V▮▮▮), resident in ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮Ahuachapan, with Unique Identity Document number▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ To whom the crime PROCEDURAL FRAUDE is attributed to the latter two, sanctioned in Art. · 306 Pn to the detriment of the ADMINISTRATION of JUSTICE, related to the crime of AGGRAVATED FEMICIDE , SANCTIONED IN ARTICLE 45 Literal .a) and 46 Literal c and e) of the (LEIV) to the detriment of MELVI FERNANDA NAJERA QUEZADA, event that occurred in this city,  in view of having DECREED THE PRECAUTIONARY MEASURE OF THE PROVISIONAL DETENTION AND ORDERED TO SEND THE RESPECTIVE ORDERS OF CAPTURE. Upon making the capture effective, I ask you to send them to the order of the FOR A LIFE FREE OF VIOLENCE AND DISCRIMINATION FOR WOMEN. Place where they will be sent. Since the proceedings will remain at the disposal of said Court. PROSECUTION REFERENCE 841.UAEM-2019.

GOD UNION LIBERTY

JOSE ENRIQUE DELGADO ALFARO
INTERIM PEACE JUDGE



...in accordance with its original with which it was compared and to be sent to the Specialized Instruction Court for a life free of violence and discrimination for women, Santa Ana, I issue this CERTIFICATION which consists of 69 pages - not counting opening and closing - in the Specialized Chamber for a Life Free of Violence and Discrimination for Women, May thirty first of two thousand twenty three.


Fátima Eleonora Ramírez Benavides
Proceedings Secretary
Specialized Chamber for a Life Free of Violence and Discrimination for Women

Received.
signature

San Salvador, August 10 of 2023

Mr.
Jorge Alberto Serna Villena
Chief of the Information Management Unit
Center for Data & Information Analysis and Investigation
Attorney General's Office
San Salvador, El Salvador.

In response to notice N°22190-DATI-2023, case number 00084-UAEM-2019-SA, dated August 7 of 2023, received by the Department of Migration Records on August 8 of 2023, in which is requested to provide the migration records belonging to **MICHAEL ALEJANDRO CASTILLO MURGA.**

I sent the aforementioned records for the respective legal effects, the records were issued at 8:40 am.

GOD UNION LIBERTY

13181/23/I/OV



San Salvador, August 7 of 2023
Matter: Requesting Certified Information.

N°. 22190-DATI-2023
Case Number: 00084-UAEM-2019-SA

Mr.
Ricardo Ernesto Cucalón Guzmán
Director General of Migrations and Alien Law

I require your valuable assistance, in which you provide, data of the country, date of Passport issuance, certification of migration movements, either land, aerial, maritime and migration records of:

**Michael Alejandro Castillo Murga, with Unique Identification Number (DUI in spanish):** ▇▇ birthdate: ▇▇ 1999. Passport number: ▇▇

This information is required to be added in the active investigation under case number 00084-UAEM-2019-SA, investigation under the Coordination of Children and Adolescence Zone 2, assigned to Mrs. Ana Cristina Manzanares Veliz, pursuant to Articles 193 of the Constitution of the Republic of El Salvador, Article 84 of the Organic Act of the Attorney General, and Article 77 of the Criminal Procedures Code.

GOD UNION LIBERTY

_____(Signature)_____
Mr. Jorge Alberto Serna Villeda
Chief of the Information Managment Unit.
Phone number: 2593-7513

GARAMIREZ
314684

Seal: rectangle which states: Special Service. August 8, 2023.
Department of Migration Records, San Salvador, El Salvador, CA

SBU - LEGAL



**GENERAL DIRECTORATE OF MIGRATION & ALIEN LAW,** Department of Migration Records, issues the following report: Reference 13181/10/08/2023, related to notice number 22190-DATI-2023, case number 00084-UAEM-2019-SA, date on August 7 of 2023, received by the Department of Migration Records on August 8 of 2023, which was sent to **MISTER JORGE ALBERTO SERNA VILLEDA,** Chief of the Information Management Unit, Center for Data & Information Analysis and Investigation Attorney General's Office, San Salvador, El Salvador, whom requested migration records from **MICHAEL ALEJANDRO CASTILLO MURGA. THIS DIRECTORATE VERIFIED IN ITS ELECTRONIC REGISTRAR THE RECORDS OBTAINING THE FOLLOWING RESULT:**

**\*Migration récords\*:** It was verified on the Electronic System of Salvadoran Passport Issuance, without obtaining any evidence with the name **MICHAEL ALEJANDRO CASTILLO MURGA.**

**\*Migration récords\*:**

**\*Aerial\*:** Through the International Airport of El Salvador Saint Oscar Arnulfo Romero y Galdámez and Ilopango, migration movements of exit and entrance starting on January 1st of 2019 to the present date, obtaining one folio related to **MICHAEL ALEJANDRO CASTILLO MURGA,** of American citizenship, which is added.

**\*Land\*:** Through every land borders offices, migration movements for exit and entrance was searched, between January 1st of 2019 to the present date, related to **MICHAEL ALEJANDRO CASTILLO MURGA,** without obtaining any evidence.

**\*Maritime\*:** It was verified on the Electronic System, without obtaining any evidence with the name **MICHAEL ALEJANDRO CASTILLO MURGA.**

_____(Signature)_____
Mr. José Donaldo Miranda Sánchez
Chief of the Migration, Analysis and Monitoring Department

DIRECTORATE OF MIGRATION CONTROL

REPORT OF MIGRATION MOVEMENTS

NAME: MICHAEL ALEJANDRO MURGA

NATIONALITY: UNITED STATES OF AMERICA

DATE OF BIRTH: 09/15/1999. GENDER: MALE.

| DATE | MOVEMENT TYPE | TYPE OF DOCUMENT | NUMBER OF DOCUMENT | ORIGIN | DESTINATION | BORDER | FORM OF TRANSPORTATION | MOTIVE OF MIGRATION |
|------|---------------|------------------|--------------------|--------|-------------|--------|------------------------|---------------------|
| 02/02/2019  1:21 PM | EXIT | Passport | ▮ | El Salvador | Guatemala | San Cristobal Border Checkpoint | Vehicle Plates: By foot | Residence |

Total Migration movements: 1

SBU - LEGAL

MINISTRY
FOREIGN RELATIONS
EL SALVADOR
GOVERNMENT

SECRETARY OF STATE
DAJ/DACJ/LCM/SO /Nº0ll 98/2023.-
With annexes.

THE MINISTRY OF FOREIGN AFFAIRS, - the Department of Advisory and Legal Cooperation, sincerely greets the Honorable Embassy of the United States of America, accredited in El Salvador, on the occasion of reference to note SV.MJSP.B2R.6.953.FH/2640-10-2023, dated October 23, 2023 and received in this Secretary of State on October 25 of this year , from the Ministry of Justice and Public Security, through which it transfers certification of resolution issued by the Supreme Court of Justice regarding Criminal Request 144-S-2023 and its respective translation into the English language, with the purpose of transferring the process of extradition initiated by the Attorney General's Office of the Republic against the Salvadoran citizen MICHAEL ALEJANDRO CASTILLO MURGA, for attributing to him the commission of crimes classified as: Aggravated Femicide, to the detriment of the life of Melvi Fernanda Nájera Quezada; Imperfect Homicide, to the detriment of the life and physical integrity of a child identified as M.F.N., who is legally represented by M  a                         a N     .

THE MINISTRY OF FOREIGN AFFAIRS is permitted to send the aforementioned resolution along with annexes that consist of one hundred and seventy (170) useful pages, for the purposes of obtaining a certified seal and for the documentation to be returned for sending to our Diplomatic Representation in the United States of America.

THE MINISTRY OF FOREIGN AFFAIRS, - the Department of Legal Advice and Cooperation, takes this opportunity to reiterate to the Honorable Embassy of the United States of America, accredited in El Salvador, the expressions of my highest and distinguished consideration.

Antiguo Cuscatlán, at the twenty-fifth day of the month of October of the year twenty twenty-three.



MINISTRY OF JUSTICE AND PUBLIC SECURITY

San Salvador October 23, 2023
SV.MJSP.B2R.6.953.FH/2640-10-2023

Patricia Elizabeth Aguilera Bran
Director of Legal Affairs
Ministry of Foreign Affairs.

With instructions from the Minister of Justice and Public Security, I am sending an official letter with reference number SGKO 1511-2023, dated October 16, two thousand twenty-three, from the Supreme Court of Justice, and in compliance with its orders, sends: one (1) certification in three (3) useful pages, with its corresponding translation into the English language that consists of (7) useful pages, of the resolution of the Plenary Court of the Criminal Request 144-S-2023, filed by the Attorney General's Office of the Republic, with an extradition request addressed to the authorities of the United States of America, for the extradition request of the Salvadoran citizen MICHAEL ALEJANDRO CASTILLO MURGA, who is prosecuted in the Specialized Court of Instruction for a Life Free of Violence and Discrimination for the Women of Santa Ana, for the crimes of aggravated femicide to the detriment of Melvi Fernanda Najera Quezada; and, imperfect homicide, to the detriment of the life and physical integrity of a minor, who is legally represented by M█ a █e █████████s ████ a █e N████.

Adds (157) pages to the related petition.

The documentation described above is transferred, in the same conditions in which it was received at this Secretary of State, consisting of a total (169) useful pages, for the pertinent legal purposes.

Without further ado, Best Regards.

JORGE ALBERTO RAMIREZ HENRIQUEZ
LEGAL TECHNICIAN

Alameda Juan Pablo II and 17 Av. Norte, Master Plan Complex Building B1, Level I, San Salvador. Telephone: (503) 2526-3042

SBU - LEGAL

2023

SUPREME COURT OF JUSTICE

CRIMINAL PETITION

144-S-2023

Control N°. 144-S-2023
Entrance to the General Secretary: 09/01/2023


Applicant or Referring Court: Attorney General's Office of the Republic.
Description: extradition request to the authorities of the United States of America, of the
Salvadoran Michael Alejandro Castillo Murga, who is prosecuted in the Specialized Investigative
Court for a Life Free of Violence and Discrimination for Women of Santa Ana, for the crimes of
aggravated femicide to the detriment of Melvi Fernanda Najera Quezada; and imperfect homicide,
to the detriment of the life and physical integrity of a minor, who is legally represented by M███a
██████████████████████ e N██ a

SBU - LEGAL

Rodolfo Antonio Delgado Montes
General Attorney of the Republic
El Salvador, C.A

San Salvador, August 28, 2023.
Ref.: 1096.233.DAISE.23.2023

Magistrates.

I am pleased to address this to you in order to wish you success in the work you do, also with the purpose of referring to the criminal process being conducted in the Specialized Investigative Court for a Life Free of Violence and Discrimination for Women of Santa Ana, against Michael Alejandro Castillo Murga, for the crimes of Aggravated Femicide, a crime provided for and punished in sections 45 a) and 46 c) and Section e) of the Special Law for a Life Free of Violence for Women, in detriment of Melvi Fernanda Najera Quezada, and Imperfect Homicide, typified and sanctioned in Arts. 128 in relation to art. 24 of the Penal Code, to the detriment of the life and physical integrity of a minor, who is legally represented by M███████████████████ N███.

In this regard, I transfer supporting documentation and annexes with their respective translations into the English language, for the formal request for extradition, against Michael Alejandro Castillo Murga, who is currently in the territory of the United States of America.

By virtue of the above, we request that you begin the extradition process against the accused Michael Alejandro Castillo Murga, in accordance with the Extradition Treaty between the United States of America and El Salvador.

I take this opportunity to reiterate to you the signs of my consideration and esteem.

GOD UNION LIBERTY.

AMAH

Magistrates
Supreme Court of Justice